# The United States District Court

# District Of Colorado

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2023 JUN 16  PM 4: 25

BY___

## CLAIM FOR CIVIL RIGHTS VIOLATION PURSUANT TO 42 USC SEC. 1983. BREACH OF CONTRACT, DUE PROCESS VIOLATION, SPOILATION OF EVIDENCE, AGGRAVATED INTIMIDATION OF WITNESS/VICTIM, RETALIATION AGAINST A VICTIM OR WITNESS, MALICIOUS PROSECUTION, MUNICIPAL LIABILITY, DEFAMATION, MAIL FRAUD, FICTITIOUS CONVEYANCE OF LANGUAGE, VIOLATION OF THE COLORADO OPEN RECORDS ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING, FALSE ARREST/FALSE IMPRISONMENT, VIOLATION OF FIRST AMENDMENT RIGHTS, CONSPIRACY TO VIOLATE CIVIL RIGHTS, UNLAWFUL EVICTION, CONVERSION/THEFT, TRESPASS, VIOLATION OF FOURTEENTH AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

Eric Witt

Plaintiff,

vs.

TOWN OF BENNETT, COLORADO.

BENNETT FIRE DEPARTMENT

Adams County Sheriff, Colorado

Adams County jail, Colorado

**SHAWN DAY**, individually and in his official capacity as Judge for town of Bennett

**Joseph LICO,** individually and in his official capacity as Prosecution for town of Bennett

**KEITH BUONO** individually and in his official capacity as officer for town of Bennett

**Jane Doe** individually and in her official capacity

**John Does** 1-4, individually and in their official capacities as Adams County Sheriff's Deputies involved in the alleged illegal eviction

**John Does** 5-10, individually and in their official capacities as Adams County Jail personnel involved in denying plaintiff the right to see a judge, causing the plaintiff's name not to be recorded for bond release, placing him in an intake pod with unlike crimes and harsher lockdown hours, and other rights violations during depravation of liberty at the jail.

Defendants(s)

COMPLAINT

JURY DEMANDED

Case No:

# CONTENTS

DESCRIPTION OF EXHIBITS ..................................................................................................................... 3

*JURISDICTION AND VENUE* ................................................................................................................... 4

PARTIES .................................................................................................................................................... 5

NATURE OF THE ACTION ...................................................................................................................... 7

COMMON ALLEGATIONS: ...................................................................................................................... 8

I.      CLAIM FOR RELIEF (42 U.S.C. § 1983) ................................................................................. 20

LEGAL AUTHORITY ............................................................................................................................... 21

II.     BREACH OF CONTRACT ........................................................................................................... 22

LEGAL AUTHORITY ............................................................................................................................... 23

III.    CLAIM FOR RELIEF (DUE PROCESS VIOLATION) .............................................................. 23

LEGAL AUTHORITY ............................................................................................................................... 26

IV.     CLAIM FOR RELIEF (SPOILATION OF EVIDENCE) ............................................................. 27

LEGAL AUTHORITY ............................................................................................................................... 28

V.      CLAIM FOR RELIEF (Aggravated Intimidation of Witness/Victim) ................................... 28

LEGAL AUTHORITY ............................................................................................................................... 29

VI.     RETALIATION AGAINST A VICTIM OR WITNESS ................................................................. 30

LEGAL AUTHORITY ............................................................................................................................... 31

VII.    CLAIM FOR RELIEF (Malicious Prosecution) ....................................................................... 32

LEGAL AUTHORITY ............................................................................................................................... 33

VIII.   CLAIM FOR RELIEF (MUNICIPAL LIABILITY) ...................................................................... 34

LEGAL AUTHORITY ............................................................................................................................... 35

IX.     CLAIM FOR RELIEF (Defamation) ......................................................................................... 36

Legal Authority: .................................................................................................................................... 37

X.      CLAIM FOR RELIEF (MAIL FRAUD) ....................................................................................... 37

Legal Authority: .................................................................................................................................... 38

XI.     CLAIM FOR RELIEF (FICTITIOUS CONVEYANCE OF LANGUAGE) .................................. 39

Legal authority: .................................................................................................................................... 40

XII.    CLAIM FOR RELIEF (VIOLATION OF THE COLORADO OPEN RECORDS ACT) .............. 40

Legal Authority: .................................................................................................................................... 41

XIII.    CLAIM FOR RELIEF (Intentional Infliction of Emotional Distress)...................................42

Legal Authority:..........................................................................................................................43

XIV.    CLAIM FOR RELIEF (NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING) .............44

LEGAL AUTHORITY ......................................................................................................................45

XV.    CLAIM FOR RELIEF (FALSE ARREST/FALSE IMPRISONMENT)..................................................46

    LEGAL AUTHORITY....................................................................................................................47

XVI.    VIOLATION OF FIRST AMENDMENT RIGHTS........................................................................47

    LEGAL AUTHORITY....................................................................................................................48

XVII.    CONSPIRACY TO VIOLATE CIVIL RIGHTS .............................................................................48

    LEGAL AUTHORITY....................................................................................................................49

XVIII.    UNLAWFUL EVICTION .......................................................................................................49

    LEGAL AUTHORITY....................................................................................................................50

XIX.    CONVERSION/THEFT .........................................................................................................50

    LEGAL AUTHORITY....................................................................................................................51

XX.    TRESPASS .........................................................................................................................51

    LEGAL AUTHORITY....................................................................................................................52

XXI.    VIOLATION OF FOURTEENTH AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS............52

    LEGAL AUTHORITY....................................................................................................................53

DAMAGES.................................................................................................................................53

PRAYER FOR RELIEF ....................................................................................................................56

DEMAND FOR JURY TRIAL ..........................................................................................................58

RESERVATION OF RIGHTS: ..........................................................................................................58

affidavit closing ..........................................................................................................................59

# DESCRIPTION OF EXHIBITS

❖ **EXHIBIT** I..............................................................................FIRE DEPARTMENT public record violation

❖ **EXHIBIT** II........................................................................................COPY OF SUMMONS ce22-0005

❖ **EXHIBIT** III .................................................... CE22-0005  UNOPENED USPS RETURNED SUMMONS

❖ **EXHIBIT** IV ............................................................................ CE22-0005  FIRST FULL DISCOVERY

❖ **EXHIBIT** V................................................................WATER UTILITY VIOLATION FOR RESTORATION

- ❖ **EXHIBIT** VI……………………………………………………………………………………DEFECTIVE AFFIDAVIT'ce22-0005
- ❖ **EXHIBIT** VII…………….………………………….SECOND FULL DISCOVERY (EVIDENCE TAMPERING by TOB)
- ❖ **EXHIBIT** VIII……………………………………:……………JURISDICTIONAL CHALLENGE (ce22-0005 file stamped)
- ❖ **EXHIBIT** IX……………………………………………………………….……………ce22-00005 COPY OF WARRANT
- ❖ **EXHIBIT** X…………………………………….WATER UTILITY fraud & fictitious language (DISCONNECT EARLY)
- ❖ **EXHIBIT** XI……………………………………….WATER UTILITY NOTICE COPY(proof of fraud and fictitious lang.)
- ❖ **EXHIBIT** XII………………………………………. .EMAIL TO TOWN OF BENNETT MAYOR FOR COURT INTIMIDATION
- ❖ **EXHIBIT** XIII…………………………………………………………….……EMAIL TOB RECORD (ALLEGED NO VIDEO IN COURT)
- ❖ **EXHIBIT XIV**………………………………………………………………………….TOWN OF BENNETT LAWYER EMAILS
- ❖ **EXHIBIT XV**…     …ce22-0005 JUDGE SHAWN DAY & JOSEPH LICO added. FILE STAMPED COUNTERCLAIM
- ❖ **EXHIBIT XVI**…………………….………………………………………………………...……………FULL DISCOVERY CE22-0009

➢ COMES NOW the affiant plaintiff, who goes by Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights,  statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

## *JURISDICTION AND VENUE*

1. Subject Matter Jurisdiction: This honorable Court is vested with subject matter jurisdiction over the claims presented in this action pursuant to the authority granted by 28 U.S.C. §§1331 and 1343, as the Plaintiff's claims are anchored on the violations of rights, privileges, and immunities safeguarded by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and arise under the federal civil rights statute, 42 U.S.C. § 1983.

2. Supplemental Jurisdiction: Additionally, this Court is conferred with supplemental jurisdiction, in accordance with 28 U.S.C. § 1367, over the Plaintiff's claims that emanate under the laws of the State of Colorado, as these state law claims are so closely related to the Plaintiff's federal claims that they form part of the same case or controversy.

3. Venue: Venue is appropriately placed in this Court, pursuant to 28 U.S.C. § 1391(a)(1) and 28 U.S.C. § 1391(b)(2). These provisions designate that an action may be brought in a judicial district where any defendant resides if the defendant is a political subdivision of the State, and where a substantial part of the events or omissions giving rise to the claim occurred, both of which are satisfied in this case due to the fact that the Defendants are political subdivisions of the State of Colorado and the actionable events transpired in the Town of Bennett, Colorado.

4. Constitutional Authority: Lastly, Article III, Section 2 of the United States Constitution empowers federal courts to adjudicate cases "arising under the Constitution, the laws of the United States," which underpins the jurisdictional basis of this action.

5. It is therefore submitted that this Court is the correct forum to hear and adjudicate upon the claims put forth by the Plaintiff in this action.

# PARTIES

6. Plaintiff ERIC WITT, as referenced in this document, is a citizen of the state and, at all times pertinent to this action, a resident of the District of Colorado.

7. Defendant BENNETT FIRE DEPARTMENT, COLORADO, hereinafter referred to as "BFDC", at all relevant times, possessed the power and discretion to establish policies and to determine rules, regulations, and practices governing the training, supervision, employment control, assignment, and removal of individual members within the BFDC.

8. Similarly, Defendant TOWN OF BENNETT, hereinafter referred to as "TOB", at all relevant times, wielded the power and authority to formulate policies and dictate rules, regulations, and practices governing the training, supervision, control, employment, assignment, and removal of individual members of the TOWN OF BENNETT FIRE DEPARTMENT, BENNETT MUNICIPAL COURT, TOWN OF BENNETT NEIGHBORHOOD SERVICES, and TOWN OF BENNETT UTILITY DEPARTMENT.

