# The United States District Court
# District Of Colorado

**EMERGENCY MOTION FOR REINSTATEMENT OF POSSESSION**

Eric Witt

Plaintiff,

vs.

TOWN OF BENNETT, COLORADO.

BENNETT FIRE DEPARTMENT

Adams County Sheriff, Colorado

Adams County jail, Colorado

**SHAWN DAY**, individually and in his official capacity as Judge for town of Bennett

**Joseph LICO,** individually and in his official capacity as Prosecution for town of Bennett

**KEITH BUONO** individually and in his official capacity as officer for town of Bennett

**Jane Doe** individually and in her official capacity

**John Does** 1-4, individually and in their official capacities as Adams County Sheriff's Deputies involved in the alleged illegal eviction

**John Does** 5-10, individually and in their official capacities as Adams County Jail personnel involved in denying plaintiff the right to see a judge, causing the plaintiff's name not to be recorded for bond release, placing him in an intake pod with unlike crimes and harsher lockdown hours, and other rights violations during depravation of liberty at the jail.

Defendants(s)

COMPLAINT

JURY DEMANDED

Case No: 23cv01550



Comes now the affiant plaintiff, who goes by eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights, statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no bar attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly declares and duly affirms, in accordance with laws in and for the state of Colorado, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

## PRELIMINARY STATEMENT

This motion is brought before the court by the plaintiff, Eric Witt, who seeks immediate relief from the wrongful and illegal eviction carried out at his property located at 170 Coolidge Court, Bennett, Colorado 80102. The eviction was executed in blatant disregard of the ongoing title dispute over the property and without proper judicial authorization, in violation of Colorado law. The plaintiff was not given a reasonable opportunity to retrieve his personal belongings, and the eviction has caused significant financial and emotional distress to Mr. Witt and his son, who have been rendered homeless as a result.

The plaintiff hereby respectfully submits this Emergency Motion for Reinstatement of Possession, pleading the court to order the immediate reinstatement of his possession to the property and to prohibit the defendants

from further violating his property rights. Furthermore, the plaintiff seeks any other relief that the court deems just and appropriate in light of the facts and circumstances surrounding this case.

The relief sought in this motion is urgent and necessary to prevent further irreparable harm to the plaintiff and to uphold the rule of law. It is in the public interest that such blatant disregard for property rights and judicial processes be addressed promptly and effectively by the court.

## FACTUAL BACKGROUND

Plaintiff Eric Witt, a resident of Adams County, Colorado, is the lawful owner of the property located at 170 Coolidge Court, Bennett, Colorado 80102 ("the Property").

On June 5th, 2023, four members of the Adams County Sheriff's Department executed an eviction at Mr. Witt's property, despite the eviction order not being properly authorized by a judge. This eviction was executed based on a writ of restitution that lacked the requisite signature of a judge or clerk, as mandated by Colorado law. *(see Witt v COLORADO HOUSING AND FINANCE AUTHORITY CASE#23CV33567, view the unsigned Writ of Restitution the authorizing signature line is blank, please note: a request for documents has been made, during the eviction Plaintiff filled documents were stolen and never put in the yard)*

At the time of the eviction, there was an active title dispute over the property, which was further substantiated by a notice visibly posted on the property's front entrance, bearing the associated case numbers 23-1140, 22cv02242, and 23-1183.

The eviction was carried out despite Mr. Witt's objections and attempts to draw attention to the ongoing legal dispute and the illegality of the eviction. The Sheriff's department proceeded with the eviction, disregarding the posted notice and Mr. Witt's protests.

1. The eviction resulted in the loss or damage of various personal items, including family heirlooms, memorabilia, and antiques. Mr. Witt was not given a reasonable chance to retrieve his personal belongings, with a notable instance being his car key, which he was not allowed to retrieve.

2. During the eviction, the Sheriff's department allowed unauthorized individuals to take items from Mr. Witt's property while denying Mr. Witt himself the same access, violating his rights over his property.

3. Mr. Witt was given only 48 hours to gather his belongings from the front yard of the property. This period proved to be insufficient given the volume and nature of the items.

4. His attempts to retrieve his belongings after the 48-hour period were met with threats of arrest by the Sheriff's department, even as others were permitted to access the property.

5. These threats were made by A.M. Kemerling, Sergeant #32, over the phone. When Mr. Witt questioned the jurisdiction of the Adams County Writ of restitution over the tenth circuit court of appeals title dispute over the property, he was dismissed by the Sheriff, indicating a clear knowledge of jurisdiction by the Adams County Sheriff and their disregard for it.

6. As a result of the eviction, Mr. Witt and his son have been rendered homeless and have suffered significant financial and emotional distress.

7. These facts establish the urgency and necessity for the relief sought in this motion. The illegal eviction has not only resulted in the loss of Mr. Witt's home but also the loss and damage of personal belongings, and threats of arrest have obstructed him from retrieving his belongings. The immediate reinstatement of possession is essential to prevent further harm to Mr. Witt and his son.

# APPLICATION OF LEGAL STANDARD TO THE FACTS

## Likelihood of Success on the Merits

In assessing the likelihood of success on the merits of this case, it is necessary to consider the clear violations of procedure and law committed in the course of Mr. Witt's eviction. The most glaring of these is the absence of a judge's signature on the Writ of Restitution, a requirement for legal eviction. This in itself creates a substantial likelihood that Mr. Witt will succeed in demonstrating that the eviction was illegal.

