s/Eric Witt
Eric Witt
22204 E Belleview Pl, aurora, CO 80015
Cell# 7204969912
EricWitt34@gmail.com

# The United States District Court

# District Of Colorado

## EMERGENCY MOTION FOR POSSESSION

**Eric Witt**

Plaintiff,

vs.

**TOWN OF BENNETT, COLORADO.**

**BENNETT FIRE DEPARTMENT**

**Adams County Sheriff, Colorado**

**Adams County jail, Colorado**

**SHAWN DAY**, individually and in his official capacity as Judge for town of Bennett

**Joseph LICO,** individually and in his official capacity as Prosecution for town of Bennett

**KEITH BUONO** individually and in his official capacity as officer for town of Bennett

**Jane Doe** individually and in her official capacity

**John Does** 1-4, individually and in their official capacities as Adams County Sheriff's Deputies involved in the alleged illegal eviction

**John Does** 5-10, individually and in their official capacities as Adams County Jail personnel involved in denying plaintiff the right to see a judge, causing the plaintiff's name not to be recorded for bond release, placing him in an intake pod with unlike crimes and harsher lockdown hours, and other rights violations during depravation of liberty at the jail.

Defendants(s)

COMPLAINT

JURY DEMANDED

Case No: 23-cv-01550-KLM

## TABLE OF CONTENTS

EMERGENCY MOTION FOR POSSESSION....................................................................................................1

1: Introduction and Preliminary Statement ...............................................................................................4

    1.1: Overview of the Case.........................................................................................................................4

    1.2: The Plaintiff's Rights Violation...........................................................................................................4

| | |
|---|---|
| 1 | 1.3: Fraudulent Writ of Restitution ...........................................................................................................5 |
| 2 | 2: Unauthorized Eviction and Unlawful Detention of Property ..............................................................5 |
| 3 | 2.1: The Illegitimate Eviction Process ......................................................................................................5 |
| 4 | 2.2: Denial of Access to Personal Belongings ..........................................................................................6 |
| 5 | 2.3: Threats and Intimidation by the Sheriff's Department ....................................................................6 |
| 6 | 3: Fraudulent Alteration of Legal Documents ........................................................................................7 |
| 7 | 3.1: Swapping of Original Writ .................................................................................................................7 |
| 8 | 3.2: Unauthorized Signatures ..................................................................................................................7 |
| 9 | 3.3: Contrasting Differences Between The Original and Fraudulent Writs .............................................7 |
| 10 | 3.4: The Motive and Consequence of the Document Alteration ............................................................8 |
| 11 | 3.5: The Legal Implications of Signature Placement................................................................................8 |
| 12 | 4: Unlawful Seizure of Property and Violation of Plaintiff's Rights .........................................................9 |
| 13 | 4.1: Inadequate Notice and Time for Property Retrieval ........................................................................9 |
| 14 | 4.2: Unlawful Eviction and Property Seizure ...........................................................................................9 |
| 15 | 4.3: Discriminatory Access to Property ................................................................................................ 10 |
| 16 | 5: Misrepresentation and Forgery of Legal Documents ...................................................................... 10 |
| 17 | 5.1: Discrepancy in Writs of Restitution ............................................................................................... 10 |
| 18 | 5.2: Absence of Required Signatures.................................................................................................... 10 |
| 19 | 5.3: Infringement of Jurisdiction .......................................................................................................... 11 |
| 20 | 6: Elements for injunctive relief ........................................................................................................... 11 |
| 21 | 6.1: Irreparable Harm ........................................................................................................................... 11 |
| 22 | 6.2: Inadequate Remedy at Law ........................................................................................................... 11 |
| 23 | 6.3: Balance of Hardships ..................................................................................................................... 11 |
| 24 | 6.4: Public Interest................................................................................................................................ 12 |
| 25 | 7: Elements for injunctive relief (continued) Likelihood of Success on the Merits.............................. 12 |
| 26 | 7.1: Questionable Validity of the Writ of Restitution............................................................................ 12 |
| 27 | 7.2: Active Title Dispute Over the Property.......................................................................................... 12 |
| 28 | 7.3: Violation of Property and Due Process Rights............................................................................... 12 |
| 29 | 7.4: Discrepancies in Eviction Execution .............................................................................................. 13 |
| 30 | 7.5: Alteration of the Writ of Restitution ............................................................................................. 13 |
| 31 | 8: Closing .............................................................................................................................................. 13 |

