# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01550-SBP

ERIC WITT,

      Plaintiff,

v.

TOWN OF BENNETT, COLORADO,
ADAMS COUNTY SHERIFF, COLORADO,
JOHN DOES 1-4, individually and in their official capacities as Adams County Sheriff's
Deputies,
ADAMS COUNTY DETENTION FACILITY, COLORADO,
JOHN DOES 5-10, individually and in their official capacities as Adams County Jail Personnel,
BENNETT-WATKINS FIRE RESCUE, COLORADO,
SHAWN DAY, individually and in his official capacity as Judge for Town of Bennett,
JOSEPH LICO, individually and in his official capacity as Prosecution for Town of Bennett,
KEITH BUONO, individually and in his official capacity as officer for Town of Bennett, and
JANE DOE, individually and in her official capacity,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff Eric Witt resides in Aurora, Colorado. He filed *pro se* an amended Complaint

on July 17, 2023. (ECF No. 13.) Plaintiff has been granted leave to leave to proceed *in forma*

*pauperis*. (ECF No. 6.)

The Court must construe the complaint liberally because Plaintiff proceeds without an

attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).   However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.   For the reasons below, Plaintiff must file an amended Complaint.

## I.      COMPLAINT

Plaintiff brings this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.   (ECF No. 13 at 7.)   Plaintiff seeks money damages, declaratory relief, and injunctive relief.   (*Id.* at 9.) Plaintiff's 75-page Complaint is not a model of clarity.

Plaintiff alleges that, on the afternoon of May 9, 2022, he received a concerning text message alerting him that the police and fire department were present at his residence in the Town of Bennett, Colorado.   (*Id.* at 10.)   Plaintiff called the Bennett Fire Department to gather more information about the situation but was directed to contact the "Adams County Police department" for more details.   (*Id.* at 10-11.)   Plaintiff states that he discovered his fence had been taken apart and his yard entered by the Bennett Fire Department and his dog had been removed from his residence.   (*Id.* at 11.)   Plaintiff was informed that his dog was in good health; however, the following day Plaintiff arrived at the Adams County animal shelter and "was shocked to learn that the vet suggested euthanasia" due to injuries his dog sustained during the incident.   (*Id.*)   Plaintiff apparently retrieved his dog and paid for several surgeries totaling over $5,000.   (*Id.*)   Plaintiff states he attempted to get more information about the incident and has only been provided with ADCOM radio transcripts.   (*Id.*)   Plaintiff states that the "lack of transparency and cooperation from the Bennett Fire Department leads the plaintiff to believe that crucial information is being withheld" regarding events that led to his dog's injuries.   (*Id.*)

Plaintiff states on June 11, 2022, he requested public records regarding the incident and has been denied. (*Id.* at 12.) Plaintiff later received mail from the Town of Bennett municipal court advising Plaintiff that a warrant was out for his arrest for failure to appear at a court hearing "for acquisition of water." (*Id.*) Plaintiff states he never received a summons for a court hearing, but after he emailed the town clerk "a summons was allegedly issued and signed off as served 5/17/2022." (*Id.*) Plaintiff alleges Defendant Buono signed the summons without a judge's approval and by "using an invalid law." (*Id.* at 13.) Plaintiff further alleges that Defendant Buono "brought forth a frivolous and fraudulent lawsuit to the prosecution," and Defendant Lico, the prosecutor, did not verify that the summons was properly served upon Plaintiff and is "attempting to prosecute using an invalid law." (*Id.* at 14-15.)

Plaintiff alleges he was subjected to retaliatory harassment from staff of the Town of Bennett after he filed a counterclaim against the Town of Bennett judge and prosecutor. (*Id.* at 16.) On June 21, 2022, Plaintiff arrived at the Bennett Municipal Court and was "surprised to see two Adams County John Doe sheriffs there." (*Id.*) Plaintiff states he was instructed to wait by Defendant Jane Doe, and the two sheriff's officers and Jane Doe went into the courtroom minutes before Plaintiff was called into the courtroom. (*Id.*) Plaintiff states Defendant Jane Doe made defamatory statements in court to intimidate him, apparently because he had sent an email to a Town of Bennett employee with a warning "to stop harassing him or face legal action." (*Id.*) Plaintiff alleges this court hearing was recorded and he later requested the video footage, but it had been "either destroyed or withheld." (*Id.* at 17.) Plaintiff alleges Defendant

Judge Shawn Day "continued in [the criminal case] without verifying the prosecution provided an injury of fact" and with defective affidavits from the prosecution. (*Id.* at 19.)

