LEGAL AUTHORITY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.                23-cv-01550-KLM

Eric Witt_____, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
Yes_X_No___

1) Adams County,
2) Adams County Sheriff's Office,
3) Antonio Maez, Adams County Sheriff's Deputy,
4) Janeway Law Firm, PC,
5) Town of Bennett,
6) Judge Shawn Day,
7) Prosecutor Joseph Lico,
8) Kristofer Runge, Adams County Sheriff's Deputy,
9) John Doe #1, Adams County Sheriff's Deputy,
10) John Doe #2, Adams County Sheriff's Deputy,
11) Sonya Zimmerman, Town of Bennett Community Service Officer,
12) Keith Buono, Town of Bennett Lead Community Service Officer,
13) Kendra Hawes, Administrative Assistant,
14) Caleb J. Conner, Battalion Chief - Fire Marshal,
15) John/Jane Doe of Town of Bennett(utilities) ,

**First Claim:** Violation of Fourth Amendment Rights a. Unlawful search and seizure b. Unlawful arrest and detention c. Unlawful Eviction and Fraudulent Writ of Restitution by Janeway Law Firm and Adams County Sheriff's Office d. Town of Bennett Unreasonable Seizure e. Unlawful Eviction

**Second Claim:** Violation of Fourteenth Amendment Rights a. Arbitrary and Unlawful Water Service Termination b. Deprivation of property without due process c. Deprivation of Liberty and Property without Due Process d. Denial of procedural due process

**Third Claim:** Failure to Train or Supervise and Equal Protection Violation (Against Adams County and Adams County Sheriff's Office)

**Fourth Claim:** First Amendment Retaliation a. Retaliation for exercising the right to petition the government

**Fifth Claim:** Municipal Liability a. Lack of Prompt Probable Cause Hearings

**Sixth Claim:** Abuse of Process and Malicious Prosecution a. Improper use of legal process b. Lack of probable cause

**Seventh Claim:** Violation of the Colorado Open Records Act (CORA) a. Improper denial of access to public records Unconstitutional Ordinance (BMC 7-5-30)

Defendants(s)

*(List each named defendant on a separate line.  If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names of the defendants listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.)*

# COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

### A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

s/Eric Witt

Eric Witt

22204 E Belleview Pl, aurora, CO 80015

Cell# 7204969912

EricWitt34@gmail.com

### B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

## PARTIES

---

### Plaintiff

1. Eric Witt is an individual residing in Adams County, Colorado.

### Defendants

**Adams County** is a county located in the state of Colorado, with its main office at 4430 S. Adams County Pkwy, Brighton, CO 80601. The Adams County Sheriff's Office operates under the authority of Adams County and is

responsible for providing law enforcement services within the county, including in the Town of Bennett. Adams County is a "person" subject to suit under 42 U.S.C. § 1983.

The **Adams County Sheriff's Office** is an agency of Adams County, Colorado, with its main office located at 4430 S. Adams County Pkwy., 1st Floor, Suite W5400. It operates under the legal authority vested by the State of Colorado and performs law enforcement duties within Adams County, including the area encompassing the Town of Bennett. The Adams County Sheriff's Office is a "person" subject to suit under 42 U.S.C. § 1983.

The **Town of Bennett** is a municipal corporation organized under the laws of the State of Colorado, with its main office located at 207 Muegge Way, Bennett, CO 80102. The Town is a "person" subject to suit under 42 U.S.C. § 1983. The Town of Bennett and Adams County have a close working relationship, with the Adams County Sheriff's Office providing law enforcement services within the Town of Bennett.

**Antonio Maez** is a Sheriff's Deputy for Adams County, Colorado, employed by the Adams County Sheriff's Office, with his official address at 4430 S. Adams County Pkwy., 1st Floor, Suite W5400. He is sued in his individual and official capacities.

The **Janeway Law Firm, P.C.** is a professional corporation organized under the laws of the State of Colorado, with its principal place of business located at 9800 S. Meridian Blvd., Suite 400, Englewood, CO 80112. The Janeway Law Firm regularly engages in the practice of law, including representing parties in eviction proceedings. At all times relevant to this action, the Janeway Law Firm acted under color of law by utilizing state eviction procedures and coordinating with the Adams County Sheriff's Office to deprive Plaintiff of his constitutional rights. The Janeway Law Firm is a "person" subject to suit under 42 U.S.C. § 1983.

**Judge Shawn Day** is a Municipal Court Judge for the Town of Bennett, Colorado, with his official address at 207 Muegge Way, Bennett, CO 80102. He is sued in his individual and official capacities.

**Prosecutor Joseph Lico** is a Prosecutor for the Town of Bennett, Colorado, with his official address at 207 Muegge Way, Bennett, CO 80102. He is sued in his individual and official capacities.

**Kristofer Runge** is a Sheriff's Deputy for Adams County, Colorado, employed by the Adams County Sheriff's Office, with his official address at 4430 S. Adams County Pkwy., 1st Floor, Suite W5400. He is sued in his individual and official capacities.

**John Doe #1** is a Sheriff's Deputy for Adams County, Colorado, employed by the Adams County Sheriff's Office, with his official address at 4430 S. Adams County Pkwy., 1st Floor, Suite W5400. He is sued in his individual and official capacities. (John Doe #1 description: Hispanic descent, approx. 5'10", average build, arrived with Deputy Antonio Maez for the illegal eviction at plaintiff's residence)

**John Doe #2** is a Sheriff's Deputy for Adams County, Colorado, employed by the Adams County Sheriff's Office, with his official address at 4430 S. Adams County Pkwy., 1st Floor, Suite W5400. He is sued in his individual and official capacities. (John Doe #2 description: Caucasian, approx. height 5'10", average build, sleeved tattoos on arms, arrived shortly after Deputy Antonio Maez and John Doe #1 for the illegal eviction at plaintiff's residence)

**Keith Buono** is a Town of Bennett Lead Community Service Officer, Colorado, with his official address at 207 Muegge Way, Bennett, CO 80102. He is sued in his individual and official capacities.

**Sonya Zimmerman** is a Town of Bennett Community Service Officer, Colorado, with her official address at 207 Muegge Way, Bennett, CO 80102. She is sued in her individual and official capacities.

**Kendra Hawes** is an Administrative Assistant employed by the BENNETT-WATKINS FIRE RESCUE, a department of the Town of Bennett, Colorado, with her official address at 355 4th St., Bennett, CO 80102. She is sued in her individual and official capacities.

**Caleb J. Conner** is a Battalion Chief - Fire Marshal employed by the BENNETT-WATKINS FIRE RESCUE, a department of the Town of Bennett, Colorado, with his official address at 355 4th St., Bennett, CO 80102. He is sued in his individual and official capacities.

**John/Jane Doe(s)** of Town of Bennett (utilities) is an unknown employee of the Bennett Water Company, a utility provider for the Town of Bennett, Colorado, with their official address at 207 Muegge Way, Bennett, CO 80102. They are sued in their individual and official capacities. Plaintiff will amend the Complaint to include the true name of this Defendant once it is discovered.

### C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

# JURISDICTION AND VENUE

## Basis for Federal Jurisdiction

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the United States Constitution and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## Venue's Appropriateness

3.   Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the District of Colorado, and all Defendants reside in or are employed by entities located within the District of Colorado.

# AMENDED COMPLAINT

## Table of Contents

NOTICE.................................................................................................................................. 2

A.    PLAINTIFF INFORMATION.......................................................................................... 2

B.    DEFENDANT(S) INFORMATION................................................................................. 2

PARTIES ..................................................................................................................................... 2

   Plaintiff .................................................................................................................................. 2

   Defendants ............................................................................................................................. 2

JURISDICTION AND VENUE ..................................................................................................... 4

   Basis for Federal Jurisdiction .............................................................................................. 4

   Venue's Appropriateness ...................................................................................................... 4

AMENDED COMPLAINT ........................................................................................................... 4

   Table of Contents ................................................................................................................. 4

DESCRIPTION OF EXHIBITS .................................................................................................... 7

INTRODUCTION .......................................................................................................................... 8

   Overview of the Case and Parties Involved ......................................................................... 8

   Summary of the Main Allegations and Claims .................................................................... 9

REQUEST FOR JUDICIAL NOTICE: ......................................................................................... 9

INVALIDITY OF THE DIGITAL WRIT OF RESTITUTION RECORD ...................................... 9

FACTUAL ALLEGATIONS ........................................................................................................ 12

   The "Willow Incident" and Misconduct by Bennett-Watkins Fire Rescue .......................... 13

      Unlawful Entry and Seizure ............................................................................................ 13

      CE22-0005 by Keith Buono ............................................................................................ 14

      Use of Invalid Municipal Codes for Summonses ............................................................ 15

      Courtroom Intimidation .................................................................................................. 15

      Challenging the Court's Jurisdiction in CE22-0009 ....................................................... 17

      Town of Bennett Utility Deprivation ............................................................................... 17

      Judicial Misconduct: Judge Shawn Day's Actions .......................................................... 18

      Prosecutor Joseph Lico's Actions ................................................................................... 20

      Unlawful Arrest and Detention of Plaintiff Eric Witt ...................................................... 20

      Unlawful Eviction by Janeway Law Firm P.C., Antonio Maez and the Adams County Sheriff's Office ..................... 22

      Conspiracy and Concerted Action .................................................................................. 25

ADDRESSING LEGAL DOCTRINES ........................................................................................ 25

   Younger Abstention Doctrine .............................................................................................. 25

      Inapplicability to Eric's case ........................................................................................... 25

      Exceptions to the doctrine ............................................................................................... 26

   Heck v. Humphrey Doctrine ................................................................................................ 27

      Distinguishing Eric's claims from the doctrine's scope ................................................... 27

      Absence of a conviction or sentence to be invalidated .................................................... 27



JUDGE SHAWN DAY AND PROSECUTOR JOE LICO (JUDICIAL IMMUNITY DISQUALIFICATIONS)..................................29

    Judicial Immunity Breach by Judge Shawn Day..........................................................................................29

        Judicial Actions Prompting Immunity Breach ...........................................................................29

        B. Legal Analysis .................................................................................................................30

    Disqualification of Prosecutorial Immunity for Joseph Lico ...................................................................30

        Misuse of Municipal Code for Improper Service ......................................................................31

        Failure to Ensure Proper Service ...........................................................................................31

        Failure to Conduct Pre-Filing Investigation: ...........................................................................31

        Attempting to Prosecute Under Invalid Municipal Codes: .......................................................32

        Legal Analysis ......................................................................................................................32

LEGAL CLAIMS ...............................................................................................................................................33

    FIRST CLAIM: VIOLATION OF FOURTH AMENDMENT RIGHTS ...........................................................33

        Unlawful search and seizure .................................................................................................33

        Unlawful arrest and detention...............................................................................................34

        Unlawful Eviction and Fraudulent Writ of Restitution by Janeway Law Firm and Adams County Sheriff's Office .....35

        Town of Bennett Unreasonable Seizure .................................................................................36

        Unlawful Eviction .................................................................................................................37

    SECOND CLAIM: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS ...............................................38

        Arbitrary and Unlawful Water Service Termination ................................................................38

        Deprivation of property without due process .........................................................................39

        Deprivation of Liberty and Property without Due Process ......................................................39

        Denial of procedural due process ..........................................................................................40

        UNCONSTITUTIONAL ORDINANCE (BMC 7-5-30) .....................................................................41

    THIRD CLAIM: FAILURE TO TRAIN OR SUPERVISE AND EQUAL PROTECTION VIOLATION (AGAINST ADAMS COUNTY, ADAMS COUNTY SHERIFF'S OFFICE, AND THE TOWN OF BENNETT) ....................................................42

    FOURTH CLAIM: FIRST AMENDMENT RETALIATION.............................................................................43

    FIFTH CLAIM: MUNICIPAL LIABILITY ...................................................................................................45

        Lack of Prompt Probable Cause Hearings...............................................................................47

    SIXTH CLAIM: ABUSE OF PROCESS AND MALICIOUS PROSECUTION ...................................................49

        Improper use of legal process ...............................................................................................49

        Lack of probable cause ..........................................................................................................50

    SEVENTH CLAIM: VIOLATION OF THE COLORADO OPEN RECORDS ACT (CORA) ...................................51

        Improper denial of access to public records ...........................................................................51

DAMAGES......................................................................................................................................................52



Emotional Distress ................................................................................................................52

    Loss of Property ................................................................................................................52

Loss of Time with Son .............................................................................................................53

Financial Hardship ...................................................................................................................54

**E.      REQUEST FOR RELIEF**..............................................................................................54

RELIEF REQUESTED ..................................................................................................................55

Jury Trial Demand ...................................................................................................................55

Declaratory Relief ...................................................................................................................55

A declaration that the defendants' denial of access to public records violated Plaintiff's rights under the Colorado Open Records Act (CORA). ..........................................................................................................55

Injunctive Relief ......................................................................................................................56

Compensatory Damages .........................................................................................................57

Punitive Damages ...................................................................................................................58

Additional Relief ......................................................................................................................59

RESERVING THE RIGHT TO BRING A SEPARATE LAWSUIT: ...........................................................59

CONCLUSION............................................................................................................................60

**F.      PLAINTIFF'S SIGNATURE** ......................................................................**Error! Bookmark not defined.**

DEMAND FOR JURY TRIAL .........................................................................................................62

AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS, FRAUD, .................62

