1

2   COMMON ALLEGATIONS:

3   On the afternoon of May 9th, 2022, the plaintiff received a concerning text message

4   from his neighbor, alerting him that the police and fire department were present at his

5   residence in the TOB, Colorado. The plaintiff immediately called the Bennett Fire

6   Department to gather more information about the situation. However, he was met with

7   unhelpful responses, as the department claimed they did not have any information to

8   provide, since they were allegedly just "driving by" the area at the time of the incident.

9   The plaintiff was instructed to contact the Adams County Police department for more

10   details regarding the incident.

11   Upon further investigation, the plaintiff discovered that his fence had been taken apart

12   and then entered without a warrant by TOB fire department for alleged exigent

13   circumstances onto his property and his beloved dog, Willow, had been removed from

14   the residence during the time of the incident. The plaintiff was not allowed to retrieve

15   his pet on the day of the incident and was instead informed that Willow was to stay

16   overnight and was in good health. However, the following day, the plaintiff visited the

17   Adams County animal shelter and was shocked to learn that the vet suggested

18   euthanasia for Willow due to her injuries sustained during the incident. The plaintiff was

19   taken to see his dog, who was lying in her own urine, untreated and in distress. Refusing

20   the vet's suggestion, the plaintiff paid for several surgeries totaling over $5000.00 to

21   ensure that Willow could receive the necessary medical treatment and care.

22   In an attempt to gather more information about the incident, the plaintiff filed a records

23   request to the Bennett Fire Department, who were the only agency with an incident

24   report. However, the plaintiff was only provided with an incident report and not with the

25   ADCOM radio transcripts. Despite filing multiple requests for the transcripts, the plaintiff

26   was unable to obtain the requested documents. This lack of transparency and

27   cooperation from the Bennett Fire Department leads the plaintiff to believe that crucial

28   information is being withheld, and that they are not being provided with a complete and

29   accurate understanding of the events that led to their dog's injuries.

30   On 06/11/2022, plaintiff requested public fire records of ADCOM transcripts for the

31   incident via email that linked plaintiff to Caleb J. Connorand and Kendra Hawes, both

32   representatives of the TOB fire department TOB's subagency. However, TOB violated the

33   Colorado Open Records Act by denying plaintiff's request. Despite multiple requests

34   from the plaintiff, the Bennett Fire Department only provided the incident report,

35   withholding crucial information contained in the ADCOM transcripts. The plaintiff's

36   email chain with the Bennett Fire Department serves as (Exhibit I) to the case,

37   demonstrating the Town's refusal to comply with the plaintiff's lawful request for public

38   records. This denial of access to public records violates the plaintiff's rights under

39   Colorado state law, and it further exacerbates the apparent lack of transparency and

40   accountability regarding the incident involving the plaintiff's dog.

41   After the questioning to the fire departments true involvement and what actually happened

42   the day plaintiff dog was severely injured. Plaintiff received mail from TOB municipal court

43   stating a warrant is ordered for his arrest due to not appearing at a court hearing for

44   acquisition of water. The plaintiff had never received a summons for a court hearing. After

45   emailing the TOB clerk a summons was allegedly issued and signed off as served

46   05/17/2022 (case# CE22-0005)

47   ERIC WITT was never served a summons for case# CE22-0005 or CE22-0009

48   town filed a photocopy of returned USPS unopened mail case # CE22-0005, Date on

49   summons 05/17/2022. (SEE EXHIBIT III, AND EXHIBIT II) A copy of the returned summons

50   filed in Bennett's' evidence AND COPY OF SUMMONS sent by Christina Hart the TOB court

51   clerk via email 09/27/22.

52   Colorado rules of civil procedures requires a judged order to mail a summons.

53   There is no judged order allowing a summons to be mailed in this case CE22-0005. (SEE

54   EXHIBIT IV) The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22.

55  Officer Buono signed the summons using an invalid law Bennett Municipal Code (13)(3)(80)
56  on 05/17/2022 summons#B6731. (SEE EXHIBIT II) A copy of the summons sent by Christina
57  Hart the TOB court clerk via email 09/27/22.

58  Officer Keith Buono initiated the claim against Eric Witt by signing the summons on
59  05/17/2022. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB court
60  clerk via email 09/27/22.

61  Keith Buono and people of the state of Colorado, county of Adams, TOB are on the
62  summons. CE22-0005.

63  Keith Buono signed affirmed and dated the summons as served upon Eric Witt 5/17/2022
64  CE22-0005., It was never served. (SEE EXHIBIT II & EXHIBIT III) a copy of UNITED STATES
65  POSTAL SERVICE return summons & copy of the summons.

66  ERIC WITT has the right to face his accuser since "people of the state of Colorado, county
67  of Adams, TOB" is a fictitious entity. Keith Buono must Deceptively be filing suit against Eric
68  Witt.

69  Keith Buono must be the alleged injured party in the civil lawsuit, (case#ce22-0005) against
70  Eric Witt because he is the only individual that signed documents to start the case. The full
71  discovery file sent by Christina Hart TOB court clerk via email 09/27/22.