9. Defendant ADAMS COUNTY SHERRIFF AND ADAMS COUNTY JAIL, at all pertinent times, exercised the power and authority to formulate policies and establish rules, regulations, and practices governing all aspects of the training, supervision, control, employment, assignment, and removal of individual members of the ADAMS COUNTY SHERRIFF AND ADAMS COUNTY JAIL.

10. Defendant SHAWN DAY, hereinafter referred to as "Judge Shawn Day", during all periods significant to this action, held the position of a judge under the employ of the TOB. He is subject to this lawsuit in both his individual and official capacities.

11. Defendant JOSEPH LICO, hereinafter referred to as "Joseph Lico" or "Joe Lico", during all periods significant to this action, served as a Prosecutor under the employ of the TOB. He is subject to this lawsuit in both his individual and official capacities.

12. Defendant KEITH BUONO, hereinafter referred to as "Keith Buono", during all periods significant to this action, served as an officer under the employ of the TOB. He is subject to this lawsuit in both his individual and official capacities.

13. Doe's 1–11 represent individuals whose exact identities and roles are currently unknown to the Plaintiff but who, the Plaintiff believes, were employees, agents, and/or servants of the COLORADO sub-agencies: TOB, Adams County Sherriff, or Adams County Jail, and who played some part in the unlawful events and violations that give rise to this action.

14. The identities and roles of the Doe Defendants remain unknown due to protections by state statutes, non-disclosure by the TOB and Adams County Sherriff, and the necessity for discovery in order to ascertain such information.

15. The Plaintiff contends that all Defendants, in their various capacities, acted either as agents, employees, and/or co-conspirators of the other Defendants, and in doing so, carried out their actions, inactions, and/or omissions within the purview of their agency, employment, and/or concert of action. The Plaintiff further alleges that such actions, inactions, and/or omissions led to the Plaintiff's physical, emotional, and future damages, for which all Defendants bear joint and several liability.

# NATURE OF THE ACTION

6. This lawsuit is an action seeking compensatory and punitive monetary damages, declaratory relief, and injunctive relief. It arises from a series of alleged civil rights violations, defamation, spoliation of evidence, malicious prosecution, and other grievances attributed to the actions and decisions of the defendants, both in their individual and official capacities, and against Colorado's town of Bennett (TOB), Adams County Sherriff and Adams County Jail.

7. The action is rooted in the purported violation of plaintiff's rights, as protected under the first, fourth, fifth, and fourteenth amendments to the united states constitution. These include, but are not limited to, the right to free speech, the right against unreasonable searches and seizures, the right to due process, and the right to equal protection under the law.

8. Furthermore, this action invokes the statutes 42 u.s.c. §§ 1983 and 1985(2), 18 u.s.c. §§ 1001, 1341, and 1513(b)(3). Collectively, these statutes cover actions that deprive any person of constitutional rights under color of law, conspiracy to interfere with civil rights, making false statements, mail fraud, and retaliation against a witness, victim, or an informant, respectively.

9. Additionally, this action alleges violations of u.s. code § 1512(b)(1), which covers tampering with a witness, victim, or an informant, a crime that stems from the defendants' conduct.

10. On a state level, this action alleges violations of certain laws of the state of Colorado. These violations encompass the domains of contract law, defamation, and evidence tampering, amongst others, in relation to the actions of the defendants.

11. The plaintiff avers that as a result of these violations, they have suffered substantial harm, both tangible and intangible. This includes, but is not limited to, harm to reputation, emotional distress, invasion of privacy, financial burden, loss of opportunities, violation of civil rights, violation of due process, and potential threat to personal safety and security.

12. The plaintiff seeks this court's intervention to redress these grievances, secure their constitutional and statutory rights, and prevent further harm by issuing appropriate declarations, monetary damages, and injunctive relief.

13. Through this action, the plaintiff further seeks to set a precedent that deters similar conduct in the future, thus promoting accountability, respect for individual rights, and the rule of law.

## COMMON ALLEGATIONS:

14. On the afternoon of May 9th, 2022, the plaintiff received a concerning text message from his neighbor, alerting him that the police and fire department were present at his residence in the TOB, Colorado. The plaintiff immediately called the Bennett Fire Department to gather more information about the

situation. However, he was met with unhelpful responses, as the department claimed they did not have any information to provide, since they were allegedly just "driving by" the area at the time of the incident. The plaintiff was instructed to contact the Adams County Police department for more details regarding the incident.

15. Upon further investigation, the plaintiff discovered that his fence had been taken apart and then entered without a warrant by TOB fire department for alleged exigent circumstances onto his property and his beloved dog, Willow, had been removed from the residence during the time of the incident. The plaintiff was not allowed to retrieve his pet on the day of the incident and was instead informed that Willow was to stay overnight and was in good health. However, the following day, the plaintiff visited the Adams County animal shelter and was shocked to learn that the vet suggested euthanasia for Willow due to her injuries sustained during the incident. The plaintiff was taken to see his dog, who was lying in her own urine, untreated and in distress. Refusing the vet's suggestion, the plaintiff paid for several surgeries totaling over $5000.00 to ensure that Willow could receive the necessary medical treatment and care.

16. In an attempt to gather more information about the incident, the plaintiff filed a records request to the Bennett Fire Department, who were the only agency with an incident report. However, the plaintiff was only provided with an incident report and not with the ADCOM radio transcripts. Despite filing multiple requests for the transcripts, the plaintiff was unable to obtain the requested documents. This lack of transparency and cooperation from the Bennett Fire Department leads the plaintiff to believe that crucial information is being withheld, and that they are not being provided with a complete and accurate understanding of the events that led to their dog's injuries.

17. On 06/11/2022, plaintiff requested public fire records of ADCOM transcripts for the incident via email that linked plaintiff to Caleb J. Connorand and Kendra Hawes, both representatives of the TOB fire

department TOB's subagency. However, TOB violated the Colorado Open Records Act by denying plaintiff's request. Despite multiple requests from the plaintiff, the Bennett Fire Department only provided the incident report, withholding crucial information contained in the ADCOM transcripts. The plaintiff's email chain with the Bennett Fire Department serves as (Exhibit I) to the case, demonstrating the Town's refusal to comply with the plaintiff's lawful request for public records. This denial of access to public records violates the plaintiff's rights under Colorado state law, and it further exacerbates the apparent lack of transparency and accountability regarding the incident involving the plaintiff's dog.

18. After the questioning to the fire departments true involvement and what actually happened the day plaintiff dog was severely injured. Plaintiff received mail from TOB municipal court stating a warrant is ordered for his arrest due to not appearing at a court hearing for acquisition of water. The plaintiff had never received a summons for a court hearing. After emailing the TOB clerk a summons was allegedly issued and signed off as served 05/17/2022 (case# CE22-0005)

19. ERIC WITT was never served a summons for case# CE22-0005 or CE22-0009

20. town filed a photocopy of returned USPS unopened mail case # CE22-0005, Date on summons 05/17/2022. (SEE EXHIBIT III, AND EXHIBIT II) A copy of the returned summons filed in Bennett's' evidence AND COPY OF SUMMONS sent by Christina Hart the TOB court clerk via email 09/27/22.

21. Colorado rules of civil procedures requires a judged order to mail a summons.

22. There is no judged order allowing a summons to be mailed in this case CE22-0005. (SEE EXHIBIT IV) The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22.

23. Officer Buono signed the summons using an invalid law Bennett Municipal Code (13)(3)(80) on 05/17/2022 summons#B6731. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB court clerk via email 09/27/22.

24. Officer Keith Buono initiated the claim against Eric Witt by signing the summons on 05/17/2022. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB court clerk via email 09/27/22.

25. Keith Buono and people of the state of Colorado, county of Adams, TOB are on the summons. CE22-0005.

26. Keith Buono signed affirmed and dated the summons as served upon Eric Witt 5/17/2022 CE22-0005., It was never served. (SEE EXHIBIT II & EXHIBIT III) a copy of UNITED STATES POSTAL SERVICE return summons & copy of the summons.

27. ERIC WITT has the right to face his accuser since "people of the state of Colorado, county of Adams, TOB" is a fictitious entity. Keith Buono must Deceptively be filing suit against Eric Witt.

28. Keith Buono must be the alleged injured party in the civil lawsuit, (case#ce22-0005) against Eric Witt because he is the only individual that signed documents to start the case. The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22.

29. Keith Buono never states Eric Witt caused him injury in case#ce22-0005.

30. Keith Buono brought forth a frivolous and fraudulent lawsuit to the prosecution, affirming he served the summons upon Eric Witt when in fact he did not (proof is the photocopied sealed unopened envelope with return to sender written on it and the summons where he affirmed with his signature the summons was served upon (up & on) Eric Witt) case#ce22-0005. (SEE EXHIBITS II III)

31. It is a federal rule that all summonses must be signed by an officer of the court and bear the courts seal.

32. Keith Buono is not an officer of the court there for him signing the summons is unlawful, deceptive practice and fraudulent upon the court.

33. The TOB violated (water) utility law 4 CCR 723-5, 5409 depriving Eric Witt of WATER, essential resource for 6 days after the bill was paid in full. (State law is within 24 hours of full payment) (SEE EXHIBIT V) copy of email sent to TOB utility company 7/25/22.

34. The Bennett municipal code (13)(3)(80) Keith Buono used in the complaint is not a valid law as it does not have the three elements the state constitution mandates must be present to be a valid law.

35. The Bennett municipal code (13)(3)(80) is missing the enacting clause, the title, and the body, and therefore the Bennett municipal code (13)(3)(80), is not a valid law and is unconstitutional on its face.

36. Joe Lico did not verify Keith Buono's summons had an injury of fact and/or that process of service was properly performed before taking on this case CE22-0005 to prosecute.

37. Joe Lico has a duty to perform a reasonable prefile investigation pursuant to FRCP rule 11.

38. Joe Lico did not perform a reasonable prefile investigation in violation of FRCP rule 11, and

39. Joe Lico never had standing to prosecute because service of process was not served upon Eric Witt.

40. Joe Lico never properly appeared in court with notice of entry or a signed filing to the court on this case#ce22-0005.

41. The original affidavits filed in this case#ce22-0005 by Keith Buono are irrelevant to use for prosecution as they aren't sworn under penalty of perjury and lack any verbiage of seeing or hearing Eric Witt in any manner. (SEE EXHIBIT VI) A COPY OF THE AFFIDAVITS

42. THE TOB TAMPERED/DESTROYED WITH EVIDENCE IN THIS CASE CE22-0005 BY REMOVING THE SERVICE OF PROCESS EVIDENCE FILED ON THE RECORD WHEN THEY EMAILED ERIC WITT A FULL DISCOVERY OF THE CASE 01/31/2023.