Furthermore, the continued denial of access to Mr. Witt's property and personal belongings, despite an active title dispute over the property, suggests a disregard for Mr. Witt's property rights. This adds strength to his case and further increases his likelihood of success on the merits.

In light of the standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007), it is clear that Mr. Witt's claims are not merely speculative but indeed plausible. The presented facts allow the court to draw a reasonable inference that the defendants are liable for the misconduct alleged.

## Irreparable Harm

Irreparable harm refers to a type of injury that cannot be adequately compensated or measured in money and for which, therefore, a court would have no adequate remedy at law. In Mr. Witt's case, the harm he has suffered as a result of the illegal eviction is indeed irreparable.

The loss of his home has left Mr. Witt and his son homeless, causing them significant distress and hardship. Moreover, Mr. Witt was not given a reasonable chance to retrieve personal belongings during the eviction, including irreplaceable family heirlooms, memorabilia, and antiques. This loss is not only financial but also emotional and sentimental, further underscoring its irreparable nature.

The threat of arrest that Mr. Witt faced when attempting to retrieve his belongings further imposed psychological stress, an intangible harm that cannot be adequately compensated through monetary means.

Based on these facts, it is clear that Mr. Witt has suffered, and continues to suffer, irreparable harm as a result of the defendants' actions. This underscores the urgency and necessity of the relief sought through this emergency motion.

## Balance of Equities

In considering the balance of equities, the court must weigh the potential harm that might befall Mr. Witt should the court deny the emergency motion against any potential harm to the defendants should the court grant the motion.

On one hand, the harm that Mr. Witt faces is severe and ongoing. He and his son are currently homeless and without access to their personal belongings. The potential for further loss and hardship is high if the court does not intervene.

On the other hand, the potential harm to the defendants is minimal. The reinstatement of possession to Mr. Witt would merely revert the situation to the status quo prior to the eviction. Moreover, any inconvenience experienced by the defendants pales in comparison to the devastating impact of homelessness and deprivation of personal belongings faced by Mr. Witt.

Therefore, the balance of equities tilts heavily in favor of Mr. Witt. The potential harm he faces far outweighs any potential harm to the defendants.

Public Interest

The public interest factor also supports granting the motion. Upholding the rule of law and ensuring that evictions are carried out legally and fairly is of paramount importance to society. It underpins the public's trust in the justice system and maintains social order.

In this case, granting the emergency motion would demonstrate the court's commitment to upholding these principles. It would send a strong message to the public that illegal evictions will not be tolerated and that the courts are willing to intervene to protect the rights of individuals.

Furthermore, it would serve the public interest by preventing the unnecessary hardship and social costs associated with illegal evictions, including homelessness and loss of personal belongings.

Therefore, granting this emergency motion would not only serve Mr. Witt's interests but would also align with broader public interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eric Witt respectfully requests this Court to:

Grant this Emergency Motion for Reinstatement of Possession, and order that possession of the property located at 170 Coolidge Court, Bennett, Colorado 80102 be immediately returned to him;

Issue a temporary restraining order, preliminary injunction, or other appropriate order to prevent further harm to Mr. Witt's rights and property;

Award damages for the losses suffered by Mr. Witt as a result of the illegal eviction, including but not limited to the loss or damage of personal items, the cost of alternative accommodation, and any other financial or emotional harm;



Award Mr. Witt his costs and legal fees incurred in bringing this motion;

Grant any further relief that this Court deems just and appropriate under the circumstances.

Respectfully submitted,

## AFFIDAVIT CLOSING

**STATE OF COLORADO, COUNTY OF ADAMS, TOB**

FURTHER AFFIANT SAITH NOT.

    I declare under the penalty of bearing false witness before God and as recognized under the laws in and for The State of Colorado, the Laws of the United States of America, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Eric Witt executes this document in accordance with best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice. Done Wednesday, June 28, 2023, under penalty of perjury under the laws of the United States of America.

s/Eric Witt____June 28, 2023  
Eric Witt  
Without Prejudice U.C.C. 1-308  
ericwitt34@gmail.com

CERTIFICATE OF SERVICE

I, Eric Witt, certify that I have this day served a copy of the foregoing Motion on:

Town of Bennett, Colorado

1. Town Hall: 207 Muegge Way, Bennett, CO 80102
2. Bennett Fire Department
3. Bennett-Watkins Fire Rescue Administrative Office: 355 4th Street, Bennett, CO 80102
4. Shawn Day (Judge for the Town of Bennett)
5. Bennett Municipal Court: 355 4th Street, Bennett, CO 80102
6. Joseph Lico (Prosecutor for the Town of Bennett)
7. Bennett Municipal Court: 355 4th Street, Bennett, CO 80102
8. Keith Buono (Officer for the Town of Bennett)
9. Bennett Municipal Court: 355 4th Street, Bennett, CO 80102
10. Adams County Sheriff, Colorado
11. Headquarters: 4430 S. Adams County Pkwy., 1st Floor, Suite W5400 Brighton, CO 80601
12. Adams County jail, Colorado
13. Detention Facility: 150 North 19th Ave. Brighton, CO 80601
14. Service was made by depositing a copy of the Motion in the United States mail, first-class, postage prepaid, in
15. an envelope addressed to each party at the address stated above.
16. This service was performed in accordance with the Federal Rules of Civil Procedure, Rule 5. I understand that
17. failure to comply with these rules may result in penalties.
18. s/Eric Witt____ June 28, 2023
19. Eric Witt
20. Without Prejudice U.C.C. 1-308
21. ericwitt34@gmail.com
22.