8.1: Unlawful Conduct and Subsequent Damages ................................................................. 13

8.2: Injunctive Relief Necessary................................................................................................ 13

8.3: Request for Relief .......................................................................................................... 14

 COMES NOW the affiant plaintiff, who goes by Eric Witt, a man, appears before this court specially, reserving all rights under UCC 1-308, not waiving any rights, statutory or procedural, being of sound mind, and over the age of twenty-one, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of COLORADO, in good faith, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following facts, are not believe to have any contrary evidence that exists, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, for plaintiff' claims for relief against Defendants, and each of them, jointly and severally, based upon knowledge, information, and reasonable belief derived therefrom, allege, complain, do solemnly declare, and depose and say:

In accordance with Rule 56 of the Federal Rules of Civil Procedure, the plaintiff, Eric Witt, hereby respectfully requests the court's permission to submit audio and video evidence related to Exhibit 1 and Exhibit 2 at a later date.

Exhibit 1 consists of a video recording between Mr. Witt and an unidentified sheriff's officer, wherein the officer declares the remaining items in Mr. Witt's residence as discarded property and denies Mr. Witt the right to retrieve them.

Exhibit 2 is an audio recording of a telephone conversation between Mr. Witt and another sheriff's officer, who threatens Mr. Witt with arrest if he attempts to reclaim his property and additionally discloses an awareness of the ongoing jurisdictional dispute pertaining to the Tenth Circuit's title dispute action, yet elects not to recognize it.

Currently, the court has before it the transcripts of these recordings. The original audio and video files will provide a more accurate representation of the interactions and will allow the court to better appreciate the tone, demeanor, and context of the conversations.

The audio and video files related to Exhibits 1 and 2 will be submitted as soon as the court grants permission to upload these files. Mr. Witt firmly believes that these evidentiary submissions are integral to presenting a full and accurate account of the circumstances surrounding his case.

# 1: INTRODUCTION AND PRELIMINARY STATEMENT

## 1.1: Overview of the Case

The case at hand involves the plaintiff, Eric Witt, who has been a victim of multiple agencies of the government violating his rights, including an illegal eviction that led to significant losses and violation of his rights. Witt's property, located at 170 Coolidge Court, Bennett, Colorado 80102, was forcefully taken from him on June 5, 2023, without a proper eviction order authorized by a judge. As the facts demonstrate, Witt was delivered a writ of restitution, which he later found out had been swapped with a fraudulent copy. This infringement of due process standards is the focal point of this case and the cause for the emergency motion for possession.

The United States Supreme Court has time and again emphasized that due process requires, at a minimum, that parties deprived of their property receive notice and an opportunity to be heard. This principle is enshrined in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950), and reaffirmed in Greene v. Lindsey, 456 U.S. 444, 449 (1982).

## 1.2: The Plaintiff's Rights Violation

During the eviction, the plaintiff was not given a reasonable chance to retrieve his personal belongings. This unfair treatment was perpetuated by the Adams County Sheriff's Department and has resulted in considerable loss and damage for the plaintiff, including but not limited to family heirlooms, memorabilia, and antiques.

In Johnson v. United States, 333 U.S. 10 (1948), the court held that the Fourth Amendment prohibits unreasonable searches and seizures, and this principle extends to seizures of personal property during evictions. Therefore, the actions taken by the Adams County Sheriff's Department violate the plaintiff's constitutional rights.