Plaintiff alleges on June 5, 2023, officers from the Adams County Sheriff's Department affixed a writ of restitution to the front door of his residence, which "signaled the initiation of an eviction process that is believed to be unlawful . . . ." (*Id.* at 21.) Plaintiff alleges there was an active title dispute over the property, yet the eviction proceeded, resulting in the loss of various personal items. (*Id.* at 23.)

Plaintiff alleges on May 16, 2023, he was apprehended "under the pretext of an undisclosed warrant." (*Id.* at 21.) Plaintiff alleges he was detained at the Adams County Jail and not given a prompt audience with a judge, and "processing within the Adams County Jail system was delayed, resulting in an overextended detention period of over 24 hours before bond could be posted." (*Id.*) Plaintiff appears to allege he was retaliated against due to lawsuits he has filed against other judges. (*Id.*) Plaintiff further alleges the warrant used to justify his arrest is based on an invalid law. (*Id.* at 22.)

Plaintiff asserts twenty-three claims for relief, under federal and state law, based on these allegations. The Court will now turn to the pleading issues presented by the Complaint and the claims.

## II.    PLEADING ISSUES

### A.    Named Defendants

Plaintiff lists eleven "John Doe" or "Jane Doe" defendants. A plaintiff may use fictitious names, such as "John Doe" or "Jane Doe," when the real name of the individual(s) who

allegedly violated a federal right is unknown.   The key is to provide enough information about each person so he or she can be identified for service of process.   *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996).   Sufficient identifying information may include the person's first or last name, title, the date and time of the alleged violation, the job description of the defendant, the name of the police department or agency that employs the person, the defendant's gender, physical description (height, hair color, eye color, etc.), and exactly what actions the defendant took.

## B.      Rule 8

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2).   A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   *Id.*   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.   *See TV*

5

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*,

964 F.2d 1022 (10th Cir. 1992).

The primary deficiencies of the Complaint are that it is too long, too verbose, too vague,

and too repetitive.   Plaintiff's allegations do not show that he is entitled to relief.   The

Complaint is an example of an impermissible "shotgun" approach to pleading, setting forth

conclusory "legalese"-style repetitive allegations that lump together many causes of action

without specifying supporting factual allegations or individuals who directly participated in

causing harm.   Plaintiff must allege in a clear, concise, and organized manner what each

defendant did to Plaintiff, when the defendant did it, how the defendant's action (or inaction)

harmed him, what specific legal right or constitutional provision he believes the defendant

violated, and what specific relief he requests as to each defendant.   *Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).   Plaintiff must set

forth each of his claims separately, identify the defendant(s) each claim is brought against, and

state the facts supporting each claim, including the dates of the relevant actions or inactions of

the defendant(s) that support the claims.   Plaintiff should omit extraneous, repetitive factual

allegations that unnecessarily complicate his claims and make them difficult to follow.   Plaintiff

is not required to prove his case at the pleadings stage.   *See Glover v. Mabrey*, 384 F. App'x

763, 772 (10th Cir. 2010).

### C.    Personal Participation

Plaintiff's first claim for relief is asserted under 42 U.S.C. § 1983.   In § 1983 cases,

allegations of "personal participation in the specific constitutional violation complained of [are]

essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation."). There is no vicarious liability under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("vicarious liability is inapplicable to *Bivens* and § 1983 suits"). Thus, Plaintiff must allege specific facts that make clear who did what to whom. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

Plaintiff asserts a claim for "Negligent Hiring, Retention, Supervision, and Training." (ECF No. 13 at 53.) Although a defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

In the amended Complaint, Plaintiff must allege personal participation by each named defendant in any claim asserted under § 1983.

### D.  *Younger* and *Heck*

It appears that some of Plaintiff's claims may be barred by the doctrines of *Younger* abstention or *Heck*. *See Younger v. Harris*, 401 U.S. 37 (1971); *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Under the *Younger* abstention doctrine, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *Id*. Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228

(10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

If Plaintiff's claims relate to an ongoing state court criminal case, the first condition is met. As to the second condition, the state trial court offers Plaintiff a forum to raise his constitutional challenges to the charges pending against him. Finally, the third condition is met because the State has an important interest in the administration of its criminal laws. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45); *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987).

Thus, in the amended Complaint, Plaintiff must address whether there are ongoing state court proceedings. If there are ongoing state court proceedings, it appears that *Younger* abstention applies to Plaintiff's claims unless he can establish extraordinary or special circumstances.