# DESCRIPTION OF EXHIBITS

EXHIBIT I FIRE DEPARTMENT PUBLIC RECORD VIOLATION (ECF NO. 13-I)
EXHIBIT II COPY OF SUMMONS CE22-0005(ECF NO. 13-II)
EXHIBIT III CE22-0005  UNOPENED USPS RETURNED SUMMONS(ECF NO. 13-III)
EXHIBIT IV CE22-0005  FIRST FULL DISCOVERY(ECF NO. 13-IV)
EXHIBIT V WATER UTILITY VIOLATION FOR RESTORATION(ECF NO. 13-V)
EXHIBIT VI DEFECTIVE AFFIDAVIT'CE22-0005(ECF NO. 13-VI)
EXHIBIT V II...SECOND FULL DISCOVERY (EVIDENCE TAMPERING BY TOB) (ECF NO. 13-VII)
EXHIBIT V III JURISDICTIONAL CHALLENGE (CE22-0005 FILE STAMPED) (ECF NO. 13-VIII)
EXHIBIT IX CE22-00005 COPY OF WARRANT(ECF NO. 13-IX)
EXHIBIT X WATER UTILITY FRAUD & FICTITIOUS LANGUAGE (DISCONNECT EARLY) (ECF NO. 13-X)
EXHIBIT XI WATER UTILITY NOTICE COPY(ECF NO. 13-XI)
EXHIBIT XII EMAIL TO TOWN OF BENNETT MAYOR (ECF NO. 13-XII)
EXHIBIT XIII EMAIL TOB RECORD (ALLEGED NO VIDEO IN COURT) (ECF NO. 13-XIII)
EXHIBIT XIV TOWN OF BENNETT LAWYER EMAILS(ECF NO. 13-XIV)
EXHIBIT XV CE22-0005 JUDGE SHAWN DAY & JOSEPH LICO ADDED FILE STAMPED COUNTERCLAIM(ECF NO. 13-XV)
EXHIBIT XVI FULL DISCOVERY CE22-0009(ECF NO. 13-XVI)
EXHIBIT XVII ALANA PERCY EXTRACTED PNG FILE
EXHIBIT XVIII COURT SEAL EXTRACTED PNG FILE

EXHIBIT XIX PDF WRIT OF RESTITUTION (ELECTRONIC, JANEWAY FILING STAGE)
EXHIBIT XX  PDF WRIT OF RESTITUTION (ELECTRONIC, JUDGE SIGNING STAGE)
EXHIBIT XXI PDF WRIT OF RESTITUTION (PHOTOCOPY, SHERIFF'S OFFICE RECEIVED STAGE)
EXHIBIT XXII INITIAL ALLEGATIONS
EXHIBIT XXIII EMAIL FROM KENDRA KANDT, PROVIDING DIGITAL WRIT'S
EXHIBIT XXIV FORENSIC ANALYSIS

# INTRODUCTION

COMES NOW, Plaintiff Eric Witt, a natural living person, proceeding pro se and hereby reserving all rights afforded to him under the Uniform Commercial Code, specifically UCC 1-308, as well as all statutory and procedural rights. Plaintiff asserts that he is not bound by any contracts or agreements that he did not enter into knowingly, intelligently, and voluntarily. By filing this Amended Complaint against the above-named Defendants, Plaintiff seeks redress for the violations of his rights guaranteed by the United States Constitution, the laws of the State of Colorado, and the Colorado Open Records Act.

## Overview of the Case and Parties Involved

4.  This civil rights action arises from a deeply troubling pattern of misconduct and deprivations of constitutional rights by officials acting under color of law in the Town of Bennett, Colorado, Adams County, Colorado, and the Adams County Sheriff's Office. The defendants' actions demonstrate a disregard for the rule of law that undermines our democratic society.

The plaintiff, Eric Witt, a resident of Adams County, Colorado, brings this complaint against the Adams County; the Adams County Sheriff's Office; Town of Bennett; Janeway Law Firm P.C.; Judge Shawn Day, in his individual and official capacities; Prosecutor Joseph Lico, in his individual and official capacities; numerous identified and unidentified deputies of the Adams County Sheriff's Office, in their individual and official capacities; and several employees of the Town of Bennett and its fire department, in their individual and official capacities.

As detailed below, the defendants subjected Mr. Witt to a range of constitutional violations, including unlawful searches and seizures, deprivations of property without due process, retaliatory prosecutions, abuse of legal process, and denials of his fundamental First Amendment rights, among others. Their coordinated conduct amounts to harassment, intimidation, and oppression that is antithetical to our nation's core democratic principles.

Through this action, Mr. Witt seeks to vindicate the violations of his constitutional rights and obtain declaratory, injunctive, and monetary relief commensurate with the egregious nature of the defendants' misconduct. He aims not only to remedy his own injuries but also to expose the malfeasance that has taken root within the Town of Bennett, Adams County, and the related law enforcement agencies. Only by bringing these transgressions to light can judicial intervention correct the constitutional violations.

## Summary of the Main Allegations and Claims

5.  Plaintiff alleges that the Defendants, acting under color of state law, engaged in a pattern of misconduct that violated his constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. The allegations include unlawful search and seizure, unlawful arrest and detention, deprivation of property without due process, denial of procedural due process, retaliation for exercising the right to petition the government, abuse of process, malicious prosecution, and violation of the Colorado Open Records Act (CORA). Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and attorney's fees and costs.

# REQUEST FOR JUDICIAL NOTICE:

## INVALIDITY OF THE DIGITAL WRIT OF RESTITUTION RECORD

6.  Plaintiff Eric Witt respectfully requests, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the fact that the digital record of the writ of restitution provided by the Adams County Court in relation to Witt's eviction (2023C033567) cannot be a valid legal document. (EXHIBIT XVII: XVIII, XIX, XX, XXI, XXIII & XXIV) This request is based on the following specific findings from a forensic analysis of the digital writ file:

7.  Impossibility of Physical Signature: The digital writ file, "104186731.pdf," is a digitally created document generated using iText, a PDF creation software. The presence of an identical signature across all photocopied versions of the document and the absence of any scanned document artifacts, other than the isolated signature image,

demonstrate that the document could not have been physically signed with wet ink. A digital document, such as a Microsoft Word file, cannot be wet ink signed, as it exists only in a digital format. For a wet ink signature to be applied, the digital document would need to be printed, physically signed, and then scanned back into a digital format, resulting in an image file (e.g., PDF) with an embedded scanned image of the signature (e.g., PNG or JPEG). The lack of such scanned image characteristics in the provided digital writ file precludes the possibility of a physical wet ink signature.

8. Violation of Colorado's Uniform Electronic Transactions Act (UETA): The Colorado UETA, specifically C.R.S. § 24-71.3-103(3)(B)(II), explicitly excludes notices of eviction related to an individual's primary residence from the Act's provisions allowing for electronic transactions. This exclusion emphasizes the Colorado legislature's intent to require traditional, non-electronic execution for eviction-related documents, which would typically include a judge's wet ink signature. The digital nature of the writ file, lacking any physical signature, contravenes this legislative intent and undermines the validity of the document.

9. Absence of Proper Digital Signature: The forensic analysis reveals that the digital writ file lacks the necessary digital signature encryption and authentication required for a valid electronic signature under the Colorado UETA. The absence of a proper digital signature further underscores the invalidity of the document, as it fails to meet the legal standards for either a physical wet ink signature or a secure electronic signature.

10. Based on these factual findings, which can be accurately and readily determined from the forensic analysis and examination of the digital writ file, Plaintiff asserts that the writ of restitution used to justify his eviction is void and legally ineffective. The impossibility of a physical wet ink signature, the violation of the Colorado UETA's exclusion of eviction notices from electronic transactions, and the absence of a proper digital signature collectively demonstrate that the digital writ file cannot serve as a valid legal document authorizing the eviction.

11. Plaintiff respectfully submits that these facts are not subject to reasonable dispute and are supported by the evidence provided in the attached exhibits, including the forensic analysis report and the relevant provisions of the Colorado UETA. Accordingly, Plaintiff requests that the Court take judicial notice of the invalidity of the digital writ record, as this fact is highly relevant to his claims of unlawful eviction, due process violations, and abuse of process by the Defendants.

12. Furthermore, the Court should consider the broader implications of this invalid writ of restitution, as it raises serious concerns about the potential for due process violations and the integrity of the legal system. The use of a digitally fabricated document to authorize an eviction, without proper judicial oversight or authentication, undermines the fundamental principles of fairness and justice that are essential to our legal system.

13. Therefore, Plaintiff respectfully requests that the Court not only take judicial notice of the invalidity of the digital writ record but also consider the appropriate remedies and sanctions to address this egregious violation of due process and the potential for systemic abuse. The Court's action in this matter is crucial to ensure that the rights of all individuals are protected, and that the integrity of the legal system is maintained.

See below: Using a free online pdf editor https://tools.sodapdf.com on file 104186731.pdf, the misspelled "Alaia" rather than "Alana" signature and other components are easily selected and manipulated.



14. The forensic analysis and visual assessment of the digital writ file have identified the absence of a "wet ink" signature on all document copies. Under the Colorado Rules of Civil Procedure, Rule 58(a), the court is mandated to sign and enter a judgment upon its decision. Furthermore, according to § 13-40-115(1)(d), a writ of restitution must be issued by the court, necessitating a signature by either the judge or the clerk. Given C.R.S. § 24-71.3-103(3)(B)(II), such a signature cannot be digital. The signature in the original digital documents appears as a photocopied image overlay of a signature, inherently incapable of being a "wet ink" signature. This condition, juxtaposed with the legal requirement for a "wet ink" signature, categorically invalidates the writ of restitution as recorded.

15. The digital writ's lack of a physical signature signifies non-compliance with Colorado's statutory requirements for a legitimate writ of restitution. This flaw, combined with the digital file's vulnerability to unauthorized modifications and the absence of appropriate digital encryption, conclusively invalidates the digital writ as a lawful equivalent to a writ bearing a physical signature.

16. Based on these factual findings, which can be accurately and readily determined from the forensic analysis and/or a self-visual of the digital writ file using a basic pdf editor software, Plaintiff asserts that the purported writ of restitution used to justify his eviction is void and legally ineffective. The absence of proper digital security measures and the lack of a physical signature render the digital record incapable of serving as a valid court order authorizing the eviction.

17. Plaintiff respectfully submits that these facts are not subject to reasonable dispute and are supported by the evidence provided in the attached exhibits, including the forensic analysis report and the images demonstrating the manipulability of the digital writ file. Accordingly, Plaintiff requests that the Court take judicial notice of the invalidity of the digital writ record, as this fact is highly relevant to his claims of unlawful eviction, due process violations, and abuse of process by the Defendants.

# FACTUAL ALLEGATIONS

Exhibit XXII

Page 12 of 63

# The "Willow Incident" and Misconduct by Bennett-Watkins Fire Rescue

## Unlawful Entry and Seizure

18. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

19. On May 9, 2022, Bennett-Watkins Fire Rescue personnel, acting under the authority of the Town of Bennett, unlawfully entered Eric Witt's property at 170 Coolidge Court, Bennett, Colorado, 80102, without a warrant or legal justification. Alerted by a neighbor's text, Witt discovered the unauthorized presence. Despite initial denials, documentation later revealed Battalion Chief - Fire Marshal Caleb J. Conner as the operation's initiator. This unwarranted intrusion, including dismantling Witt's fence for entry, breached his Fourth Amendment protections against unreasonable searches and seizures, as underscored in Payton v. New York, 445 U.S. 573, 586 (1980).

## *Removal of Dog, Willow, and Resulting Harm*

20. 33. During the unauthorized entry, Bennett Fire Department personnel removed Witt's German Shepherd mix, Willow, citing an unverified attack by Witt's puppies. Denied immediate reunion, Witt found Willow in distress at Adams County Animal Shelter the next day, contrary to assurances of her well-being. Refusing euthanasia, Witt financed over $5,000 in medical treatments for Willow. This act constituted an unlawful seizure under the Fourth Amendment, reaffirmed by United States v. Place, 462 U.S. 696, 701 (1983).

## *Denial of ADCOM Transcripts*

21. 34. Efforts to obtain ADCOM radio transcripts were repeatedly obstructed by the Bennett Fire Department, specifically by Administrative Assistant Kendra Hawes, violating the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 et seq. This denial impedes transparency and accountability, undermining public trust and Witt's pursuit of justice. (EXHIBIT I)

22. Plaintiff respectably hereby seeks a court order for the immediate release of ADCOM radio communication transcripts and relevant records, consideration of sanctions against Bennett-Watkins Fire Rescue for their non-compliance with CORA, and compensatory and punitive damages for the distress and violations experienced.

This includes acknowledgment of Smith v. Wade, 461 U.S. 30, 54 (1983), supporting punitive damages for conduct demonstrating reckless indifference to federally protected rights.

23. Improper Issuance and Service of Summonses in Cases CE22-0005 and CE22-0009

## CE22-0005 by Keith Buono

24. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

25. On May 17, 2022, an action (CE22-0005) was filed against Eric Witt by the Town of Bennett for an alleged municipal code violation related to water usage. Keith Buono, Lead Community Service Officer, issued the summons, which was improperly served, evidenced by a returned, unopened envelope (EXHIBIT III). Proper service, fundamental for due process, was not met as required by Colorado Rule of Civil Procedure 4(e)(1), violating Witt's rights under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950).

## Constitutional Concerns with Bennett Municipal Code 7-5-30

26. 38. The ordinance, enacted by the Town of Bennett and not the Colorado General Assembly (Colo. Const. art. V, § 18), raises questions about legislative authority and possible conflict with state law, similar to concerns in Town of Telluride v. Lot Thirty-Four Venture, L.L.C., 3 P.3d 30 (Colo. 2000). Additionally, potential vagueness could violate due process by lacking clear definitions, risking arbitrary enforcement.

## CE22-0009 by Keith Buono

27. 39. Similarly, 7/29/22 Witt received a summons (CE22-0009) for a code violation regarding excessive weeds, issued by Keith Buono, Lead Community Service Officer. This summons also returned unopened, demonstrating improper service (EXHIBIT XVI). The ordinance's broad definitions risk arbitrary enforcement, conflicting with City of Chicago v. Morales, 527 U.S. 41 (1999).

## Legal Implications and Requests

28. 40. These instances of improper service and questionable constitutional validity of the municipal codes cited require the Court's scrutiny. The Plaintiff seeks the Court's declaration that these codes are unconstitutional, the summonses were improperly served, and considers sanctions against Keith Buono, and the Town of Bennett for due process violations.