72  Keith Buono brought forth a frivolous and fraudulent lawsuit to the prosecution, affirming
73  he served the summons upon Eric Witt when in fact he did not (proof is the photocopied
74  sealed unopened envelope with return to sender written on it and the summons where he
75  affirmed with his signature the summons was served upon (up & on) Eric Witt) case#ce22-
76  0005. (SEE EXHIBITS II III)

77  It is a federal rule that all summonses must be signed by an officer of the court and bear
78  the courts seal.

79  Keith Buono is not an officer of the court there for him signing the summons is unlawful,
80  deceptive practice and fraudulent upon the court.

81  The TOB violated (water) utility law 4 CCR 723-5, 5409 depriving Eric Witt of WATER,
82  essential resource for 6 days after the bill was paid in full. (State law is within 24 hours of
83  full payment) (SEE EXHIBIT V) copy of email sent to TOB utility company 7/25/22.

84  The Bennett municipal code (13)(3)(80) Keith Buono used in the complaint is not a valid law
85  as it does not have the three elements the state constitution mandates must be present to
86  be a valid law.

87  The Bennett municipal code (13)(3)(80) is missing the enacting clause, the title, and the
88  body, and therefore the Bennett municipal code (13)(3)(80), is not a valid law and is
89  unconstitutional on its face.

90  Joe Lico did not verify Keith Buono's summons had an injury of fact and/or that process of
91  service was properly performed before taking on this case CE22-0005 to prosecute.

92  Joe Lico has a duty to perform a reasonable prefile investigation pursuant to FRCP rule

93  Joe Lico did not perform a reasonable prefile investigation in violation of FRCP rule 11, and

94  Joe Lico never had standing to prosecute because service of process was not served upon
95  Eric Witt.

96  Joe Lico never properly appeared in court with notice of entry or a signed filing to the court
97  on this case#ce22-0005.

98   The original affidavits filed in this case#ce22-0005 by Keith Buono are irrelevant to use for
99   prosecution as they aren't sworn under penalty of perjury and lack any verbiage of seeing or
100  hearing Eric Witt in any manner. (SEE EXHIBIT VI) A COPY OF THE AFFIDAVITS

101  THE TOB TAMPERED/DESTROYED WITH EVIDENCE IN THIS CASE CE22-0005 BY
102  REMOVING THE SERVICE OF PROCESS EVIDENCE FILED ON THE RECORD WHEN THEY
103  EMAILED ERIC WITT A FULL DISCOVERY OF THE CASE 01/31/2023.

104  The TOB was made aware of the improper service in Eric Witts Jurisdictional filing in live
105  court.

106  The TOB illegally issued a warrant to arrest Eric Witt without proper service of process
107  06/28/2022.

108  Joe Lico is attempting to prosecute using an invalid law municipal code (13)(3)(80).

109  The TOB committed mail fraud with fraudulent mail sent to Eric Witt on 12/01/2022. (SEE
110  EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging the mailed a bill with a
111  fraudulent date and then admitting the mistake and turned it back on, as well as a copy of
112  the mailed letter from the utility company for TOB.

113  The TOB committed fictitious conveyance of language with a letter conveyed to Eric Witt
114  12/01/2022. (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging they
115  conveyed the plaintiff fictitious documents and then admitting the mistake and turned it
116  back on, as well as a copy of the mailed letter from the utility company for TOB.

117  Eric Witt was subjected to retaliatory harassment IN LIVE COURT from TOB staff after filing
118  a counterclaim against the TOB Judge and prosecutor and

119   after informing TOB staff their illegal acts of mail fraud, fictitious conveyance of language
120   and turning off his water early where a town employee felt "threatened" by plaintiff
121   threatening civil litigation if harassment continued.

122   The plaintiff arrived at the Bennett municipal court around 6pm on 12/21/2022.

123   He was surprised to see two Adams County Jon Doe sheriffs there. This is the first time the
124   plaintiff had witnessed armed sheriffs at the courthouse.

125   The two sheriff remained in the hallway with the plaintiff where he was instructed to wait by
126   Jane Doe.

127   The two sheriffs along with jane Doe went into the courtroom just minutes before the
128   plaintiff was called into the courtroom.

129   During the lawsuit hearing against JUDGE SHAWN DAY and JOSEPH LICO on December 21,
130   2022, a Town of Bennet employee named Jane Doe made defamatory remarks in court to
131   intimidate the plaintiff. This occurred after the plaintiff had sent an email to the Town of
132   Bennet employee, warning them to stop harassing him or face legal action. The incident
133   was captured on an audio recording.

134   During Eric Witt's court hearing on December 21, 2022, where he was verbalizing a lawsuit
135   against TOB judge and TOB prosecutor JOSEPH LICO, a Town of Bennet staff member made
136   defamatory remarks to intimidate him including but not limited to stating "hes such a
137   tweaker". Additionally, an armed Adams County sheriff scowled at Witt while standing next
138   to the staff member, further aggravating the intimidation tactics.

139   After plaintiff's court hearing where he was harassed, defamed, intimidated and retaliated
140   against. In accordance with administrative review procedures, the TOB was informed of
141   specific records to be pulled for administrative review via email. (SEE EXHIBIT XIV PAGES 5-
142   9) Plaintiff emailed the mayor with concerns for plaintiffs' safety, did a records request and
143   demanded for the records to be pulled by town administrators for review.

144   Regrettably, the requested records containing video footage of the court room were either
145   destroyed or withheld. These records would have provided critical evidence of felonious
146   intimidation tactics used against Eric Witt during his live court hearing.