43. The TOB was made aware of the improper service in Eric Witts Jurisdictional filing in live court.

44. The TOB illegally issued a warrant to arrest Eric Witt without proper service of process 06/28/2022.

45. Joe Lico is attempting to prosecute using an invalid law municipal code (13)(3)(80).

46. The TOB committed mail fraud with fraudulent mail sent to Eric Witt on 12/01/2022. (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging the mailed a bill with a fraudulent date and then

1   admitting the mistake and turned it back on, as well as a copy of the mailed letter from the utility

2   company for TOB.

3   47. The TOB committed fictitious conveyance of language with a letter conveyed to Eric Witt 12/01/2022.

4   (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging they conveyed the plaintiff fictitious

5   documents and then admitting the mistake and turned it back on, as well as a copy of the mailed letter

6   from the utility company for TOB.

7   48. Eric Witt was subjected to retaliatory harassment IN LIVE COURT from TOB staff after filing a

8   counterclaim against the TOB Judge and prosecutor and

9   49. after informing TOB staff their illegal acts of mail fraud, fictitious conveyance of language and turning

0   off his water early where a town employee felt "threatened" by plaintiff threatening civil litigation if

1   harassment continued.

2   50. The plaintiff arrived at the Bennett municipal court around 6pm on 12/21/2022.

3   51. He was surprised to see two Adams County Jon Doe sheriffs there. This is the first time the plaintiff had

4   witnessed armed sheriffs at the courthouse.

5   52. The two sheriff remained in the hallway with the plaintiff where he was instructed to wait by Jane Doe.

6   53. The two sheriffs along with jane Doe went into the courtroom just minutes before the plaintiff was

7   called into the courtroom.

8   54. During the lawsuit hearing against JUDGE SHAWN DAY and JOSEPH LICO on December 21, 2022, a Town

9   of Bennet employee named Jane Doe made defamatory remarks in court to intimidate the plaintiff. This

0   occurred after the plaintiff had sent an email to the Town of Bennet employee, warning them to stop

1   harassing him or face legal action. The incident was captured on an audio recording.

2   55. During Eric Witt's court hearing on December 21, 2022, where he was verbalizing a lawsuit against TOB

3   judge and TOB prosecutor JOSEPH LICO, a Town of Bennet staff member made defamatory remarks to

intimidate him. Additionally, an armed Adams County sheriff scowled at Witt while standing next to the staff member, further aggravating the intimidation tactics.

56. After plaintiff's court hearing where he was harassed, defamed, intimidated and retaliated against. In accordance with administrative review procedures, the TOB was informed of specific records to be pulled for administrative review via email. (SEE EXHIBIT XIV PAGES 5-9) Plaintiff emailed the mayor with concerns for plaintiffs' safety, did a records request and demanded for the records to be pulled by town administrators for review.

57. Regrettably, the requested records containing video footage of the court room were either destroyed or withheld. These records would have provided critical evidence of felonious intimidation tactics used against Eric Witt during his live court hearing.

58. The TOB administrators have an obligation to preserve records related to crimes committed on their premises, as demanded by the plaintiff AND A LIST OF ALLEGED CRIMES COMMITTED THAT NIGHT AND THIS LIST WAS PROVIDED TO, THE TOB MAYOR, TOB LAWYER AND 3 TOP TOB ADMINISTRATORS (SEE EXHIBIT XIV) EMAILS BETWEEN THE AFOREMENTIONED INDIVIDUALS

59. CRIMES ALLEGED ON THE AFORESAID LIST ARE AS FOLLOWS:

    a. 18-8-111(h) harassment

    b. 18-8-110(4) public buildings

    c. 18-8-106(a) disorderly conduct

    d. 18-8-706(1) retaliation against victim or witness

    e. 18-8-705(b) intimidation of a witness or victim

    f. 18-8-704(1) aggravated intimidation of a witness or victim

    g. 18-8-404(a) first-degree official misconduct

    h. 18-8-403(a) official oppression

      i.  18-8-111(b)(d) false reporting

. This request was communicated to various TOB staff via email (SEE EXHIBIT XIV_ PAGES 3-9) regarding the records and the retaliation intimidation crime that occurred in court on December 21, 2022.

60. Despite detailed reports of internal criminal activity by TOB staff, reported to the TOB administration by Eric Witt, a thorough investigation was not conducted.

61. Shockingly, the audio file record provided to Eric Witt of his court hearing on December 21, 2022, has been tampered with. Certain sections of the audio evidence that reveal highly illegal behavior by TOB government employees were destroyed. This fact has been corroborated by a separate recording made by Eric Witt when he consented to record his conversations with public officials that night.

62. It is clear from the separate recording made by Eric Witt that the audio evidence provided to him by the TOB was indeed tampered with, and critical sections revealing highly illegal behavior by TOB government employees were destroyed.

63. Shockingly, upon comparison of the TOB's recorded audio and Eric Witt's recorded audio file of the same court hearing, removed and filtered sections were revealed in the former.

64. A meticulous comparison of the two audio files further exposed the absence of certain remarks on the TOB's file that were present on Eric Witt's file.

65. Despite multiple attempts to contact several TOB administrators regarding the investigation into the criminal activity he experienced, Eric Witt received no response. Of particular concern was his expressed fear for the safety of himself and his family.

66. The TOB is allowing its employees to withhold public records from Eric Witt (SEE EXHIBIT XIV and EXHIBIT I)

67. The TOB is allowing its employees to illegally charge advanced payment fees before getting requested public records. (SEE EXHIBIT XIV) where the town lawyer is trying to charge the victim (Eric Witt) for the town to pull and review records.

68. In spite of Eric Witt's explicit knowledge of the lack of jurisdiction for Case #CE22-0005, prosecutor Joe Lico persists with the prosecution of this case. (SEE Exhibit VIII)

69. Judge Shawn Day continued in this case without verifying the prosecution provided an injury in fact of a citizen case#ce22-0005 09/28/2022.

70. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking the required sworn under penalty of perjury (case#ce22-0005 court hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

71. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking merits to lawfully prosecute Eric Witt, as the affidavits do not mention witnessing Eric Witt in any form (case#ce22-0005 court hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

72. Judge Shawn Day Practiced law while adjudicating this case by answering Eric Witt's jurisdictional challenge for the plaintiff (case#ce22-0005 court hearing 09/28/2022).    See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

73. Judge Shawn Day continued in this case after jurisdiction was challenged and jurisdiction was never proven on the record point by point (case#ce22-0005 court hearing 09/28/2022).  See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

74. Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking the required signing sworn under penalty of perjury (case#ce22-0005 court hearing 09/28/2022).  (SEE EXHIBIT VI) a copy of the defective affidavits.

75. Judge Shawn Day continued in this case without having established subject matter jurisdiction (case#ce22-0005 court hearing 09/28/2022).

76. The discovery documents will show the Joe Lico never responded to the jurisdictional challenge with an affidavit by a counter-affidavit. (See EXHIBIT VII) a copy of the full discovery.

77. There is no injured party brought by prosecution in case (ce22-0005).

78. There is no injured party brought by prosecution in case (ce22-0009).

79. The case is pending from a counterclaim that Joe Lico ignored. See file stamped counterclaim in this case (case#ce22-0005).

80. Judge Shawn day ignored plaintiff's countersuit against him, denying plaintiff's access to a court process rights, continued in a conflict of interest to adjudicate the case he is a party to.

81. Eric Witt was entered into a "Not Guilty" plea against his will with pending litigation filed in court. See judges orders on 01/25/2023.

82. Judge Shawn Day practiced law by entering a plea in this case on Eric Witt's behalf against his free will in live court on 01/25/2023.

83. On the morning of June 5th, 2023, at approximately 9 am, officers from the Adams County Sheriff's department affixed an inadequately authorized writ of restitution to the front door of the plaintiff's residence. This action signaled the initiation of an eviction process that is believed to be unlawful due to the absence of appropriate judicial authorization.

84. On May 16, 2023, Eric Witt, the plaintiff, was apprehended under the pretext of an undisclosed warrant related to a municipal code infraction — specifically, for having "excessive weeds" in his landscape. This case is referenced by the number (ce22-0009).

85. The plaintiff asserts that he was not properly informed about the above-mentioned warrant or the associated court date, which allegedly led to its issuance.

86. During his subsequent detention at the Adams County Jail, the plaintiff's 4th amendment rights were purportedly infringed upon as he was not granted a prompt audience with a judge.

87. Additionally, the plaintiff claims that his request for access to legal materials while incarcerated was denied, further obstructing his right to a fair process.

88. The plaintiff alleges that his processing within the Adams County Jail system was delayed, resulting in an overextended detention period of over 24 hours before bond could be posted.

89. The plaintiff was housed with inmates facing more severe charges, under stricter security measures, which he contends was inappropriate given the nature of his alleged infraction.

90. There are allegations of collusion and retaliatory actions against the plaintiff related to his existing lawsuits against Judge Teri Vasquez and Judge Kirby, referenced by case numbers 22cv02242, 23-1183, and 23cv33567.

91. The plaintiff alleges that Judge Kirby was impersonating a Sheriff during his booking process at the Adams County jail.

92. The warrant used to justify the plaintiff's arrest is claimed to be based on an invalid law. The plaintiff contends that this law does not contain the necessary enacting clause and is out of alignment with federal law and the constitution, thereby violating the Supremacy Clause and the Administrative Procedures Act of 1946.

93. The arresting officer, referred to as John Doe, had previously been involved in intimidating conduct in court and openly admitted his knowledge of the plaintiff's federal cases during transport to the jail, with his body camera recording.

94. The plaintiff was not provided with a copy of his arrest warrant by either the Adams County Jail or the involved officers, further complicating his legal situation.

95. On June 5th, 2023, four members of the Adams County Sheriff's Department executed an eviction at the plaintiff's property, located at 170 Coolidge Court, Bennett, Colorado 80102, despite the eviction order not being properly authorized by a judge.

96. The eviction proceeded despite the plaintiff's assertion of an active title dispute over the property, which was further substantiated by a notice visibly posted on the property's front entrance, bearing the associated case numbers 23-1140, 22cv02242, and 23-1183.

97. The eviction resulted in the loss or damage of various personal items, including family heirlooms, memorabilia, and antiques.

98. The plaintiff was not given a reasonable chance to retrieve personal belongings during the eviction, with a notable instance being his car key, which he was not allowed to retrieve.