## 1.3: Fraudulent Writ of Restitution

The plaintiff's predicament arises from a writ of restitution served by the Adams County Sheriff's Department, which was later discovered to be fraudulent. Both the original and fraudulent writs of restitution lacked the required judge or clerk's signatures in the designated signature line, indicating a stark disregard for due process of law.

The significance of the fraud was outlined in the Supreme Court case Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245-46 (1944), where the Court held that tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public.

In the context of the plaintiff's case, the fraudulent writ of restitution served to him undermined the due process of law, which the courts are set up to protect. This fraudulent act is the main focus of the plaintiff's emergency motion for possession.

# 2: UNAUTHORIZED EVICTION AND UNLAWFUL DETENTION OF PROPERTY

## 2.1: The Illegitimate Eviction Process

On June 5, 2023, four members of the Adams County Sheriff's Department carried out an eviction process at the plaintiff's property without a proper eviction order authorized by a judge. This act violates Colorado law, as codified in Colorado Revised Statutes § 13-40-104(1)(d), which requires that an eviction order must be issued by a judge before the sheriff's department can lawfully evict a tenant.

This eviction proceeded despite the plaintiff's assertion of an active title dispute over the property, and a notice visibly posted on the property's front entrance substantiating this claim (this is verified by the sheriff's body camera footage during the eviction). The disregard of this dispute in executing the eviction is in conflict

with the ruling in Lindsey v. Normet, 405 U.S. 56 (1972), where the Supreme Court affirmed that due process requires that any significant property interest must be decided on the merits.

## 2.2: Denial of Access to Personal Belongings

During the eviction process, the plaintiff was denied access to his personal belongings. This included his car key, which he was not permitted to retrieve, among other items. The Sheriff's Department allowed unauthorized individuals access to the property while denying the plaintiff the same access, thus violating his property rights. *(see exhibit 1 a transcript of the conversation between Adams County Sheriff John Doe and the plaintiff)*

The U.S. Supreme Court in Soldal v. Cook County, 506 U.S. 56 (1992) confirmed that the right to maintain control over one's home, and to be free from governmental interference, is a private interest of historic and continuing importance.

## 2.3: Threats and Intimidation by the Sheriff's Department

Furthermore, the plaintiff's attempts to retrieve his belongings post the 48-hour period were met with threats of arrest by the Sheriff's Department. This overreach by the Sheriff's department, particularly by A.M. Kemerling Sergeant #32, who communicated these threats, raises serious issues of abuse of power and misuse of authority. *(see exhibit 2 a transcript of the recorded call between Eric Witt and Kemerling Sergeant #32)*

In Thompson v. Louisville, 362 U.S. 199 (1960), the Supreme Court ruled that a conviction cannot be based on speculation and conjecture. By the same reasoning, an officer's threats of arrest cannot be based on unwarranted speculation that the plaintiff is in violation of the law, especially when such threats are inconsistent with rules provided by town employees.

# 3: FRAUDULENT ALTERATION OF LEGAL DOCUMENTS

## 3.1: Swapping of Original Writ

On June 30, 2023, upon receiving a copy of the writ of restitution from the courthouse, the plaintiff noticed that it was not the same document he had received on the day of his arrest. The discrepancies in the documents raised suspicions of fraudulent alterations, which is a violation of Colorado Revised Statutes § 18-5-102, a statute concerning forgery, which prohibits the alteration of a public record or a legal instrument.

## 3.2: Unauthorized Signatures

The original writ and the alleged fraudulent writ neither contained signatures of a judge or clerk in the required signature line. In fact, both had blank signature lines and were signed over the stamp or seal. This violation contradicts the ruling of United States v. Gomez, 807 F.2d 1523 (10th Cir. 1986), where the court held that alterations of court documents render the documents void and are therefore not legally enforceable.