To establish extraordinary or special circumstances, which may excuse application of *Younger* abstention, Plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a very narrow gate for federal intervention. *Phelps*, 59 F.3d at 1064 (internal quotation marks

omitted). Plaintiff may overcome the presumption of abstention in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown. *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment. *Id.* at 890.

To summarize, Plaintiff should clarify in the amended Complaint whether there is an ongoing state criminal proceeding arising from events described in the complaint and whether any exceptions to *Younger* abstention apply.

Further, even if there are not ongoing state criminal proceedings, it appears Plaintiff's claims may be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In short,

a civil rights action filed by a plaintiff "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the plaintiff's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).   Judgment in this case cannot enter if it would necessarily imply the invalidity of a criminal conviction or sentence.   Thus, Plaintiff must also address application of the *Heck* bar in the amended Complaint.

### E.      Individual Versus Official Capacity

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief."  *Brown v. Montoya*, 662 F.3d 1152, 1161, n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)).

### F.      Municipal Liability

Official capacity claims against individual officials properly are construed as being asserted against their respective entity or municipality.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Hafer*, 502 U.S. at 25 (explaining that claims against a government official in his or her official capacity should be treated as being asserted against the governmental entity).

Moreover, to the extent Plaintiff sues the Town of Bennett, the Adams County Detention Facility, and Bennett-Watkins Fire Rescue, Plaintiff has not named an entity separate from the municipality itself (usually the county or city).  *See Stump v. Gates*, 777 F. Supp. 808, 814-16

(D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) (concluding "that the Greenwood Village

Police Department and the Arapahoe County Coroner's Office are not 'persons' against whom

§ 1983 claims may be asserted.").

If Plaintiff wishes to pursue a § 1983 claim against a municipality, he must allege facts

that show the existence of a policy or custom that directly caused the violation of a constitutional

right. *See City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma

County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Local government

entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff.

*See Monell*, 436 U.S. at 694; *Hinton v. City of Elwood*, *Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff may recover against a municipality only if he demonstrates an injury caused by a

policy or custom of the municipality. *See Schneider v. City of Grand Junction Police Dept.*, 717

F.3d 760, 769-71 (10th Cir. 2013). Further, Plaintiff cannot state a claim for relief against a

municipality under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at

694.

### G.     Immunities

#### 1.  *Judicial Immunity*

So much as Plaintiff seeks to sue a judge of the state court, judges are absolutely immune

from liability in civil rights suits for money damages for actions taken in their judicial capacity

unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502

U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt*, 17 F.3d at

1266-67.

11

## 2. *Prosecutorial Immunity*

Prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Initiating and pursuing a criminal prosecution are acts "'intimately associated with the judicial process.'" *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). Plaintiff may not assert claims against a prosecutor based on acts within the scope of prosecutorial duties.

## H.       Section 1983 Claims

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged."). Plaintiff appears to assert the following § 1983 claims:

## 1. *Unlawful Imprisonment*

"[A] plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). If the plaintiff has been imprisoned "without legal process," a claim for false arrest or false imprisonment may arise under the Fourth Amendment. *Id*. If imprisoned "with legal but wrongful process," the plaintiff may have a claim for malicious prosecution under the Fourth Amendment or the procedural due process component of the Fourteenth Amendment. *Id*.; *see also Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016) (plaintiff may assert § 1983 malicious prosecution claim under the Fourth or Fourteenth Amendment). In this context, the

initiation of "legal process" means a finding of probable cause. *See Hale v. Duvall*, 268 F.

Supp. 3d 1161, 1165 (D. Colo. 2017) ("[W]hile Tenth Circuit law allows for Fourth Amendment

violations after a finding of probable cause - also known as following the initiation of 'legal

process' - such claims must be brought and analyzed as malicious prosecution claims.").

The Tenth Circuit has explained the difference between a § 1983 claim for false arrest or

false imprisonment and a § 1983 claim for malicious prosecution as follows:

> What separates the two claims? - the institution of legal process. Unreasonable seizures imposed without legal process precipitate Fourth Amendment false imprisonment claims. *See Wallace [v. Kato]*, 549 U.S. [384,] 389 [(2007)] (concluding that false imprisonment was the proper analogy where defendants did not have a warrant for the plaintiff's arrest and thus detention occurred without legal process). Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims. *See Heck*, 512 U.S. 484 (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy").

*Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (footnote omitted). The Tenth Circuit

explained in *Myers* that because the plaintiff in that case was "arrested pursuant to a validly

issued - if not validly supported - arrest warrant," and the plaintiff's suit "challenges the

probable-cause determination that generated the legal process," the claim was one for malicious

prosecution, not false imprisonment. *Id.* at 1195.

To support a claim of false imprisonment, a plaintiff must allege facts showing unlawful

imprisonment. *See Blackman for Blackman v. Rifkin,* 759 P.2d 54, 67 (Colo. App. 1988)

(defining "false imprisonment" as "an unlawful restraint upon a person's freedom of locomotion,

or the right to come and go when or where one may choose"); *see also Taylor v. Meacham,* 82

F.3d 1556, 1561 (10th Cir. 1996) (Colorado tort law provides the starting point for determining

the elements of a § 1983 claim for violation of the Fourth Amendment).   To maintain a false

arrest claim under § 1983, Plaintiff must demonstrate the elements of the common law tort of

false arrest, namely, that (1) the defendant intended to restrict the plaintiff's freedom of

movement; (2) the plaintiff's freedom of movement was restricted for a period of time, however

short, by an act of the defendant; and (3) the plaintiff was aware that his freedom of movement

was restricted.  *Atencio v. King Soopers,* No. 11-cv-02195-PAB-MEH, 2012 WL 6043602, at *6

(D. Colo. Dec. 5, 2012) (citing *Goodboe v. Gabriella,* 663 P.2d 1051, 1055–56 (Colo. App.

1983)).   However, a claim for false arrest ultimately fails if there was probable cause for the

arrest.  *Rose v. City & Cnty. of Denver,* 990 P.2d 1120, 1123 (Colo. App. 1999).

In order to state a cognizable constitutional claim for malicious prosecution, Plaintiff

must allege specific facts that demonstrate the following five elements: "(1) the defendant caused

the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor

of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or

prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (also recognizing that a malicious

prosecution claim can arise under either the Fourth Amendment or the Fourteenth Amendment).

To satisfy the second element of this test, Plaintiff must allege facts that demonstrate "the

criminal proceedings were dismissed for reasons indicative of innocence, and not because of an

agreement of compromise, an extension of clemency, or technical grounds having little or no

relation to the accused's guilt."  *M.G v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016).

*2. Retaliation*

Plaintiff asserts that his "arrest and detention, initiated by the defendants under color of law, appear to be a retaliatory response to his exercise of his First Amendment rights" "as he pursued lawsuits against the Adams County judges." (ECF No. 13 at 57.)

The First Amendment prohibits government officials from retaliating against individuals for engaging in protected speech. *Crawford– El v. Britton*, 523 U.S. 574, 592 (1998). *See also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). "[A]ny form of official retaliation for exercising one's freedom of speech, including prosecution, threatened prosecution, bad faith investigation, and legal harassment, constitutes an infringement of that freedom." *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000) (citation and internal quotation marks omitted). To assert a First Amendment retaliation claim, Plaintiff must allege facts to show that: (1) he engaged in constitutionally protected speech, (2) that the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to the constitutionally protected conduct. *Mocek v. City of Albuquerque*, 813 F.3d 912, 930 (10th Cir. 2015).

*3. Delay in Initial Appearance*

Some of Plaintiff's claims arise under the Fourth Amendment, which protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *See* U.S.CONST. amend. IV.

It appears Plaintiff may be asserting a Fourth Amendment claim that he was arrested

without a warrant and detained without a prompt determination of probable cause.   *See Gerstein*

*v. Pugh*, 420 U.S. 103 (1975) (the Fourth Amendment requires a prompt judicial determination

of probable cause as a prerequisite to an extended pretrial detention following a warrantless

arrest).   In *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991), the Supreme Court held

that "judicial determinations of probable cause within 48 hours of arrest will, as a general matter,

comply with the promptness requirement of *Gerstein*."   If Plaintiff is asserting a Fourth

Amendment violation, he fails to allege specific facts that demonstrate any defendant is

responsible for or personally participated in delaying a prompt determination of probable cause.

   *4.   Fourth Amendment Unlawful Search Claim*

The Supreme Court has recognized that "a person must have a cognizable Fourth

Amendment interest in the place searched before seeking relief for an unconstitutional search."

*Byrd v. United States*, 584 U.S. 395, 138 S. Ct. 1518 (2018).   Although a warrantless search of

an individual's personal property is presumed unreasonable, *see United States v. Karo*, 468 U.S.