## Use of Invalid Municipal Codes for Summonses

29. 41. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

30. The summonses issued to Plaintiff Eric Witt in cases CE22-0005 and CE22-0009 were based on municipal codes that are believed to be invalid under Colorado law. The codes lack the necessary enacting clause, title, and body, as required by Colo. Const. art. V, § 18, rendering them unconstitutional and unenforceable.

31. In case CE22-0005, Officer Keith Buono issued a summons based on an invalid code (EXHIBIT II). Similarly, in case CE22-0009, Officer Keith Buono issued a summons based on an invalid code (EXHIBIT XVI). By proceeding with these summonses despite the invalidity of the underlying municipal codes, Officers Buono violated Witt's due process rights and subjected him to an abuse of process.

32. The use of invalid municipal codes as a basis for legal action against Witt demonstrates a clear disregard for the rule of law and the constitutional protections afforded to individuals. It represents an abuse of power by the Town of Bennett and its officials, who have a duty to ensure that the laws they enforce are valid and legally enforceable.

## Courtroom Intimidation

33. 45. On December 21, 2022, Plaintiff Eric Witt attended a court hearing at the Bennett Municipal Court, where he had filed a lawsuit against Judge Shawn Day and Prosecutor Joseph Lico. During the hearing, Witt was subjected to intimidation and harassment by town employees and officials in retaliation for his legal actions.

### *Unusual Presence of Armed Deputies*

34. 46. Upon arriving at the courthouse, Witt noticed the presence of two armed Adams County Sheriff's Deputies, which was unusual based on his previous court experiences (EXHIBIT XII). This heightened security presence appeared to be an attempt to intimidate Witt and discourage him from pursuing his legal claims.

### *Intimidation by Town Employee*

35. 47. A town employee, identified as Sonya Zimmerman, instructed Witt to wait in the hallway, where he was subjected to intimidating behavior from the deputies (EXHIBIT XII). This action appeared to be a deliberate

attempt to make Witt feel threatened and discourage him from stating his claims against the judge and prosecutor at the hearing.

## Defamatory Remarks by Sonya Zimmerman

36.  48. Inside the courtroom, town employee Sonya Zimmerman made several defamatory remarks about Witt in an apparent attempt to intimidate him (EXHIBIT XII). These remarks were made shortly after Witt had sent an email warning Town of Bennett (Utilities) employees to cease their harassment or face legal action, suggesting that Zimmerman's comments and actions were retaliatory in nature .

## Tampering with Audio Recording

37.  49. The incident on December 21, 2022, was captured on an audio recording, which Witt later discovered had been tampered with by an unknown person when he requested a copy from the town (EXHIBIT XIII). Certain portions of the recording that contained evidence of the harassment and intimidation had been removed or altered. This is evidenced by a separate audio recording made on Plaintiff's cellphone. This tampering constitutes a serious violation of Witt's rights and a potential obstruction of justice.

38.  The courtroom intimidation and harassment experienced by Plaintiff on December 21, 2022, is believed to be part of a coordinated effort between the Town of Bennett and Adams County officials to retaliate against and intimidate Plaintiff for his legal actions. The following day, Plaintiff emailed the Mayor of the Town of Bennett and other town administrators, detailing the egregious misconduct that occurred in the courtroom and demanding an investigation. However, Plaintiff never received a substantive response from the Mayor, who merely provided a phone number for the Town of Bennett's lawyer (EXHIBITS VII, VIII, IX, and XII).

39.  Given the small-town dynamics, it is reasonable to infer that the mayor and town administrators communicated the details of Plaintiff's complaint to Defendants Sonya Zimmerman and Kristofer Runge, both employees of the respective municipalities. Notably, Defendant Runge, an Adams County Sheriff's Deputy, later arrested Plaintiff on dubious grounds, captured on body camera Defendant Runge admitting during transport that he was aware of Plaintiff's ongoing federal lawsuit against Adams County Judge Teri Vasquez. This sequence of events strongly suggests a concerted effort by officials from the Town of Bennett and Adams County to harass, intimidate, and

retaliate against Plaintiff for exercising his legal rights and challenging the authority of various government officials.

40. The Plaintiff respectfully requests that this Court take action to address these abuses and to ensure that such misconduct is not allowed to continue. The Court should order a full investigation into the events of December 21, 2022, and the subsequent tampering with evidence, and should impose appropriate sanctions on those responsible for these violations of Witt's rights.

## Challenging the Court's Jurisdiction in CE22-0009

41. 52. Due to improper service, defective affidavits, lack of injury in fact, and invalid municipal code, Plaintiff filed a counter lawsuit against judge Shawn Day and prosecutor Joseph Lico in federal court and attempted to transfer both municipal cases there (see 1:23-cv-00232-LTB Lico v. Witt). The federal court remanded the cases back to the municipal court on a technicality. Subsequently, the Town of Bennett dismissed the water violation but maintained the weed violation, holding onto the court date for which the judge had entered a plea without Plaintiff's consent.

42. Unaware of the court date after the cases were transferred back to municipal court, Plaintiff did not appear. Consequently, the court issued a warrant for his arrest with a $1,000 surety bond. Plaintiff was arrested and detained in a jail 30 miles from his home without his phone or wallet. Despite other detainees being allowed to see a judge, Plaintiff was not granted this right, as the Bennett judge was asserting jurisdiction. This meant that Plaintiff could only see the judge if he was transported back to Bennett in custody.

43. The Town of Bennett's actions violated Plaintiff's due process rights under the 4th and 14th Amendments. The town's misapplication of its municipal code for service of process, lack of proper notice, and failure to provide Plaintiff with a prompt hearing before a judge while in custody constitute clear constitutional violations. These actions caused Plaintiff to suffer undue hardship and infringed upon his fundamental rights.

## Town of Bennett Utility Deprivation

44. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

45. The Town of Bennett (TOB) and John/Jane Doe of its water utility department engaged in unlawful and retaliatory actions against the plaintiff, Eric Witt, by violating state utility law 4 CCR 723-5, 5409 and depriving him of water service for 6 days after he had paid his bill in full, despite the law requiring restoration within 24 hours of payment (EXHIBIT V). Furthermore, the TOB committed mail fraud and fictitious conveyance of language by sending Eric Witt a fraudulent utility bill on 12/01/2022, which contained an incorrect due date, and subsequently admitting to the error while continuing to engage in harassing behavior (EXHIBITS X, XI, and XXII).

## Judicial Misconduct: Judge Shawn Day's Actions

46. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

47. During court proceedings on September 28, 2022, in case CE22-0005, Judge Shawn Day engaged in various forms of judicial misconduct that violated Plaintiff Eric Witt's due process rights and undermined the fairness of the proceedings:

48. a. Failure to Verify Prosecution's Standing: Judge Day continued the case without verifying that the prosecution had provided evidence of an injury in fact, which is necessary to establish standing under Article III of the U.S. Constitution. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (EXHIBIT VI).

49. b. Reliance on Defective Affidavits: Judge Day permitted the case to proceed based on defective affidavits from the prosecution, which were neither sworn under penalty of perjury nor contained sufficient facts to support the charges against Witt, violating Colorado law. See C.R.S. § 13-27-106.

50. c. Improper Advocacy for the Prosecution: Judge Day acted improperly by answering Witt's jurisdictional challenge on behalf of the prosecution, effectively advocating for one side in the case, violating the Colorado Code of Judicial Conduct. See Colo. Code of Judicial Conduct, Rule 2.2.

51. d. Failure to Address Jurisdictional Challenge: Judge Day failed to address Witt's jurisdictional challenge on the record and continued the proceedings without establishing the court's subject matter jurisdiction, violating Witt's due process rights. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (EXHIBITS VII and VIII).

52. e. Improper Entry of Plea: On January 25, 2023, Judge Day again acted improperly by entering a "not guilty" plea on Witt's behalf against his will and without addressing the pending litigation Witt had filed, violating Witt's Sixth Amendment right to control his own defense. See Faretta v. California, 422 U.S. 806, 819-20 (1975).

53. Improper Service and Insufficient Proof in Cases CE22-0009 and CE22-0005: In both cases CE22-0009 and CE22-0005, the court relied on improper service and insufficient proof of service, violating Witt's due process rights. In case CE22-0009, the summons was improperly served by mail without a court order authorizing alternative service, violating Colorado Rule of Civil Procedure 4(f) and the constitutional standard of notice set forth in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (EXHIBITS II, III, and XVI).

**Municipal Code Misuse leading to Due Process Violations:** ISSUE IDENTIFICATION: A CRITICAL ISSUE HAS EMERGED DUE TO THE TOWN OF BENNETT MUNICIPAL COURT'S APPLICATION OF BENNETT MUNICIPAL CODE SEC. 16-6-390 FOR GENERAL NOTICE SERVICE, A METHOD NOT SUPPORTED BY THE CODE'S INTENDED USE. THIS CODE STIPULATES:

> *"Sec. 16-6-390. - Notice. Any notice required by this Article shall be deemed sufficient if it is deposited in first-class mail, postage prepaid, to the address on the application, and shall be effective upon mailing. (Ord. 646-14 §1(Exh. A), 12-9-2014)"*

INTENDED CONTEXT VS. MISAPPLICATION: THE PROVISION EXPLICITLY TARGETS LAND DEVELOPMENT APPLICATIONS WITHIN CHAPTER 16 - "LAND USE AND DEVELOPMENT," SPECIFICALLY ARTICLE VI - "SEXUALLY ORIENTED BUSINESSES," DIVISION 3 - "ADMINISTRATION AND PROCEDURES." ITS MISAPPLICATION FOR NOTICE SERVICE BEYOND ITS ORIGINAL SCOPE EXHIBITS A LAPSE IN DUE DILIGENCE, AN ABSENCE OF ADHERENCE TO LEGAL STANDARDS BY COURT OFFICIALS AND UNCONSTITUTIONAL POLICIES, PRACTICES, OR CUSTOMS BY THE TOWN OF BENNETT'S MUNICIPAL COURT SYSTEM. .

CONSTITUTIONAL CONCERNS: THIS PROCEDURAL OVERSIGHT HAS LED TO SIGNIFICANT DUE PROCESS VIOLATIONS UNDER THE 4TH AND 14TH AMENDMENTS. THE ISSUANCE OF ARREST WARRANTS BASED ON SUCH IMPROPERLY SERVED NOTICES—PARTICULARLY FOR MINOR INFRACTIONS LIKE EXCESSIVE WEED GROWTH—RAISES SUBSTANTIAL CONCERNS ABOUT RIGHTS VIOLATIONS. THIS SYSTEMIC PROBLEM SUGGESTS AN OVERARCHING FAILURE BY TOWN OFFICIALS TO ALIGN LOCAL LEGISLATION WITH FEDERAL LAW AND CONSTITUTIONAL PROTECTIONS, IMPACTING NOT ONLY THE PLAINTIFF BUT POTENTIALLY AFFECTING THE RIGHTS OF AN INDETERMINATE NUMBER OF CITIZENS.

54. The actions of Judge Shawn Day and the court's reliance on improper service and insufficient proof demonstrate a clear pattern of abuse of process and denial of due process in the Town of Bennett's municipal court system. These violations of Witt's constitutional rights require immediate intervention by this Court to ensure fair and impartial proceedings and to hold the responsible parties accountable for their misconduct.

## Prosecutor Joseph Lico's Actions

55. 60. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

56. Prosecutor Joseph Lico engaged in misconduct by pursuing charges against Plaintiff Eric Witt in cases CE22-0005 and CE22-0009 without conducting a proper pre-filing investigation and by attempting to prosecute Witt under invalid and unconstitutional municipal codes:

57. a. Failure to Conduct Pre-Filing Investigation: Lico failed to conduct a proper pre-filing investigation, as required by Colorado Rule of Professional Conduct 3.8(a), and did not verify that the affidavits submitted by the citing officers contained sufficient facts to support the charges against Witt (EXHIBITS VI, VII, XVI, and XXII).

58. b. Attempting to Prosecute Under Invalid Municipal Codes: Lico attempted to prosecute Witt under municipal codes that were invalid and unconstitutional, as they lacked the necessary enacting clause and other elements required by Article V, Section 1 of the Colorado Constitution for valid laws enacted through the state's legislative process.

59. By attempting to prosecute Witt under invalid codes and without proper investigation, Lico abused his prosecutorial authority and violated Witt's due process rights. See Connally v. General Const. Co., 269 U.S. 385, 391 (1926) and Berger v. United States, 295 U.S. 78, 88 (1935).

60. The Plaintiff respectfully requests that this Court hold Prosecutor Joseph Lico accountable for his misconduct and take appropriate disciplinary action to ensure that such abuses of prosecutorial authority are not allowed to continue. The Court should also consider the impact of Lico's misconduct on the validity of the charges against Witt in cases CE22-0005 and CE22-0009 and take appropriate action to remedy any violations of Witt's rights.

## Unlawful Arrest and Detention of Plaintiff Eric Witt

61. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

62. On May 16, 2023, Eric Witt was apprehended by Deputy Kristofer Runge of the Adams County Sheriff's Department, acting under the authority of Adams County and the Adams County Sheriff's Office, predicated on

an alleged warrant tied to municipal code violation case CE22-0009, concerning excessive weeds on Witt's property. Witt contests that he was not duly served with a summons nor notified of the court date, which resulted in the warrant's issuance.

63. The plaintiff posits that the actions taken against him, inclusive of the arrest and detention, were motivated in part by his active lawsuit against Adams County Judge Teri Vasquez (case number 22cv02242). Witt's litigation history and his challenge against jurisdictional propriety underscore a pattern of retaliation and abuse of authority by the defendants, evidenced by coordinated actions between Bennett and Adams County officials designed to intimidate Witt in retaliation for his constitutional exercise of petitioning for redress of grievances.

64. The arrest of Witt, executed without proper service of notice, contravenes the Fourth Amendment's safeguards against unreasonable searches and seizures. Deputy Runge's inconsistency in notification practices, as well as the failure to present Witt with the warrant at any juncture, underscores a violation of Witt's rights. Moreover, the detention of Witt in excess of 24 hours without judicial review exacerbates this breach, counter to the mandate for a prompt judicial determination of probable cause as established in County of Riverside v. McLaughlin, 500 U.S. 44 (1991) .

65. The conditions of Witt's detention, including denial of access to legal materials and being subjected to excessive security measures, infringe upon his Fourteenth Amendment due process rights and Sixth Amendment right to court access. Such conditions are not in alignment with the standards set forth in Bounds v. Smith, 430 U.S. 817 (1977), and Bell v. Wolfish, 441 U.S. 520 (1979).

66. Deputy Runge's pre-arrest statements, captured on body camera footage regarding the bond amount, raise substantial concerns about the arrest's legality and hint at a potential abuse of authority. The arrest decision should rest on probable cause and adherence to lawful warrant execution, independent of bond type considerations. This aspect touches upon potential arbitrary and discriminatory law enforcement, prohibited by the Equal Protection Clause of the Fourteenth Amendment.

67. The Plaintiff seeks a judicial determination affirming the unconstitutionality of Deputy Runge's actions and a violation of Witt's Fourth, Sixth, and Fourteenth Amendment rights. The court is urged to mandate declaratory and injunctive relief to preclude future infractions, alongside compensatory and punitive damages. Additionally,

the disclosure of all pertinent body camera footage and records is imperative to elucidate the constitutional violations in question. The Plaintiff also proposes a court-ordered investigation into the Adams County Sheriff's Department's policies and training to ensure alignment with constitutional arrest, detention, and warrant execution mandates.

## Unlawful Eviction by Janeway Law Firm P.C., Antonio Maez and the Adams County Sheriff's Office

68. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

69. The Janeway Law Firm (JLF), a private entity that regularly engages in the practice of law, including representing parties in eviction proceedings, acted in close coordination with the Adams County Sheriff's Office to execute the unlawful eviction of Plaintiff Eric Witt using an invalid writ of restitution.

70. By filing a writ of restitution that lacked the necessary signatures from a judge or court clerk, JLF set in motion a series of events that led to the violation of Plaintiff's constitutional rights. JLF's actions, taken in conjunction with those of the Adams County Sheriff's Office, constitute a misuse of the legal process and an abuse of the state's eviction procedures.

71. The U.S. Supreme Court has recognized that private parties can be held liable under 42 U.S.C. § 1983 when they act in concert with state officials to deprive individuals of their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982). By collaborating with the Adams County Sheriff's Office to execute an unlawful eviction based on an invalid writ, JLF acted under color of law and can be held liable for the resulting constitutional violations.

72. JLF's liability under 42 U.S.C. § 1983 is further supported by the firm's alleged involvement in the theft of Plaintiff's court documents during the eviction and the subsequent alteration of court records to conceal the unlawful nature of the eviction.

73. The execution of the eviction based on the invalid writ filed by JLF and in the face of ongoing federal litigation raises serious questions about the conduct of Deputy Maez, Deputy Runge, and the two other deputies, as well as the role played by JLF in facilitating the unlawful eviction. Their actions suggest a willful disregard for the law

and a failure to uphold their sworn duties to protect and serve the public. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

74. On June 5, 2023, Eric Witt was served with a writ of restitution that was not signed by a clerk or judge, rendering it legally invalid and insufficient to authorize the eviction (EXHIBITS XVII, XVIII, XIX, XX, XXI, XXIII, and XXIV).

75. Despite the invalidity of the writ and Witt's verbal notice to Deputy Antonio Maez about the invalid writ, when Adams County Sheriff's deputies Antonio Maez, Kristofer Runge, John Doe #1, and John Doe #2 arrived at Witt's residence to execute the writ of restitution, they proceeded with the eviction.

76. During the eviction, the plaintiff's court documents were stolen, preventing him from proving the invalidity of the original writ and exposing the unlawful nature of the eviction. This theft violated the plaintiff's rights and obstructed justice.

77. Following the eviction, the plaintiff discovered that the court records had been swapped with another document, which he has also proven to be invalid. This action suggests a deliberate attempt by the Janeway Law Firm (JLF), the Adams County Sheriff's Office, and potentially other parties to conceal the unlawful nature of the eviction and their involvement in the misconduct.

78. The plaintiff has obtained evidence, including a forensic analysis of the invalid writs and documentation supporting the theft of his court documents, which substantiates his allegations of fraudulent and unlawful conduct by JLF and the Adams County Sheriff's Office.

79. Under Colorado law, a writ of restitution must be issued by a court and signed by a judge or magistrate. Colorado Rules of Civil Procedure, Rule 58(a), and Colorado Revised Statutes § 13-40-115(1)(d) indicate that the court, either the judge or the clerk, is responsible for signing and entering judgments and verdicts in Colorado courts. The absence of a proper signature on the writ presented by Deputy Maez indicates that the document was not legally valid.

80. Despite Witt's verbal notice and objection, Deputy Maez proceeded with the eviction process, disregarding the concerns raised about the writ's validity. This action by Deputy Maez demonstrates a disregard for due process and a failure to properly assess the legal authority under which the eviction was being carried out. See Wolf-Lillie v. Sonquist, 699 F.2d 864 (1983).

81. Prior to the arrival of the deputies on June 5, 2023, Witt had posted a notice on his front door regarding an active title dispute over the property in federal court. The notice clearly stated that the property was the subject of ongoing litigation in the United States District Court for the District of Colorado, referencing case numbers 23-1140, 22cv02242, and 23-1183.

82. Under the Supremacy Clause of the U.S. Constitution, federal law and federal court jurisdiction take precedence over state law and state court actions. When a property is the subject of ongoing litigation in federal court, state officials must exercise caution before taking any action that could interfere with the federal court's jurisdiction or the rights of the parties involved in the federal case. See Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc., 121 P.3d 350 (2005).

83. However, despite the presence of the notice, the deputies carried out the eviction without properly addressing the implications of the ongoing federal litigation. This action shows a disregard for the supremacy of federal jurisdiction and a failure to consider the potential consequences of evicting an individual from a property that is the subject of an active legal dispute.

84. Notwithstanding Witt's verbal objections to Deputy Maez and the written notice posted on his door, the Adams County Sheriff's Department proceeded with the eviction on June 5, 2023. The deputies forcibly removed Witt from his residence and seized his personal property.

85. The execution of the eviction, despite clear indications that the writ of restitution was invalid and that the property was the subject of an ongoing federal lawsuit, represents a gross violation of Witt's constitutional rights under the Fourth and Fourteenth Amendments. See U.S. Const. amend. IV; Soldal v. Cook County, 506 U.S. 56, 69 (1992); U.S. Const. amend. XIV, § 1; Fuentes v. Shevin, 407 U.S. 67, 80-81 (1972).

86. By carrying out the eviction without a valid court order and in the face of Witt's objections and the federal court notice, the deputies acted under color of law to deprive Witt of his rights. Their actions constitute an unlawful seizure, an abuse of process, and a denial of due process. See 42 U.S.C. § 1983; Soldal, 506 U.S. at 69-71.

87. The execution of the eviction resulted in significant harm to Witt, both in terms of the loss of his possessions and the emotional distress caused by being forcibly removed from his home. Witt's personal items, including family heirlooms, memorabilia, and antiques, were either lost or damaged during the eviction process.

88. Furthermore, the manner in which the eviction was carried out, with Witt being given insufficient time to gather his belongings and facing threats of arrest if he attempted to retrieve them after the initial 48-hour period, exacerbated the violation of his rights. The actions of the Adams County Sheriff's Department demonstrate a callous disregard for Witt's property rights and his right to be free from unreasonable seizures.

89. The execution of the eviction based on an invalid writ and in the face of ongoing federal litigation raises serious questions about the conduct of Deputy Maez, Deputy Runge, and the two other deputies. Their actions suggest a willful disregard for the law and a failure to uphold their sworn duties to protect and serve the public. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

90. The Plaintiff respectfully requests that this Court find the actions of Sheriff Antonio Maez, Kristofer Runge, John Doe #1, and John Doe #2 in executing the unlawful eviction to be a violation of Witt's Fourth and Fourteenth Amendment rights. The Court should issue declaratory and injunctive relief to prevent future violations and award compensatory and punitive damages to compensate Witt for his losses and deter similar misconduct by law enforcement officials.

### Conspiracy and Concerted Action

91. The coordinated actions of the Defendants, occurring within a compressed timeframe and following the Plaintiff's legal challenges, demonstrate a concerted effort and conspiracy to retaliate against the Plaintiff and deprive him of his constitutional rights under the First, Fourth, and Fourteenth Amendments, as well as various state laws.

# ADDRESSING LEGAL DOCTRINES

## Younger Abstention Doctrine

### Inapplicability to Eric's case

1. The Younger abstention doctrine, derived from Younger v. Harris, 401 U.S. 37 (1971), generally requires federal courts to abstain from hearing civil rights claims that would interfere with ongoing state criminal proceedings.

The doctrine is based on principles of comity, federalism, and respect for state functions. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).

2. However, Eric Witt contends that the Younger doctrine is inapplicable to his case because the state proceedings at issue do not fall within the categories typically warranting abstention. The Supreme Court has identified three "exceptional circumstances" in which Younger abstention is appropriate: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013).

3. Eric asserts that the municipal code violation cases against him, CE22-0005 and CE22-0009, do not constitute ongoing state criminal prosecutions or civil enforcement proceedings that would trigger Younger abstention. He further argues that his federal claims do not seek to interfere with the state courts' ability to perform their judicial functions, but rather to vindicate his constitutional rights and address the alleged misconduct of state and local officials.

## Exceptions to the doctrine

4. Even if the Younger doctrine were found to apply to some aspects of Eric's case, he contends that his claims fall within recognized exceptions to the doctrine.

5. The Supreme Court has held that abstention may be inappropriate where the state proceeding is motivated by a desire to harass or is conducted in bad faith, or where the challenged statute is "flagrantly and patently violative of express constitutional prohibitions." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975).

6. Eric alleges that the prosecutions against him in cases CE22-0005 and CE22-0009 were motivated by a desire to retaliate against him for his legal actions and to intimidate him into abandoning his challenges to the defendants' authority. He also asserts that the municipal codes used to prosecute him are unconstitutional on their face, as they lack the necessary elements required by state law.

7. These allegations, if proven, could support a finding that the state proceedings were conducted in bad faith or were based on patently unconstitutional statutes, thus rendering Younger abstention inappropriate.

# Heck v. Humphrey Doctrine

## Distinguishing Eric's claims from the doctrine's scope

8.  The Heck v. Humphrey doctrine, derived from Heck v. Humphrey, 512 U.S. 477 (1994), bars § 1983 claims that necessarily imply the invalidity of a prior criminal conviction or sentence, unless the conviction or sentence has been vacated, expunged, or otherwise invalidated. Id. at 486-87.

9.  However, Eric Witt argues that his federal claims do not fall within the scope of the Heck doctrine because they do not necessarily imply the invalidity of any existing criminal conviction or sentence.

10. First, Eric notes that the charges against him in case CE22-0005 were ultimately dismissed, and thus there is no conviction or sentence in that case that could be invalidated by his federal claims.

11. Second, while Eric did enter a guilty plea in case CE22-0009, he contends that his federal claims relate primarily to the defendants' conduct leading up to and surrounding the prosecution, rather than the validity of the conviction itself. He asserts that his claims of retaliation, abuse of process, and malicious prosecution can be adjudicated without necessarily implying the invalidity of his guilty plea.

## Absence of a conviction or sentence to be invalidated

12. Absence of a conviction or sentence to be invalidated.

13. Even if some of Eric's claims could be construed as challenging the validity of his guilty plea in case CE22-0009, he argues that the Heck doctrine would not bar those claims because the conviction has effectively been invalidated.

14. Eric alleges that his guilty plea was the product of coercion and intimidation by the defendants, particularly in light of the retaliatory nature of the prosecution and the unconstitutional municipal code used to charge him. He asserts that these circumstances render his plea invalid and supports a finding that the resulting conviction has been effectively overturned.

15. Moreover, Eric contends that he could not have obtained a fair and impartial adjudication of his claims in the Bennett Municipal Court due to the alleged misconduct and bias of Judge Day. Specifically, Eric alleges that

Judge Day incorrectly answered his first jurisdictional challenge in case CE22-0005, completely ignored his second jurisdictional challenge in case CE22-0009 and disregarded the counterclaim Eric filed against Judge Day and Prosecutor Lico, which made them parties to the case. Despite these clear conflicts of interest, Judge Day continued to preside over the cases and even signed the warrant that led to Eric's arrest.

16. These actions by Judge Day demonstrate a disturbing pattern of misconduct and a blatant disregard for proper legal procedure. They create the appearance of bias and cast serious doubt on the fairness and impartiality of the proceedings in the Bennett Municipal Court. In light of this alleged misconduct, Eric argues that he could not have obtained justice in the municipal court and that his federal claims should be heard in this Court, where he can receive a fair and impartial adjudication.

17. Burd v. Sessler, 702 F.3d 429 (7th Cir. 2012): This case involved a § 1983 action brought by a prisoner alleging due process violations in his disciplinary proceedings. The Seventh Circuit held that the prisoner's claims were not barred by Heck, even though success on those claims might result in the restoration of good-time credits and a shorter sentence. The court emphasized that "the Heck bar is applicable only when a collateral attack on the conviction itself is involved." Id. at 433. This case supports the argument that Eric's claims, which primarily challenge the defendants' conduct and the fairness of the proceedings, do not amount to a collateral attack on his conviction and thus are not barred by Heck.

18. Furthermore, to the extent that any of Eric's claims do imply the invalidity of his guilty plea, he contends that he should be permitted to pursue those claims in federal court and seek the invalidation of the plea as part of the relief requested. The Supreme Court has recognized that in some circumstances, a § 1983 plaintiff may be permitted to pursue claims that imply the invalidity of a conviction if the plaintiff is willing to accept the resulting consequences, such as the reinstatement of criminal charges. Spencer v. Kemna, 523 U.S. 1, 17 (1998).

19. In light of these arguments, Eric maintains that the Heck doctrine does not bar his federal claims, and that he should be permitted to pursue all of his claims in this Court.

# JUDGE SHAWN DAY AND PROSECUTOR JOE LICO (JUDICIAL IMMUNITY DISQUALIFICATIONS)

## Judicial Immunity Breach by Judge Shawn Day

20. Judge Shawn Day's actions in cases CE22-0005 and CE22-0009 demonstrate a clear breach of judicial immunity. Through an analysis of relevant case law and the specific actions taken by Judge Day, it is evident that his conduct exceeded the scope of judicial immunity and violated established principles of due process and impartiality.

## Judicial Actions Prompting Immunity Breach

### Failure to Address Improper Service of Summons:

21. In both cases CE22-0005 and CE22-0009, Judge Day allowed the proceedings to continue despite clear evidence that the summons had been improperly served via first-class mail without a court order authorizing alternative service (Exhibits II, III, XVI). By failing to recognize and address this improper service, Judge Day neglected his duty to ensure that the plaintiff's due process rights were protected.

### 22. Addressing Jurisdictional Challenges for the Prosecution:

23. On September 28, 2022, during the proceedings of case CE22-0005, Judge Day improperly addressed jurisdictional challenges on behalf of the prosecution, compromising his role as an impartial adjudicator.

### 24. Ignoring Jurisdictional and Procedural Protocols:

25. On January 25, 2023, in case CE22-0009, Judge Day failed to ensure the prosecution adequately responded to jurisdictional challenges and entered a not guilty plea on behalf of the plaintiff contrary to his expressed wishes, disregarding due process and the defendant's rights.

### Conflict of Interest in Adjudication:

26. Judge Day continued to preside over a case in which he was a party due to the plaintiff's countersuit, presenting a clear conflict of interest and undermining judicial impartiality.

## B. Legal Analysis

27. Stump v. Sparkman, 435 U.S. 349 (1978): This case establishes that a judge may be subject to liability when acting in the "clear absence of all jurisdiction." Judge Day's actions, particularly his failure to address improper service, involvement in prosecutorial functions, and disregard for jurisdictional challenges, constitute conduct outside the scope of his judicial authority.

28. Mireles v. Waco, 502 U.S. 9 (1991): This case holds that judicial immunity does not apply if the judge's actions were not taken in a judicial capacity or were in the absence of all jurisdiction. Judge Day's actions, such as allowing cases to proceed without proper service, addressing jurisdictional challenges for the prosecution, and entering a plea on behalf of the plaintiff, were not within his judicial capacity and were taken in the absence of proper jurisdiction.

29. Forrester v. White, 484 U.S. 219 (1988): In this case, the Supreme Court held that administrative decisions made by judges, such as personnel decisions, are not covered by judicial immunity. Similarly, Judge Day's actions in failing to address improper service, entering a plea on behalf of the plaintiff, and issuing an arrest warrant without proper notification can be considered administrative decisions outside the scope of judicial immunity.

30. In conclusion, Judge Shawn Day's failure to recognize and address the improper service of summons in cases CE22-0005 and CE22-0009, combined with his other actions that exceeded the scope of his judicial authority, clearly demonstrate a breach of judicial immunity. His conduct violated the plaintiff's due process rights and disregarded fundamental principles of impartiality, rendering him liable for the resulting harm to the plaintiff.

## Disqualification of Prosecutorial Immunity for Joseph Lico

31. Prosecutor Joseph Lico's conduct in cases CE22-0005 and CE22-0009 also falls outside the protection of prosecutorial immunity. His actions, including his misuse of the Town of Bennett's municipal code, his failure to ensure proper service of summons to the plaintiff, Eric Witt, his pursuing charges without proper pre-filing investigation and attempting to prosecute under invalid municipal codes, violate clearly established statutory and constitutional rights, rendering him ineligible for the protections afforded by absolute prosecutorial immunity.

## Misuse of Municipal Code for Improper Service

32. In both cases CE22-0005 and CE22-0009, Lico attempted to serve summons on the plaintiff via first-class mail without obtaining a court order authorizing alternative service, as required by Colorado Rule of Civil Procedure 4(f). Instead, Lico relied on an inapplicable municipal code, Bennett Municipal Code Sec. 16-6-390, which states:

33. "Any notice required by this Article shall be deemed sufficient if it is deposited in first-class mail, postage prepaid, to the address on the application, and shall be effective upon mailing."

34. However, this code is intended for land development applications within Chapter 16 - "Land Use and Development," specifically Article VI - "Sexually Oriented Businesses," Division 3 - "Administration and Procedures." Lico's misapplication of this code to serve court summons in criminal cases is a clear overreach and abuse of his prosecutorial authority.

## Failure to Ensure Proper Service

35. By relying on an improper method of service, Lico failed to ensure that the plaintiff received adequate notice of the charges against him, violating his due process rights under the Fourteenth Amendment. The Supreme Court has held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Lico's actions, which resulted in summons being returned as undeliverable (Exhibits II, III, XVI), do not meet this constitutional standard.

## Failure to Conduct Pre-Filing Investigation:

36. Lico failed to conduct a proper pre-filing investigation, as required by Colorado Rule of Professional Conduct 3.8(a). He did not verify that the affidavits submitted by the citing officers contained sufficient facts to support the charges against the plaintiff.

## Attempting to Prosecute Under Invalid Municipal Codes:

37. Lico attempted to prosecute the plaintiff under municipal codes that were invalid and unconstitutional, as they lacked the necessary elements required by state law. Despite being aware of these deficiencies, Lico continued to pursue the charges.

## Legal Analysis

38. Imbler v. Pachtman, 424 U.S. 409 (1976): While this case established the doctrine of prosecutorial immunity, it also noted that such immunity is not absolute and does not extend to a prosecutor's actions that are "investigative" or "administrative" in nature, rather than "advocative." Lico's misuse of the municipal code and failure to ensure proper service fall outside the scope of his advocative duties and are thus not protected by absolute immunity.

39. Harlow v. Fitzgerald, 457 U.S. 800 (1982): This case established the modern test for qualified immunity, protecting government officials from liability only when their actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Lico's misapplication of the municipal code and the resulting violation of the plaintiff's due process rights constitute a violation of clearly established constitutional rights, rendering him ineligible for qualified immunity.

40. Buckley v. Fitzsimmons, 509 U.S. 259 (1993): In this case, the Supreme Court emphasized that prosecutors are not entitled to absolute immunity for administrative or investigative functions. Lico's actions in misusing the municipal code and failing to ensure proper service are administrative in nature and thus fall outside the scope of absolute prosecutorial immunity.

41. Imbler v. Pachtman, 424 U.S. 409 (1976): While this case established the doctrine of prosecutorial immunity, it also noted that such immunity does not extend to a prosecutor's actions that are "investigative" or "administrative" in nature, rather than "advocative."

42. Burns v. Reed, 500 U.S. 478 (1991): This case held that a prosecutor providing legal advice to the police is not entitled to absolute immunity. Lico's failure to properly advise the citing officers on the validity of the municipal codes and the sufficiency of their affidavits can be considered legal advice outside the scope of prosecutorial immunity.

43. Buckley v. Fitzsimmons, 509 U.S. 259 (1993): In this case, the Supreme Court ruled that a prosecutor's conduct during the investigative stage of a case, before probable cause has been established, is not protected by absolute immunity. Lico's failure to conduct a proper pre-filing investigation falls within this investigative stage and is thus not shielded by prosecutorial immunity.

44. In conclusion, the actions of both Judge Shawn Day and Prosecutor Joseph Lico clearly exceed the boundaries of their respective immunities. Their conduct, which violated the plaintiff's constitutional rights and disregarded fundamental principles of due process and impartiality, should not be protected by the doctrines of absolute judicial and prosecutorial immunity or qualified immunity.

# LEGAL CLAIMS

## FIRST CLAIM: VIOLATION OF FOURTH AMENDMENT RIGHTS

The plaintiff, Eric Witt, realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures by government officials. It states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

### Unlawful search and seizure

Eric Witt alleges that the actions of the Bennett Fire Department, particularly those of Battalion Chief Caleb J. Conner, in entering his property without a warrant and seizing his dog, Willow, on May 9, 2022, constituted an unlawful search and seizure in violation of the Fourth Amendment.

Warrantless searches and seizures inside a home are presumptively unreasonable, subject to a few carefully delineated exceptions. Brigham City, Utah v. Stuart, 547 U.S. 398, 403 (2006). While exigent circumstances, such as the need to render emergency aid, may justify a warrantless entry in some cases, the mere presence of an injured animal does not automatically create an exigency sufficient to bypass the warrant requirement. See Shapiro v. City of Glen Cove, 236 F. App'x 645, 647 ( Cir. 2007).

In this case, the Bennett Fire Department has failed to provide clear evidence, such as the withheld ADCOM transcripts, to support their claim that the severity of Willow's injuries created an exigent circumstance justifying the warrantless entry and seizure. Eric alleges that the fire department's actions were unreasonable and exceeded the scope of any permissible exception to the warrant requirement.

To prevail on this claim, Eric must demonstrate that (1) the defendants' actions constituted a search or seizure within the meaning of the Fourth Amendment; (2) the search or seizure was unreasonable; and (3) the defendants were acting under color of state law. See Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000).

## Unlawful arrest and detention

- Eric also alleges that his arrest on May 16, 2023, by Adams County ,Town of Bennett Adams County Sheriff's Deputy Kristofer Runge, and his subsequent detention at the Adams County Jail, violated his Fourth Amendment rights.
  In the "Unlawful arrest and detention" subsection, add Adams County as a defendant alongside Deputy Kristofer Runge and the Adams County Sheriff's Office.

An arrest is a seizure under the Fourth Amendment and must therefore be supported by probable cause. Dunaway v. New York, 442 U.S. 200, 212-13 (1979). Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense. Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

Eric contends that his arrest on an alleged warrant related to a municipal code violation for excessive weeds (case CE22-0009) was not supported by probable cause. He maintains that he was never properly served with a summons or notified of the court date that led to the issuance of the warrant, rendering the warrant itself invalid.

Moreover, Eric alleges that his prolonged detention at the Adams County Jail without a prompt judicial determination of probable cause violated his Fourth Amendment rights. The Supreme Court has held that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will generally comply with the promptness requirement of the Fourth Amendment. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). Detention beyond this 48-hour window is presumptively unreasonable and shifts the burden to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. Id. at 57. While Eric's detention did not exceed the 48-hour window, he alleges that other inmates who arrived at the jail after him were provided a prompt probable cause hearing before a judge, despite Eric not receiving such a hearing. Furthermore, Eric was subjected to a 23-hour lockdown and housed with inmates facing long-term sentencing for serious crimes, even though Eric's detention stemmed from a minor civil matter. This unequal treatment and imposition of excessive security measures, despite Eric's detention being for a relatively minor offense, further support his claim of an unlawful detention in violation of the Fourth Amendment's promptness and reasonableness requirements.

To succeed on this claim, Eric must show that (1) he was arrested and detained; (2) the arrest and detention were unreasonable under the circumstances; and (3) the defendants were acting under color of state law. See Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012).

## Unlawful Eviction and Fraudulent Writ of Restitution by Janeway Law Firm and Adams County Sheriff's Office

The plaintiff, Eric Witt, realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

The Janeway Law Firm (JLF), in collaboration with the Adams County Sheriff's Office and other defendants, engaged in a fraudulent and unlawful eviction process, which included the use of an invalid writ of restitution and the theft of the plaintiff's court documents.

JLF filed a writ of restitution that was not signed by a clerk or judge, rendering it legally invalid and insufficient to authorize the eviction. Despite this, the Adams County Sheriff's Office proceeded with the eviction, violating the plaintiff's constitutional rights and disregarding the lack of proper legal authority.

During the eviction, the plaintiff's court documents were stolen, preventing him from proving the invalidity of the original writ and exposing the unlawful nature of the eviction. This theft violated the plaintiff's rights and obstructed justice.

Following the eviction, the court records were swapped with another document that the plaintiff has also proven to be invalid, suggesting a deliberate attempt by JLF, the Adams County Sheriff's Office, and potentially other parties to conceal the unlawful nature of the eviction and their involvement in the misconduct.

The actions of JLF and the Adams County Sheriff's Office constitute a severe abuse of process, violation of the plaintiff's constitutional rights, and potential criminal behavior. The use of fraudulent documents and the manipulation of court records underscore the depth of corruption and misconduct surrounding the plaintiff's eviction.

As a result of the defendants' fraudulent and unlawful actions, the plaintiff has suffered significant damages, including the loss of his home, personal property, and legal documents, as well as emotional distress and harm to his reputation.

## Town of Bennett Unreasonable Seizure

The Town of Bennett, through its agents and employees, violated Plaintiff's Fourth Amendment rights by subjecting him to an unreasonable seizure when they arrested and detained him on a warrant stemming from a minor municipal infraction for which he was never properly served.

The Fourth Amendment protects individuals from unreasonable searches and seizures, requiring that warrants be based on probable cause and supported by oath or affirmation. In this case, the warrant for Plaintiff's arrest was issued without proper service of the original summons, thereby lacking the necessary probable cause and procedural foundation.

The Town of Bennett's failure to adhere to due process requirements and proper service procedures renders the subsequent arrest warrant constitutionally deficient. By arresting and detaining Plaintiff on this invalid warrant, the town's agents subjected him to an unreasonable seizure in violation of his Fourth Amendment rights.

Furthermore, the town's actions in detaining Plaintiff in a facility 30 miles away from his residence, without access to his phone or wallet, and denying him a prompt hearing before a judge, exacerbated the unreasonableness of the seizure. This unconstitutional deprivation of liberty caused Plaintiff to suffer undue hardship and emotional distress.

The Town of Bennett's blatant disregard for Plaintiff's constitutional rights and its failure to follow proper legal procedures resulted in a clear violation of the Fourth Amendment's protection against unreasonable seizures. As such, the town must be held accountable for its actions and the harm caused to Plaintiff.

## Unlawful Eviction

Eric Witt further alleges that the Adams County through the Adams County Sheriff's Office violated his Fourth Amendment rights by executing an eviction based on an invalid writ of restitution on June 5, 2023, at 170 Coolidge Court, Bennett, Colorado, 80102. Despite Eric Witt verbally stating the writ of restitution was invalid and the title dispute over the property is still active in higher court. Also, in further despite a conspicuous notice taped to the front door that stated the writ was invalid and that the property has a title dispute in higher court with provided case numbers, 4 Adams county Deputies, Deputy Antonio Maez, Deputy Kristofer Runge, Deputy John Doe#1 and John Doe #2 proceeded with the eviction, forcibly removing Eric from his home and seizing his property.

The Fourth Amendment protects against unreasonable seizures of property, including those carried out pursuant to an eviction. See Soldal v. Cook County, 506 U.S. 56, 69 (1992). When a law enforcement officer executes an eviction based on a writ that is known to be invalid or lacking proper authority, the officer violates the Fourth Amendment rights of the individual being evicted.

By carrying out the eviction despite clear evidence that the writ of restitution was invalid, the Adams County Sheriff's Office deputies acted unreasonably and violated Eric's Fourth Amendment right to be free from unreasonable seizures of his property.

To succeed on this claim, Eric must demonstrate that (1) the defendants' actions constituted a seizure within the meaning of the Fourth Amendment; (2) the seizure was unreasonable; and (3) the defendants were acting under the color of state law. See Soldal, 506 U.S. at 61-62.

## SECOND CLAIM: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

The plaintiff, Eric Witt, realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

The Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1.

### Arbitrary and Unlawful Water Service Termination

Eric Witt further alleges that the Town of Bennett through its water utility department and john/jane Does of the Town of Bennett utility, violated his Fourteenth Amendment due process rights by arbitrarily and unlawfully terminating his water service. Despite Eric having paid his water bill in full, the Town of Bennett failed to restore his water service for 6 days, in violation of Colorado law requiring restoration within 24 hours of payment. Furthermore, the Town of Bennett sent Eric a water bill with an incorrect due date and then proceeded to shut off his water service again, nearly two weeks before the stated due date on the bill. These actions demonstrate a clear deprivation of property without due process, as Eric was denied an essential service without proper notice or opportunity to contest the premature and unlawful termination of his water service.

## Deprivation of property without due process

Eric Witt alleges that the eviction carried out by the Adams County Sheriff's Department on June 5, 2023, based on an invalid writ of restitution, constituted a deprivation of his property without due process of law.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment requires that individuals be given notice and an opportunity to be heard before being deprived of their property. Fuentes v. Shevin, 407 U.S. 67, 80 (1972). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

In this case, Eric asserts that the writ of restitution used to effectuate his eviction was invalid, as evidenced by the lack of proper signatures and the forensic analysis revealing irregularities and potential tampering. He further alleges that he was not provided with adequate notice or an opportunity to challenge the eviction, particularly in light of the ongoing federal litigation concerning the title to the property.

To prevail on this claim, Eric must demonstrate that (1) he had a protected property interest; (2) he was deprived of that interest by the defendants; and (3) the deprivation occurred without due process of law. See Knick v. Township of Scott, Pennsylvania, 139 S. Ct. 2162, 2167 (2019).

## Deprivation of Liberty and Property without Due Process

The Town of Bennett, through its agents and employees under the authority of Adams County, violated Plaintiff's Fourteenth Amendment rights by depriving him of his liberty and property without due process of law.

The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property without due process of law. This fundamental right ensures that individuals are afforded fair and proper legal procedures before being subjected to such deprivations.

In this case, the Town of Bennett failed to provide Plaintiff with adequate notice and opportunity to be heard before issuing a warrant for his arrest and subsequently detaining him. The town's misapplication of its municipal code for

service of process and its failure to properly serve Plaintiff with a summons for the original weed violation deprived him of the notice required by due process.

Furthermore, the town's actions in entering a not guilty plea on Plaintiff's behalf - his consent and holding onto a court date after the cases were transferred back from federal court demonstrate a clear disregard for his right to participate in his own defense and make informed decisions about his case.

By arresting and detaining Plaintiff on a warrant stemming from these constitutionally deficient procedures, the town deprived him of his liberty without due process of law. The town's failure to provide Plaintiff with a prompt hearing before a judge while in custody further compounded this violation.

Moreover, the town's actions resulted in a deprivation of Plaintiff's property, as he was required to post a $1,000 surety bond to secure his release from custody. This financial burden was imposed on the Plaintiff as a direct result of the town's unconstitutional practices.

The Town of Bennett's blatant disregard for Plaintiff's Fourteenth Amendment rights and its failure to provide him with the basic due process protections guaranteed by the Constitution have caused him significant harm, including emotional distress and financial losses. As such, the town must be held accountable for its actions and the violations of Plaintiff's constitutional rights.

## Denial of procedural due process

Eric also alleges that the actions of Judge Shawn Day and Prosecutor Joseph Lico in cases CE22-0005 and CE22-0009 violated his right to procedural due process under the Fourteenth Amendment.

Procedural due process requires that individuals be given fair notice and a meaningful opportunity to be heard before being subjected to significant deprivations of liberty or property. Mathews v. Eldridge, 424 U.S. 319, 348 (1976). The specific requirements of procedural due process are flexible and depend on the particular situation, but at a minimum, "the deprivation of life, liberty or property by adjudication must be preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane, 339 U.S. at 313.

Eric contends that Judge Day and Prosecutor Lico pursued charges against him based on invalid municipal codes, defective affidavits, and improper service of summonses. He asserts that these procedural deficiencies denied him fair notice of the charges and a meaningful opportunity to defend against them. Moreover, Eric alleges that Judge Day's conduct in entering a plea on his behalf against his will and without addressing pending litigation further violated his procedural due process rights.

To succeed on this claim, Eric must establish that (1) he had a protected liberty or property interest; (2) the defendants deprived him of that interest; and (3) the defendants did not afford him adequate procedural rights prior to the deprivation. See Nelson v. Colorado, 137 S. Ct. 1249, 1255 (2017).

## UNCONSTITUTIONAL ORDINANCE (BMC 7-5-30)

Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

Bennett Municipal Code 7-5-30 makes it unlawful for a property owner to allow weeds or brush over 6 inches tall to grow on their lot, irrespective of any showing of harm or adverse effect on others.

On May 16, 2023, Plaintiff was arrested on a warrant for allegedly violating BMC 7-5-30 by having weeds over 6 inches tall on his property. Plaintiff's bond was set at $1,000.

BMC 7-5-30, is unconstitutional on its face and as applied to Plaintiff, violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. The ordinance:

a. Is arbitrary and lacks any rational relation to a legitimate governmental interest.

b. Criminalizes harmless, ordinary behavior - the growth of vegetation - that does not injure or interfere with the rights of others.

c. Imposes severe criminal penalties and burdens without any showing of actual harm or victim impact.

d. Allows arrests and incarceration for petty, victimless violations without adequate pre-deprivation process.

## THIRD CLAIM: FAILURE TO TRAIN OR SUPERVISE AND EQUAL PROTECTION VIOLATION (AGAINST ADAMS COUNTY, ADAMS COUNTY SHERIFF'S OFFICE, AND THE TOWN OF BENNETT)

Plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

Adams County and the Adams County Sheriff's Office are liable for the constitutional violations committed by their employees, including Deputy Kristofer Runge, Deputy Antonio Maez, and the two unidentified deputies (John Doe #1 and John Doe #2), as these violations resulted from the county's failure to properly train and supervise its law enforcement officers.

The actions of the aforementioned deputies during the unlawful arrest and detention of Eric Witt on May 16, 2023, and the unlawful eviction on June 5, 2023, demonstrate a clear lack of understanding and adherence to constitutional requirements for lawful arrests, the execution of valid writs of restitution, and the protection of citizens' due process rights (EXHIBITS XVII, XVIII, XIX, XX, XXI, XXII, XXIII, and XXIV).

Adams County and the Adams County Sheriff's Office failed to provide adequate training to their deputies regarding the proper procedures for serving valid court orders, obtaining and executing lawful writs of restitution, and respecting the constitutional rights of individuals during arrests and evictions. This failure to train amounts to deliberate indifference to the rights of citizens with whom the deputies come into contact, as it creates a foreseeable risk of constitutional violations.

Moreover, Adams County and the Adams County Sheriff's Office failed to properly supervise their deputies to ensure compliance with constitutional requirements and to prevent the abuse of authority. The repeated instances of misconduct by multiple deputies in the arrest and eviction of Eric Witt suggest a systemic lack of oversight and accountability within the county's law enforcement agency.

The Supreme Court has held that a municipality can be liable under 42 U.S.C. § 1983 for constitutional violations resulting from its failure to train or supervise its employees, if that failure amounts to deliberate indifference to the

rights of people with whom the employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). The Court further explained that "the need for more or different training [may be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390.

The unlawful arrest and detention of Eric Witt, carried out without proper service of notice and in violation of his Fourth, Sixth, and Fourteenth Amendment rights, as well as the unlawful eviction based on an invalid writ and in the face of ongoing federal litigation, demonstrate a clear need for more effective training and supervision of Adams County Sheriff's Office deputies. The failure to address these obvious deficiencies constitutes deliberate indifference to the rights of citizens like Eric Witt.

As a direct and proximate result of Adams County and the Adams County Sheriff's Office's failure to properly train and supervise their law enforcement officers, Eric Witt suffered substantial damages, including the loss of his liberty, the violation of his constitutional rights, emotional distress, and financial losses stemming from the unlawful eviction and the damage to his personal property.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and injunctive relief requiring Adams County and the Adams County Sheriff's Office to implement appropriate training and supervision policies to prevent future constitutional violations and to ensure that their law enforcement officers respect the rights of all citizens. Plaintiff also requests that the Court order an independent investigation into the policies, practices, and customs of the Adams County Sheriff's Office to identify and address any systemic deficiencies that contribute to the ongoing violation of citizens' constitutional rights.

## FOURTH CLAIM: FIRST AMENDMENT RETALIATION

Plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

The First Amendment to the United States Constitution protects the right to petition the government for redress of grievances, which includes the filing of lawsuits and other legal actions. BE & K Constr. Co. v. NLRB, 536 U.S. 516, 525 (2002).

Plaintiff Eric Witt engaged in constitutionally protected activity by filing lawsuits and legal challenges against various town officials and entities, including Judge Shawn Day, Prosecutor Joseph Lico, and the Town of Bennett. These legal actions sought to address the misconduct and violations of his rights by the defendants (EXHIBITS VII, VIII, IX, XII, XXII).

In response to Eric Witt's protected legal activities, the defendants, including officials from Adams County and the Town of Bennett, engaged in a series of retaliatory actions designed to intimidate, harass, and punish him for exercising his First Amendment rights. These retaliatory actions included, but were not limited to:

a. The unlawful arrest and detention of Eric Witt by Adams County Sheriff's Deputy Kristofer Runge on May 16, 2023, predicated on an alleged warrant stemming from a municipal code violation.

b. The unlawful eviction carried out by Adams County Sheriff's Deputies Antonio Maez, Kristofer Runge, and two unidentified deputies (John Doe #1 and John Doe #2) on June 5, 2023, based on an invalid writ of restitution and in the face of ongoing federal litigation (EXHIBITS XVII, XVIII, XIX, XX, XXI, XXII, XXIII, and XXIV).

c. The intimidation and harassment of Eric Witt by Town of Bennett employees and officials, including the presence of armed Adams County Sheriff's Deputies, during a court hearing on December 21, 2022 (EXHIBIT XII).

d. The continued pursuit of charges against Eric Witt by Prosecutor Joseph Lico in cases CE22-0005 and CE22-0009, despite the lack of proper pre-filing investigation and the use of invalid municipal codes (EXHIBITS VI, VII, XVI, and XXII).

The temporal proximity between Eric Witt's legal filings and the retaliatory actions taken by the defendants, as well as statements made by certain officials, such as Deputy Kristofer Runge's admission during the May 16, 2023 arrest that he was aware of Witt's ongoing federal litigation against Adams County Judge Teri Vasquez, strongly suggest a retaliatory motive behind the defendants' conduct.

The defendants' retaliatory actions were substantially motivated by Eric Witt's protected First Amendment activities, as evidenced by the pattern of misconduct and the coordinated efforts between Adams County and Town of Bennett officials to target Witt in response to his legal challenges.

The defendants' retaliatory conduct would deter a person of ordinary firmness from continuing to engage in protected First Amendment activities, as the unlawful arrest, detention, eviction, and continued legal harassment would discourage a reasonable person from pursuing further legal action against the government officials involved.

As a direct and proximate result of the defendants' retaliatory actions, Eric Witt suffered substantial damages, including the loss of his liberty, the violation of his constitutional rights, emotional distress, and financial losses stemming from the unlawful eviction and the damage to his personal property.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and injunctive relief prohibiting the defendants, including Adams County and its officials, from engaging in further retaliation against him for exercising his First Amendment rights. Plaintiff also requests that the Court order an investigation into the retaliatory practices of Adams County and the Town of Bennett officials to ensure that such misconduct is not allowed to continue and to protect the constitutional rights of all citizens who seek to petition their government for redress of grievances..

## FIFTH CLAIM: MUNICIPAL LIABILITY

FIFTH CLAIM: MUNICIPAL LIABILITY

Plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

Adams County and the Town of Bennett are liable for the constitutional violations committed by their employees and officials because these violations resulted from the municipalities' unconstitutional policies, practices, or customs.

Failure to Train and Supervise

105. As alleged in the Third Claim, Adams County and the Adams County Sheriff's Office failed to properly train and supervise their law enforcement officers, resulting in the violation of Eric Witt's constitutional rights during his unlawful arrest, detention, and eviction (EXHIBITS XVII, XVIII, XIX, XX, XXI, XXII, XXIII, and XXIV).

The failure to provide adequate training and supervision regarding lawful arrests, the execution of valid writs of restitution, and the protection of citizens' due process rights amounts to deliberate indifference to the constitutional rights of individuals like Eric Witt, as it creates a foreseeable risk of violations.

Unconstitutional Policies, Practices, or Customs

107. Adams County and the Town of Bennett have engaged in a pattern of unconstitutional conduct, as evidenced by the multiple instances of misconduct alleged in this complaint, including:

a. The use of invalid municipal codes as a basis for legal action against Eric Witt, as demonstrated by the summonses issued in cases CE22-0005 and CE22-0009 (EXHIBITS II, III, VI, VII, XVI, and XXII).

b. The reliance on improper service methods and insufficient proof of service in cases CE22-0005 and CE22-0009, violating Eric Witt's due process rights (EXHIBITS II, III, and XVI).

c. The failure to provide prompt probable cause hearings for individuals arrested on warrants stemming from municipal code violations, as experienced by Eric Witt following his arrest on May 16, 2023.

d. The arbitrary and unlawful termination of utility services, as demonstrated by the Town of Bennett's actions in depriving Eric Witt of water service for 6 days after he had paid his bill in full (EXHIBITS V, X, XI, and XXII).

These unconstitutional policies, practices, or customs were the moving force behind the violations of Eric Witt's constitutional rights, as they created an environment in which such violations were likely to occur and were tolerated or condoned by municipal officials.

The Supreme Court has recognized that a municipality can be held liable under 42 U.S.C. § 1983 when the execution of its policy or custom inflicts the constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Court further clarified that such liability can arise from a municipality's failure to properly train its employees, if that

failure amounts to deliberate indifference to the rights of people with whom the employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Adams County and the Town of Bennett's unconstitutional policies, practices, or customs, as well as their failure to properly train and supervise their employees, were the direct and proximate cause of the violations of Eric Witt's constitutional rights, including his First, Fourth, and Fourteenth Amendment rights, resulting in substantial damage.

Plaintiff seeks declaratory relief, compensatory and punitive damages, and injunctive relief requiring Adams County and the Town of Bennett to implement constitutional policies, practices, and training programs to prevent future violations of citizens' rights. Plaintiff also requests that the Court order an independent investigation into the policies, practices, and customs of Adams County and the Town of Bennett to identify and address any systemic issues that contribute to the ongoing violation of constitutional rights.

## Lack of Prompt Probable Cause Hearings

The Town of Bennett's lack of a municipal police force and its reliance on the Adams County Sheriff's Office for arrests creates a system where individuals arrested on Bennett warrants are unable to receive a prompt probable cause hearing before a judge. The plaintiff alleges that his processing within the Adams County Jail system was delayed, resulting in an overextended detention period of over 24 hours before bond could be posted. This violates the promptness requirement for probable cause determinations established in County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991).

Furthermore, the Adams County judges in Brighton do not have jurisdiction over Bennett municipal cases. This jurisdictional issue makes it impossible for individuals arrested on Bennett warrants to receive a prompt probable cause hearing. In order for an arrestee to appear before a judge with proper jurisdiction, they would need to be transported to Bennett while in custody. However, due to the small size of Bennett, the municipal court only convenes once a week, on Wednesdays. This limited court schedule effectively prevents the Town of Bennett from providing prompt probable cause hearings for individuals arrested on its warrants.

The U.S. Supreme Court has held that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will generally comply with the promptness requirement of the Fourth Amendment. (County of

Riverside v. McLaughlin, 500 U.S. 44, 56 (1991)). However, the Court also noted that even a hearing provided within 48 hours may nonetheless violate the Fourth Amendment if the arrested individual can prove that the probable cause determination was delayed unreasonably. Examples of unreasonable delay include "delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." (Id. at 56).

In the plaintiff's case, the combination of the Town of Bennett's reliance on the Adams County Sheriff's Office for arrests, the jurisdictional limitations of the Adams County judges, and the infrequent schedule of the Bennett Municipal Court creates a systemic barrier to providing prompt probable cause hearings. This system is not only inconsistent with the promptness requirement of the Fourth Amendment but also leaves arrestees vulnerable to extended detention without judicial oversight.

The Town of Bennett's apparent inability to provide prompt probable cause hearings due to its municipal structure and reliance on other agencies for law enforcement services raises serious constitutional concerns. The court should consider whether this systemic issue results in a pattern of Fourth Amendment violations and whether the Town of Bennett should be required to modify its practices to ensure that individuals arrested on its warrants receive prompt judicial determinations of probable cause, as required by the U.S. Constitution

C. Unconstitutional Municipal Codes The Town of Bennett has a policy or custom of enacting unconstitutional municipal codes, such as the weed ordinance used to prosecute the plaintiff in case CE22-0009. This ordinance allows for arrests and incarceration without requiring proof of harm to another party, violating due process principles. In City of Chicago v. Morales, 527 U.S. 41, 53 (1999), the Supreme Court held that a law that "contains no mens rea requirement" and "infringes on constitutionally protected rights" may be unconstitutionally vague.

D. Failure to Investigate Misconduct Following the alleged courtroom intimidation on December 21, 2022, the plaintiff emailed the mayor and other town administrators about the conduct of their staff (Complaint, ¶¶ 51-60). The mayor's response, directing the plaintiff to contact the town's lawyer, suggests a failure to properly investigate and address allegations of misconduct by town officials. This failure to investigate and take corrective action may

demonstrate deliberate indifference to the risk of constitutional violations. See Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 407 (1997).

To prevail on this claim, the plaintiff must demonstrate a direct causal link between these policies, practices, or customs and the constitutional violations he suffered. He must also show that the Town of Bennett acted with deliberate indifference in maintaining these policies, practices, or customs, despite the obvious risk of constitutional violations. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

## SIXTH CLAIM: ABUSE OF PROCESS AND MALICIOUS PROSECUTION

### Improper use of legal process

The plaintiff, Eric Witt, realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

Eric Witt alleges that various defendants, including Judge Shawn Day, Prosecutor Joseph Lico, and Code Enforcement Officer Sonya Zimmerman, engaged in an abuse of process by using legal proceedings against him for an improper purpose.

The common law tort of abuse of process requires a plaintiff to show (1) an ulterior purpose for the use of a judicial proceeding; (2) a willful act in the use of that process which is not proper in the regular conduct of the proceeding; and (3) resulting damage. Walker v. Van Laningham, 148 P.3d 391, 394 (Colo. App. 2006).

Eric contends that the defendants used the legal process against him, including the prosecution of cases CE22-0005 and CE22-0009 and the eviction proceedings, for the ulterior purpose of retaliating against him for his legal actions and to intimidate him into abandoning his challenges to their authority. He asserts that their actions, such as pursuing charges based on invalid municipal codes and executing an eviction based on an invalid writ, constituted willful misuse of the legal process.

To prevail on this claim, Eric must demonstrate that the defendants had an improper motive in pursuing the legal proceedings against him and that they engaged in specific conduct that was not proper in the regular course of those proceedings. McQuary v. Bel Air Convalescent Home, Inc., 684 P.2d 21, 22 (Or. Ct. App. 1984).

## Lack of probable cause

Eric also alleges that certain defendants, particularly Prosecutor Joseph Lico, engaged in malicious prosecution by pursuing charges against him without probable cause.

To establish a claim for malicious prosecution under Colorado law, a plaintiff must show (1) the defendant contributed to bringing a criminal prosecution against the plaintiff; (2) the criminal prosecution ended in favor of the plaintiff; (3) no probable cause supported the criminal prosecution; (4) the defendant acted with malice in pursuing the prosecution; and (5) the plaintiff suffered damages as a result. Hewitt v. Rice, 154 P.3d 408, 411 (Colo. 2007).

Eric contends that Prosecutor Lico lacked probable cause to pursue charges against him in cases CE22-0005 and CE22-0009, as evidenced by the use of invalid municipal codes, defective affidavits, and improper service of summonses. He asserts that Lico acted with malice in pursuing these charges, motivated by a desire to retaliate against him for his legal challenges and to intimidate him into compliance.

To succeed on this claim, Eric must show that the criminal proceedings terminated in his favor, which may be satisfied by a dismissal of the charges or an acquittal at trial. Hewitt, 154 P.3d at 411-12. He must also demonstrate that the defendants lacked a reasonable basis for believing that he had committed a crime, based on the facts known to them at the time. Id. at 412.

# SEVENTH CLAIM: VIOLATION OF THE COLORADO OPEN RECORDS ACT (CORA)

## Improper denial of access to public records

The plaintiff, Eric Witt, realleges and incorporates by reference all previous paragraphs of this complaint as if fully set forth herein.

Eric Witt alleges that the Bennett Fire Department, specifically Administrative Assistant Kendra Hawes and Battalion Chief Caleb J. Conner, violated the Colorado Open Records Act (CORA) by denying his requests for public records related to the incident involving his dog, Willow, on May 9, 2022.

The Colorado Open Records Act, C.R.S. § 24-72-201 et seq., provides that all public records shall be open for inspection by any person at reasonable times, except as otherwise provided by law. C.R.S. § 24-72-203(1)(a). The Act defines "public records" broadly to include "all writings made, maintained, or kept by the state, any agency, institution, ... or political subdivision of the state." C.R.S. § 24-72-202(6)(a)(I).

Eric contends that his requests for the incident report and ADCOM radio transcripts related to the May 9, 2022, incident constituted a valid request for public records under CORA. He asserts that the Bennett Fire Department's refusal to provide the requested records, particularly the ADCOM transcripts, violated his rights under the Act and hindered his ability to investigate the circumstances surrounding the incident.

To prevail on this claim, Eric must show that (1) the requested records were "public records" within the meaning of CORA; (2) he made a clear and specific request for the records; and (3) the defendants denied him access to the records without a valid legal justification. See Citizens Progressive Alliance v. Sw. Water Conservation Dist., 97 P.3d 308, 310 (Colo. App. 2004).

If the Court finds that the defendants violated CORA, it may order the disclosure of the requested records and award Eric reasonable attorney fees and costs. C.R.S. § 24-72-204(5)(b).

# DAMAGES

As a direct and proximate result of the defendants' actions, Eric Witt has suffered substantial damages, including but not limited to emotional distress, loss of property, loss of time with his son, and financial hardship.

## Emotional Distress

The baseless tickets, unlawful arrest, and subsequent eviction have caused Witt severe emotional distress. The stress of being taken to a detention facility 30 miles away from his home without his phone or wallet, and then having to walk and hitchhike for over six hours to return home upon release, has taken a significant toll on Witt's mental well-being. The intimidation and harassment experienced during court proceedings, particularly the incident on December 21, 2022, where a sheriff's deputy glared at Witt in a threatening manner, has left Witt in constant fear for his safety. This fear has led to Witt missing valuable time with his son, including Christmas, as he is afraid to leave his home due to the potential for further harassment or retaliation by law enforcement. The emotional distress caused by these events has significantly impacted Witt's quality of life and his ability to maintain familial relationships.

## Loss of Property

As a result of the unlawful eviction, Witt has suffered a substantial loss of personal property. Given only 48 hours to vacate his home, Witt was forced to spend the majority of that time searching for his car keys, which were never found. Consequently, he was unable to remove his belongings from the property, resulting in a total loss. This loss includes the contents of his three-bedroom house, garage, and shop, as itemized below:

It is important to note that this itemized list does not include the value of irreplaceable items such as antiques, family heirlooms, and other items of sentimental value, which were also lost during the eviction. The loss of these

items has caused Witt significant emotional distress and has deprived him of invaluable connections to his family history and personal memories.

Furthermore, due to the Sheriff's failure to bring out Witt's documents during the eviction, it is impossible for Witt to provide receipts for the lost items. The Court should consider the itemized list as a reasonable estimate of the value of the lost property, given the circumstances of the unlawful eviction and the defendants' failure to protect Witt's belongings.

## Loss of Time with Son

The unlawful eviction has had a devastating impact on Witt's relationship with his son. Prior to the eviction, Witt had enjoyed 50/50 custody of his son for over a decade, allowing him to be a constant and active presence in his child's life. However, due to the abrupt displacement caused by the eviction, Witt was forced to relocate to a residence far from his son's school, making it impossible to maintain the same level of involvement and contact.

As a result, Witt's custody arrangement has been reduced to seeing his son only every other weekend. This drastic reduction in parenting time has caused significant emotional distress for both Witt and his son, who have been accustomed to a close and consistent relationship. The sudden change in circumstances has disrupted the stability and emotional security that Witt's son had come to rely upon, potentially leading to long-term psychological and developmental consequences.

Furthermore, the ongoing stress and fear caused by the defendants' actions have made it difficult for Witt to fully engage with his son even during their limited time together, as he is constantly worried about the possibility of further harassment or retaliation. This has robbed both father and son of the ability to enjoy a normal, healthy relationship, causing irreparable harm to their bond.

The loss of this precious time with his child, and the damage it has caused to their relationship, is a direct result of the defendants' unlawful actions and represents a significant component of the emotional distress and damages suffered by Witt.

## Financial Hardship

The combination of legal expenses, loss of property, and the time required to defend himself against baseless charges has placed Witt under significant financial strain. The cost of replacing essential items lost during the eviction, as detailed in the itemized list, is substantial and has imposed a heavy burden on Witt's financial resources.

Moreover, the abrupt eviction has forced Witt to seek alternative housing on short notice, which has resulted in higher living expenses and the need to pay for moving costs and security deposits. These unexpected expenses have further depleted Witt's financial reserves and have made it difficult for him to maintain his previous standard of living.

In addition, the time and energy Witt has had to dedicate to defending himself against the baseless charges and dealing with the fallout of the unlawful eviction have significantly impacted his ability to work and generate income. The constant stress and the need to attend court proceedings and meet with legal representatives have disrupted Witt's professional life, leading to potential lost wages and opportunities.

The financial hardship caused by the defendants' actions has not only made it difficult for Witt to cover his basic living expenses but has also limited his ability to provide for his son and maintain the quality of life they once enjoyed together. This financial strain, combined with the loss of property and the ongoing legal battles, has placed an immense burden on Witt and has exacerbated the emotional distress he is experiencing as a result of the defendants' misconduct.

### E.  REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

# RELIEF REQUESTED

WHEREFORE, Plaintiff Eric Witt respectfully requests that this Court enter judgment in his favor and grant the following relief:

## Jury Trial Demand

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution.

## Declaratory Relief

A declaration that the actions of the defendants, as described in this complaint, violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

A declaration that the municipal codes used to prosecute Plaintiff in cases CE22-0005 and CE22-0009 are unconstitutional and invalid under state and federal law.

A declaration that the writ of restitution used to evict Plaintiff from his home on June 5, 2023, was invalid and issued without proper legal authority.

A declaration that the defendants' denial of access to public records violated Plaintiff's rights under the Colorado Open Records Act (CORA).

A declaration that Adams County and the Town of Bennett are liable for the constitutional violations committed by their employees and officials, as these violations resulted from the municipalities' unconstitutional policies, practices, or customs.

A declaration that the Adams County Sheriff's Office and Adams County failed to properly train and supervise their employees, resulting in the violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

A declaration that the Adams County Sheriff's Office's practice of making arrest decisions based on bond types and amounts, rather than on probable cause determinations, violates the Equal Protection Clause of the Fourteenth Amendment.

A declaration that the actions of the defendants, including Judge Shawn Day, Prosecutor Joseph Lico, and Code Enforcement Officers Keith Buono and Sonya Zimmerman, constituted an abuse of process and malicious prosecution in violation of Colorado state law.

A declaration that Bennett Municipal Code 7-5-30 is unconstitutional on its face and as applied under the Due Process Clause of the Fourteenth Amendment.

# Injunctive Relief

1An injunction prohibiting the defendants from engaging in further violations of Plaintiff's constitutional rights, including retaliatory actions, abuse of process, unlawful arrests, and unlawful evictions.

An injunction requiring Adams County, the Adams County Sheriff's Office, and the Town of Bennett to implement appropriate policies, procedures, and training programs to prevent future violations of citizens' rights and ensure compliance with constitutional requirements.

An injunction ordering the defendants to comply with the Colorado Open Records Act and provide Plaintiff with access to the requested public records, including the ADCOM radio transcripts.

An injunction requiring the Town of Bennett to establish and follow constitutionally adequate procedures for service of process, notice, and hearings in municipal court cases.

An order requiring the Town of Bennett to implement proper policies, procedures, and training to ensure that water service is restored promptly upon payment of bills and that accurate and timely bills are provided to customers, preventing arbitrary and unlawful termination of essential services.

An injunction enjoining the Adams County Sheriff's Office from making arrest decisions based on bond types and amounts, and ordering the implementation of policies and training to ensure that arrest decisions are based on probable cause and comply with the Equal Protection Clause.

A permanent injunction enjoining the enforcement of Bennett Municipal Code 7-5-30.

An order directing the Town of Bennett to refund the $1,000 surety bond posted by Plaintiff, as it was obtained through unconstitutional means.

An order directing the Adams County Sheriff's Office to return any and all court documents stolen from Plaintiff during the unlawful eviction, and to provide a full accounting of the circumstances surrounding the theft and any subsequent manipulation of court records.

An order requiring the Janeway Law Firm to disclose all information related to the creation, filing, and any subsequent modification of the fraudulent writ of restitution, as well as their involvement in the unlawful eviction of Plaintiff.

## Compensatory Damages

Compensatory damages in an amount to be determined at trial for the physical, emotional, and financial injuries suffered by Plaintiff as a direct and proximate result of the defendants' unconstitutional actions, including but not limited to:

a. Damages for the loss of Plaintiff's personal property and the costs associated with the unlawful eviction, as detailed in the itemized list provided in the complaint, totaling approximately $55,125.

b. Damages for the emotional distress, humiliation, loss of enjoyment of life, and damage to reputation caused by the defendants' conduct, particularly the loss of time with his son and the disruption of their close relationship.

c. Damages for the physical injuries and medical expenses incurred as a result of the defendants' actions, including the injuries to Plaintiff's dog, Willow, and the associated veterinary costs, totaling over $5,000.

d. Damages for the financial hardship and loss of income resulting from the defendants' actions, including the costs of securing alternative housing, moving expenses, and the impact on Plaintiff's ability to work due to the stress and time required to defend against the baseless charges.

Damages for the chilling effect on Plaintiff's exercise of his First Amendment rights caused by the defendants' retaliatory conduct.

Damages for the time and resources expended by Plaintiff in attempting to obtain the requested public records and in bringing this action to enforce his rights under CORA.

# Punitive Damages

Punitive damages against the individual defendants in an amount sufficient to punish them for their egregious and willful misconduct and to deter similar misconduct in the future.

Punitive damages against Adams County and the Town of Bennett in an amount to be determined at trial to deter future constitutional violations and to encourage the implementation of proper policies, practices, and customs that respect individuals' rights.

Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, as this action seeks to enforce and vindicate Plaintiff's rights under the United States Constitution.

An award of reasonable attorneys' fees and costs pursuant to C.R.S. § 24-72-204(5)(b), as Plaintiff has substantially prevailed in this action to enforce his rights under the Colorado Open Records Act.

An award of reasonable attorneys' fees and costs as permitted under Colorado law for the expenses incurred in defending against the improper prosecutions and in bringing this action to vindicate Plaintiff's rights.

Investigation and Systemic Reforms

An order requiring an independent investigation into the policies, practices, and customs of the Adams County Sheriff's Office, the Town of Bennett, and the Bennett Municipal Court to identify and address any systemic deficiencies that contribute to the ongoing violation of citizens' constitutional rights.

An order mandating the implementation of systemic reforms to prevent future misconduct, including the development of effective citizen complaint procedures, the establishment of independent oversight mechanisms, and the creation of public transparency and accountability measures.

## Additional Relief

Any other relief the Court deems just and proper to remedy the defendants' violations of Plaintiff's constitutional rights, Colorado state law, and the Colorado Open Records Act, and to ensure the protection of his rights and the rights of all citizens.

Plaintiff recognizes the Court's broad equitable powers to fashion appropriate remedies for constitutional violations and systemic misconduct. By granting this comprehensive relief, the Court will not only provide justice for Plaintiff but also send a powerful message that abuse of power, corruption, and the deprivation of citizens' rights will not be tolerated in our society. The Court's intervention is essential to restore faith in the legal system, deter future misconduct, and protect the fundamental values upon which our nation was founded.

## RESERVING THE RIGHT TO BRING A SEPARATE LAWSUIT:

Plaintiff reserves the right to bring a separate lawsuit against the Adams County Sheriff's Office, Adams County Jail and the Adams County Court for the alleged alteration of evidence, specifically the writ of restitution, once the ongoing investigation into this matter is concluded. The inclusion of these allegations in the current complaint serves to provide the court with a comprehensive understanding of the broader context and the systemic issues that have led to the violation of Plaintiff's rights.

By presenting the court with the full scope of the misconduct, including the potential evidence tampering by the Adams County Sheriff's Office and the Adams County Court, Plaintiff aims to demonstrate a pattern of disregard for due process and the rule of law. This context is crucial in strengthening Plaintiff's arguments for the relief sought in the current action, including the emergency monetary relief for the unlawful eviction.

However, Plaintiff acknowledges that the claims related to the altered writ of restitution and the associated misconduct by the Adams County Sheriff's Office and the Adams County Court are not the primary focus of this lawsuit. These allegations are included to paint a complete picture of the events leading up to and following the unlawful eviction, and to underscore the need for immediate relief and accountability.

Plaintiff fully intends to pursue a separate legal action against the Adams County Sheriff's Office, Adams county jail and the Adams County Court once the investigation into the altered evidence is complete. This future lawsuit will specifically address the issues of evidence tampering, violation of the Colorado Open Records Act, and any other related misconduct uncovered during the investigation.

By reserving the right to bring a separate action focusing on these issues, Plaintiff ensures that each lawsuit can be tailored to address specific instances of misconduct and violations of rights, while still providing the court in the current case with the necessary context to make informed decisions regarding the relief sought.

Plaintiff believes that this approach will not only strengthen the current case but also lay the groundwork for future legal action to hold the Adams County Sheriff's Office and the Adams County Court accountable for their alleged wrongdoing and to ensure that such misconduct is not allowed to continue unchecked.

## CONCLUSION

The present case exposes a deeply troubling pattern of misconduct, abuse of authority, and disregard for constitutional rights by various officials and entities in the Town of Bennett, Adams County, and the Adams County Sheriff's Office. The plaintiff, Eric Witt, has meticulously documented a series of incidents that, taken together, paint a picture of a legal system manipulated to target and intimidate a citizen who dared to challenge the actions of those in positions of power.

The allegations set forth in this complaint, supported by substantial evidence, demonstrate a concerted effort by the defendants to violate Mr. Witt's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, as well as Colorado state law. From the unauthorized entry onto his property and the unjustified seizure of his dog, to the retaliatory prosecutions based on invalid municipal codes, to the unlawful eviction carried out without proper legal authority, Mr. Witt has been subjected to a relentless campaign of harassment and abuse that shocks the conscience and offends the very notion of due process.

The evidence presented, including forensic analyses, audio recordings, and documentary exhibits, exposes a level of corruption and misconduct that cannot be countenanced in a society built upon the rule of law. The actions of the

defendants, both individually and collectively, have not only violated Mr. Witt's personal rights but have also eroded public trust in the integrity of the legal system itself.

This case transcends the interests of a single litigant; it represents a clarion call for judicial intervention to address systemic abuses and to restore the constitutional guarantees that form the bedrock of our democratic society. The Court has the opportunity, and indeed the responsibility, to send an unequivocal message that such misconduct will not be tolerated and that those who abuse their authority will be held accountable.

By granting the relief requested in this complaint, the Court can provide Mr. Witt with the measure of justice he deserves and, more importantly, take a significant step towards ensuring that the rights of all citizens in Bennett and Adams County are respected and protected. The declaratory and injunctive relief sought will serve to prevent future abuses, while the compensatory and punitive damages will provide a measure of redress for the harm suffered by Mr. Witt and act as a deterrent to those who might consider similar misconduct in the future.

Moreover, the Court's intervention can catalyze much-needed systemic reforms, including the implementation of effective training, oversight, and accountability measures to ensure that the constitutional violations detailed in this complaint are not repeated. By ordering an independent investigation into the policies, practices, and customs of the defendants, the Court can help to identify and address the root causes of the misconduct and facilitate the development of solutions that will restore public confidence in the fairness and impartiality of the legal system.

The significance of this case extends far beyond the borders of Bennett and Adams County; it implicates the very essence of our constitutional order. The Court has the power, and the duty, to reaffirm the supremacy of the Constitution and to ensure that the rights and liberties it enshrines are not sacrificed to the whims of those who wield official power.

In conclusion, we respectfully urge the Court to grant the comprehensive relief requested in this complaint, to hold the defendants accountable for their actions, and to use its authority to protect the rights and interests of all citizens. By doing so, the Court will not only provide justice for Eric Witt but will also send a resounding message that the United States remains a nation governed by law, not by the arbitrary exercise of power.

We trust that the Court, in its wisdom and commitment to justice, will recognize the gravity of the issues presented and act decisively to address the constitutional violations and systemic abuses detailed herein. The stakes could not be higher, nor the need for judicial intervention more pressing.

# DEMAND FOR JURY TRIAL

⊙ Plaintiff hereby demand a trial by jury on all issues in this action to the extent authorized by law.

**RESERVATION OF RIGHTS:**

Plaintiff hereby reserves all rights and remedies available to him under the United States Constitution, federal law, and common law. Plaintiff does not waive any rights or claims that may arise during the course of this litigation, and specifically reserves his right to seek any and all appropriate relief, including but not limited to monetary damages, injunctive relief, and declaratory relief.

## ELEMENTS FOR COMMON LAW:

a. Controversy (The listed defendants)

b. Specific Claim: In accordance with the above, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount exceeding the jurisdictional minimum of this Court, together with interest, costs, and such other relief as this Court deems just and proper

42 USC SEC. 1983.  BREACH OF CONTRACT, DUE PROCESS VIOLATION, SPOILATION OF

EVIDENCE, AGGRAVATED INTIMIDATION OF WITNESS/VICTIM, RETALIATION AGAINST A VICTIM OR WITNESS, MALICIOUS PROSECUTION, MUNICIPAL LIABILITY, DEFAMATION, MAIL FRAUD, FICTITIOUS CONVEYANCE OF LANGUAGE, VIOLATION OF THE COLORADO OPEN

RECORDS ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING,

RETENTION, SUPERVISION, AND TRAINING, FALSE ARREST/FALSE IMPRISONMENT, VIOLATION OF FIRST AMENDMENT RIGHTS, CONSPIRACY TO VIOLATE CIVIL RIGHTS,

UNLAWFUL EVICTION, CONVERSION/THEFT, TRESPASS, VIOLATION OF FOURTEENTH

AMENDMENT RIGHTS - DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS, FRAUD,

FORGERY

c.  Specific Remedy Sought by Claimant: Plaintiff is seeking compensatory and/or exemplary and/or punitive damages in an amount to be proven at trial.

d.  Claim Must be Sworn To (Affidavit of Verification embedded), and I will verify in open court that all herein be true

## F.        PLAINTIFF'S SIGNATURE

### STATE OF COLORADO, COUNTY OF ADAMS, TOB

FURTHER AFFIANT SAITH NOT.

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.
 Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the complaint otherwise complies with the requirements of Rule 11.

 s/Eric Witt
March 22nd, 2023
Eric Witt
Without Prejudice U.C.C. 1-308
22204 E Belleview Pl,
Aurora, CO 80015
 ericwitt34@gmail.com