147   The TOB administrators have an obligation to preserve records related to crimes committed
148   on their premises, as demanded by the plaintiff AND A LIST OF ALLEGED CRIMES
149   COMMITTED THAT NIGHT AND THIS LIST WAS PROVIDED TO, THE TOB MAYOR, TOB
150   LAWYER AND 3 TOP TOB ADMINISTRATORS (SEE EXHIBIT XIV) EMAILS BETWEEN THE
151   AFOREMENTIONED INDIVIDUALS

152   CRIMES ALLEGED ON THE AFORESAID LIST ARE AS FOLLOWS: a. 18-8-111(h) harassment
153   b. 18-8-110(4) public buildings c. 18-8-106(a) disorderly conduct d. 18-8-706(1) retaliation
154   against victim or witness e. 18-8-705(b) intimidation of a witness or victim f. 18-8-704(1)
155   aggravated intimidation of a witness or victim g. 18-8-404(a) first-degree official
156   misconduct h. 18-8-403(a) official oppression i. 18-8-111(b)(d) false reporting . This request
157   was communicated to various TOB staff via email (SEE EXHIBIT XIV_ PAGES 3-9) regarding
158   the records and the retaliation intimidation crime that occurred in court on December 21,
159   2022.

160   Despite detailed reports of internal criminal activity by TOB staff, reported to the TOB
161   administration by Eric Witt, a thorough investigation was not conducted.

162   Shockingly, the audio file record provided to Eric Witt of his court hearing on December 21,
163   2022, has been tampered with. Certain sections of the audio evidence that reveal highly
164   illegal behavior by TOB government employees were destroyed. This fact has been
165   corroborated by a separate recording made by Eric Witt when he consented to record his
166   conversations with public officials that night.

167   It is clear from the separate recording made by Eric Witt that the audio evidence provided
168   to him by the TOB was indeed tampered with, and critical sections revealing highly illegal
169   behavior by TOB government employees were destroyed.

170   Shockingly, upon comparison of the TOB's recorded audio and Eric Witt's recorded audio
171   file of the same court hearing, removed and filtered sections were revealed in the former.

172   A meticulous comparison of the two audio files further exposed the absence of certain
173   remarks on the TOB's file that were present on Eric Witt's file.

174   Despite multiple attempts to contact several TOB administrators regarding the
175   investigation into the criminal activity he experienced, Eric Witt received no response. Of
176   particular concern was his expressed fear for the safety of himself and his family.

177   The TOB is allowing its employees to withhold public records from Eric Witt (SEE EXHIBIT
178   XIV and EXHIBIT I)

179   The TOB is allowing its employees to illegally charge advanced payment fees before getting
180   requested public records. (SEE EXHIBIT XIV) where the town lawyer is trying to charge the
181   victim (Eric Witt) for the town to pull and review records.

182   In spite of Eric Witt's explicit knowledge of the lack of jurisdiction for Case #CE22-0005,
183   prosecutor Joe Lico persists with the prosecution of this case. (SEE Exhibit VIII)

184   Judge Shawn Day continued in this case without verifying the prosecution provided an
185   injury in fact of a citizen case#ce22-0005 09/28/2022.

186   Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking
187   the required sworn under penalty of perjury (case#ce22-0005 court hearing 09/28/2022).
188   (SEE EXHIBIT VI) a copy of the defective affidavits.

189   Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking
190   merits to lawfully prosecute Eric Witt, as the affidavits do not mention witnessing Eric Witt
191   in any form (case#ce22-0005 court hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the
192   defective affidavits.

193   Judge Shawn Day Practiced law while adjudicating this case by answering Eric Witt's
194   jurisdictional challenge for the plaintiff (case#ce22-0005 court hearing 09/28/2022). See
195   (exhibit VIII) a file stamped copy of the jurisdictional challenge.

196   Judge Shawn Day continued in this case after jurisdiction was challenged and jurisdiction
197   was never proven on the record point by point (case#ce22-0005 court hearing 09/28/2022).
198   See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

199   Judge Shawn Day continued in this case with the prosecutions defective affidavits lacking
200   the required signing sworn under penalty of perjury (case#ce22-0005 court hearing
201   09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

202   Judge Shawn Day continued in this case without having established subject matter
203   jurisdiction (case#ce22-0005 court hearing 09/28/2022).

204   The discovery documents will show the Joe Lico never responded to the jurisdictional
205   challenge with an affidavit by a counter-affidavit. (See EXHIBIT VII) a copy of the full
206   discovery.

207   There is no injured party brought by prosecution in case (ce22-0005).

208   There is no injured party brought by prosecution in case (ce22-0009).

209   The case is pending from a counterclaim that Joe Lico ignored. See file stamped
210   counterclaim in this case (case#ce22-0005).

211   Judge Shawn day ignored plaintiff's countersuit against him, denying plaintiff's access to a
212   court process rights, continued in a conflict of interest to adjudicate the case he is a party
213   to.

214   Eric Witt was entered into a "Not Guilty" plea against his will with pending litigation filed in
215   court. See judges orders on 01/25/2023.

216  Judge Shawn Day practiced law by entering a plea in this case on Eric Witt's behalf against
217  his free will in live court on 01/25/2023.

218  On the morning of June 5th, 2023, at approximately 9 am, officers from the Adams County
219  Sheriff's department affixed an inadequately authorized writ of restitution to the front door
220  of the plaintiff's residence. This action signaled the initiation of an eviction process that is
221  believed to be unlawful due to the absence of appropriate judicial authorization.

222  On May 16, 2023, Eric Witt, the plaintiff, was apprehended under the pretext of an
223  undisclosed warrant related to a municipal code infraction — specifically, for having
224  "excessive weeds" in his landscape. This case is referenced by the number (ce22-0009).

225  The plaintiff asserts that he was not properly informed about the above-mentioned warrant
226  or the associated court date, which allegedly led to its issuance.

227  During his subsequent detention at the Adams County Jail, the plaintiff's 4th amendment
228  rights were purportedly infringed upon as he was not granted a prompt audience with a
229  judge.

230  Additionally, the plaintiff claims that his request for access to legal materials while
231  incarcerated was denied, further obstructing his right to a fair process.

232  The plaintiff alleges that his processing within the Adams County Jail system was delayed,
233  resulting in an overextended detention period of over 24 hours before bond could be
234  posted.

235  The plaintiff was housed with inmates facing more severe charges, under stricter security
236  measures, which he contends was inappropriate given the nature of his alleged infraction.

237  There are allegations of collusion and retaliatory actions against the plaintiff related to his
238  existing lawsuits against Judge Teri Vasquez and Judge Kirby, referenced by case numbers
239  22cv02242, 23-1183, and 23cv33567.

240  The plaintiff alleges that Judge Kirby was impersonating a Sheriff during his booking
241  process at the Adams County jail.

242  The warrant used to justify the plaintiff's

243  Copy

244  **EW**

245  continue

246   The warrant used to justify the plaintiff's arrest is claimed to be based on an invalid law. The
247   plaintiff contends that this law does not contain the necessary enacting clause and is out
248   of alignment with federal law and the constitution, thereby violating the Supremacy Clause
249   and the Administrative Procedures Act of 1946.

250   The arresting officer, referred to as John Doe, had previously been involved in intimidating
251   conduct in court and openly admitted his knowledge of the plaintiff's federal cases during
252   transport to the jail, with his body camera recording.

253   The plaintiff was not provided with a copy of his arrest warrant by either the Adams County
254   Jail or the involved officers, further complicating his legal situation.

255   On June 5th, 2023, four members of the Adams County Sheriff's Department executed an
256   eviction at the plaintiff's property, located at 170 Coolidge Court, Bennett, Colorado 80102,
257   despite the eviction order not being properly authorized by a judge.

258   The eviction proceeded despite the plaintiff's assertion of an active title dispute over the
259   property, which was further substantiated by a notice visibly posted on the property's front
260   entrance, bearing the associated case numbers 23-1140, 22cv02242, and 23-1183.

261   The eviction resulted in the loss or damage of various personal items, including family
262   heirlooms, memorabilia, and antiques.

263   The plaintiff was not given a reasonable chance to retrieve personal belongings during the
264   eviction, with a notable instance being his car key, which he was not allowed to retrieve.

265   The Sheriff's department allowed unauthorized individuals to take items from the plaintiff's
266   property while denying the plaintiff himself the same access, violating his rights over his
267   property.

268   The plaintiff was given only 48 hours to gather his belongings from the front yard of the
269   property. However, this period proved to be insufficient given the volume and nature of the
270   items.

271   The plaintiff's attempts to retrieve his belongings after the 48-hour period were met with
272   threats of arrest by the Sheriff's department, even as others were permitted to access the
273   property.

274   These threats were made by A.M. Kemerling Sergeant #32 over the phone.

275   The town employees told the plaintiff's neighbor that Eric Witt has 7 days to remove his
276   property from the yard.

277   When this was explained to A.M. Kemerling. He stated that its true the town has a rule for 7
278   days but the Adams County Sherriff has jurisdiction over the towns rule.

279   The plaintiff then questioned the Adams County Writ of restitution not having jurisdiction
280   over the tenth circuit court of appeals title dispute over the property and was told by the
281   Sherriff he's not talking about that. This clearly shows the knowledge of jurisdiction by the
282   Adams County Sherriff and their clear lack of it when they stole the plaintiff's house.

283   On June 30, 2023, Eric Witt went to retrieve a copy of the writ of restitution from the
284   courthouse as his documents were never brought out of the house and had been stolen
285   during the eviction. When he received the copy, he noticed that it was not the same copy he
286   had received on the day of his arrest. The original writ had a nickel-size round ink stamp
287   with an unknown signature over it located in the far upper right-hand corner of the page and
288   the signature line for the judge was located roughly ¾ down the paper centered in the
289   middle. The swapped writ had a silver dollar-sized court seal placed prominently in the
290   upper left hand corner, leaving roughly one inch of space between the printed seal and the
291   edge of the paper. Additionally, the signature line for the judge was at the bottom left, while
292   there was a signature on the seal by the clerk of court

293   COMMON ALLEGATIONS:

294   On the afternoon of May 9th, 2022, the plaintiff received a concerning text message from
295   his neighbor, alerting him that the police and fire department were present at his residence
296   in the TOB, Colorado. The plaintiff immediately called the Bennett Fire Department to
297   gather more information about the situation. However, he was met with unhelpful
298   responses, as the department claimed they did not have any information to provide, since
299   they were allegedly just "driving by" the area at the time of the incident.

300   The plaintiff was instructed to contact the Adams County Police department for more
301   details regarding the incident.

302   Upon further investigation, the plaintiff discovered that his fence had been taken apart and
303   then entered without a warrant by TOB fire department for alleged exigent circumstances
304   onto his property and his beloved dog, Willow, had been removed from the residence
305   during the time of the incident. The plaintiff was not allowed to retrieve his pet on the day of
306   the incident and was instead informed that Willow was to stay overnight and was in good
307   health. However, the following day, the plaintiff visited the Adams County animal shelter
308   and was shocked to learn that the vet suggested euthanasia for Willow due to her injuries
309   sustained during the incident. The plaintiff was taken to see his dog, who was lying in her
310   own urine, untreated and in distress. Refusing the vet's suggestion, the plaintiff paid for

311   several surgeries totaling over $5000.00 to ensure that Willow could receive the necessary
312   medical treatment and care.

313   In an attempt to gather more information about the incident, the plaintiff filed a records
314   request to the Bennett Fire Department, who were the only agency with an incident report.
315   However, the plaintiff was only provided with an incident report and not with the ADCOM
316   radio transcripts. Despite filing multiple requests for the transcripts, the plaintiff was
317   unable to obtain the requested documents. This lack of transparency and cooperation from
318   the Bennett Fire Department leads the plaintiff to believe that crucial information is being
319   withheld, and that they are not being provided with a complete and accurate understanding
320   of the events that led to their dog's injuries.

321   On 06/11/2022, plaintiff requested public fire records of ADCOM transcripts for the
322   incident via email that linked plaintiff to Caleb J. Connorand and Kendra Hawes, both
323   representatives of the TOB fire department TOB's subagency. However, TOB violated the
324   Colorado Open Records Act by denying plaintiff's request. Despite multiple requests from
325   the plaintiff, the Bennett Fire Department only provided the incident report, withholding
326   crucial information contained in the ADCOM transcripts. The plaintiff's email chain with the
327   Bennett Fire Department serves as (Exhibit I) to the case, demonstrating the Town's refusal
328   to comply with the plaintiff's lawful request for public records. This denial of access to
329   public records violates the plaintiff's rights under Colorado state law, and it further
330   exacerbates the apparent lack of transparency and accountability regarding the incident
331   involving the plaintiff's dog.

332   After the questioning to the fire departments true involvement and what actually happened
333   the day plaintiff dog was severely injured. Plaintiff received mail from TOB municipal court
334   stating a warrant is ordered for his arrest due to not appearing at a court hearing for
335   acquisition of water. The plaintiff had never received a summons for a court hearing. After
336   emailing the TOB clerk a summons was allegedly issued and signed off as served
337   05/17/2022 (case# CE22-0005)

338   ERIC WITT was never served a summons for case# CE22-0005 or CE22-0009

339   town filed a photocopy of returned USPS unopened mail case # CE22-0005, Date on
340   summons 05/17/2022. (SEE EXHIBIT III, AND EXHIBIT II) A copy of the returned summons
341   filed in Bennett's' evidence AND COPY OF SUMMONS sent by Christina Hart the TOB court
342   clerk via email 09/27/22.

343   Colorado rules of civil procedures requires a judged order to mail a summons.

344   There is no judged order allowing a summons to be mailed in this case CE22-0005. (SEE

345    EXHIBIT IV) The full discovery file sent by Christina Hart TOB court clerk via email

346    09/27/22.

347    Officer Buono signed the summons using an invalid law Bennett Municipal Code

348    (13)(3)(80) on 05/17/2022 summons#B6731. (SEE EXHIBIT II) A copy of the summons

349    sent by Christina Hart the TOB court clerk via email 09/27/22.

350    Officer Keith Buono initiated the claim against Eric Witt by signing the summons on

351    05/17/2022. (SEE EXHIBIT II) A copy of the summons sent by Christina Hart the TOB

352    court clerk via email 09/27/22.

353    Keith Buono and people of the state of Colorado, county of Adams, TOB are on the

354    summons. CE22-0005.

355    Keith Buono signed affirmed and dated the summons as served upon Eric Witt

356    5/17/2022 CE22-0005., It was never served. (SEE EXHIBIT II & EXHIBIT III) a copy of

357    UNITED STATES POSTAL SERVICE return summons & copy of the summons.

358    ERIC WITT has the right to face his accuser since "people of the state of Colorado,

359    county of Adams, TOB" is a fictitious entity. Keith Buono must Deceptively be filing suit

360    against Eric Witt.

361    Keith Buono must be the alleged injured party in the civil lawsuit, (case#ce22-0005)

362    against Eric Witt because he is the only individual that signed documents to start the

363    case. The full discovery file sent by Christina Hart TOB court clerk via email 09/27/22.

364    Keith Buono never states Eric Witt caused him injury in case#ce22-0005.

365    Keith Buono brought forth a frivolous and fraudulent lawsuit to the prosecution,

366    affirming he served the summons upon Eric Witt when in fact he did not (proof is the

367    photocopied sealed unopened envelope with return to sender written on it and the

368    summons where he affirmed with his signature the summons was served upon (up &

369    on) Eric Witt) case#ce22-0005. (SEE EXHIBITS II III)

370    It is a federal rule that all summonses must be signed by an officer of the court and bear

371   the courts seal.

372   Keith Buono is not an officer of the court there for him signing the summons is unlawful,

373   deceptive practice and fraudulent upon the court.

374   The TOB violated (water) utility law 4 CCR 723-5, 5409 depriving Eric Witt of WATER,

375   essential resource for 6 days after the bill was paid in full. (State law is within 24 hours of

376   full payment) (SEE EXHIBIT V) copy of email sent to TOB utility company 7/25/22.

377   The Bennett municipal code (13)(3)(80) Keith Buono used in the complaint is not a valid

378   law as it does not have the three elements the state constitution mandates must be

379   present to be a valid law.

380   The Bennett municipal code (13)(3)(80) is missing the enacting clause, the title, and the

381   body, and therefore the Bennett municipal code (13)(3)(80), is not a valid law and is

382   unconstitutional on its face.

383   Joe Lico did not verify Keith Buono's summons had an injury of fact and/or that process

384   of service was properly performed before taking on this case CE22-0005 to prosecute.

385   Joe Lico has a duty to perform a reasonable prefile investigation pursuant to FRCP rule

386   11.

387   Joe Lico did not perform a reasonable prefile investigation in violation of FRCP rule 11,

388   and

389   Joe Lico never had standing to prosecute because service of process was not served

390   upon Eric Witt.

391   Joe Lico never properly appeared in court with notice of entry or a signed filing to the

392   court on this case#ce22-0005.

393   The original affidavits filed in this case#ce22-0005 by Keith Buono are irrelevant to use

394   for prosecution as they aren't sworn under penalty of perjury and lack any verbiage of

395   seeing or hearing Eric Witt in any manner. (SEE EXHIBIT VI) A COPY OF THE AFFIDAVITS

396   THE TOB TAMPERED/DESTROYED WITH EVIDENCE IN THIS CASE CE22-0005 BY

397   REMOVING THE SERVICE OF PROCESS EVIDENCE FILED ON THE RECORD WHEN THEY

398   EMAILED ERIC WITT A FULL DISCOVERY OF THE CASE 01/31/2023.

399   The TOB was made aware of the improper service in Eric Witts Jurisdictional filing in live

400   court.

401   The TOB illegally issued a warrant to arrest Eric Witt without proper service of process

402   06/28/2022.

403   Joe Lico is attempting to prosecute using an invalid law municipal code (13)(3)(80).

404   The TOB committed mail fraud with fraudulent mail sent to Eric Witt on 12/01/2022.

405   (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging the mailed a bill with

406   a fraudulent date and then admitting the mistake and turned it back on, as well as a

407   copy of the mailed letter from the utility company for TOB.

408   The TOB committed fictitious conveyance of language with a letter conveyed to Eric Witt

409   12/01/2022. (SEE EXHIBIT X AND EXHIBIT XI) a copy of the email acknowledging they

410   conveyed the plaintiff fictitious documents and then admitting the mistake and turned it

411   back on, as well as a copy of the mailed letter from the utility company for TOB.

412   Eric Witt was subjected to retaliatory harassment IN LIVE COURT from TOB staff after

413   filing a counterclaim against the TOB Judge and prosecutor and

414   after informing TOB staff their illegal acts of mail fraud, fictitious conveyance of language

415   and turning off his water early where a town employee felt "threatened" by plaintiff

416   threatening civil litigation if harassment continued.

417   The plaintiff arrived at the Bennett municipal court around 6pm on 12/21/2022.

418   He was surprised to see two Adams County Jon Doe sheriffs there. This is the first time

419   the plaintiff had witnessed armed sheriffs at the courthouse.

420   The two sheriff remained in the hallway with the plaintiff where he was instructed to

421   wait by Jane Doe.

422   The two sheriffs along with jane Doe went into the courtroom just minutes before the

423   plaintiff was called into the courtroom.

424   During the lawsuit hearing against JUDGE SHAWN DAY and JOSEPH LICO on December

425   21, 2022, a Town of Bennet employee named Jane Doe made defamatory remarks in

426   court to intimidate the plaintiff. This occurred after the plaintiff had sent an email to the

427   Town of Bennet employee, warning them to stop harassing him or face legal action. The

428   incident was captured on an audio recording.

429   During Eric Witt's court hearing on December 21, 2022, where he was verbalizing a

430   lawsuit against TOB judge and TOB prosecutor JOSEPH LICO, a Town of Bennet staff

431   member made defamatory remarks to intimidate him. Additionally, an armed Adams

432   County sheriff scowled at Witt while standing next to the staff member, further

433   aggravating the intimidation tactics.

434   After plaintiff's court hearing where he was harassed, defamed, intimidated and

435   retaliated against. In accordance with administrative review procedures, the TOB was

436   informed of specific records to be pulled for administrative review via email. (SEE

437   EXHIBIT XIV PAGES 5-9) Plaintiff emailed the mayor with concerns for plaintiffs' safety,

438   did a records request and demanded for the records to be pulled by town administrators

439   for review.

440   Regrettably, the requested records containing video footage of the court room were

441   either destroyed or withheld. These records would have provided critical evidence of

442   felonious intimidation tactics used against Eric Witt during his live court hearing.

443   The TOB administrators have an obligation to preserve records related to crimes

444   committed on their premises, as demanded by the plaintiff AND A LIST OF ALLEGED

445   CRIMES COMMITTED THAT NIGHT AND THIS LIST WAS PROVIDED TO, THE TOB MAYOR,

446   TOB LAWYER AND 3 TOP TOB ADMINISTRATORS (SEE EXHIBIT XIV) EMAILS BETWEEN THE

447   AFOREMENTIONED INDIVIDUALS

448   CRIMES ALLEGED ON THE AFORESAID LIST ARE AS FOLLOWS:

449   a. 18-8-111(h) harassment

450   b. 18-8-110(4) public buildings

451   c. 18-8-106(a) disorderly conduct

452   d. 18-8-706(1) retaliation against victim or witness

453   e. 18-8-705(b) intimidation of a witness or victim

454   f. 18-8-704(1) aggravated intimidation of a witness or victim

455   g. 18-8-404(a) first-degree official misconduct

456   h. 18-8-403(a) official oppression

457   i. 18-8-111(b)(d) false reporting

458   . This request was communicated to various TOB staff via email (SEE EXHIBIT XIV_

459   PAGES 3-9) regarding the records and the retaliation intimidation crime that

460   occurred in court on December 21, 2022.

461   Despite detailed reports of internal criminal activity by TOB staff, reported to the TOB

462   administration by Eric Witt, a thorough investigation was not conducted.

463   Shockingly, the audio file record provided to Eric Witt of his court hearing on December

464   21, 2022, has been tampered with. Certain sections of the audio evidence that reveal

465   highly illegal behavior by TOB government employees were destroyed. This fact has

466   been corroborated by a separate recording made by Eric Witt when he consented to

467   record his conversations with public officials that night.

468   It is clear from the separate recording made by Eric Witt that the audio evidence

469   provided to him by the TOB was indeed tampered with, and critical sections revealing

470   highly illegal behavior by TOB government employees were destroyed.

471   Shockingly, upon comparison of the TOB's recorded audio and Eric Witt's recorded audio

472   file of the same court hearing, removed and filtered sections were revealed in the

473   former.

474   A meticulous comparison of the two audio files further exposed the absence of certain

475   remarks on the TOB's file that were present on Eric Witt's file.

476   Despite multiple attempts to contact several TOB administrators regarding the

477   investigation into the criminal activity he experienced, Eric Witt received no response. Of

478   particular concern was his expressed fear for the safety of himself and his family.

479   The TOB is allowing its employees to withhold public records from Eric Witt (SEE EXHIBIT

480   XIV and EXHIBIT I)

481   The TOB is allowing its employees to illegally charge advanced payment fees before

482   getting requested public records. (SEE EXHIBIT XIV) where the town lawyer is trying to

483   charge the victim (Eric Witt) for the town to pull and review records.

484   In spite of Eric Witt's explicit knowledge of the lack of jurisdiction for Case #CE22-0005,

485   prosecutor Joe Lico persists with the prosecution of this case. (SEE Exhibit VIII)

486   Judge Shawn Day continued in this case without verifying the prosecution provided an

487   injury in fact of a citizen case#ce22-0005 09/28/2022.

488   Judge Shawn Day continued in this case with the prosecutions defective affidavits

489   lacking the required sworn under penalty of perjury (case#ce22-0005 court hearing

490   09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

491   Judge Shawn Day continued in this case with the prosecutions defective affidavits

492   lacking merits to lawfully prosecute Eric Witt, as the affidavits do not mention

493   witnessing Eric Witt in any form (case#ce22-0005 court hearing 09/28/2022). (SEE

494   EXHIBIT VI) a copy of the defective affidavits.

495   Judge Shawn Day Practiced law while adjudicating this case by answering Eric Witt's

496   jurisdictional challenge for the plaintiff (case#ce22-0005 court hearing 09/28/2022).

497   See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

498   Judge Shawn Day continued in this case after jurisdiction was challenged and jurisdiction

499   was never proven on the record point by point (case#ce22-0005 court hearing

500   09/28/2022). See (exhibit VIII) a file stamped copy of the jurisdictional challenge.

501 Judge Shawn Day continued in this case with the prosecutions defective affidavits

502 lacking the required signing sworn under penalty of perjury (case#ce22-0005 court

503 hearing 09/28/2022). (SEE EXHIBIT VI) a copy of the defective affidavits.

504 Judge Shawn Day continued in this case without having established subject matter

505 jurisdiction (case#ce22-0005 court hearing 09/28/2022).

506 The discovery documents will show the Joe Lico never responded to the jurisdictional

507 challenge with an affidavit by a counter-affidavit. (See EXHIBIT VII) a copy of the full

508 discovery.

509 There is no injured party brought by prosecution in case (ce22-0005).

510 There is no injured party brought by prosecution in case (ce22-0009).

511 The case is pending from a counterclaim that Joe Lico ignored. See file stamped

512 counterclaim in this case (case#ce22-0005).

513 Judge Shawn day ignored plaintiff's countersuit against him, denying plaintiff's access to

514 a court process rights, continued in a conflict of interest to adjudicate the case he is a

515 party to.

516 Eric Witt was entered into a "Not Guilty" plea against his will with pending litigation filed

517 in court. See judges orders on 01/25/2023.

518 Judge Shawn Day practiced law by entering a plea in this case on Eric Witt's behalf

519 against his free will in live court on 01/25/2023.

520 On the morning of June 5th, 2023, at approximately 9 am, officers from the Adams

521 County Sheriff's department affixed an inadequately authorized writ of restitution to the

522 front door of the plaintiff's residence. This action signaled the initiation of an eviction

523 process that is believed to be unlawful due to the absence of appropriate judicial

524 authorization.

525 On May 16, 2023, Eric Witt, the plaintiff, was apprehended under the pretext of an

526 undisclosed warrant related to a municipal code infraction — specifically, for having

527     "excessive weeds" in his landscape. This case is referenced by the number (ce22-0009).

528     The plaintiff asserts that he was not properly informed about the above-mentioned

529     warrant or the associated court date, which allegedly led to its issuance.

530     During his subsequent detention at the Adams County Jail, the plaintiff's 4th

531     amendment rights were purportedly infringed upon as he was not granted a prompt

532     audience with a judge.

533     Additionally, the plaintiff claims that his request for access to legal materials while

534     incarcerated was denied, further obstructing his right to a fair process.

535     The plaintiff alleges that his processing within the Adams County Jail system was

536     delayed, resulting in an overextended detention period of over 24 hours before bond

537     could be posted.

538     The plaintiff was housed with inmates facing more severe charges, under stricter

539     security measures, which he contends was inappropriate given the nature of his alleged

540     infraction.

541     There are allegations of collusion and retaliatory actions against the plaintiff related to

542     his existing lawsuits against Judge Teri Vasquez and Judge Kirby, referenced by case

543     numbers 22cv02242, 23-1183, and 23cv33567.

544     The plaintiff alleges that Judge Kirby was impersonating a Sheriff during his booking

545     process at the Adams County jail.

546     The warrant used to justify the plaintiff's arrest is claimed to be based on an invalid law.

547     The plaintiff contends that this law does not contain the necessary enacting clause and

548     is out of alignment with federal law and the constitution, thereby violating the

549     Supremacy Clause and the Administrative Procedures Act of 1946.

550     The arresting officer, referred to as John Doe, had previously been involved in

551     intimidating conduct in court and openly admitted his knowledge of the plaintiff's

552     federal cases during transport to the jail, with his body camera recording.

553    The plaintiff was not provided with a copy of his arrest warrant by either the Adams

554    County Jail or the involved officers, further complicating his legal situation.

555    On June 5th, 2023, four members of the Adams County Sheriff's Department executed

556    an eviction at the plaintiff's property, located at 170 Coolidge Court, Bennett, Colorado

557    80102, despite the eviction order not being properly authorized by a judge.

558    The eviction proceeded despite

559    EW

560    continue

561    The eviction proceeded despite the plaintiff's assertion of an active title dispute over the

562    property, which was further substantiated by a notice visibly posted on the property's

563    front entrance, bearing the associated case numbers 23-1140, 22cv02242, and 23-1183.

564    The eviction resulted in the loss or damage of various personal items, including family

565    heirlooms, memorabilia, and antiques.

566    The plaintiff was not given a reasonable chance to retrieve personal belongings during

567    the eviction, with a notable instance being his car key, which he was not allowed to

568    retrieve.

569    The Sheriff's department allowed unauthorized individuals to take items from the

570    plaintiff's property while denying the plaintiff himself the same access, violating his

571    rights over his property.

572    The plaintiff was given only 48 hours to gather his belongings from the front yard of the

573    property. However, this period proved to be insufficient given the volume and nature of

574    the items.

575    The plaintiff's attempts to retrieve his belongings after the 48-hour period were met

576    with threats of arrest by the Sheriff's department, even as others were permitted to

577    access the property.

578    These threats were made by A.M. Kemerling Sergeant #32 over the phone.

579    The town employees told the plaintiff's neighbor that Eric Witt has 7 days to remove his

580    property from the yard.

581    When this was explained to A.M. Kemerling. He stated that its true the town has a rule

582    for 7 days but the Adams County Sherriff has jurisdiction over the towns rule.

583    The plaintiff then questioned the Adams County Writ of restitution not having

584    jurisdiction over the tenth circuit court of appeals title dispute over the property and

585    was told by the Sherriff he's not talking about that. This clearly shows the knowledge of

586    jurisdiction by the Adams County Sherriff and their clear lack of it when they stole the

587    plaintiff's house.

588    On June 30, 2023, Eric Witt went to retrieve a copy of the writ of restitution from

589    the courthouse as his documents were never brought out of the house and had been

590    stolen during the eviction. When he received the copy, he noticed that it was not the

591    same copy he had received on the day of his arrest. The original writ had a nickel-size

592    round ink stamp with an unknown signature over it located in the far upper right-hand

593    corner of the page and the signature line for the judge was located roughly ¾ down the

594    paper centered in the middle. The swapped writ had a silver dollar-sized court seal

595    placed prominently in the upper left hand corner, leaving roughly one inch of space

596    between the printed seal and the edge of the paper. Additionally, the signature line for

597    the judge was at the bottom left, while there was a signature on the seal by the clerk of

598    court