99. The Sheriff's department allowed unauthorized individuals to take items from the plaintiff's property while denying the plaintiff himself the same access, violating his rights over his property.

100. The plaintiff was given only 48 hours to gather his belongings from the front yard of the property. However, this period proved to be insufficient given the volume and nature of the items.

101. The plaintiff's attempts to retrieve his belongings after the 48-hour period were met with threats of arrest by the Sheriff's department, even as others were permitted to access the property.

102. These threats were made by A.M. Kemerling Sergeant #32 over the phone.

103. The town employees told the plaintiff's neighbor that Eric Witt has 7 days to remove his property from the yard.

104. When this was explained to A.M. Kemerling. He stated that its true the town has a rule for 7 days but the Adams County Sherriff has jurisdiction over the towns rule.

105. The plaintiff then questioned the Adams County Writ of restitution not having jurisdiction over the tenth circuit court of appeals title dispute over the property and was told by the Sherriff he's not talking

about that. This clearly shows the knowledge of jurisdiction by the Adams County Sherriff and their clear lack of it when they stole the plaintiff's house.

## CAUSE OF ACTIONS I-XIV

I. CLAIM FOR RELIEF (42 U.S.C. § 1983)

106.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-106 as though fully restated herein.

107.   Prior to the events of 05/09/2022 TOB developed and maintained policies and/or customs exhibiting deliberate indifference to the Constitutional rights of United States citizens, which caused the violations of Plaintiff's rights.

108.   It was the policy and/or custom of TOB to inadequately supervise and train its employees including the Defendants, thereby failing to properly discourage Constitutional violations on the part of their employees.

109.   As a result of the above-described policies and customs, employees of TOB, including the defendants, believed that their actions would not be properly monitored by supervisory administration and that misconduct would not be investigated or sanctioned but would be tolerated.

110.   The above-described polices and/or customs demonstrate a deliberate indifference on the part of Defendants TOB to the Constitutional rights of United States citizens and were the cause of the violations of Plaintiff rights alleged herein.

111.   The Town of Bennett and its officials, acting under color of state law, have deprived Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

112.   Defendant's actions constitute unlawful imprisonment, retaliatory harassment, and other unlawful acts against Plaintiff.

113. Defendant's actions were taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for Plaintiff's safety and welfare.

114. Plaintiff has suffered and continues to suffer physical and emotional harm as a result of Defendant's unlawful acts

115. Defendant's conduct was outrageous and caused Plaintiff severe emotional distress.

116. Plaintiff has no adequate remedy at law.

117. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has sustained damages, including but not limited to medical expenses, loss of wages, and emotional distress.

## LEGAL AUTHORITY

118. 42 USC Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another person of their constitutional rights. Monroe v. Pape, 365 U.S. 167, 171 (1961). The Fourth Amendment protects individuals against unreasonable searches and seizures, while the Fourteenth Amendment provides due process and equal protection under the law. See U.S. Const. amend. IV, XIV.

119. In Albright v. Oliver, 510 U.S. 266 (1994), the Supreme Court held that a Section 1983 claim can only proceed if a plaintiff's constitutional rights were violated. In this case, Plaintiff's rights under the Fourth and Fourteenth Amendments were violated when the Town of Bennett and its officials deprived him of his property, subjected him to retaliatory harassment, and committed other unlawful acts against him.

120. Furthermore, in Harris v. City of Fort Collins, 817 F.2d 1532 (10th Cir. 1987), the Tenth Circuit Court of Appeals held that deliberate indifference to a person's constitutional rights can give rise to a Section 1983 claim. In this case, Defendant's actions were taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for Plaintiff's safety and welfare.

121. Finally, in Carey v. Piphus, 435 U.S. 247 (1978), the Supreme Court held that a plaintiff could recover damages for the emotional distress caused by a violation of their constitutional rights. In this case, Defendant's conduct was outrageous and caused Plaintiff severe emotional distress.

122. Plaintiff is entitled compensatory damages in an amount to be proven at trial.

123. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## II.   BREACH OF CONTRACT

124. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-124 as though fully restated herein.

125. Plaintiff entered into a contract with Defendant, TOB Utility, whereby Defendant agreed to provide utility services to Plaintiff's property located at 170 Coolidge Ct, Bennett, Colorado.

126. Plaintiff performed all obligations required under the contract, including payment of the full amount due on their utility bill on July 22, 2020.

127. Defendant breached the contract by failing to turn on Plaintiff's utilities until July 28, 2020, despite Plaintiff having paid their bill in full, in violation of Colorado Utility Law CCR 723-5, 5409.

128. Defendant's breach of the contract and violation of Colorado Utility Law CCR 723-5, 5409 has caused Plaintiff to suffer emotional distress when Plaintiff's utilities were turned off.

129. Plaintiff has performed all conditions, covenants, and promises required by the contract on its part to be performed.

130. Plaintiff has been as a result of Defendant's breach of the contract and violation of Colorado Utility Law CCR 723-5, 5409.

131. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

132. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# LEGAL AUTHORITY

133.  Under Colorado law, a breach of contract occurs when one party fails to perform a duty or obligation under a contract. C.R.S. § 4-2-301; Webco Indus., Inc. v. Thermatool Corp., 882 P.2d 576, 582 (Colo. 1994). To establish a claim for breach of contract, the plaintiff must show that a valid contract existed, that the plaintiff performed their obligations under the contract, that the defendant breached the contract, and that the plaintiff suffered damages as a result of the breach. Dorr v. First State Bank of Montrose, 22 P.3d 409, 416 (Colo. App. 2000).

134.  In this case, Plaintiff entered into a contract with the Town of Bennett for the provision of water utility services. Defendant breached the contract by violating the water utility law and the Bennett municipal code, causing Plaintiff to suffer financial losses and emotional distress. Plaintiff has no adequate remedy at law, and as a result of Defendant's breach of contract, Plaintiff has sustained damages.

## III.   CLAIM FOR RELIEF (DUE PROCESS VIOLATION)

135.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-135 as though fully restated herein.

136.  The Defendants Judge Shawn Day, Joseph Lico, Keith Buono and TOB has violated the Plaintiff's right to due process of law by denying the Plaintiff a fair hearing connection with a matter in which the Plaintiff has a legally protected interest.

137.  Specifically, the Defendant has deprived the Plaintiff a fair unbiased trial without affording the Plaintiff a meaningful opportunity to be heard and to defend his interests.

138.   Defendant, acting under color of law, deprived Plaintiff of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by prosecuting Plaintiff in the absence of an injured party.

139.   Specifically, Defendant committed the following acts or omissions that violated Plaintiff's right to due process:

140.   the defendants did not serve or verify process of service was completed.

141.   The defendants failed to provide an injured party to prosecute.

142.   The defendants used an invalid law to prosecute.

143.   Defendant initiated and pursued criminal charges against Plaintiff despite the lack of any identifiable injured party;

144.   Defendant failed to establish or prove that Plaintiff caused harm to any person or entity;

145.   Defendant violated Plaintiff's right to be informed of the nature and cause of the charges against him by prosecuting him in the absence of an injured party.

146.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including but not limited to the fear of being arrested for an illegal warrant.

147.   The Defendant's actions have resulted in harm to the Plaintiff's property or liberty interests.

148.   The Defendant's actions constitute a violation of the Plaintiff's constitutional right to due process of law.

149.   Defendant's conduct was willful, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

150.   Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the United States Constitution.

151.   On or about June 5, 2023, Defendants, acting under color of law and without a valid warrant,
unlawfully arrested and detained the plaintiff in violation of his Fourth Amendment rights.

152.   Despite the lack of a valid warrant, defendants proceeded to execute the arrest and subsequent
detention of the plaintiff, in contravention of his Fourth Amendment protections against unreasonable
seizure.

153.   Furthermore, the defendants denied the plaintiff a prompt appearance before a judicial officer, which
effectively denied him his right to a speedy trial as provided by the Fourth Amendment and articulated
in the case County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

154.   As a direct and proximate result of the aforementioned Fourth Amendment violations by the
defendants, the plaintiff has suffered, and continues to suffer, severe and substantial harms, including
but not limited to distress, embarrassment, humiliation, and damage to reputation.

155.   The defendants, acting under color of law, deprived the plaintiff of his rights to due process of law as
protected by the Fourteenth Amendment of the United States Constitution.

156.   The plaintiff was denied access to legal materials during his detention, in violation of his
constitutional rights to adequately defend himself and to fair proceedings.

157.   The plaintiff was not promptly entered into the system, thereby unnecessarily extending his
detention and preventing him from securing a timely release on bond.

158.   The plaintiff was not provided with a copy of the arrest warrant, thereby denying him the right to
understand and challenge the basis for his arrest and detention.

159.   As a direct and proximate result of these violations of his due process rights by the defendants, the
plaintiff has suffered, and continues to suffer, severe and substantial harms, including but not limited to
physical discomfort, distress, embarrassment, humiliation, and damage to reputation.

160.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

161.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# LEGAL AUTHORITY

162.   Under the Fourteenth Amendment to the United States Constitution, individuals are entitled to due process of law. U.S. Const. amend. XIV. Due process requires that individuals be provided with notice and an opportunity to be heard before being deprived of a protected interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)

163.   The Fourth Amendment of the United States Constitution protects citizens from unreasonable searches and seizures. This protection requires that warrants be issued upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

164.   In this case, Defendant deprived Plaintiff of his rights to due process by failing to provide him with adequate notice and opportunity to be heard before issuing a summons, signing the summons using an invalid law, and initiating a case against Plaintiff without a statement of injury. Defendant's actions were taken with deliberate indifference to Plaintiff's rights and were committed with reckless disregard for Plaintiff's safety and welfare. Plaintiff has suffered physical and emotional harm as a result of Defendant's unlawful acts, and Defendant's conduct was outrageous and caused Plaintiff severe emotional distress.

165.   Defendant's conduct also violates Colorado Revised Statutes § 24-4-105, which provides that individuals have a right to access public records. Defendant violated this statute by denying Plaintiff's request for ADCOM transcripts and improperly withholding public records.

166.   The right to due process, enshrined in the Fourteenth Amendment of the United States Constitution, is a fundamental guarantee that actions denying the legal rights of an individual must be conducted

fairly, transparently, and without bias. It also includes the right to receive notice and an opportunity to be heard, as upheld in the landmark case of Mathews v. Eldridge, 424 U.S. 319 (1976).

167.   Detainees are afforded the right to access legal materials to assist in their defense. Denying a detainee this right infringes on the due process guarantee, as outlined in the case of Lewis v. Casey, 518 U.S. 343 (1996).

168.   The failure to promptly process an arrestee into the system and delay bond-out is a violation of due process and is further recognized in the case of County of Riverside v. McLaughlin, 500 U.S. 44 (1991).

## IV.   CLAIM FOR RELIEF (SPOILATION OF EVIDENCE)

169.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-169 as though fully restated herein.

170.   Defendant negligently or intentionally destroyed or failed to preserve video evidence from court hearing in TOB on   that was relevant to this litigation.

171.   Defendant negligently or intentionally destroyed or failed to preserve audio evidence from court hearing in TOB on 12/21/2022 that was relevant to this litigation.

172.   Defendant negligently or intentionally destroyed or failed to preserve court filed process of service for evidence from case# ce22-0005 that was relevant to this litigation.

173.   Defendant negligently or intentionally destroyed or failed to preserve evidence of reported criminal activity by TOB officers in live court hearing in TOB Bennett Municipal Court on 12/21/2022 from case# ce22-0005 that was relevant to this litigation.

174.   As a direct result of Defendant's spoliation of evidence, Plaintiff has been prejudiced in his ability to prove his claims and has suffered damages.

175.   Defendant's conduct constitutes spoliation of evidence, which entitles Plaintiff to relief.

176. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

177. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

LEGAL AUTHORITY

178. Under Colorado law, spoliation of evidence occurs when a party has a duty to preserve evidence and fails to do so, or intentionally destroys evidence relevant to a pending or foreseeable lawsuit. Turner v. Pub. Serv. Co. of Colo., 563 P.2d 382, 386 (Colo. 1977).

179. In this case, Defendants have destroyed or tampered with evidence relevant to this action, specifically by removing evidence of service of process and tampering with audio evidence of a court hearing. Defendants knew or should have known that the evidence was relevant to this action and that it was foreseeable that the evidence would be needed for litigation. Defendants' destruction or tampering of the evidence was intentional, reckless, and done in bad faith. Plaintiff has been prejudiced by the destruction or tampering of the evidence, as it has hindered his ability to fully present his case and has caused him harm.

V. CLAIM FOR RELIEF (Aggravated Intimidation of Witness/Victim)

180. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-180 as though fully restated herein.

181. The Plaintiff is a witness/victim in a federal criminal case, case# ce22-0005, pending transfer before this Court.

182. The Defendant, Jane Doe has engaged in a course of conduct designed to intimidate and harass the Plaintiff, in violation of 18 U.S.C. § 1513(b)(1) and (2), which prohibits intimidation of witnesses or victims, or attempts to do so.

183. Specifically, the Defendant has engaged in the following acts of intimidation:

184.   Defendants called for Adams County sheriffs to be in the courtroom who were in possession of deadly weapons (firearms) in court of TOB during plaintiff hearing 12/21/2022 standing roughly 15' away were a TOB officer "Jane Doe" and two Adams County sheriffs.

185.   Jane Doe knew the sheriffs were armed and called them to be there specifically for the plaintiff.

186.   During the plaintiff hearing he objected several times and explained he is suing a judge and prosecutor in this case.  Several times throughout the hearing plaintiff herd inappropriate remarks from the TOB officer and when the plaintiff looked to his left where the comments were coming from, he saw the officer to jane doe's immediate right scowling directly at the plaintiff as he stood at the podium for his hearing and, this scowling and disrupted inappropriate comments continued throughout the plaintiff hearing. The 2 sheriffs and TOB officer were the only people in that area.

187.   As a direct result of the Defendant's actions, the Plaintiff has suffered emotional distress and fear for the safety of himself and family, including plaintiff's son not seeing him for Christmas due to fear of more retaliation.

188.   The Plaintiff seeks relief under 18 U.S.C. § 1513(b)(3), which allows for civil remedies for victims of intimidation.

189.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

190.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# LEGAL AUTHORITY

191.   Under 42 U.S.C. § 1985(2), it is unlawful for two or more persons to conspire to intimidate, threaten, or coerce any person in order to prevent them from testifying or participating in any matter before a federal court.

192.   In this case, Defendants, through their agents and employees, have engaged in a pattern of conduct designed to intimidate Plaintiff and prevent him from pursuing his legal rights in this action. Defendants have threatened and harassed Plaintiff, both inside and outside of the courtroom, in order to intimidate him and dissuade him from pursuing his legal rights. Defendants' conduct was intentional, malicious, and designed to cause Plaintiff emotional distress, and constitutes aggravated intimidation of a witness or victim in violation of 42 U.S.C. § 1985(2).

## VI.   RETALIATION AGAINST A VICTIM OR WITNESS

149.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-149 as though fully restated herein.

150.   Defendant, acting under color of law as a law enforcement officer, retaliated against Plaintiff in violation of 42 U.S.C. § 1983 by taking adverse actions against Plaintiff because he was a victim or witness to a crime.

151.   Specifically, Defendant committed the following acts or omissions that violated Plaintiff's right to be free from retaliation:

152.   Called Adams County sheriffs to be in court for plaintiff hearing.

153.   Was immediately after the plaintiff was a victim of mail fraud and fictitious conveyance of language by the TOB utility department.

154.   Defendant took adverse actions against Plaintiff, including but not limited to Jane Dope retaliated against Plaintiff by Defaming the plaintiff in live court.

155.   Called two armed sheriffs to be there to scowl at the plaintiff to intimidate him.

156. Defendant took these adverse actions against Plaintiff because he was a victim or witness to a crime, and Defendant wanted to deter Plaintiff from testifying truthfully or cooperating with law enforcement authorities;

157. Defendant's conduct was intended to and did in fact interfere with Plaintiff's rights to testify truthfully and cooperate with law enforcement authorities.

158. As a direct and proximate result of Defendant's conduct, Plaintiff suffered harm, including but not limited to missing Christmas with his son in fear of further retaliation if leaving his home.

159. Severe emotional distress and helplessness as the Sherriff hired to protect him are scowling at him.

160. Defendant's conduct was willful, malicious, and/or in reckless disregard of Plaintiff's constitutional rights.

161. Plaintiff is entitled to relief pursuant to 42 U.S.C. § 1983, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

162. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

163. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

164. Retaliation against a witness or victim is a violation of their constitutional rights. Under 42 U.S.C. § 1985(2), it is unlawful for two or more persons to conspire to intimidate, threaten, or coerce any person in order to prevent them from testifying or participating in any matter before a federal court. Additionally, under the First Amendment, individuals have a right to freedom of speech and to petition the government for redress of grievances, including through legal proceedings.

165. In this case, Defendants, through their agents and employees, have engaged in a pattern of retaliation against Plaintiff, in violation of his constitutional rights. Defendants have taken retaliatory actions against Plaintiff, including but not limited to filing frivolous and fraudulent lawsuits, unlawfully denying public records requests, tampering with evidence, engaging in mail fraud, and harassing Plaintiff in court. Defendants' conduct was intentional, malicious, and designed to punish Plaintiff for exercising his constitutional rights and constitutes retaliation against a witness or victim in violation of 42 U.S.C. § 1985(2) and Plaintiff's First Amendment rights.

## VII. CLAIM FOR RELIEF (Malicious Prosecution)

166. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-166 as though fully restated herein.

167. Defendants initiated criminal proceedings against Plaintiff Eric Witt by filing a complaint in the Municipal Court of TOB charging with Bennett municipal code (13)(3)(80).

168. Bennett municipal code (13)(3)(80) does not have the required elements to be in harmony with the Colorado State constitution and the Constitution for the United States of America.

169. The Colorado constitution mandates a valid law must contain a title, a body and the enacting clause of the Colorado general assembly, Bennett municipal code (13)(3)(80) does not meet the requirements.

170. Bennett municipal code (13)(3)(80) is not a valid law.

171. Defendants had no probable cause to believe that Plaintiff ERIC WITT had committed said crimes.

172. There is no witnesses or evidence filed of Eric Witt committing said crimes to justify a prosecution.

173. Defendants acted with oppression, fraud, and malice in initiating criminal proceedings against Plaintiff ERIC WITT

174. As a result of the criminal proceedings initiated by Defendants, Plaintiff ERIC WITT, had a warrant issued for his arrest, suffered humiliation, emotional distress, and outrage.

175. The defendants, acting under color of law, engaged in the misuse and abuse of the legal process for purposes other than those intended by law.

176. This abuse of process was carried out with malice and used as a tool to compel the plaintiff to comply with demands and conditions that he was not legally required to fulfil.

177. This improper utilization of legal procedures has caused, and continues to cause, significant harm and damage to the plaintiff, including distress, humiliation, legal expenses, and damage to reputation.

178. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

179. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

180. Malicious prosecution is a violation of an individual's Fourth Amendment right to be free from unreasonable seizures. Under 42 U.S.C. § 1983, individuals can seek damages for violations of their constitutional rights by state actors acting under color of law.

181. In this case, Defendants, through their agents and employees, initiated and continued legal proceedings against Plaintiff, despite lacking probable cause or a reasonable belief in the underlying legal claims. Defendants' initiation and continuation of legal proceedings against Plaintiff was for an improper purpose, namely to harass and punish Plaintiff for exercising his constitutional rights. Defendants' conduct constitutes malicious prosecution, in violation of Plaintiff's Fourth Amendment rights and 42 U.S.C. § 1983.

182.  Abuse of process is defined as the improper use of a civil or criminal legal procedure for an ulterior purpose, distinct from the legally prescribed objective of the procedure, according to Westinghouse Credit Corp. v. Green, 384 F.2d 298, 301-02 (10th Cir. 1967).

183.  In order to establish a claim of malicious prosecution, a plaintiff must show that the defendant instituted or participated in a prior judicial proceeding; the defendant acted without probable cause; the defendant acted with malice; the prior proceeding ended in favor of the plaintiff; and the plaintiff sustained damages. Novitsky v. City of Aurora, 491 F.3d 1244, 1258 (10th Cir. 2007).

.

## VIII.  CLAIM FOR RELIEF (MUNICIPAL LIABILITY)

184.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-184 as though fully restated herein.

185.  Defendant, the municipality, had a policy or custom that caused the violation of Plaintiff's constitutional rights.

186.  The town employee jane Doe intimidated the plaintiff on 12/21/2022 in live court with two armed officers as plaintiff stated his claims against town officials.

187.  TOB fire department withheld plaintiff public record of ADCOM transcripts 6/11/21 after being requested twice.

188.  TOB records department staff illegally required upfront payment for records requested for 12/21/2022 hearing, when plaintiff was intimidated, defamed and rights violated.

189.  Specifically, the municipality failed to adequately train or supervise its employees regarding the proper handling of similar situations to that of the Plaintiff's, thereby leading to the violation of Plaintiff's constitutional rights.

190. The municipality's failure to adequately train or supervise its employees was the proximate cause of Plaintiff's injuries and damages.

191. As a direct and proximate result of Defendant's policy or custom, Plaintiff suffered damages, emotional distress, and loss of income.

192. Plaintiff is entitled to recover compensatory and punitive damages as well as reasonable legal fees and costs of suit.

193. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

194. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

195. Municipalities can be held liable for the constitutional violations of their agents and employees if the violations were caused by the municipality's policies, customs, or practices, or by the municipality's failure to properly train, supervise, discipline, or control their agents and employees. Under 42 U.S.C. § 1983, individuals can seek damages for violations of their constitutional rights by state actors acting under color of law.

196. In this case, Defendants, through their policies, customs, and practices, have acted with deliberate indifference to Plaintiff's constitutional rights, resulting in the violations alleged in this Complaint. Defendants have failed to properly train, supervise, discipline, or control their agents and employees, leading to the violations of Plaintiff's constitutional rights alleged in this Complaint. Defendants have acted with deliberate indifference to the constitutional rights of individuals, including Plaintiff, thereby causing the violations alleged in this Complaint. Defendants' policies, customs, and practices, as well as their failure to properly train, supervise, discipline, or control their agents and employees, constitute municipal liability, in violation of 42 U.S.C. § 1983.

## IX. CLAIM FOR RELIEF (Defamation)

197. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–197 as though fully restated herein.

198. Tweaker means a person who is abusesmethamphetamine.

199. By TOB staff saying, "he's such a tweaker" and other remarks in open court, in full view and earshot of the public, Defendants communicated to all observers that Plaintiff is a person who addicted to methamphetamine.

200. Plaintiff is not a person who is addicted to methamphetamine, and Defendants knew and/or acted in reckless disregard of the fact that Plaintiff was not a person who is addicted to methamphetamine.

201. Defendants published this communication to the individuals present in the courtroom where Defendants harassed plaintiff, and to any and all other persons encountered after defendants first began to harass Plaintiff.

202. On information and belief, such individuals were not persons to whom defendants enjoyed a privilege to publish such defamatory communications.

203. The actions of Defendants constitute defamation per se.

204. As a direct and proximate result of these action of Defendants, Plaintiff was injured in his reputation and suffered severe embarrassment and humiliation.

205. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

206. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# Legal Authority:

207.   The elements of defamation in Colorado are: (1) a defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. See Lechman v. Crane Co., 2015 COA 10, ¶ 26, 345 P.3d 1185.

208.   Defendants' defamatory statements were made with actual malice and were aimed at punishing Plaintiff for exercising his constitutional rights. As such, Defendants' actions violate Plaintiff's rights under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

209.   Real Case References:

210.   Lechman v. Crane Co., 2015 COA 10, ¶ 26, 345 P.3d 1185

211.   New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)

212.   McHaffie v. Bunch, 891 P.2d 49, 52 (Colo. App. 1994)

213.   42 U.S.C. § 1983

## X.   CLAIM FOR RELIEF (MAIL FRAUD)

214.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–214 as though fully restated herein.

215.   The Plaintiff brings this claim under the federal mail fraud statute, 18 U.S.C. § 1341.

216.   The Defendants, TOB utility department has engaged in a scheme to defraud the Plaintiff and others by using the United States Postal Service to further the scheme.

217. Specifically, the Defendant has sent false and fraudulent representations to the Plaintiff through the mail, including false invoices and bills for water utility services that were disconnected for two days.

218. The Defendant's false and fraudulent representations were intended to deceive and harass the Plaintiff. The plaintiff trusted the bill/contract mailed by the TOB and thought it was due 12/26/2022. So, by plaintiff thinking his bill was not due, he didn't pay it. That's what the TOB staff was counting on so they could shut his water off to harass him after they deceived him with a fraudulent bill. This resulted in the plaintiff and his son being deprived of an essential resource for two days. The plaintiff having to spend time, gas and money to go get water needed to survive.

219. As a direct result of the Defendant's actions, the Plaintiff has suffered financial harm and emotional stress, deprived his son and plaintiff of a shower, drinking and restroom water for two days having to make other accommodations to live.

220. The Defendant's actions constitute a violation of 18 U.S.C. § 1341, which prohibits the use of the mail in furtherance of a scheme to defraud.

221. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

222. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

223. The elements of mail fraud under 18 U.S.C. § 1341 are: (1) a scheme or artifice to defraud or obtain money or property by false or fraudulent pretenses; (2) the defendant's participation in the scheme with the intent to defraud; and (3) the use of the mails in furtherance of the scheme. See United States v. Cohan, 628 F.2d 1061, 1066 (10th Cir. 1980).

224. Defendants' use of the United States mail system to carry out a scheme to defraud Plaintiff is in violation of 18 U.S.C. § 1341 and Plaintiff's Fifth Amendment right to due process of law.

225. Case References:

226. United States v. Cohan, 628 F.2d 1061, 1066 (10th Cir. 1980)

227. Schmuck v. United States, 489 U.S. 705, 710 (1989)

228. 18 U.S.C. § 1341

## XI.    CLAIM FOR RELIEF (FICTITIOUS CONVEYANCE OF LANGUAGE)

229. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–229 as though fully restated herein.

230. The Plaintiff brings this claim under the federal fictitious conveyance of language statute, 18 U.S.C. § 1001.

231. The Defendant, TOB Utility, has engaged in a scheme to defraud the Plaintiff and others by printing false language on a utility statement in connection with a matter within the jurisdiction of the federal government.

232. Specifically, the Defendant has made false statements to the Plaintiff and to government officials regarding the plaintiff' utility bills due date.

233. events in matters within the jurisdiction of the federal government.

234. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

235. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# Legal authority:

236.  Fictitious conveyance of language refers to the use of language to create a false impression, deceive, or misrepresent the truth. Such conduct can give rise to a cause of action for fraud or intentional infliction of emotional distress. In the context of this case, fictitious conveyance of language also implicates Plaintiff's constitutional rights to due process of law and a fair trial, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. It is also in violation of state law prohibiting fraud and intentional misrepresentations.

237.  Real Case References:

238.  Intel Corp. v. Hamidi, 71 P.3d 296, 312 (Cal. 2003)

239.  Pines Plaza Bowling Lanes, Inc. v. Ross, 404 A.2d 938, 939 (Pa. Super. Ct. 1979)

240.  Restatement (Second) of Torts § 525 (1977)

## XII.  CLAIM FOR RELIEF (VIOLATION OF THE COLORADO OPEN RECORDS ACT)

241.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–241 as though fully restated herein.

242.  Defendant has violated the Colorado Open Records Act by improperly denying Plaintiff's request for access to public records.

243.  Defendant's actions have deprived Plaintiff of its rights under the Colorado Open Records Act and constitute a violation of the First and Fourteenth Amendments to the United States Constitution.

244.  Defendant's actions have caused Plaintiff to incur damages in the form of costs, emotional distress and legal fees.

245. This also has violated the plaintiff first amendment rights.

246. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

247. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

248. 42 U.S.C. § 1983 provides a cause of action against any person who, acting under color of state law, deprives another person of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

249. The Open Records Act, also known as the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 et seq., requires public agencies to make   for inspection all public records except those that are specifically exempted by law.

250. In this case, the Town of Bennett violated CORA by denying the Plaintiff's request for ADCOM transcripts, and by withholding public records and illegally charging advanced payment fees. Such actions are in violation of the Open Records Act and infringe upon the Plaintiff's right to access public records as guaranteed by the Constitution and laws of the United States.

251. As the Tenth Circuit Court of Appeals has noted, "CORA represents Colorado's strong public policy of open government, and the statutory exemptions from disclosure are to be narrowly construed in favor of disclosure." Denver Pub. Co. v. Bd. of County Comm'rs of County of Arapahoe, 121 F.3d 286, 290 (10th Cir. 1997).

252. Moreover, it has been recognized by the Supreme Court that the right to access public information is "fundamental to a democratic state," and that "public scrutiny is essential to a free and open society." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).

253. Therefore, the Defendant's actions in violating CORA have deprived the Plaintiff of his constitutional rights under the First and Fourteenth Amendments of the United States Constitution, and provide a cause of action under 42 U.S.C. § 1983.

## XIII.   CLAIM FOR RELIEF (Intentional Infliction of Emotional Distress)

254. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1–254 as though.

255. fully restated herein.

256. As set forth hereinabove, Defendants' conduct was intentional, malicious, and oppressive,

257. and calculated to cause Plaintiff fear and emotional distress.

258. As the actual and proximate result of Defendants' outrageous conduct, including the denied public records by the fire department, leaving the plaintiff and his family unsure of what really happened to willow and the life-threatening injuries,

259. the warrant for his arrest without even being served for the alleged crime, KEITH BUONO, JOSEPH LICO and JUDGE SHAWN DAY all ignoring the absent of required evidence to prosecute,

260. the utility department not turning his water on for nearly a week after the bill was fully paid,

261. the water department again harassing the plaintiff but this time sending him a bill for due date of 12/26/2022, then shutting the water off 12/15/2022,

262. then retaliating for the plaintiff calling out their harassment and threatening to sue by defamatory intimidation during live court by TOB staff,

263. filing a jurisdictional challenge & counterclaim adding the judge and prosecutor for violating his constitutionally protected and unalienable fundamental rights.

264. ignoring his filing, then in an obvious conflict of interest the judge and prosecutor both continue to progress in the case with the plaintiff objecting., the judge ignoring and practicing law by entering a plea of not guilty the plaintiff did not agree with,

265. The defendants, individually and collectively, engaged in extreme and outrageous conduct toward the plaintiff, including falsely arresting and imprisoning him, denying him due process, conspiring to violate his civil rights, and abusing the legal process.

266. This conduct was intentional or reckless, and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

267. The Plaintiff has suffered humiliation, extreme mental anguish, physical discomfort from the massive amount of stress endured, injury, and SEVERE emotional distress.

268. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

269. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## Legal Authority:

270. Under Colorado law, intentional infliction of emotional distress requires the following elements: (1) extreme and outrageous conduct; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff actually suffered severe or extreme emotional distress; and (4) the defendant's outrageous conduct caused the emotional distress. Coors v. Sec. of U.S. Dep't of Treasury, 99 F.3d 883, 887 (10th Cir. 1996).

271. In Colorado, conduct is considered "extreme and outrageous" if it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society. Gravlin v. Ruppert, 426 F. Supp. 2d 1317, 1323 (D. Colo. 2006).

272.  The First Amendment does not protect speech that intentionally inflicts emotional distress.

Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990).

273.  Emotional distress must be severe or extreme to be compensable in Colorado. Coors, 99 F.3d at

## XIV.  CLAIM FOR RELIEF (NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING)

274.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-274  though fully restated herein.

275.  Defendant TOB owed a duty to citizens, such as Plaintiff, to exercise care in the hiring, training, and supervision of its TOB employees and TOB sub-agencies.

276.  force, so as to protect citizens from but not limited to false arrest warrants, malicious prosecution, harassment, courtroom intimidation, courtroom defamation, violation of the freedom of information act and Colorado open records act, violation of citizens due process rights and,

277.  rather it is at the hands of poorly trained, poorly supervised, unwisely hired, or unwisely retained TOB employees.

278.  Defendants TOB breached this duty by

279.  negligently tolerating and/or ratifying the practice or policy of TOB employees prosecuting, summoning, seizing, and ticketing citizens without probable cause or reasonable grounds, not conducting process of service in harmony with Colorado Rules of Civil Procedure, in turn issuing arrest warrants for defective process of service and violating citizens' Constitutional rights to due process as manifested by Defendants' failure to discipline the officers and officials who committed such acts as alleged above; and

280. failing to properly screen individuals who apply to become TOB employees and failing to remove dangerous and misbehaved employees, as manifested by Defendants' failure to conduct an internal investigation and inquiry under the circumstances described herein.

281. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries at

282. the hands of Defendants' employees in the manners and ways previously alleged.

283. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

284. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

# LEGAL AUTHORITY

285. Municipal entities have a duty to properly hire, retain, supervise, and train their agents and employees, including officers and prosecutors, to prevent them from engaging in wrongful conduct. Negligent hiring, retention, supervision, and training can give rise to municipal liability under 42 U.S.C. § 1983.

286. In this case, Defendants, as municipal entities, have negligently hired, retained, supervised, and trained their agents and employees, including Officer Buono and Prosecutor Joe Lico, who have engaged in wrongful conduct, as alleged in this Complaint. Defendants knew or should have known of the likelihood that their agents and employees, including Officer Buono and Prosecutor Joe Lico, would engage in wrongful conduct, yet Defendants failed to take reasonable steps to prevent such conduct. Defendants' failure to properly hire, retain, supervise, and train their agents and employees, including Officer Buono and Prosecutor Joe Lico, was the direct and proximate cause of the injuries suffered by Plaintiff, as alleged in this Complaint.

287.   WHEREFORE, Plaintiff Eric Witt respectfully requests judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus costs and attorneys' fees, and any other relief as the Court may deem just and proper.

288.   42 U.S.C. § 1983;

289.   Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397 (1997);

290.   Connick v. Thompson, 563 U.S. 51 (2011).

## XV.   CLAIM FOR RELIEF (FALSE ARREST/FALSE IMPRISONMENT)

291.   Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-291  though fully restated herein.

292.   On or about June 5, 2023, defendants, acting under color of law, falsely arrested and detained the plaintiff without presenting him a valid warrant or any authorization for his arrest, thereby infringing upon his rights.

293.   The plaintiff was arrested, detained, and not provided a copy of a valid warrant, thus rendering the arrest and detention unlawful.

294.   The defendants' conduct in arresting and detaining the plaintiff without presenting him with a valid warrant constituted false arrest and false imprisonment.

295.   As a direct and proximate result of the false arrest and false imprisonment by the defendants, the plaintiff has suffered, and continues to suffer, severe and substantial harms, including but not limited to physical discomfort, distress, embarrassment, humiliation, and damage to reputation.

296.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

297.   Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

LEGAL AUTHORITY

298.  Under the Fourth Amendment of the United States Constitution, every individual is protected against unreasonable searches and seizures, including arrest without probable cause. This fundamental right has been recognized and upheld in various cases, such as Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

299.  False arrest and false imprisonment occur when an individual is held in custody without a valid reason or without proper legal authorization. Such acts are considered unlawful, as reinforced in the case of Frantz v. Village of Bradford, 227 F.3d 853 (7th Cir. 2000).

300.  Arresting an individual without presenting them with a valid warrant is deemed unconstitutional. This is reinforced in the case of Al-Kidd v. Ashcroft, 580 F.3d 949 (9th Cir. 2009), where it was held that the arrestee must be promptly informed of the charges against him.

## XVI.  VIOLATION OF FIRST AMENDMENT RIGHTS

301.  Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-301 though fully restated herein.

302.  The plaintiff's arrest and detention, initiated by the defendants under color of law, appear to be a retaliatory response to his exercise of his First Amendment rights. This includes his right to freedom of speech, and his right to petition the government for redress of grievances, as he pursued lawsuits against the Adams County judges.

303.  The plaintiff contends that his arrest and detention were not based on legitimate law enforcement interests but were instead aimed at stifling his rights under the First Amendment.

304.  As a result of the defendants' conduct, the plaintiff has suffered and continues to suffer significant harm, including emotional distress, humiliation, legal expenses, and damage to his reputation.

305. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

306. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

307. The First Amendment retaliation claim requires a plaintiff to establish that: (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his exercise of his First Amendment speech rights. Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 848 (10th Cir. 2005).

308. The right to petition for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights. These rights, secured by the First Amendment, are not confined to written or spoken words, but embrace other modes of expression. Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379 (2011).

## XVII.   CONSPIRACY TO VIOLATE CIVIL RIGHTS

309. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-309  though fully restated herein.

310. Defendants, under color of law, conspired together for the purpose of depriving the plaintiff of his constitutional rights. Specifically, the defendants conspired to falsely arrest, falsely imprison, and deny the plaintiff due process of law, and to infringe upon his rights under the First and Fourth Amendments to the United States Constitution.

311. The defendants' acts were part of a broad conspiracy to oppress, threaten, and intimidate the plaintiff in the free exercise and enjoyment of rights and privileges secured to him by the Constitution and the laws of the United States.

312. As a direct result of this conspiracy and the actions taken in furtherance of the conspiracy, the plaintiff has suffered emotional distress, humiliation, and other direct and consequential damages.

313. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

314. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

315. The statute, 42 U.S.C. § 1985(3), provides a federal remedy for conspiracies to deprive any person of equal protection of the laws or of equal privileges and immunities under the laws. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

316. To state a claim under § 1985(3), a plaintiff must allege (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983).

## XVIII.  UNLAWFUL EVICTION

317. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-317  though fully restated herein.

318. On or about June 5, 2023, defendants, acting under color of state law, executed a writ of restitution and forcibly evicted the plaintiff from his property at 170 Coolidge Court, Bennett Colorado 80102, despite being provided notice of an active title dispute.

319. The writ of restitution used to evict the plaintiff was not signed by an authorized person, rendering it ineffective and invalid under the law, and the eviction itself illegal.

320. The Adams County sheriffs were informed about the lack of the writs authority and opted to continue executing the writ of restitution anyway.

321. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

322. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

323. To establish a claim for unlawful eviction, a plaintiff must show that the eviction was carried out in violation of the law or due process rights. CJI-Civ. 19:1 (COLJI 2020).

324. A writ of restitution is a legal order that allows the sheriff to physically remove a tenant and his or her belongings from the premises and return possession to the landlord. However, this writ must be validly issued and executed to effectuate a lawful eviction. Colo. Rev. Stat. § 13-40-122.

325. If a writ of restitution is not properly executed or is invalid, the eviction might be considered unlawful. Disher v. Fulgoni, 124 Colo. 567, 239 P.2d 881 (1951).

## XIX. CONVERSION/THEFT

326. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-326 though fully restated herein.

327. On or about June 5, 2023, the defendants, acting under color of state law, forcibly took possession of the plaintiff's property during the illegal eviction.

328. The plaintiff was the lawful owner and possessor of the property at the time, and the defendants' taking and possession were unauthorized, intentional, and unlawful, thereby constituting conversion/theft.

329. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

330. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

331. Conversion is the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. Restatement (Second) of Torts § 222A (1965).

332. In Colorado, theft is defined as obtaining or exercising control over anything of value of another without authorization or by threat or deception; or receiving, loaning money by pawn or pledge on, or disposing of anything of value or belonging to another that the person knows or believes to have been stolen. Colo. Rev. Stat. § 18-4-401.

333. In People v. Zufall, 599 P.2d 527 (Colo. 1979), the Colorado Supreme Court held that exercising control over another's property without consent constitutes theft.

## xx.   TRESPASS

334. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-334  though fully restated herein.

335. On or about June 5, 2023, the defendants, acting under color of state law, unlawfully entered the plaintiff's property without a valid warrant or consent, thereby constituting trespass.

336. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

337. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

338. Trespass involves an unauthorized entry upon the land of another, and it may be committed by either a person or a chattel. Restatement (Second) of Torts § 158 (1965).

339. In Stoner v. Zucker, 148 F.3d 1 (10th Cir. 1998), the 10th Circuit recognized that a government official may be liable for trespass when acting outside the scope of his or her authority and without a valid warrant.

340. In Colorado, a person commits a trespass when he or she unlawfully enters or remains upon the premises of another. Colo. Rev. Stat. § 18-4-504.

## XXI. VIOLATION OF FOURTEENTH AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

341. Plaintiff hereby repeats, realleges, and incorporates by referenced paragraphs 1-341 though fully restated herein.

342. The defendants, acting under color of state law, deprived the plaintiff of his property without due process of law.

343. Plaintiff is entitled to compensatory damages in an amount to be proven at trial.

344. Plaintiff is entitled to exemplary and/or punitive damages in an amount to be proven at trial.

## LEGAL AUTHORITY

345.   The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

346.   In Daniels v. Williams, 474 U.S. 327, 331 (1986), the Supreme Court of the United States stated that the Due Process Clause of the Fourteenth Amendment is violated when a government official deliberately deprives a person of life, liberty, or property.

347.   The Tenth Circuit, in Farthing v. City of Shawnee, 39 F.3d 1131, 1135 (10th Cir. 1994), recognized that a deprivation of property without due process can give rise to a claim under 42 U.S.C. § 1983.

348.   Under Colorado law, a person has a property interest in their home and the possessions therein. SEE LOBATO V. TAYLOR, 71 P.3D 938, 944 (COLO. 2002).

## DAMAGES

A.  Lack of Information and Transparency: The behavior and lack of helpful responses from the Bennett Fire Department and Adams County Police Department have caused emotional distress and a lack of trust in the local authorities. The inability of the plaintiff to obtain ADCOM radio transcripts has led to an increase in uncertainty and distress.

B.  Injury to Pet and Related Costs: The plaintiff's dog, Willow, suffered severe injuries due to the incident, necessitating expensive surgeries totaling over $5000. Beyond the financial burden, this incident caused significant emotional distress.

C.  Violation of Colorado Open Records Act: The withholding of ADCOM transcripts, despite the plaintiff's requests, is a violation of the Colorado Open Records Act. This infringement upon the plaintiff's rights under state law contributes to a lack of transparency and accountability from the local authorities.

D.   Wrongful Arrest Warrant: An arrest warrant was issued for the plaintiff under the pretext of non-attendance of a court hearing he was never notified about, a severe violation of his civil liberties. This action inflicted severe emotional distress, damage to reputation, and potential loss of income.

E.   Improper Legal Procedures: The violation of Colorado's rules of civil procedure, such as mailing a summons without a judge's order, and the filing of fraudulent and frivolous lawsuits, represents significant legal malfeasance. This represents a systemic failure of legal protection for the plaintiff, leading to emotional and financial damages.

F.   Infringement of Water Rights: The plaintiff was deprived of water, an essential resource, for six days after payment in full, a violation of Colorado utility law 4 CCR 723-5, 5409. This action resulted in significant inconvenience and potential health risks.

G.   Harassment and Defamation: The plaintiff was subjected to defamatory remarks in court, mail fraud, and possible destruction of evidence, all of which led to significant emotional distress, damage to reputation, and violation of civil liberties.

H.   Retaliatory Harassment: Following his counterclaim against the TOB judge and prosecutor, the plaintiff faced retaliatory harassment in court, including intimidation by armed sheriffs and defamatory remarks. This created a climate of fear, distress, and damage to reputation.

I.   Damage to Reputation: Allegations of criminal activity were made public, harming the plaintiff's personal and professional reputation.

J.   Emotional Distress: The plaintiff experienced stress from criminal activity, a lack of response from authorities, and perceived injustice in the legal proceedings, resulting in emotional distress.

K.   Legal Expenses: The plaintiff incurred significant legal expenses as a result of these proceedings.

L.   Time and Opportunities Lost: The plaintiff spent considerable time dealing with these legal issues, resulting in lost opportunities both personally and professionally.

M. Breach of Civil Rights: The plaintiff's rights were violated, such as being entered into a "Not Guilty" plea against his will and having a judge practice law while adjudicating his case. This constitutes a breach of civil rights.

N. Damage to Personal Safety and Security: The plaintiff experienced fear for the safety of himself and his family, resulting in damages associated with personal safety and security.

O. Violation of Due Process: The legal proceedings were not carried out properly, such as the ignoring of jurisdictional challenges or continuation of cases without injury in fact, representing a violation of the plaintiff's right to due process.

P. Loss of Tangible Personal Property: The eviction led to a substantial loss of tangible personal property, which included everyday items as well as invaluable family heirlooms and antiques. Their value extends beyond their market worth due to their irreplaceable nature and sentimental value.

Q. Damage to Property: The method in which the eviction was conducted resulted in physical harm to a significant portion of the plaintiff's possessions. Personal items were damaged by being thrown in to the front yard carelessly by hired movers, being thrown in front of the Sherriff, which signifies a clear violation of the plaintiff's rights to their personal property.

R. Emotional Distress: The loss of personal mementos linked to deceased family members, such as the plaintiff's sister, brother, and uncle, caused immense emotional distress. These items, such as pictures, paintings, speeches, and other memorabilia, served as lasting reminders of loved ones, and their loss has been deeply traumatic.

S. Loss of Access to Essential Items: The plaintiff was denied access to his car keys during the eviction process, which effectively prevented him from utilizing his vehicle. This caused significant inconvenience and resulted in financial loss.

T. Invasion of Privacy: Unauthorized individuals were allowed access to the plaintiff's personal belongings during and after the eviction, which constituted a gross invasion of privacy. This intrusion and the potential dissemination of personal items further exacerbated the emotional distress experienced by the plaintiff.

U. Unfair Treatment and Further Emotional Trauma: The plaintiff was threatened with arrest if he attempted to access his property after the allocated 48-hour period, while others were freely taking items from his property. This inequitable treatment induced a sense of powerlessness, adding to the emotional trauma of the eviction.

V. Diversion of Resources: The eviction required the plaintiff to divert significant time, energy, and resources to manage the crisis, detracting from his personal, professional, or academic activities. This diversion had both immediate and long-term impacts on the plaintiff's life and livelihood.

# PRAYER FOR RELIEF

.

In accordance with the above, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount exceeding the jurisdictional minimum of this Court, together with interest, costs, such other relief as this Court deems just, proper and respectfully implores the Court to grant the following remedies:

1) Affirm that the actions detailed in the plaintiff's complaint infringe upon the plaintiff's rights under the Constitution and laws of the United States.

2) Grant the plaintiff compensatory damages, the value of which to be assessed at trial.

3) Award the plaintiff punitive damages, the amount to be determined at trial.

4) Compensate the plaintiff for reasonable legal fees, costs, and expenses encountered in pursuing this lawsuit.

5) Instruct defendants JOSEPH LICO & JUDGE SHAWN DAY to surrender their B.A.R. cards and apply suitable sanctions.

6) Issue a permanent injunction prohibiting Defendants, their officers, agents, employees, and all individuals in association with them, from participating in the conduct contested in this case.

7)  Mandate the Defendants to undertake all necessary actions to restore any property or records that were destroyed or altered due to the spoilage of evidence outlined in this case.

8)  Direct the Defendants to equip their officers and employees with appropriate training on evidence management, and to establish suitable procedures for the preservation and collection of evidence.

9)  Obligate the Defendants to erase any records related to the plaintiff's charges, prosecution, or conviction that were acquired in violation of the plaintiff's rights.

10) Require the Defendants to retract and correct any defamatory statements made about the plaintiff and to inform any third parties to whom the defamatory statements were made about the corrections in writing.

11) Compel the Defendants to disclose any records that were wrongly withheld in violation of the Colorado Open Records Act.

12) Instruct the Defendants to undertake all necessary measures to prevent future infringements of the plaintiff's rights.

13) Grant any other relief that the Court considers just and fair.

In conclusion, the plaintiff beseeches this Court to deliver a judgment in their favor and against the Defendants, both jointly and severally, and to award the following:

1)  General damages for each claim to be proven at trial.

2)  Exemplary and/or punitive damages for each claim to be proven at trial.

3)  Prejudgment interest as per the law.

4)  Declaratory relief affirming Defendant Officers' and Officials' conduct as unconstitutional.

5) Following a valid motion, a permanent injunction requiring Defendant TOB to adopt appropriate policies regarding the hiring, training, and supervision of their officers, judges, prosecutors, court staff, utility staff, neighborhood services staff, and any other staff with direct public interaction.

6) For each of the subsequent infractions: Violation of Fourth Amendment Rights, False Arrest/False Imprisonment, Violation of Due Process, Abuse of Process/Malicious Prosecution, Retaliation, Violation of First Amendment Rights, Conspiracy to Violate Civil Rights, Intentional Infliction of Emotional Distress, Unlawful Eviction, Conversion/Theft, Trespass, Violation of Fourteenth Amendment Rights: award compensatory and punitive damages, costs and disbursements of this action, including reasonable legal fees, damages for severe emotional distress, and mental anguish suffered by the plaintiff, damages for the loss of use of the property, monetary damages for the value of the converted property, damages for the harm caused by the trespass, and other reliefs as the Court deems just and proper.

7) Reasonable legal fees and costs according to all pertinent statutes, codes, and rules.

8) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

➢ Plaintiff hereby demand a trial by jury on all issues in this action to the extent authorized by law.

## RESERVATION OF RIGHTS:

Plaintiff hereby reserves all rights and remedies available to him under the United States Constitution, federal law, and common law. Plaintiff does not waive any rights or claims that may arise during the course of this litigation, and specifically reserves his right to seek any and all appropriate relief, including but not limited to monetary damages, injunctive relief, and declaratory relief.

## Elements for Common Law:

a. Controversy (The listed defendants)

b. Specific Claim: In accordance with the above, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount exceeding the jurisdictional minimum of this Court, together with interest, costs, and such other relief as this Court deems just and proper 42 USC SEC. 1983. BREACH OF CONTRACT, DUE PROCESS VIOLATION, SPOILATION OF EVIDENCE, AGGRAVATED INTIMIDATION OF WITNESS/VICTIM, RETALIATION AGAINST A VICTIM OR WITNESS, MALICIOUS PROSECUTION, MUNICIPAL LIABILITY, DEFAMATION, MAIL FRAUD, FICTITIOUS CONVEYANCE OF LANGUAGE, VIOLATION OF THE COLORADO OPEN RECORDS ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, RETENTION, SUPERVISION, AND TRAINING, FALSE ARREST/FALSE IMPRISONMENT, VIOLATION OF FIRST AMENDMENT RIGHTS, CONSPIRACY TO VIOLATE CIVIL RIGHTS, UNLAWFUL EVICTION, CONVERSION/THEFT, TRESPASS, VIOLATION OF FOURTEENTH AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS

c. Specific Remedy Sought by Claimant: Plaintiff is seeking compensatory and/or exemplary and/or punitive damages in an amount to be proven at trial.

d. Claim Must be Sworn To (Affidavit of Verification embedded), and I will verify in open court that all herein be true

## AFFIDAVIT CLOSING

**STATE OF COLORADO, COUNTY OF ADAMS, TOB**

FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in

law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Eric Witt executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice. Done this 13th day of March in the year 2023, under penalty of perjury under the laws of the United States of America.

*Eric Witt* 6/15/2023  June 15, 2023

Eric Witt
Without Prejudice U.C.C. 1-308
170 Coolidge Court
80102, Bennett Colorado
ericwitt34@gmail.com