## 3.3: Contrasting Differences Between The Original and Fraudulent Writs

The original writ of restitution, as seen by Mr. Witt, had a unique, nickel-size round ink stamp located in the far upper right-hand corner of the page with an unknown signature overlaid on it. Significantly, the judge's signature line was positioned approximately three-quarters down the center of the document, which remained unsigned.

Conversely, the suspected fraudulent writ that was later obtained from the courthouse bore markedly different features. The most prominent was a silver dollar-sized court seal positioned in the upper right-hand corner of the page, leaving about one inch of space between the printed seal and the edge of the document. The signature line for the judge was transposed to the bottom left of the document, again unsigned. Notably, a new signature, purportedly of the clerk of the court, was found on the court seal.

The alterations in the document's layout, signatures, and placement of the court seal indicate a clear discrepancy between the original writ and the substituted version. This significant difference further

underlines the alleged fraudulent nature of the latter document, as upheld in the case of United States v. Rosner, 485 F.2d 1213 (2d Cir. 1973), where alterations in a document's form and signatures were seen as compelling evidence of forgery. Consequently, this points towards the fraudulent attempt to justify an otherwise illegal eviction.

## 3.4: The Motive and Consequence of the Document Alteration

The suspected fraudulent alteration of the original writ could have been done to cover up the illegitimate eviction process. The swapped writ provided a false sense of authenticity that misled the plaintiff, making him unprepared for the eviction and causing a substantial loss of his personal belongings. This situation highlights the significant harm that can result from such fraudulent acts, as noted in the case of United States v. Mitchell, 783 F.3d 851 (1st Cir. 2015), where the court confirmed that fraudulent alterations of a legal document could be used as evidence of a party's unlawful intent.

## 3.5: The Legal Implications of Signature Placement

The issue of signature placement on the writs raises significant legal questions, particularly because the signatures on both documents are not where they are expected to be. Instead of signing on the designated line, an unknown entity signed over the seal.

This deviation from standard procedure is noteworthy. A signature on the dedicated line represents the signatory's affirmation or approval of the content of the document. In this case, the judge's signature on the line would indicate that the court has issued the order, giving it legal effect.

A signature over the seal, however, serves a different function. It is an additional layer of validation, often used to prevent forgery or alteration. It's more challenging to tamper with a seal that has been signed over, thus offering an extra layer of protection against fraudulent practices.

However, a signature over the seal does not replace the need for a signature on the dedicated line. In other words, both a signature on the designated line and a signed seal would be expected for the full validation of a court document such as a writ of restitution.

These principles are reflected in the case of 'Casserleigh v. Wood', 14 So. 2d 745 (Fla. 1943), where the court ruled that "the signature of the judge and the seal of the court are the authenticating marks of the instrument".

Thus, the lack of a signature on the line designated for the judge's signature, combined with an unknown signature over the seal, indicates a significant irregularity in the writs of restitution in Mr. Witt's case. This irregularity raises serious questions about the legitimacy and enforceability of these writs and, by extension, the entire eviction process.

## 4: UNLAWFUL SEIZURE OF PROPERTY AND VIOLATION OF PLAINTIFF'S RIGHTS

### 4.1: Inadequate Notice and Time for Property Retrieval

The plaintiff was given a mere 48 hours to collect his belongings, an impractical period given the volume and nature of the items. This hasty decision did not allow the plaintiff sufficient time to arrange for appropriate storage or transportation of his belongings, resulting in considerable loss and damage. The nature of these proceedings is in violation of the due process rights outlined in Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982), which state that proper notice and opportunity to be heard must be given before an individual is deprived of any significant property interest.

### 4.2: Unlawful Eviction and Property Seizure

The Sheriff's Department proceeded with the eviction despite an active title dispute over the property and the absence of proper judicial authorization. As established in the case of U.S. v. James Daniel Good Real Property, 510 U.S. 43 (1993), such actions represent a gross violation of the Fourth Amendment protections against

unreasonable seizures, and evidence from such illegal seizures could be excluded from court proceedings under the exclusionary rule._(see body camera footage of the eviction where three court case numbers were clearly posted explaining they didn't have jurisdiction #22cv02242 #23-1140 #23-1183 and see Exhibit 3 a picture of the notice posted but is missing 23-1183 as it was added with a marker after the picture was taken)_

### 4.3: Discriminatory Access to Property

The Sheriff's department allowed unauthorized individuals access to the plaintiff's property while denying the plaintiff the same rights, in direct violation of his constitutional rights. In Soldal v. Cook County, 506 U.S. 56 (1992), the U.S. Supreme Court emphasized that the Fourth Amendment protects people's right to privacy and freedom from arbitrary governmental intrusions into their home. The department's actions were a blatant disregard of this principle, causing additional damage and loss to the plaintiff.(see exhibit 2)

## 5: MISREPRESENTATION AND FORGERY OF LEGAL DOCUMENTS

### 5.1: Discrepancy in Writs of Restitution

The original writ of restitution served to the plaintiff and the subsequent copy retrieved from the courthouse bore significant discrepancies, suggesting the unlawful swapping of the documents. As held in Neder v. United States, 527 U.S. 1 (1999), falsification or alteration of legal documents constitutes fraud, which is punishable under law.

### 5.2: Absence of Required Signatures

Neither of the writs bore the necessary signatures of a judge or clerk on the required signature lines, further implying their illegitimacy. In reference to United States v. Mason, 412 U.S. 391 (1973), a court document lacking the essential signatures is deemed legally insufficient and inadmissible for enforcing any judicial action.

_(see exhibit 4 a copy of the swapped fraudulent document)_

## 5.3: Infringement of Jurisdiction

The Adams County Writ of Restitution was enforced over a property under the jurisdiction of the Tenth Circuit Court of Appeals, an apparent disregard of jurisdictional boundaries. As stated in Howard v. Pacheco, 946 F.3d 1202 (10th Cir. 2020), an enforcement authority must respect the jurisdiction of a higher court, particularly in property disputes. In this instance, the actions of the Sheriff's department infringe upon the jurisdiction of the Tenth Circuit Court.

# 6: ELEMENTS FOR INJUNCTIVE RELIEF

## 6.1: Irreparable Harm

In this case, the plaintiff, Eric Witt, suffered irreparable harm as a result of the unlawful eviction, the loss of personal property, and the violation of his rights over his property. According to the doctrine articulated in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), one of the primary factors in granting injunctive relief is the demonstration of the plaintiff suffering an irreparable injury.

## 6.2: Inadequate Remedy at Law

The damages suffered by Mr. Witt, including the loss of his residence and personal belongings, many of sentimental and antique value, are such that a simple monetary compensation would not be adequate. This is consistent with the principle identified in Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982), which states that an injunction is appropriate when the legal remedy is inadequate.

## 6.3: Balance of Hardships

The hardship that would be imposed on Mr. Witt if the injunctive relief is not granted, including potential homelessness and loss of invaluable property, far outweighs any inconvenience that granting the injunction may cause to the Adams County Sheriff's Department. According to the standards set in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the balance of hardships must tip decidedly in favor of the plaintiff for an injunction to be issued.

### 6.4: Public Interest

The granting of an injunction in this case would serve the public interest by upholding the sanctity of property rights and rule of law, deterring unlawful evictions and supporting judicial integrity. The Supreme Court in Amoco Production Co. v. Village of Gambell, AK, 480 U.S. 531 (1987), affirmed that the public interest is a crucial element for the issuance of an injunction.

## 7: ELEMENTS FOR INJUNCTIVE RELIEF (CONTINUED) LIKELIHOOD OF SUCCESS ON THE MERITS

### 7.1: Questionable Validity of the Writ of Restitution

In the circumstances surrounding the eviction of Mr. Witt, the validity of the writ of restitution used is highly questionable. Notably, both versions of the writ lacked the proper judicial signatures needed to authenticate and authorize their execution, as stated in People v. Max, 70 P.3d 899 (Colo. App. 2003). This absence renders the writ and the eviction based upon it invalid.

### 7.2: Active Title Dispute Over the Property

At the time of the eviction, there was an active title dispute over the property, as proven by associated case numbers 23-1140, 22cv02242, and 23-1183. This information was visibly posted on the property's front entrance and informed the defendants of the ongoing legal contestation. As per Yeager Garden Acres, Inc. v. Summit Construction Co., 32 Colo.App. 242 (Colo. App. 1973), this active dispute should have prevented any eviction from proceeding until its resolution.

### 7.3: Violation of Property and Due Process Rights

The eviction process violated Mr. Witt's property and due process rights in several ways, from the denial of a reasonable chance to retrieve personal belongings to the unauthorized individuals taking items from his property. These actions directly infringe upon his constitutional rights as established in Soldal v. Cook County, Illinois, 506 U.S. 56 (1992), thus providing a strong foundation for the case's success on the merits.

## 7.4: Discrepancies in Eviction Execution

The eviction execution showed several discrepancies, most notably the apparent rush of the eviction team to complete the eviction and the false declaration that the remaining property was deemed "trash." As stated in Colorado Revised Statutes §13-40-122, if movers cannot remove the property in a specific time frame, they should cancel the eviction. The deviation from this procedure bolsters the likelihood of success on the merits, as seen in case of A Good Mechanic, Inc. v. Jones, 37 P.3d 371 (Colo. App. 2001).

## 7.5: Alteration of the Writ of Restitution

The writ of restitution that was eventually provided to Mr. Witt was not the same as the original writ that was served. This alteration of legal documents is not only a violation of due process but also an act of fraud, as noted in Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396 (1973). This fraudulent action strengthens Mr. Witt's position in the legal proceedings.

In sum, given the clear violations of the law and Mr. Witt's constitutional rights, there is a high likelihood of success on the merits of this case.

# 8: CLOSING

## 8.1: Unlawful Conduct and Subsequent Damages

As clearly articulated throughout this motion, the defendants' conduct in executing an eviction without proper judicial authorization, substituting the original writ of restitution with a fraudulent version, and causing extensive and irreplaceable loss to Mr. Witt's personal property was both illegal and harmful. The impact of their actions, as outlined in Mertens v. Hewitt Associates, 508 U.S. 248, 255 (1993), supports the call for an injunction to redress the situation and prevent further harm.

## 8.2: Injunctive Relief Necessary

Given the irreparable harm suffered by Mr. Witt, the inadequacy of a simple monetary compensation, and the significant imbalance of hardships, an injunctive relief is not only justified but necessary. Under the standards

set forth in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the granting of an injunction serves to restore Mr. Witt to his original position prior to the unlawful eviction.

## 8.3: Request for Relief

In light of the foregoing, Mr. Witt respectfully requests this Court to issue an immediate order restoring possession of his home, located at 170 Coolidge Court, Bennett, Colorado 80102. Pursuant to the standards expressed in Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 318-19 (1999), this request is grounded in an urgent need to rectify an unlawful eviction and prevent further harm to Mr. Witt.

I, Eric Witt, under penalty of perjury under the laws of the State of Colorado, hereby affirm that all of the foregoing statements and allegations are true and accurate to the best of my knowledge and belief. I understand that if any of the foregoing statements knowingly made by me are false, I am subject to punishment.

```
s/Eric Witt
Eric Witt
22204 E Belleview Pl, aurora, CO 80015
Cell# 7204969912
EricWitt34@gmail.com
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, July 11, 2023, I electronically filed the foregoing document titled "EMERGENCY MOTION FOR POSSESSION" with the Clerk of Court using the Colorado Courts E-Filing system.

```
s/Eric Witt
Eric Witt
22204 E Belleview Pl, aurora, CO 80015
Cell# 7204969912
EricWitt34@gmail.com
```