705, 717 (1984), a police officer may search property prior to a warrant to protect evidence when

probable cause exists.   *See Harman v. Pollack*, 586 F.3d 1254, 1266 (10th Cir. 2009).

To the extent Plaintiff asserts that any of the defendants searched his personal property in

violation of the Fourth Amendment, the claims are vague and conclusory.   Plaintiff does not

state specific facts to show that he was subjected to an unreasonable search in violation of the

Fourth Amendment.

*5. Fourteenth Amendment Deprivation of Property Claim*

Plaintiff appears to assert a deprivation of property claim. The allegations are vague, and Plaintiff fails to allege specifically of what property he was deprived. Moreover, unauthorized deprivations of property do not violate due process where adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) ("[W]here pre-deprivation remedies cannot anticipate and prevent a state actor's wrongful act, post-deprivation state tort remedies are adequate to satisfy due process requirements."). Thus, "[i]n order to state a [due process] claim under § 1983 [for intentional deprivation of property], a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy." *Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (*per curiam*). Colorado law provides for post-deprivation remedies, such as a cause of action for conversion or replevin. *See, e.g., City and County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759 (Colo. 1992) (holding that replevin claim based on allegation that personal property was wrongfully detained by Denver police was a conversion-based tort claim); *see also* Colo. Rev. Stat. § 24-10-118 (2021) (waiving sovereign immunity for public employees whose tortious conduct was willful and wanton).

Plaintiff fails to provide any facts to take this claim outside the general rule that destruction of property can be adequately resolved through available state tort remedies. Plaintiff's amended Complaint must address this issue. Plaintiff's amended Complaint also must allege with specificity the property of which he was deprived and the defendants alleged to have deprived Plaintiff of the property.

## I.  Claim Under 42 U.S.C. § 1985

Plaintiff asserts a claim under § 1985(2) titled, "Aggravated Intimidation of Witness/Victim."  (ECF No. 13 at 36.)  Plaintiff alleges unnamed defendants "called for Adams County sheriffs to be in the courtroom who were in possession of deadly weapons (firearms) in court of [Town of Bennett] during plaintiff['s] hearing 12/21/2022 standing roughly 15' away were a TOB officer 'Jane Doe' and two Adams County sheriffs."  (ECF No. 13 at 36.)  Plaintiff further alleges that "Jane Doe knew the sheriffs were armed and called them to be there specifically for the plaintiff."  (*Id.*)

"The first clause of Section 1985(2) contains a deterrence provision, which 'concerns intimidating parties, witnesses, or jurors in court so that they will not attend court or testify'" in federal courts.  *Douglass v. Garden City Cmty. Coll.*, 543 F. Supp. 3d 1043, 1063 (D. Kan. 2021) (citing *King v. Knoll*, 399 F. Supp. 2d 1169, 1179 n.57 (D. Kan. 2005)).  The elements of a deterrence claim under Section 1985(2) are (1) a conspiracy, (2) intent to deter testimony by force or intimidation and (3) injury to plaintiff.  *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994).  The first element, a conspiracy, "requires the combination of two or more persons acting in concert."  *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990).  A plaintiff must allege, "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants."  *Id.* at 1231.  More than mere conclusory allegations are required to state a valid conspiracy claim.  *Brever*, 40 F.3d at 1126.

To state a claim under § 1985(2), Plaintiff's amended Complaint must allege facts to meet these standards.

**J.     Claims Asserted Under 18 U.S.C. § 1001 and 1341**

Plaintiff asserts claims for Mail Fraud under § 1341 and Fictitious Conveyance of

Language under § 1001.   However, "these are criminal statutes that do not provide for a private

right of action and are thus not enforceable through a civil action."   *Andrews v. Heaton*, 483

F.3d 1070, 1076 (10th Cir. 2007) (citing *United States v. Claflin*, 97 U.S. 546, 547 (1878);

*Schmeling v. NORDAM*, 97 F.3d 1336, 1344 (10th Cir. 1996).

**III.     CONCLUSION**

Accordingly, it is

ORDERED that Plaintiff shall file, within thirty (30) days from the date of this order, an

amended Complaint that complies with all directives contained in this order.   To be clear,

Plaintiff must submit a single, fully completed Complaint on the court-approved form as one

document that contains all claims and allegations.   Plaintiff is advised that the Court is not

required to sort through multiple pleadings to ascertain her claims or compile the required

information from multiple documents.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies

with this order within the time allowed, the action may be dismissed without further notice.

DATED January 16, 2024.

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge