Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 1 of 59

4/22/24, 8:22 AM                    Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

 Gmail

Eric Witt <ericwitt34@gmail.com>

---

## RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request ***Response from ACSO***
1 message

**Records Request** <recordsrequest@adcogov.org>                              Sun, Nov 19, 2023 at 1:13
To: Eric Witt <ericwitt34@gmail.com>                                                    
Cc: Gene Claps <GClaps@adcogov.org>, Michael McKinney <MMcKinney@adcogov.org>, Ashley Portillo
<APortillo@adcogov.org>, ACSO Internal Affairs <acsoia@adcogov.org>, Jana Colwell <JColwell@adcogov.org>, "Diane M.
Boonstra" <DBoonstra@adcogov.org>

Mr. Witt-  We apologize for the delayed response to your November 5 email.  We were waiting for additional information from Motorola but still haven't received it.  We are addressing your emails from November 5, 15 and 16.  To organize the response, your requests from the email of November 5th have been copied with our responses in red.

The Colorado Criminal Justice Records Act (CRS 24-72-301) governs the disclosure of criminal justice records.  Even though many of your records requests are questions not requests for records, we have attempted to answer these matters throughout our responses to you.  Finally, the appropriate supervisory people are included on these emails to address your concern that they are aware of these matters.

## File Transfer & Storage:

**The Request**: Concerns about multiple "redaction project updated" activities during late-night hours and the involvement of three distinct users updating the project during non-standard working hours.

**Response from Adams County Sheriff:** Mentioned their hours of operation (0600 – 0000).

**Issue:** The response does not directly address the specific concern about the frequent updates during odd hours. It merely states the department's hours of operation without explaining the anomalies. Furthermore, the stated hours of operation from 6:00 AM to midnight are incorrect. The standard operation of the records department is to serve the public, and the public cannot access the department past 7:00 PM. Additionally, the log records provided by the Adams County Sheriff show hundreds of updates every minute for several odd hours , likely from an auto-saving feature in their program, indicating work was being done from 3:00 AM to 5:28 AM. This is outside your alleged new standard operating hours.

I demand answers as to why this work was conducted outside of normal business hours. The level of attention and suspicious activity surrounding a straightforward body cam request is concerning. I expect a thorough explanation for this irregularity.

<span style="color:red">The agency is required to provide records of official actions within its custody and control.  The Sheriff's Office does not have any responsive records to your demand.  However, here is our best explanation.</span>

<span style="color:red">The standard procedure for redaction is:</span>

1. <span style="color:red">Employee performs redaction, Motorola software saves the individual requests to process at the end of the redaction.</span>
2. <span style="color:red">Employee completes redaction project; Motorola software processes the requests on a copy of the original asset (event file).</span>
3. <span style="color:red">Employee initiates an export of the completed redaction project. Motorola software compiles the project behind the scenes and notifies requestor when complete.</span>

Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 2 of 59

4/22/24, 8:22 AM                    Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

Steps 2 and 3 are done through the software process and do not require an employee to be actively in front of their computer. The software is committing the changes the user requested to create the final, downloadable and shareable file.

This project was being worked on during a normal shift, from 0600-0000., the software completed the work requested by the employee during those non-working hours shown on the audit log.

## Video Alteration & Editing:

**The Request**: Specific inconsistencies in the footage, such as the transformation of scotch tape into a tab between frames.

**Response from Adams County Sheriff:** No direct response provided.

**Issue**: The lack of a direct response to a specific concern about potential video alterations raises questions about the video's authenticity and potential tampering.

We provided you the responsive videos to your records request on August 18th, 2023.  We do not have any further records responsive to this new request.

## MP4 Atom Structure & Specifications:

**The Request:** Concerns about recurring sequences of "Z" characters in the MDAT boxes and the presence of two mdat atoms in the video files.

**Response from Adams County Sheriff**: Mentioned that this is embedded in the code of the provided official record and that they had submitted the request for clarification to Motorola.

**Issue**: The response does not directly address the specific concerns raised about the atom structure. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise.

The Sheriff's Office does not have any additional information responsive to this request.  Despite the records not being in our custody, and beyond the scope of the CCJRA, we forwarded your request to Motorola and will provide you the information we receive from them.

## Advanced Video Manipulation:

**The Request**: Inquired about the potential use of advanced video manipulation techniques on the provided video.

**Response from Adams County Sheriff:** Direct response was "No."

**Issue**: While the response is direct, it does not provide any evidence or basis for the claim, leaving room for doubt.

This request appears to relate to our October 31, 2023 response to your Request #17 in which you asked whether, to the best of our knowledge, there was advanced video manipulation technique done to the videos previously provided.  We answered your question which does not require any further response.

## Data Request:

**The Request:** Requested various data, including logs or records related to the upload, storage, access, and modification of the video file(s).

**Response from Adams County Sheriff**: Did not provide the requested checksums or hashes for verification.

**Issue**: The response does not directly address the specific request for data, which is crucial for verifying the integrity and authenticity of the video files.

Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

The responsive records within the custody of the Sheriff's Office were provided on October 14, 2023.  As indicated in that response, we do not have the checksums and hashes records.  We cannot and are not required to provide records not within our custody.

## Digital Watermarks & Metadata:

**The Request**: Concerns about anomalies in the video's metadata, particularly an omission in the MOOV box and the implausible creation date of the video. Questions about the nature and purpose of digital watermarking and the lack there of metadata stored in the videos.

**Response from Adams County Sheriff:** The request for clarification had been submitted to Motorola, and they were waiting for a response.

**Issue: The** response does not directly address the specific concerns raised about the metadata discrepancies. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise or willingness to address the concern directly.

In summary, while some concerns were addressed, many were met with vague responses or no response at all. The discrepancies between the concerns raised and the answers provided highlight potential issues with transparency and the handling of bodycam footage by the Adams County Sheriff's Department.

As our initial response indicates, the Sheriff's Office does not have any responsive records.  Despite your request falling outside the parameters of our statutory obligations, we have forwarded it to Motorola for any information they may be able to provide.  We will send you information if we receive it.

# Additional requests

Given the concerns raised regarding the "Redaction Project Updated" activities, I would like to seek further clarification on the following:

- The log files indicate that the file " MaezAntonio_051623_1128_Export.mp4" was accessed multiple times throughout the night, specifically from 9 PM up to midnight on August 17th, 2023, and then again from 3:00 AM until 5:28 AM when it was last updated. Can you provide a detailed explanation for the frequent access and updates to this file, especially during these odd hours?

Please see our response to your File Transfer and Storage request above.

- There's a discrepancy in the metadata for the file "MaezAntonio_051623_1128_Export.mp4". The creation date on the thumb drive (official record provided by Adams County Sheriff Records) is recorded as 9:16 AM on August 18th, 2023, while the modified date is earlier at 8:51 AM. This inconsistency raises concerns, especially when the chain of custody logs indicates the action "exported redaction created" was completed at 5:28 AM on the same day, resulting in a 4-hour gap. Why does the metadata from the logs not align with the thumb drive's metadata? The creation date for the specific file in the provided logs should precisely match the creation date of the file on the thumb drive. Can you provide insights into this discrepancy and clarify the whereabouts and handling of the file during this 4-hour period? There should be a chain of custody record for every second the file is in your custody, where are the logs for the 4 hours gap? What devices was it transferred to during the lost chain of custody incident?

The chain of custody records have been provided.  We have no further responsive records.

1. **I Eric Witt, am officially requesting a forensic copy of the hard drive(s) in those device(s ) that held custody of these video records in question when the chain of custody was broken. I have a complaint filed with the department in this matter. Therefore you have a fiduciary duty to preserve this evedence. /s/Eric witt**

We do not store these videos on our systems. All interactions with the files are done within Motorola's CommandCentral Evidence cloud.

$110 charge for a copy of the previously redacted video and total over  $700 for additional footage .

Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 4 of 59

4/22/24, 8:22 AM                    Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

- According to the records and log files provided to me, no further alterations have been made to the video since its initial redaction. Specifically, I am requesting an exact duplicate of the video marked as "exported redaction created" at 5:28 PM on August 18th in the log file under the video "MaezAntonio_051623_1128_ Export.mp4".  Given that I have already paid for the redaction, and I would likely pay the cost of a thumb drive anyway. I requested all 6 videos again and none should have a charge for processing because they are already processed. This should be a straightforward copy procedure, and it's unclear why there is a $110.00 charge for replicating an already processed file. I emphasize the need for this copy to match, in every detail, the version I initially received. Can you please provide a justification for this fee?
Please keep in mind that charging an exorbitant fee of $700 for access to public records could be perceived as an attempt to hinder or obstruct my right to information. Such actions may border on obstruction of justice or a potential violation of transparency and accountability principles inherent in public record laws.

An exact duplicate of the edited recording previously provided to you will be available for pick up at the ACSO Substation 4201 E 72nd Ave, Suite C Commerce City, CO. 80022 by Monday, 11/20/23 at 8 a.m. We will also provide you a copy of the writ of restitution received by the Sheriff's Office and another copy of the $110 invoice for the edited recording.  The cost for this production is the USB material cost of $20.

The $710 estimate is for your request for all body camera footage regarding 170 Coolidge Court on June 5, 2023.  There are 8 body worn cameras to be reviewed.  We will process this request consistent with your waiver of your privacy rights previously provided.  We estimate this will take 23 hours, however, you will only be charged for the actual time needed.

Request for Digital Forensic Copy of Writ of Restitution

- Requesting a digital forensic copy of the Writ of Restitution file on the server of the Adams County Sheriff's department. This pertaining to the property located at 170 Coolidge Court, 80102, Bennett, CO. It is essential that this digital copy includes all metadata intact, exactly as in the original file. The preservation of metadata is crucial for my purposes, and I emphasize the need for an accurate and unaltered representation of the original document.

We are providing copies of the papers received by the Sheriff's Office from the attorney Janeway Law Firm PC to execute.  The court holds the official Writ of Restitution records.

Thank you,



Digital Records Unit

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

   

KY

Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 5 of 59

4/22/24, 8:22 AM          Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Thursday, November 16, 2023 12:34 PM
**To:** Records Request <recordsrequest@adcogov.org>; Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>; Diane M. Boonstra <DBoonstra@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; dominick.moreno.senate@coleg.gov; Governorpolis@state.co.us; joann.ginal.senate@coleg.gov; denvermetroaudits@gmail.com
**Subject:** Re: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

---

Please be cautious: This email was sent from outside Adams County

Where is the invoice and detailed breakdown of the $110.00 fee for the redacted footage already in your possession? Each moment that elapses without the delivery of the requested materials exacerbates the harm caused by this delay. This pertains to the video you have redacted, as indicated by the numerous updates sent during the night. The records you provided suggest all redactions were completed on the server. Therefore, what resides on your server should be an exact replica of what has been previously provided to me, and I insist on accessing it for verification purposes. Your neglect of my request raises serious concerns. I urgently require a comprehensive invoice for the redacted body cam footage. It appears you may have overlooked that your role is to serve the public. Furthermore, if there is no wrongdoing on your part, then furnish the footage and disprove my suspicions.

Eric Witt

P.S. I wish to be informed about the identity of the individual sending these emails. It is essential for me to know, so that appropriate action can be taken by your superior, or when a change in leadership occurs, to ensure that those in charge are not contributing to the issue. It is imperative that you identify yourself in our communications.

On Wed, Nov 15, 2023 at 4:46 PM Records Request <recordsrequest@adcogov.org> wrote:

> Hello,
>
> The Digital Records Unit received your request. We will contact you once we have additional information.
>
> Thank you and have a good day.

Case No. 1:23-cv-01550-SBP    Document 24-2    filed 04/22/24    USDC Colorado    pg 6 of 59

4/22/24, 8:22 AM          Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…



# Digital Records

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

AJB

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Wednesday, November 15, 2023 4:35 PM
**To:** Records Request <recordsrequest@adcogov.org>; Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>; Diane M. Boonstra <DBoonstra@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; dominick.moreno.senate@coleg.gov; Governorpolis@state.co.us; joann.ginal.senate@coleg.gov; denvermetroaudits@gmail.com
**Subject:** ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

---

> Please be cautious: This email was sent from outside Adams County

**Subject:** ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

Attn All: I have reduced the audience and will be addressing my letters more directly for accountability purposes.

Dear Sheriff Gene R. Claps,

I, Eric Witt, am compelled to write to you through this e-mail and through the United States Postal Service concerning the handling of my public records request, filed on October 4th, 2023, with the Adams County Sheriff's Records Department. This request, which is governed by the stipulations of the Colorado Public Records Law (C.R.S. 24-72-203), required a response within three business days. Regrettably, the response from your department not only contravened this statutory requirement but has also been markedly insufficient, raising substantial concerns about the procedural integrity within your office.

## Severe Concerns Over Procedural Irregularities:

The body cam footage provided in response to my request presents alarming signs of alteration. One of which, there exists a conspicuous 4-hour gap in the custody log of this footage. This unaccounted-for period raises significant suspicions of potential tampering or unauthorized modifications, which is not only ethically questionable but may also contravene the protocols outlined in the Colorado Rules of Evidence (Rule 901).

Case No. 1:23-cv-01550-SBP    Document 24-2    filed 04/22/24    USDC Colorado    pg 7 of 59

4/22/24, 8:22 AM                    Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

Further compounding these concerns is the presence of ANSI escape codes within the video's least significant bits. This discovery is highly indicative of the employment of sophisticated counter-forensic tactics, intended to obscure or delay the investigation of the footage.

Additionally, the footage exhibits several unexplained visual discrepancies. One such anomaly includes the transformation of a piece of scotch tape into a tab on a document, leading to suspicions of document swapping within the video. This, alongside other unexplained blurring, and visual distortions, seriously undermines the authenticity and integrity of the footage. furthermore, the creation date metadata has been erased from the video's MOOV atom boxes. This type of alteration is proven altered by the camera's specific features. While you can turn the metadata on or off on the camera. It does not offer a feature to turn on the camera's visual overlay metadata while having the internally coded embedded metadata off. In the record I was provided all pertinent metadata is missing including the creation date of the footage. This date is recorded in 6 places throughout the MOOV atoms within the code structure. This is true for all 6 videos, giving it a total of 36 creation dates missing. Oddly, in all 6 videos, you can observe the visual timestamps that confirm the metadata was in fact turned on. This number of missing creation dates in the provided files from your department would more than likely exclude corruption during upload or transfer.

The sequence of events – redaction on the server followed by post-download alterations – could potentially explain the 4-hour gap in the chain of custody. Such a process, if verified, might constitute a violation of the Colorado Criminal Tampering statute (C.R.S. 18-8-610), as well as more severe federal laws, which prohibit the alteration of physical evidence.

Considering these irregularities, I am compelled to request an exact duplicate of the record initially received. This is not only a right afforded to me under the Colorado Public Records Law (C.R.S. 24-72-201 et seq.) but also a necessary step to verify my concerns regarding the integrity of the provided footage.

I trust that you will treat these concerns with the seriousness they warrant and respond promptly and transparently to the issues I have outlined.

**Financial Concerns and Unjustified Charges:**

Furthermore, I must address the financial aspect of this matter, which is equally troubling. The charge of $110 for a copy of the already redacted footage seems not only unreasonable but also potentially indicative of deeper procedural issues within your department. This fee, for a record that I believe and according to the logs I've been provided has already undergone the redaction process, this stands in stark contrast to the principles of public access and transparency enshrined in the Colorado Open Records Act (CORA), C.R.S. 24-72-205(5)(a). This act stipulates that fees for providing copies of public records must be nominal and reasonable. In this instance, the charge appears to be neither.

The imposition of such a charge, especially under the cloud of the aforementioned irregularities, could be perceived as an attempt to dissuade or obstruct my pursuit of justice. It may also be seen as an effort to cover up procedural irregularities and potential evidence tampering, which is a matter of grave concern. These actions, if proven to be true, would not only contravene state laws but also fundamentally undermine public confidence in the integrity of our law enforcement agencies.

**Demands for Immediate Action:**

In light of the above, I hereby make the following demands:

**Comprehensive Response:** I require a comprehensive response to all my queries within 72 hours. This response should not only address the concerns raised but also provide clear and transparent reasoning behind the actions and decisions of your department. Below are my unanswered records requests.

Video Alteration & Editing:

Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 8 of 59

4/22/24, 8:22 AM                    Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

**The Request**: Specific inconsistencies in the footage, such as the transformation of scotch tape into a tab between frames.



take notice on the jagged edges of the sides of the tape above, the tape's transparent nature shown by its slight trapezoidal figure on the blue paper aligned with the overhanging tape, and lastly, the shadowing that clearly shows the tape edges and the darker areas on the paper itself.



Take notice of the jagged edges of the tape are now gone. Also, notice how there is no transparency and the shadowing is now blended with the tape making it appear as if it is a part of the paper itself. (This can happen when using a tracking program during alteration. The program tracks every object in the video. When the tape's long edge lined up with the paper edge. The tracking software may have lost the piece of tape and considered it to be the paper itself when both edges aligned.)

These anomalies, I'd assess are impossible on unaltered video. Artifacts caused by compression and other programs like redaction do not cause these types of visual defects. That said, any reasonable person could just simply look at these key frames above and determine it does not look right. To date, there have been significant advancements in artificial intelligence adversarial / Deep Fake technologies. Allegedly, this altered video is the product of an out-of-date artificial intelligence model or a very poorly executed one. I would like this to be explained to me as to why this is in the record you provided to me.

**Response from Adams County Sheriff:** No direct response was provided.

Case No. 1:23-cv-01550-SBP   Document 24-2   filed 04/22/24   USDC Colorado   pg 10 of 59

4/22/24, 8:22 AM          Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

**Issue:** The lack of a direct response to a specific concern about potential video alterations raises questions about the video's authenticity and potential tampering.

## MP4 Atom Structure & Specifications:

**The Request:** Concerns about recurring sequences of "Z" characters in the MDAT boxes and the presence of two mdat atoms in the video files.

**Response from Adams County Sheriff:** Mentioned that this is embedded in the code of the provided official record and that they had submitted the request for clarification to Motorola.

**Issue:** The response does not address the specific concerns raised about the atom structure. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise.
ADDED INPUT: the most concerning part is not necessarily the Z's themselves.  If the Z's represent some form of invisible digital watermark or signature (which is highly likely). The major concern is the lack of Z's patterns in specific areas as these areas with absent Z patterns seem to perfectly align with the frames of the video suspected of alteration (mainly areas where the document in question, is in the camera's view.) In other words, the Z patterns may be there as a form of tamper protection embedded in the video code, the absence of these patterns may indicate the frames that were tampered.

## Advanced Video Manipulation:

**The Request:** Inquired about the potential use of advanced video manipulation techniques on the provided video.

**Response from Adams County Sheriff:** The direct response was "No."

**Issue:** While the response is direct, it does not provide any evidence or basis for the claim, leaving room for doubt.

## Data Request:

**The Request:** Requested various data, including logs or records related to the upload, storage, access, and modification of the video file(s).

**Response from Adams County Sheriff:** Did not provide the requested checksums or hashes for verification.

**Issue:** The response does not directly address the specific request for data, which is crucial for verifying the integrity and authenticity of the video files.

## Digital Watermarks & Metadata:

**The Request:** Concerns about anomalies in the video's metadata, particularly an omission in the MOOV box (MOOV BOX CONTAIN THE CREATION DATES AND OTHER METADATA THAT ALLEGEDLY HAS BEEN ERASED) and the implausible creation date of the video. Questions about the nature and purpose of digital watermarking and the lack thereof metadata stored in the videos.

**Response from Adams County Sheriff:** The request for clarification had been submitted to Motorola, and they were waiting for a response.

**Issue: The** response does not directly address the specific concerns raised about the metadata discrepancies. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise or willingness to address the concern directly.

In summary, while some concerns were addressed, many were met with vague responses or no response at all. The discrepancies between the concerns raised and the answers provided highlight potential issues with transparency and the handling of bodycam footage by the Adams County Sheriff's Department.

# Additional requests

Given the concerns raised regarding the "Redaction Project Updated" activities, I would like to seek further clarification on the following:

- The log files indicate that the file " MaezAntonio_051623_1128_Export.mp4" was accessed multiple times throughout the night, specifically from 9 PM up to midnight on August 17th, 2023, and then again from 3:00 AM until 5:28 AM when it was last updated. Can you provide a detailed explanation for the frequent access and updates to this file, especially during these odd hours?

1. There's a discrepancy in the metadata for the file "MaezAntonio_051623_1128_Export.mp4". The creation date on the thumb drive (official record provided by Adams County Sheriff Records) is recorded as 9:16 AM on August 18th, 2023, while the modified date is earlier at 8:51 AM. (HOW CAN THE MODIFIED DATE BE BEFORE IT WAS CREATED?) This inconsistency raises concerns, especially when the chain of custody logs indicate the action "exported redaction created" was completed at 5:28 AM on the same day, resulting in a 4-hour gap. Why does the metadata from the logs not align with the thumb drive's metadata? The creation date for the specific file in the provided logs should precisely match the creation date of the file on the thumb drive. Can you provide insights into this discrepancy and clarify the whereabouts and handling of the file during this 4-hour period? There should be a chain of custody record for every second the file is in your custody, where are the logs for the 4 hours gap? What devices was it transferred to during the lost chain of custody incident? **I, Eric Witt, am officially requesting a forensic copy of the hard drive(s) in those device(s) that held custody of these video records in question when the chain of custody was broken. I have a complaint filed with the department in this matter. Therefore, you have a fiduciary duty to preserve this evidence. /s/Eric Witt**

$110 charge for a copy of the previously redacted video and a total of over $700 for additional footage.

- According to the records and log files provided to me, no further alterations have been made to the video since its initial redaction. Specifically, I am requesting an exact duplicate of the video marked as "exported redaction created" at 5:28 PM on August 18th in the log file under the video "MaezAntonio_051623_1128_Export.mp4". Given that I have already paid for the redaction, I would likely pay the cost of a thumb drive anyway. I requested all 6 videos again and none should have a charge for processing because they are already processed. This should be a straightforward copy procedure, and it's unclear why there is a $110.00 charge for replicating an already processed file. I emphasize the need for this copy to match, in every detail, the version I initially received. Can you please provide a justification for this fee?
Please keep in mind that charging an exorbitant fee of $700 for access to public records could be perceived as an attempt to hinder or obstruct my right to information. Such actions may border on obstruction of justice or a potential violation of transparency and accountability principles inherent in public record laws.

Request for Digital Forensic Copy of Writ of Restitution

- Requesting a digital forensic copy of the Writ of Restitution file on the server of the Adams County Sheriff's Department. This pertains to the property located at 170 Coolidge Court, 80102, Bennett, CO. It is essential that this digital copy includes all metadata intact, exactly as in the original file. The preservation of metadata is crucial for my purposes, and I emphasize the need for an accurate and unaltered representation of the original document.

Case No. 1:23-cv-01550-SBP  Document 24-2  filed 04/22/24  USDC Colorado  pg 12 of 59

4/22/24, 8:22 AM  Gmail - RE: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Reque…

1. **Demand for Unaltered Body Cam Footage and Related Records**: Pursuant to my rights under the Colorado Open Records Act (CORA), I hereby reiterate my demand for the immediate release of the unaltered body cam footage and any related records. This request aligns with the principles of CORA, which mandates public access to government records in their original, unmodified form. Furthermore, it is important to note that the documents in question were visibly handled in a public setting, thereby diminishing any reasonable expectation of privacy. This principle of diminished privacy in public spaces is universally applicable and does not solely pertain to the public; it equally applies to government entities. Therefore, the exposure of these documents in a public area negates any claim of privacy that might otherwise justify the withholding of unredacted records.

2. **Waiver of Fees:** In recognition of the undue delay and the hardship caused by these delays, I request a complete waiver of all fees associated with this records request. This act would not only be a gesture of good faith, remedying the distress caused by this prolonged process but also is in the best interest of the public.

It is my expectation that these demands will be met with the seriousness and urgency they warrant. The failure to adequately address these issues would not only exacerbate my personal distress but also reflect poorly on the commitment of your office to uphold the principles of transparency and accountability.

**Consequences of Continued Non-Compliance:**

This correspondence serves as a final, unequivocal demand for the immediate provision of the requested records or, at the very least, a detailed explanation and a definitive timeline for the delivery of more time-consuming records. This demand is made considering several unheeded requests submitted over the past few months, which have been met with an unacceptable lack of response and assistance from government officials.

I hereby stipulate a firm 72-hour deadline from the receipt of this letter for your compliance. This compliance can be in the form of either the complete provision of the requested records or a partial fulfillment accompanied by a clear, written explanation detailing the reasons for any delay and a precise timeline for the availability of the remaining records.

Failure to meet this demand within the specified timeframe will compel me to initiate a targeted escalation plan. This plan will begin with a direct appeal to individuals elected to oversee the Adams County Sheriff's Department, outlining the persistent non-compliance and the department's apparent disregard for legal obligations and public accountability.

Furthermore, I am prepared to publicize this issue, highlighting the specific names of each public official who has contributed to this ongoing miscarriage of justice. This action is not taken lightly but is a necessary step to protect fellow citizens from similar mistreatment and to uphold the principles of transparency and accountability.

Should my rights continue to be disregarded beyond this 72-hour period, I will not hesitate to escalate the matter to higher state authorities. Each step of this escalation will intensify the demands for accountability, culminating in a separate, highly publicized federal court case. In this legal action, each public official's role in this matter will be scrutinized, holding them civilly accountable both personally and in their official capacities within the bounds of the Constitution and federal law.

This letter is not just a request; it is a final warning. The time for obfuscation and delay is over. Immediate action is expected and required.

**Conclusion:**

Sheriff Gene R. Claps, I urge you to treat this matter with the urgency and seriousness it deserves. The issues at hand not only affect me personally but also have broader implications for the public's trust in the integrity and transparency of our governmental institutions. I expect the Adams County Sheriff's Records Department to adhere strictly to legal standards and ethical

conduct. The resolution of this matter will be a testament to the department's commitment to these principles.

In addition, I expect immediate and thorough action on this matter, as it is not only a legal obligation but a moral one, crucial for upholding the tenets of justice and transparency. Your prompt response is imperative. Should you require further clarification or wish to discuss this matter directly, I am available for contact. Be advised, I am open to settling this issue out of court, but only under a satisfactory agreement that fully addresses our concerns.


Sincerely, Eric Witt
720-496-9912
ericwitt34@gmail.com



*A copy of this letter has been mailed to:*

Sheriff Gene R. Claps
4430 S. Adams County Pkwy., 1st Floor, Suite W5400
Brighton, CO 80601

4/22/24, 8:19 AM                                    Gmail - RE: Records Request Witt, Eric

 Gmail                                              **Eric Witt <ericwitt34@gmail.com>**

---

**RE: Records Request Witt, Eric**
1 message

---

**Records Request** <recordsrequest@adcogov.org>                    Tue, Oct 31, 2023 at 2:45 PM
To: Eric Witt <ericwitt34@gmail.com>
Cc: Gene Claps <GClaps@adcogov.org>, Michael McKinney <MMcKinney@adcogov.org>, Ashley Portillo
<APortillo@adcogov.org>, ACSO Internal Affairs <acsoia@adcogov.org>, Jana Colwell <JColwell@adcogov.org>, "Diane M.
Boonstra" <DBoonstra@adcogov.org>

Hello Mr. Witt,


I apologize for the delay in processing this request.  We did have to wait for some responses from Motorola, who is our
BWC manufacturer. I have attached answers to the questions that you submitted to us, as well as, some data sheets on
our cameras.


Unfortunately we are unable to release the BWC footage unredacted.  This is due to sensitive information that is on
certain documents pertaining to NCIC/CCIC law enforcement databases.  This information is not releasable to anyone
outside of our agency.


Thank you for your understanding and your patience,




**Kami Yancy**

Digital Records Supervisor

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave Suite C

Commerce City, CO 80022

Office: 720.322.1367 | kyancy@adcogov.org

www.adamssheriff.org

   

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Tuesday, October 31, 2023 1:08 PM
**To:** Records Request <recordsrequest@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; Gene Claps <GClaps@adcogov.org>; dominick.moreno.senate@coleg.gov; rod.bockenfeld.house@coleg.gov; Denver Post <newsroom@denverpost.com>; newstips@9news.com; Governorpolis@state.co.us; ACSO Internal Affairs <acsoia@adcogov.org>; HoustonCorruption@fbi.gov; combatiendocorrupcion@fbi.gov; lorena.garcia.house@coleg.gov; bob.gardner.senate@coleg.gov; joann.ginal.senate@coleg.gov; julie.gonzales.senate@coleg.gov; coloradofoic@gmail.com; info@aclu-co.org; CauseNet@commoncause.org
**Subject:** Re: Records Request

> Please be cautious: This email was sent from outside Adams County

To Whom It May Concern,

In light of a previous records request that remains unanswered and my growing concerns for personal safety and transparency, I am broadening this correspondence to encompass representatives from several esteemed organizations and legislative bodies. Their inclusion is intended to underscore the gravity of the situation, provide necessary oversight, and ensure that this matter is addressed with the diligence and openness it deserves.

Cc: lorena.garcia.house@coleg.gov, bob.gardner.senate@coleg.gov, joann.ginal.senate@coleg.gov, julie.gonzales.senate@coleg.gov, coloradofoic@gmail.com, info@aclu-co.org, CauseNet@commoncause.org

**Immediate Request for Unredacted Body Cam Footage and Ignored Prior Request**

Adams County Records Department,

I am seeking transparency and adherence to the stipulated laws. My name is Eric Witt, and I am formally requesting the release of the unredacted body cam footage for two distinct dates: June 5, 2023, and May 16, 2023, concerning incidents that transpired at 170 Coolidge Court, Bennett, Colorado 80102.

To set the context, I had previously submitted a request inquiring about the chain of custody, the processes and procedures involved in handling body cam footage, the software employed for redaction, among other technical details. Regrettably, this request has been ignored, leaving me in the dark about the procedures that govern the management of the very footage that pertains to my person.

Turning to the current matter at hand, as stated in C.R.S. § 24-31-902, upon the filing of a formal complaint, which I did on October 12, 2023, I am entitled to "all unedited video and audio recordings of the incident" within a span of twenty-one days. Given today's date, I am still within the stipulated window and, therefore, expect the immediate release of the requested footage.

The footage in question primarily revolves around my privacy. Therefore, acknowledging the Senate Bill's provisions necessitating a signed waiver for release due to privacy concerns, please find attached herewith a signed waiver from my end. This waiver, I believe, further streamlines the process and leaves no room for undue delays or refusals.

The act of redaction, especially when it pertains to one's documents and materials, is a matter of concern. I seek the unredacted footage not just out of a need for clarity but from a standpoint of upholding my rights, ensuring procedural transparency, and conducting a forensic analysis to verify the footage's authenticity.

The essence of any democratic institution lies in its transparency and adherence to the rule of law. I urge the Adams County Sheriff's Office to stand by these principles and respond to this request promptly. Evading or ignoring such requests only serves to erode public trust.

In closing, Should you require any clarifications or additional information, I am available at ericwitt34@gmail.com or 720-496-9912.

Your immediate and undivided attention to this matter is not a mere expectation, but a categorical demand.

Yours Sincerely,

Eric Witt
s/Eric Witt

# WAIVER FOR RELEASE OF UNREDACTED BODY CAM FOOTAGE

I, Eric Witt, hereby grant permission to the Adams County Sheriff's Office to release the unredacted body cam footage pertaining to the incidents that occurred on June 5, 2023, and May 16, 2023, at 170 Coolidge Court, Bennett, Colorado 80102.

Recognizing the importance of privacy and the potentially sensitive nature of the footage, I explicitly waive any objections or claims related to the privacy of the information contained within the footage. I understand that this waiver allows the Adams County Sheriff's Office to provide the footage without any redactions that pertain to my personal information or any other elements that may be deemed private.

This waiver is given freely, without any form of coercion, and is intended to facilitate the transparent and prompt release of the aforementioned footage.

I am fully aware of the implications of this waiver and accept any risks associated with the release of the unredacted footage.

Date: October 31, 2023

Signature: _s/Eric Witt_____

Eric Witt
720-496-9912

On Wed, Oct 18, 2023 at 1:25 PM Eric Witt <ericwitt34@gmail.com> wrote:

Hello "Upper Management",

I requested records over 15 days ago. I have heard nothing until 11 days after my request and received a small portion of my request. The gentleman at the front desk told me "Upper management"

is working on my request even when asking for simple requests such as what redaction software is used. apparently, he's not aware of this simple question only "upper management" is qualified to give basic information. This is not being transparent to the public. I expect a response as to why my rights are being violated and the request to be filled immediately. Apparently, I need to tag the president of the United States and more media in this request, if needed I will do so for my safety and to bring awareness to this blatant violation. Below are the requests and what they are invoked under. I would sure hope "upper management" is more efficient and cost effective to handle such simple requests.

Digital Watermarks & Metadata:

invoked under: CORA (pertains to the operational aspects of the body cameras and the format of the footage). Timeline: The agency has three working days to respond. If the agency needs more time due to extenuating circumstances, it can extend this period by an additional seven working days. The requester should be informed of any delays.
File Transfer & Storage:

invoked  under: CORA (pertains to how the footage is stored and transferred).
Timeline: Same as above.
Video Alteration & Editing:

invoked under: CORA (pertains to software and processes used by the department for editing).
Timeline: Same as above.
MP4 Atom Structure & Specifications:

invoked   under: CORA (addresses the technical specifications of the footage).
Timeline: Same as above.
Advanced Video Manipulation:

invoked under: CORA advanced editing techniques, not specifics of a criminal case
Timeline: Same as above.
Video Authenticity & Verification:

invoked under: CORA (concerns the general authenticity of the footage and potential third-party verification).
Timeline: Same as above.
Data Request:

Logs or records related to the upload, storage, access, and modification:  invoked under CORA (operational records).
Time, date, file size, and other metadata for specific video uploads: invoked under both CORA and CCJRA.

Checksums or hashes:  invoked under CORA (technical details for verification).
Timeline: Same as above


Witt

On Sat, Oct 14, 2023 at 10:48 AM Records Request <recordsrequest@adcogov.org> wrote:

> Hello,
>
>      The Digital Records Unit has received your request. The Metadata is available for release and ready for
> pick up. The cost for this record will be $17.50.
>
>      You may mail in a check for $17.50 made payable to Adams County Sheriff and mail that to Adams County
> Sheriff Records 4201 E 72nd Ave Suite C Commerce City, CO 80022. Once Records receives payment we are able
> to mail the report to you.
>
>      You may also come to the Adams County Sheriff's Office Substation located at 4201 E 72nd Ave and pay
> with cash, check, or credit card*. Our lobby hours are 7 am to 7pm.
>
>
>      Please be advised that the Body Worn Camera footage was redacted based on the Colorado Open
> Records Act. Digital Records would require a court order to release a copy of the video unredacted.
>
>
> *a surcharge is assessed for all credit card transactions
>
>
> Thanks-



## Digital Records

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO. 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

 

DB

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Tuesday, October 3, 2023 9:01 AM
**To:** Records Request <recordsrequest@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; Gene Claps <GClaps@adcogov.org>; dominick.moreno.senate@coleg.gov; rod.bockenfeld.house@coleg.gov; Denver Post <newsroom@denverpost.com>; newstips@9news.com; Governorpolis@state.co.us
**Subject:** Records Request

> Please be cautious: This email was sent from outside Adams County

attached is the official copy with the fields properly filled out in a records request form.

# RECORDS REQUEST

This is a follow-up request for the previously obtained BWC footage from your department. The below requests refer to the video footage that was received by your department for an incident on 5/16/2023. The was supposed to show a writ of restitution served unredacted and unedited.

**Digital Watermarks & Metadata:**

1. Do the video files from the body cameras contain any form of digital watermarking?
2. If so, what is the nature and purpose of this watermarking? Is it used for copyright protection, source tracking, tamper detection, or any other purpose?
3. Can you provide documentation or specifications about the watermarking technique or technology used in the video?
4. Do the body cameras or the associated software embed digital watermarks in the video files?
5. What metadata is typically stored in the videos recorded by the body cameras? Can I get documentation or a description of all standard metadata fields?

**File Transfer & Storage:**

6. When body cam footage is uploaded from the device to the server, is any processing or transformation applied to the video files?
7. Are the original video files retained after upload, or are they overwritten or deleted?
8. Is there any form of compression, encryption, or other alteration applied during or after the upload process?

**Video Alteration & Editing:**

9. Have any sections of the provided video been edited, redacted, or altered in any way after the original recording?
10. What software or tools do you use for video redaction or editing? Can they leave specific patterns or signatures in the video data?
11. Are there standard procedures in place for redacting or editing body cam footage? If so, what are they?
12. Are original, unedited versions of the video retained alongside redacted or edited versions?

**MP4 Atom Structure & Specifications:**

13. Is the atom structure (ftyp, mdat, mdat, moov) standard for videos recorded by the body cameras? Why are there two mdat atoms in the video files?
14. Can you provide documentation or a specification for the MP4 file format as used by the body cameras?
15. What make and model are the body cameras? Can you provide a user manual or technical specifications?
16. Do the body cameras use any specific compression, encoding, or encryption techniques that could affect the video data structure?

**Advanced Video Manipulation:**

17. To your knowledge, has any advanced video manipulation technique, such as adversarial AI or deepfake technology, been applied to the provided video or any other video from the department?

**Video Authenticity & Verification:**

18. Can you provide a chain of custody or an audit trail for the video from the moment it was recorded to when it was handed over?
19. Would the department be open to a third-party forensic analysis of the video to ascertain its integrity and authenticity?

**Data Request:**

20. Can you provide logs or records related to the upload, storage, access, and modification of the specific video file(s) in question?
21. I'd like to request data on the time, date, file size, and any other available metadata for the video uploads from the specific body camera(s) and date(s) in question.
22. Are there checksums or hashes generated for the video files when they are uploaded or stored? If so, can I request these for verification purposes?

<p align="center" style="color:red"><strong>PLEASE READ AND ACKNOWLEDGE BELOW</strong></p>

*PURSUANT TO COLORADO REVISED STATUTE (CRS) 24-72-305.5. I UNDERSTAND THAT COLORADO LAW PROHIBITS ME FROM USING RECORDS OF OFFICIAL ACTIONS AND CRIMINAL JUSTICE RECORDS AND INFORMATION FOR THE PURPOSE OF SOLICITING BUSINESS FOR PECUNIARY GAIN.*

*I ALSO UNDERSTAND ANY BOOKING PHOTOGRAPHS OBTAINED WITH THE REQUEST WILL NOT BE PLACED IN A PUBLICATION OR POSTED TO A WEBSITE THAT REQUIRES THE PAYMENT OF A FEE OR OTHER EXCHANGE FOR PECUNIARY GAIN IN ORDER TO REMOVE OR DELETE THE BOOKING PHOTOGRAPH FROM THE PUBLICATION OR WEBSITE.*

*I HEREBY SWEAR AND AFFIRM THAT THE RECORDS I OBTAIN FROM THE ADAMS COUNTY SHERIFF'S OFFICE AS A RESULT OF THIS OPEN RECORDS REQUEST SHALL NOT BE USED FOR THE DIRECT SOLICITATION OF BUSINESS FOR PECUNIARY GAIN.*

4/22/24, 8:19 AM                          Gmail - RE: Records Request Witt, Eric

Signature: s/Eric Witt                                                Date:10/3/2023

<span style="color:red">Completed forms can be emailed to <u>recordsrequest@adcogov.org</u></span>

<span style="color:red">Payment is required upon completion. All records not picked up within 30 days will be destroyed.</span>

Records Request Form (Rev. 01/23)
                    Page 1 of 1

On Wed, Aug 30, 2023 at 6:17 PM Eric Witt <ericwitt34@gmail.com> wrote:

## IMMEDIATE DEMAND FOR UNALTERED BODY CAM FOOTAGE AND UNREDACTED WRIT OF RESTITUTION

Adams County Records Department (Colorado) et alia,

The purpose of this email is a demand of an unredacted, unaltered copy of the writ of restitution, a record of the chain of custody for the body cam footage and a full refund for the altered body cam footage that was provided to me.

Initially, a request was submitted to your office for body cam footage and the writ of restitution. This request was made under the purview of the law, which mandates that public records, including body cam footage and legal documents, must be provided in their accurate and unaltered forms as well as within 72 hours of the request. Unfortunately these requirements were not met.

It should be noted that I am returning to my house where the illegal eviction has occurred. There was never a valid writ and I advise the Adams county sheriff not to trespass again on my property. For my safety and due to the severity of the actions taken against me, I am tagging higher authorities and media outlets in this email. Given that tampering with evidence can result in a maximum prison sentence of 20 years, the gravity of this situation cannot be overstated. Not only have I suffered material loss, but the emotional and psychological toll has been significant, eroding my trust in a system that is supposed to protect its citizens.

## ISSUES WITH THE BODY CAM FOOTAGE

The body cam footage provided has been altered. Metadata and timestamps, critical for verifying the authenticity of the footage, are missing. Despite explicit instructions against redaction, personal documents visible in the footage, specifically the writ taped to my front door, have been improperly redacted.

Technical analysis, summarized in the attached 'tampering_results.txt,' corroborates these concerns. Specifically, there are inconsistencies in the "RECEIVED" stamp between the

footage and an original document. Further, the resolution of the video frames contradicts that of a high-resolution image of the same document, raising suspicion.

Given the alteration of this evidence, a full refund for the cost of the body cam footage is demanded. Legal repercussions for altering evidence are severe and could include charges of evidence tampering, punishable by up to 20 years in prison.

Combining all these factors, each of which individually raises suspicion, leads to a cumulative case that strongly suggests tampering. Hence, the high percentage estimate reflects the multiple layers of concern, both technical and contextual, that point towards the video being altered.

## ISSUES WITH THE WRIT OF RESTITUTION

The writ of restitution is incomplete and lacks essential information, including a case number and valid signatures. A metadata analysis indicates discrepancies that suggest potential tampering.

Technical findings, summarized in the attached 'AIreferanceRecordsRequest.txt,' further affirm these issues. Notably, the clerk's signature appears to be a digital copy, lacking a digital signature block, which is standard for electronically signed legal documents.

Due to the invalidity of this writ, I am retaining my rights to my property. Any actions based on this writ are illegal and will be contested.

## INITIAL TECHNICAL ANALYSIS INDICATES HIGH LIKELIHOOD OF ALTERATION

In addition to the evident contextual red flags, an initial technical analysis of the body cam footage strongly indicates that it's been tampered with. The metrics derived from a suite of forensic tests on the video, along with other corroborating facts, make this hard to ignore. While current AI can be quite deceptive with still images, it still falls short when it comes to maintaining consistency across video frames. In this case, both the AI and the individuals behind it did a lousy job, especially when compared to the sophistication of contemporary alterations. With over two decades of advancements in digital imaging, spotting the tampering was far from challenging.

1. Anomaly Detection:

- **Number of Anomalies: 688**

  - This test identifies frames or pixels that deviate from expected patterns. A high number of anomalies (688 in this case) is alarming and indicates significant irregularities.

2. Frequency Domain Analysis:

- **Mean: 10955.60**

- **Standard Deviation: 1324.29**

- This test identifies unnatural patterns in the frequency components of the video. A higher standard deviation suggests inconsistent frequency components, often indicative of edited or spliced sections.

3. Noise Pattern Consistency:

- **Mean: 110.79**

- **Standard Deviation: 32.01**

  - Videos captured by the same camera should have consistent noise patterns. A high standard deviation suggests that sections of the footage may have been captured under different conditions, with different cameras, or with Artificial Intelligence (AI) Deep Learning models trained specifically for video alteration and to use counter forensic measures in the noise patterns.

4. Detailed Edge Analysis:

- **Mean: 12.12**

- **Standard Deviation: 3.34**

  - This metric reveals inconsistencies in edge information across frames. A higher standard deviation could indicate selective editing to blur or sharpen edges, often a telltale sign of tampering.

5. Pixel-level Analysis:

- **Mean: 99.89**

- **Standard Deviation: 7.58**

  - **Pixel-level consistency is crucial for video integrity. Variability here could**


### OVERALL Contextual Factors:

- **1. Missing Metadata:**

- Metadata serves as the "fingerprint" of a digital file. It contains essential information about the file creation, modification, and properties like resolution, codec, and timestamps. When this information is missing, it's often a strong indication that a file has been manipulated to remove traces of editing or to anonymize its source. In the context of body cam footage, which is supposed to serve as a reliable record of events, missing metadata is a significant red flag.

- **2. Blurred Sections:**

- The intentional blurring of specific parts of the video, especially when I've explicitly requested those parts to remain unaltered, is another strong indicator. Body cam footage serves as an objective record of events, and any alteration like blurring specific parts compromises its integrity. The fact that this was done against a direct request not to do so adds weight to the suspicion of tampering.

- **3. Inconsistent Video Quality:**

- Inconsistencies in video quality, particularly in areas of interest like the writ, raise another red flag. If other sections of the video have better clarity and detail, it casts

Gmail - RE: Records Request Witt, Eric

doubt on why the area of interest is blurred or appears to be of lower quality. This
inconsistency often points to selective editing or tampering.

- **4. Technical Indicators:**

- The technical analysis metrics I provided show high standard deviations in
frequency domain and noise pattern consistency, which typically indicate unnatural
or inconsistent patterns across different frames or scenes. These metrics are often
used in forensic analyses to detect tampering, and the high standard deviation values
suggest that the video has likely been altered.

- **5. No Explanation for Alterations:**

- The lack of a plausible explanation for these alterations from the providing
agency further raises suspicions. In a legal context, any alteration should be
documented and justified, especially when it goes against specific requests. The
absence of such documentation suggests that the alterations were not part of
standard procedure but were likely intentional.

## TIMESTAMPS AND METADATA DISCREPANCIES

- **First Copy of the Writ (allegedly filed by the court):**
  - There is no case number on this document.
  - Contains only a time stamp indicating: "DATE FILED: April 20, 2023 11:41 AM".
  - Metadata shows:
    - Creation Date: Fri Jul 28 08:41:29 2023.
  - The metadata's creation date doesn't match the visual timestamp on the document.
- **Second Copy of the Writ (allegedly authorized by court personnel):**
  - No case number is present.
  - Contains a stamp: "ISSUED BY COURT" and date "04/20/2023".
  - Signature by the clerk is present below the date. This signature pixelates notably when zoomed,
    suggesting a digital signature.
  - Metadata for this document:
    - Creation Date: Thu Apr 20 14:15:27 2023.
    - Modification Date: Thu Apr 20 14:15:27 2023.
  - Noteworthy: The metadata creation date for this copy doesn't align with the timestamp or the
    metadata from the first document.
- **Third Copy of the Writ (allegedly the Sheriff's Copy):**
  - This copy has a case number: "CASE NUMBER: 2023C33567".
  - Contains a "RECEIVED" stamp dated "APR 25 2023".
  - Below the sheriff's stamp is "ISSUED BY COURT" and "04/20/2023".
  - A new timestamp is present reading: "DATE FILED: April 20, 2023 2:15 PM" instead of "11:41 AM"
    from the first document.
  - Contains the "ALANA PERCY" signature, which appears digital.

- Metadata: Not provided.

•

Collectively, these technical and contextual indicators present an overwhelming case for the footage being altered. Given the multiple layers of concern, the video provided cannot be considered a reliable or authentic record of events.

## Conclusion and Immediate Action Required

In light of the above-mentioned issues, the integrity of both the body cam footage and the writ of restitution is severely compromised. This is not merely a violation of public trust; it also contravenes specific laws governing the provision of public records and evidence.

For the record, the only reason I did not vacate my property is that I knew the writ lacked legal authority. Due to this illegal eviction, I have lost everything. Instead of acknowledging this grave mistake and providing relief for the injuries I have incurred, attempts are being made to cover it up.

I urge those in government positions who are witnessing these wrongdoings to take a stand. If you see something, say something. Report these actions to your superiors. This is precisely why I took this path on my legal journey—to live by example for my child and to do what is right, no matter how difficult or seemingly impossible the task.

That said, immediate action is required:

1. **Unaltered Writ**: Provide an immediate, unaltered, and unredacted copy of the writ of restitution.

2. **Refund for Altered Footage**: Issue a full refund for the altered body cam footage.

3. **Chain of Custody**: A complete record of the chain of custody for the BWC footage provided for my request.

Failure to meet these demands will result in legal action and risk public exposure, as higher authorities and media outlets have been tagged in this email for transparency and my personal safety. I will continue to do so as necessary.

I expect immediate compliance.

Sincerely,
s/Eric Witt

Eric Witt

On Fri, Aug 18, 2023 at 4:59 PM Records Request <recordsrequest@adcogov.org> wrote:

Hello Mr. Witt,

      Your request for Body Camera Footage is complete. The remaining balance for the footage will be $55.00. A copy of case report 11CN23007431 is available for $5.25.

      You may mail in a check for $60.25 made payable to Adams County Sheriff and mail that to Adams County Sheriff Records 4201 E 72nd Ave Suite C Commerce City, CO 80022. Once Records receives payment we are able to mail the request to you.

      You may also come to the Adams County Sheriff's Office Substation located at 4201 E 72nd Ave and pay with cash, check, or credit card*. Our lobby hours are 7 am to 7pm.

If you have any questions or concerns, you may contact us at 720-322-1370.

*a surcharge is assessed for all credit card transactions.

Thanks-



## Digital Records

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO. 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

   

DB

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Friday, August 18, 2023 2:10 PM
**To:** Records Request <recordsrequest@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; Gene Claps <GClaps@adcogov.org>; dominick.moreno.senate@coleg.gov; rod.bockenfeld.house@coleg.gov; Denver Post <newsroom@denverpost.com>; newstips@9news.com
**Subject:** Re: FW: Body Worn Camera Request, INTENT TO INVOLVE MEDIA & HIGHER OFFICIALS

Please be cautious: This email was sent from outside Adams County

Gmail - RE: Records Request Witt, Eric

> Some people who received this message don't often get email from ericwitt34@gmail.com. Learn why this is important

Is there an update on this request?

On Thu, Aug 17, 2023, 3:18 PM Eric Witt <ericwitt34@gmail.com> wrote:

# INTENT TO INVOLVE MEDIA & HIGHER OFFICIALS, Immediate Action Required: Body-Worn Camera Footage - Federal Case Number 1:23-cv-01550-SBP

Dear Senator Dominick Moreno, Representative Rod Bockenfeld, Digital Records Patrol Division and Internal Affairs of Adams County Sheriff's Office, Mr. Claps, Ms. Yancy, Mr. McKinney, Ms. Portillo, Ms. Boonstra, and esteemed colleagues,

I trust this message finds you well. I am reaching out to convey the urgency and gravity of my earlier request for the body-worn camera footage dated May 16, 2023.

Having already communicated the importance of this footage and the potential implications of further delays, I wish to apprise you of my intended next steps. To ensure transparency and awareness, I am inclined to involve local news media and higher representatives in our ongoing correspondence. My hope is that this will not be necessary and that the Adams County Sheriff's Office will facilitate the immediate release of the requested footage, thereby demonstrating its commitment to transparency and justice.

It's crucial to emphasize here that the focus of my request is the clear visualization of the writ of restitution served to me on that day. Any redaction that conceals this document would hinder the purpose of my request.

I understand that each of you, in your respective roles, is committed to upholding the principles of public service, transparency, and accountability. As such, I urge you to prioritize this matter and provide a clear timeline for the release of the footage. Any continued delay or oversight may force me to escalate the matter, which I genuinely hope can be avoided.

I look forward to a constructive and prompt resolution to this request. I appreciate your understanding and cooperation.

Kind regards,

Eric Witt

On Thu, Aug 17, 2023 at 2:08 PM Eric Witt <ericwitt34@gmail.com> wrote:

> adding **Senator Dominick Moreno** and **Representative Rod Bockenfeld**

> ## Request for Body-Worn Camera Footage - Federal Case Number 1:23-cv-01550-SBP
>
> Dear Senator Dominick Moreno, Representative Rod Bockenfeld, Digital Records Patrol Division and Internal Affairs of Adams County Sheriff's Office, Mr. Claps, Ms. Yancy, Mr. McKinney, Ms. Portillo, Ms. Boonstra, and all public service members reading this letter,
>
> I am writing to express my deep concern and frustration regarding the delay in receiving the body-worn camera footage I have requested, despite having complied with all requirements, including the payment of the associated fee.

Gmail - RE: Records Request Witt, Eric

The Digital Records Patrol Division of the Adams County Sheriff's Office in Colorado bears a profound fiduciary duty to the citizens they serve. This duty mandates that they provide access to records swiftly and without unnecessary delay, ensuring that the public's right to information is upheld. Adhering to these obligations is not just a matter of procedure but a testament to their commitment to transparency and the oath they took to serve. Failing to uphold these duties could have serious repercussions, potentially jeopardizing their professional standing and even leading to a loss of certain protections, such as qualified immunity. It's essential that they maintain the integrity of their role, ensuring that no document is altered in a manner that could hinder an investigation or breach the trust of the community.

As you are undoubtedly aware, under Colorado Senate Bill 20-217, "Enhance Law Enforcement Integrity," a peace officer's employing agency is mandated to release all unedited video and audio recordings of an incident to the public within 21 days after the agency receives notice of the incident. Given that I reported the incident to the Internal Affairs at Adams County Sheriff well over 21 days ago and subsequently filed a federal civil suit (Federal Case Number 1:23-cv-01550-SBP) on June 16th, 2023, the stipulated period has long since elapsed.

Furthermore, under the Colorado Open Records Act (CORA), public records must be made available for inspection within three business days of receiving the request. While I acknowledge that it has been two days since my payment, it is crucial to emphasize that the overarching delay far exceeds the 21-day period mandated by Senate Bill 20-217.

The primary focus of my request is to obtain footage that clearly shows the document served to me, specifically the writ of restitution. Whether this footage is redacted or unredacted is secondary to the visibility of this document in the footage. However, I must stress that any redaction that obscures this document would render the footage useless for my purposes. While I am willing to accept the redacted version if it is available first and clearly shows the writ, I will also require the unredacted version in the near future.

The urgency of this request is further underscored by the fact that there are allegations of court and sheriff's office records being altered after executing an improper writ. I am certain of these alterations as I personally witnessed both copies, and my original was unlawfully taken during the eviction.

I urge the Adams County Sheriff's Records Department to act in accordance with the law and expedite the release of the footage without any further delay. Any continued non-compliance may compel me to consider all available legal remedies to ensure that my rights, as enshrined in the law, are upheld.

I expect a prompt response to this letter, providing a clear timeline for the release of the requested footage and an explanation for the prolonged delay.

Thank you for your immediate attention to this pressing matter.

Sincerely,

Eric Witt

On Thu, Aug 17, 2023 at 1:55 PM Eric Witt <ericwitt34@gmail.com> wrote:

## Request for Body-Worn Camera Footage - Federal Case Number 1:23-cv-01550-SBP

Dear Digital Records Patrol Division and Internal Affairs of Adams County Sheriff's Office, Mr. Claps, Ms. Yancy, Mr. McKinney, Ms. Portillo, Ms. Boonstra, and all public service members reading this letter,

I am writing to express my deep concern and frustration regarding the delay in receiving the body-worn camera footage I have requested, despite having complied with all requirements, including the payment of the associated fee.

The Digital Records Patrol Division of the Adams County Sheriff's Office in Colorado bears a profound fiduciary duty to the citizens they serve. This duty mandates that they provide access to records swiftly and without unnecessary delay, ensuring that the public's right to information is upheld. Adhering to these obligations is not just a matter of procedure but a testament to their commitment to transparency and the oath they took to serve. Failing to uphold these duties could have serious repercussions, potentially jeopardizing their professional standing and even leading to a loss of certain protections, such as qualified immunity. It's essential that they maintain the integrity of their role, ensuring that no document is altered in a manner that could hinder an investigation or breach the trust of the community.

As you are undoubtedly aware, under Colorado Senate Bill 20-217, "Enhance Law Enforcement Integrity," a peace officer's employing agency is mandated to release all unedited video and audio recordings of an incident to the public within 21 days after the agency receives notice of the incident. Given that I reported the incident to the Internal Affairs at Adams County Sheriff well over 21 days ago and subsequently filed a federal civil suit (Federal Case Number 1:23-cv-01550-SBP) on June 16th, 2023, the stipulated period has long since elapsed.

Furthermore, under the Colorado Open Records Act (CORA), public records must be made available for inspection within three business days of receiving the request. While I acknowledge that it has been two days since my payment, it is crucial to emphasize that the overarching delay far exceeds the 21-day period mandated by Senate Bill 20-217.

The primary focus of my request is to obtain footage that clearly shows the document served to me, specifically the writ of restitution. Whether this footage is redacted or unredacted is secondary to the visibility of this document in the footage. However, I must stress that any redaction that obscures this document would render the footage useless for my purposes. While I am willing to accept the redacted version if it is available first and clearly shows the writ, I will also require the unredacted version in the near future.

The urgency of this request is further underscored by the fact that there are allegations of court and sheriff's office records being altered after executing an improper writ. I am certain of these alterations as I personally witnessed both copies, and my original was unlawfully taken during the eviction.

I urge the Adams County Sheriff's Records Department to act in accordance with the law and expedite the release of the footage without any further delay. Any continued non-compliance may compel me to consider all available legal remedies to ensure that my rights, as enshrined in the law, are upheld.

Gmail - RE: Records Request Witt, Eric

I expect a prompt response to this letter, providing a clear timeline for the release of the requested footage and an explanation for the prolonged delay.

Thank you for your immediate attention to this pressing matter.

Sincerely,

Eric Witt

On Wed, Aug 16, 2023 at 1:15 PM Records Request <recordsrequest@adcogov.org> wrote:

We are currently working on the videos.  It usually takes a couple of days so we will notify you when it's completed.

Have a great day.



### Digital Records

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO. 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

<u>www.adamssheriff.org</u>

   

CA

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Wednesday, August 16, 2023 1:01 PM
**To:** Records Request <recordsrequest@adcogov.org>
**Cc:** Kami Yancy <KYancy@adcogov.org>
**Subject:** Re: FW: Body Worn Camera Request

Please be cautious: This email was sent from outside Adams County

Hello, Can I get a status update on the BWC footage? I paid to get the redactions started yesterday.

Thanks,

Eric Witt

On Fri, Aug 11, 2023, 4:16 PM Records Request <recordsrequest@adcogov.org> wrote:

> Hello,
>
> The Digital Records Unit does have video footage of the writ as well ask the arrest that took place on May 16, 2023 (11CN23007431). You may contact the deputies involved, the deputies sergeants, or IA if you have any further questions regarding these videos after you review the footage.
>
> Thank you-
>
> **Diane Boonstra**
>
> Digital Records Supervisor
>
> Patrol Division
>
> **Adams County Sheriff's Office**
>
> 4201 E 72nd Ave, Suite C
>
> Commerce City, CO. 80022
>
> Office: 720.322.1300 | dboonstra@adcogov.org
>
> www.adamssheriff.org

---

> **From:** Eric Witt <ericwitt34@gmail.com>
> **Sent:** Friday, August 11, 2023 2:39 PM
> **To:** Records Request <recordsrequest@adcogov.org>
> **Cc:** Kami Yancy <KYancy@adcogov.org>
> **Subject:** Re: FW: Body Worn Camera Request

> **Please be cautious: This email was sent from outside Adams County**

Verification of Body-Worn Camera Footage for Request Dated 07/20/2023

Adams County Records Custodian,

 I am writing to seek a vital clarification regarding my CORA request dated 07/20/2023, in which I requested the body camera footage from the two Sheriff's deputies present at 170 Coolidge Court, Bennett, CO on May 16, 2023.

Before I proceed with the payment for the requested footage, I wish to verify a crucial component of my request. As per the policies of the Adams County Sheriff's Office, peace officers are mandated to activate their body-worn cameras during interactions with the public. Given that the deputies' service of a writ of restitution on my property is a significant public interaction, I expect that their body cameras were activated, recording the event in its entirety, including the actual writ they taped to my door.

It is of paramount importance to me, and for the sake of transparency and accountability, that the footage captures the original writ of restitution before any potential alterations or replacements. Any deviation from this standard protocol would raise serious concerns about the integrity of the process and the footage's evidentiary value.

Therefore, I kindly request the following:

Confirmation that the body-worn camera footage includes the deputies' preparation of the writ before taping it to my front door, the sheriff's approach to my property, their taping of the writ of restitution to my door, and any subsequent interactions related to this event.
Assurance that no protocol was breached in the recording and retention of this footage.
If there are gaps or missing segments in the footage, a detailed explanation of why this is the case.
Your prompt attention to this matter will be greatly appreciated. Once I receive confirmation on the above points, I am prepared to proceed with the payment as outlined in the invoice provided.

I understand the challenges law enforcement faces, and I genuinely hope for a smooth and transparent resolution to this matter. Please feel free to reach out to me directly at 720-496-9912 or ericwitt34@gmail.com for any further clarifications or discussions.

Thank you for your cooperation and understanding.

Sincerely,

s/Eric Witt
Eric Witt


On Fri, Aug 11, 2023 at 1:16 PM Records Request <recordsrequest@adcogov.org> wrote:

> Hello,
>
> The invoices you received are estimates. Final costs may be more or less which would be billed or refunded upon completion of the request.
>
> You may choose one or all pieces of the video evidence regarding this event if you so choose.
>
> There will be no waiver of fees for the video evidence at this time. You may seek legal counsel if you wish to do so.

https://mail.google.com/mail/u/0/?ik=841be6a95b&view=pt&search=all&permthid=thread-f:1781305312445296287%7Cmsg-f:17813053124452962...   18/28

Thank you,

### Diane Boonstra

Digital Records Supervisor

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO. 80022

Office: 720.322.1300 | dboonstra@adcogov.org

www.adamssheriff.org

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Thursday, August 10, 2023 5:51 AM
**To:** Records Request <recordsrequest@adcogov.org>
**Subject:** Re: FW: Body Worn Camera Request

Please be cautious: This email was sent from outside Adams County

## 1: Acknowledgment of Response

### 1.1: Confirmation of the Receipt of Invoices and Fee Schedule

Dear Ms. Yancy,

I am writing to acknowledge the receipt of your email dated August 7, 2023. I confirm that I have received the attached invoices, as well as the fee schedule outlining the charges for the body-worn camera (BWC) footage.

### 1.2: Appreciation of Detailed Breakdown

I appreciate the detailed breakdown of the costs associated with my request. It is important for me to understand the specifics of how these fees are determined. Your transparency in this matter is commendable and aids in fostering trust and understanding.

## 1.3: Concerns Regarding the Costing of BWC Footage

While I appreciate the breakdown you've provided, I have several reservations regarding the manner in which the costs for the BWC footage were determined:

Hourly Redaction Rate: The quoted hourly rate of $30 for redaction seems steep. While I understand that redaction can be a meticulous process, the rate suggests a level of complexity that might not be warranted for standard BWC footage. Could you provide a more detailed justification for this hourly rate, perhaps benchmarked against industry standards or other similar agencies?

Cumulative Charges for Multiple Officers: The invoices indicate separate charges for footage from Deputy Runge and Deputy Maez, yet the events in question occurred during the same time frame. This raises the question of whether there's a duplication of effort in processing and the footage from both officers.

Dash Cam Footage Pricing: The Dash Cam footage, as described, seems to be priced with the assumption that all footage is equally relevant and requires an equal amount of processing time. However, it's plausible that not all views or angles captured by the Dash Cam are pertinent to my request. A more granular breakdown or a method to isolate only the relevant footage might result in a more accurate and potentially reduced cost.

USB Device Charge: The $20 fee for a removable media device (USB) seems high. While I understand there might be administrative costs associated, it would be helpful to understand the rationale behind this specific charge. Moreover, in the interest of reducing costs, I would be open to providing my own USB device or receiving the footage through a secure digital transfer, if that's a feasible option.

These concerns arise from a genuine need to understand and ensure that the costs are both fair and reflective of the actual effort and resources expended by the Adams County Sheriff's Office. I hope you can provide clarity on these points.

## 2: Assertion of Rights Under CCJRA and SB 217

## 2.1: Clarification on Obligations Under CCJRA

While I understand the position of the Adams County Sheriff's Office in citing the Colorado Criminal Justice Records Act (CCJRA) as a basis for charging fees for the production of BWC footage, it is crucial to emphasize that the CCJRA does not explicitly prohibit the waiver or reduction of such fees under certain circumstances. As per my understanding and in light of the public interest associated with this request, I believe there exists discretion within the provisions of CCJRA to consider the waiving or reduction of fees, especially when transparency and justice are at stake.

"24-72-305.5. Fees for services – rules – Colorado criminal justice records cash fund – created – use of moneys in fund. (1) The state court administrator, the executive director of the department of public safety, and the executive director of the department of corrections shall, by rule, establish the amount of fees to be charged by their respective agencies for services rendered pursuant to this part 3. Such fees shall be established in amounts calculated to defray the direct and indirect costs to such agencies of providing such services..."

This section underscores that fees should be aligned with direct and indirect costs. It provides a basis for the argument that if the costs are negligible or already covered, fees could potentially be waived or reduced.

## Discretion in Fee Waiver:

"24-72-306. Grounds for denial of inspection – access to records. (1) The custodian may deny the right of inspection of the following records, unless otherwise provided by law, on the ground that disclosure to the applicant would be contrary to the public interest..."

While this section primarily focuses on denial of inspection, the phrase "contrary to the public interest" is significant. It implies that the public interest is a key consideration in decision-making related to records access, which can be extended to fee decisions, especially when the release of records is clearly in the public interest.

## General Provisions for Access:

"24-72-302. Public inspection of records – procedure – denial. (1) All public records shall be open for inspection by any person at reasonable times, except as provided in this part 3 or as otherwise specifically provided by law."

This general provision sets the tone for the entire act, emphasizing the fundamental right to access public records. By not specifying fixed fees and not prohibiting waivers or reductions, it can be argued that there is room for discretion, especially in cases of significant public interest.

## 2.2: Reference to SB 217 and Its Applicability

Senate Bill 217, as referenced in your communication, pertains to the conduct and accountability of law enforcement. This legislation underscores the importance of transparency, particularly in situations involving potential misconduct. Given the allegations associated with my case—ranging from an unsigned writ of restitution to misconduct by officers—it is evident that the BWC footage in question holds significant public interest. Therefore, while SB 217 provides a framework for the conduct of law enforcement, it should not be used as a barrier to transparency, especially when the public's trust in its law enforcement agencies is at stake.

## 2.3: Legal Interpretation and Challenge

It is worth noting that legal provisions, including those within CCJRA and SB 217, are open to interpretation. In the context of my request, the emphasis is on ensuring transparency, justice, and accountability. With due respect, I challenge the interpretation presented in your response and assert that the circumstances surrounding my case warrant a review of the decision to charge prohibitive fees. Given the gravity of the allegations and the broader implications for the trust between the Adams County Sheriff's Office and the public, I urge the office to reconsider its stance.

# 3: Reference to Previous Communications with Internal Affairs (IA)

## 3.1: Details of the Phone Call with Administrative Assistant to the Chief, Ashley Portillo

I wish to remind the Adams County Sheriff's Office of my prior communication with the Internal Affairs (IA) Department. Specifically, I had an extensive phone conversation with an Administrative Assistant, Ms. Ashley Portillo. During this conversation, I detailed the events and the alleged misconduct on the part of the officers involved. Given that the IA Department has already been informed of these concerns, it is crucial to underscore that my request for the BWC footage is not an isolated inquiry but part of a broader effort to seek clarity and justice.

## 3.2: Filing of Federal Civil Rights Complaint and Provision of Case Number

Furthermore, to demonstrate the gravity of the allegations and my commitment to seeking justice, I have filed a Federal Civil Rights Complaint against the Adams County Sheriff's Office, Adams County, and several of its employees. This complaint is an official testament to the serious nature of my concerns and the alleged violations of my rights. Ms. Portillo was provided with the case number (23-cv-01550-SBP) for this complaint, solidifying the documented trail of my efforts to address these concerns.

The BWC footage is not merely a personal request; it is a pivotal piece of evidence that can shed light on the events in question. With an existing Federal Civil Rights Complaint and prior communication with IA, I believe it is in the best interest of all parties involved to ensure transparency and timely access to the footage.

# 4: Colorado Open Records Act (CORA) Compliance

## 4.1: Reiteration of Fee Waiver Request Under CORA

The Colorado Open Records Act (CORA) emphasizes the importance of providing the public with access to records in the interest of transparency and accountability. My initial request for a fee waiver was grounded in both the personal hardship I am facing and the undeniable public interest associated with the BWC footage in question. The events captured in the footage pertain to alleged misconduct that has broader implications for the relationship between the Adams County Sheriff's Office and the community it serves. As per the provisions of CORA, especially when there is a substantial public interest, agencies are encouraged to consider fee waivers. I hereby reiterate my request for a fee waiver based on these grounds.

## 4.2: Request for Formal Waiver Application and Written Justification

If my initial email-based request was deemed procedurally insufficient, I kindly request the Adams County Sheriff's Office to provide or direct me to an official fee waiver application form. I am prepared to duly complete and submit it to ensure all procedural requirements are met. Moreover, as per CORA's provisions, if a fee waiver request grounded in public interest is

Gmail - RE: Records Request Witt, Eric

denied, a written justification for the denial is mandated. I humbly request this written
justification to comprehend the reasons for the declined waiver.

### 4.3: Alternate Solutions for Accessing the Footage

Recognizing that there are costs associated with processing and redacting records, I am open
to exploring alternative solutions that might mitigate these costs while ensuring transparency.
One such solution could be for me to view the footage in a controlled environment at the
Adams County Sheriff's Office premises without obtaining a physical copy. Alternatively, a
summarized report or transcript of the footage, especially focusing on the specific events of my
concern, could also be provided. I believe that such measures can balance the office's
operational constraints with the broader goals of transparency and justice.

## 5: Conclusion

### 5.1: Emphasis on Transparency and Accountability

In concluding, I wish to emphasize that this pursuit is not solely about personal vindication but
fundamentally about upholding the values of transparency, accountability, and justice. The
BWC footage serves as an essential testament to the events that transpired, and its
accessibility plays a crucial role in ensuring that the truth prevails. The Adams County Sheriff's
Office, as a respected law enforcement agency, has a responsibility to the public it serves, and
the release of this footage is in line with the agency's mission and values. Denying or
obstructing access based on prohibitive fees or procedural barriers can inadvertently cast a
shadow on the office's commitment to transparency.

### 5.2: Call for Immediate Action and Cooperation

I urge the Adams County Sheriff's Office to take immediate action on this matter. A
collaborative approach, rooted in mutual respect and understanding, can pave the way for a
resolution that serves both individual rights and the broader public interest. By addressing this
request promptly and ensuring accessibility to the BWC footage, the office can reinforce its
commitment to justice, trust, and community partnership.

Regards,

/s/Eric Witt

08/10/2023

## Below are some court decisions referring to fee waivers or reductions due to public interest in Colorado and federal law.

### Fee Calculation Based on Costs:

Matt Roane v. Kristy Archuleta

Jurisdiction: Colorado Court of Appeals

Date: December 15, 2022

Summary: The case touches upon the Colorado Open Records Act (CORA) and its provisions. It discusses the absence of an exception in CORA that bars an individual from obtaining public records from an entity against whom the individual is litigating.

Court's Reasoning: The case emphasizes that CORA does not contain an exception expressly barring an individual from obtaining public records from an entity against whom the individual is litigating.

Pertinent Quotations:

"CORA does not contain an exception expressly barring an individual from obtaining public records from an entity against whom the individual is litigating."

Tax Data Corp. v. Hutt

Jurisdiction: Colorado Court of

Date: August 1, 1991

Summary: The case revolves around a complaint filed against the treasurer's proposal which allegedly denied the corporation the right to personally inspect public records pursuant to the Open Records Act.

Pertinent Quotations:

"The complaint alleged that the treasurer's proposal arbitrarily and capriciously denied the corporation the right personally to inspect public records pursuant to the Open Records Act."

Benefield v. Colorado Republican Party

Jurisdiction: Supreme Court of Colorado

Date: June 30, 2014

Summary: The case discusses the Colorado Open Records Act (CORA) and its provisions, emphasizing the dual purposes of the act to provide broad access to public records and the government's limited right to withhold certain records.

Pertinent Quotations:

"Although CORA's general purpose is to provide broad access to public records, the legislature has affirmatively limited this general purpose by creating exceptions to the statutory disclosure requirements."

Freedom Colorado Information, Inc. v. El Paso County Sheriff's Department

Jurisdiction: Supreme Court of Colorado

Date: November 10, 2008

Gmail - RE: Records Request Witt, Eric

Summary: The case discusses the balancing function of public and private interests when it comes to criminal justice records inspection requests.

Pertinent Quotations:

"The General Assembly has described this public and private interests balancing function as a weighing process involving the "public interest" versus the "harm to ... privacy ... or dangers of unwarranted adverse consequences.""

TITLE 18—CRIMES AND CRIMINAL PROCEDURE, CHAPTER 101—RECORDS AND REPORTS, §2071. Concealment, removal, or mutilation generally

Summary: This provision makes it unlawful for anyone to willfully conceal, remove, mutilate, obliterate, or destroy any record, document, or other thing filed or deposited with any public officer of the United States. Violation can result in fines, imprisonment of up to three years, and disqualification from holding any office under the United States.

Penalties: Fined under this title, imprisoned not more than three years, or both. Additionally, forfeiture of office and disqualification from holding any office under the United States.

"Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both."

TITLE 18—CRIMES AND CRIMINAL PROCEDURE, CHAPTER 73—OBSTRUCTION OF JUSTICE, §1519. Destruction, alteration, or falsification of records in Federal investigations and bankruptcy

Summary: This provision makes it unlawful for anyone to knowingly alter, destroy, mutilate, conceal, or falsify any record or document with the intent to obstruct or influence any federal investigation or administration of any matter. Violation can result in fines and imprisonment of up to 20 years.

Penalties: Fined under this title, imprisoned not more than 20 years, or both.

"Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."

TITLE 44—PUBLIC PRINTING AND DOCUMENTS, CHAPTER 31—RECORDS MANAGEMENT BY FEDERAL AGENCIES, §3106. Unlawful removal, destruction of records

Summary: This provision requires federal agency heads to notify the Archivist of any unlawful removal, destruction, or alteration of records. If the agency head does not initiate action for recovery, the Archivist can request the Attorney General to do so and notify Congress.

Penalties: Not explicitly mentioned in the provided excerpt, but violations may be subject to penalties as determined by related federal regulations or statutes.

"The head of each Federal agency shall notify the Archivist of any actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of the agency, and with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of records the head of the Federal agency knows or has reason to believe have been unlawfully removed from that agency, or from another Federal agency whose records have been transferred to the legal custody of that Federal agency."

These are just a few of the federal statutes that may be relevant to your inquiry. If you believe there may have been violations of these or other federal laws, it's essential to consult with a legal professional who can provide guidance tailored to your specific situation.

TITLE 18—CRIMES AND CRIMINAL PROCEDURE, CHAPTER 73—OBSTRUCTION OF JUSTICE, §1519:

"Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."

Summary: This law makes it a crime to knowingly alter, destroy, or conceal any record with the intent to obstruct federal investigations or proceedings.

TITLE 18—CRIMES AND CRIMINAL PROCEDURE, CHAPTER 101—RECORDS AND REPORTS, §2071:

"(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both."

Summary: This law criminalizes the willful concealment, removal, or destruction of any record or document filed or deposited with any U.S. court or public office.

TITLE 5—GOVERNMENT ORGANIZATION AND EMPLOYEES, CHAPTER 5—ADMINISTRATIVE PROCEDURE, SUBCHAPTER II—ADMINISTRATIVE PROCEDURE, §552:

"(a) Each agency shall make available to the public information as follows: (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public... (3)(A) Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person."

Summary: This is the Freedom of Information Act (FOIA), which mandates that federal agencies make certain records available to the public upon request, subject to specific exemptions.

On Mon, Aug 7, 2023 at 5:19 PM Records Request <recordsrequest@adcogov.org> wrote:

Hello Mr. Witt,

Gmail - RE: Records Request Witt, Eric

I am acknowledging your below response and unfortunately under CCJRA and SB 217 we are not obligated to produce BWC footage free of charge unless there is a formal complaint filed with the Sheriff's Office.  If you feel there has been any misconduct on behalf of one or more of our Deputy's you will need to contact our IA Department to file a formal complaint.  If this complaint meets the criteria of misconduct under SB217 then the process of viewing the footage will start.  The contact information for this department is below:

IA Commander Whytock

303-655-3206

I have attached a copy of our Fee schedule for your reference.  This also references the statues pertaining to how an agency may charge for records/videos.

I have also attached the two invoices we provided.  A breakdown of each is below:

- Invoice #1 is for 3 separate videos from 2 Officers (Deputy Runge and Deputy Maez).  Each video is quoted at 1 hour of processing and redaction time for a total of 3 hours.  Our fee is $30 an hour for redaction plus a removeable media device of $20. ($30 x3=$90 plus $20 USB)
- Invoice #2 is for the above three videos *plus* both Officers Dash Cam Footage.  This would be 2 Dash Cam systems with  3 video views from each car.  This amounts to 6 Car Cam Videos total.  This would add another 3.5 hours to our processing and redaction time. ($30 x7.5= $225 plus $20 USB)

  - Just as an FYI, Dash Cams are not usually requested unless there was some sort of vehicle pursuit, an accident or an incident that may have been recorded on any side of the car.  The Cam also shows the cabin of the vehicle if you were transported by an Officer.

Please let us know if you would like to proceed and provide the down payment so we may start on your video request right away.

Thanks,

**4 attachments**

**Witt Request.pdf**
118K

**WGD00171-B_enus_V300_Quick_Start_Reference.pdf**
12282K

**4re-msi-datasheet.pdf**
1969K

**v300-datasheet.pdf**
1954K

4/2/24, 2:34 PM                        Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

                                                            Eric Witt <ericwitt34@gmail.com>

# Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

**Records Request** <recordsrequest@adcogov.org>                        Tue, Nov 21, 2023 at 12:15 PM
To: Eric Witt <ericwitt34@gmail.com>, Records Request <recordsrequest@adcogov.org>
Cc: Gene Claps <GClaps@adcogov.org>, Michael McKinney <MMcKinney@adcogov.org>, Ashley Portillo
<APortillo@adcogov.org>, ACSO Internal Affairs <acsoia@adcogov.org>, Jana Colwell <JColwell@adcogov.org>, "Diane M.
Boonstra" <DBoonstra@adcogov.org>

Hello Mr. Witt,

We have no responsive records.

Thank you,



**Digital Records Supervisor**

Digital Records Unit

Patrol Division

**Adams County Sheriff's Office**

   

4201 E 72nd Ave Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

KY

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Tuesday, November 21, 2023 12:01 AM
**To:** Records Request <recordsrequest@adcogov.org>
**Cc:** Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo
<APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>; Diane
M. Boonstra <DBoonstra@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; dominick.moreno.senate@coleg.gov;

4/2/24, 2:34 PM                    Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

Governorpolis@state.co.us; joann.ginal.senate@coleg.gov; Denver Metro Audits <denvermetroaudits@gmail.com>
**Subject:** Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

Please be cautious: This email was sent from outside Adams County

To KY, the Adams County Sheriff's Office (ACSO) and whom it may concern,

I am writing to address the continued inadequacy and delay in the responses from the ACSO regarding my requests for specific data within the body cam video files. Your recent communication stating that the requested records are not within your custody and control, and that my request falls outside the scope of your statutory obligations, is both surprising and unsatisfactory, especially considering the nature of my requests and the length of time this process has taken.

It is imperative to clarify that the records I am seeking are not external or ancillary to the video files themselves. They are intrinsic to the video files produced and managed by your office. This includes the checksums or hashes for verification, digital watermarks, metadata details, and the MP4 atom structure and specifications. These elements are essential for verifying the integrity, authenticity, and handling of the video files, which are under the purview of ACSO as part of your law enforcement operations.

1. **Checksums or Hashes**: The absence of checksums or hashes records, as indicated in your response, is concerning. These elements are fundamental for verifying the integrity and authenticity of digital files. As the body cam footage is utilized by ACSO for official purposes, it is reasonable to expect your office to have access to, or at least a method of obtaining, these verification details.
2. **Metadata and Digital Watermarks**: The metadata and digital watermarking of the video files are crucial for understanding the handling, storage, and modification of these files. The lack of direct responses from ACSO and the deferral to Motorola suggests a concerning gap in transparency and responsibility. As the user and manager of these body cams, ACSO should have some degree of knowledge or control over these aspects.
3. **Technical Specifications**: Your referral of technical queries about the video files to Motorola, without providing any direct insight or information, is not sufficient. These technical aspects are integral to the functioning of the body cams and, by extension, to the responsibilities of ACSO in managing and maintaining these devices.
4. **Engagement with Motorola**: The fact that I am unable to directly engage with Motorola, due to not being a customer, places an onus on ACSO to facilitate access to this information. This fact was established months ago when I initiated my investigation into the video record post reception. I attempted to open a ticket to get the needed information from Motorola. I was informed that they'll "try" but no guarantees can be made for a response and there was no further communication from Motorola. This is unacceptable for transparency and accountability. If Motorola controls these aspects of the video files, it is incumbent upon ACSO, as the user of Motorola's technology for official purposes, to act as an intermediary in obtaining this information.

5. **Delay and Lack of Transparency**: The prolonged delay in adequately responding to these requests, coupled with the recent claim that these records are not within your custody, raises serious concerns about transparency and accountability within ACSO. This is the first time such a claim has been made, despite numerous prior communications.

In light of these points, I reassert my request for the aforementioned records. It is not only a matter of legal compliance but also of public trust and the integrity of law enforcement operations. I expect a prompt, comprehensive, and legally compliant response to these demands.

Should these concerns not be addressed satisfactorily, I am prepared to explore further legal avenues to ensure compliance and transparency. The importance of this matter cannot be overstated, and I trust that ACSO will take the necessary steps to resolve these issues expediently.

Again, it is important I know whom I am communicating with in these emails. What is the name/employee ID of "KY" and the position title held by the person behind the initials?

Regards,

Eric Witt

On Mon, Nov 20, 2023, 5:14 PM Records Request <recordsrequest@adcogov.org> wrote:

Mr. Witt-

The information you reference in your email is not in the agency's custody or control.  It is not even subject to the CCJRA.  We have explained this in our responses.  Despite having no duty to seek information from a third-party, we still reached out to Motorola and attempted to get answers to your questions as indicated in our responses.

Your email dated November 20, 2023 references certain obligations under the CCJRA.  However, these obligations do not apply.  The requested information is neither records of official actions nor criminal justice records.  Because your requests are not within the parameters of the CCJRA, the listed obligations do not apply.

We have sought additional information from Motorola as indicated in our responses.  If we receive relevant information we will notify you.

Thank you,

Digital Records Unit

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org

ky

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Monday, November 20, 2023 2:11 PM
**To:** Records Request <recordsrequest@adcogov.org>
**Cc:** Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo
<APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>;
Diane M. Boonstra <DBoonstra@adcogov.org>
**Subject:** Re: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in
Records Request ***Response from ACSO***

---

Please be cautious: This email was sent from outside Adams County

---

I am writing in response to our ongoing communications regarding my request for specific records, which, as of yet, has not been adequately addressed by the Adams County Sheriff's Office (ACSO). Given the gravity of the situation and the implications of non-compliance with the Colorado Criminal Justice Records Act (CCJRA) and the Colorado Open Records Act (CORA), I must insist on immediate and clear action on your part.

It has come to my attention that there is a possibility that the records in question might be under the control of a third-party entity, potentially Motorola. However, this has not been explicitly confirmed by your office. As per the requirements of CCJRA and CORA, if ACSO does

not have direct custody or control of the requested records, it is incumbent upon you to inform me of this fact. Moreover, it is your duty to provide detailed information regarding the location of these records and who currently has custody or control of them.

The notion of "custody" in the context of public records law extends beyond mere physical possession. It encompasses the control over access to these records. If ACSO has the authority to grant or deny access to records held by a third party such as Motorola, this could be interpreted as ACSO having control or custody over these records. Therefore, if ACSO is the gatekeeper for accessing these records, irrespective of their physical or technical location, ACSO still bears the responsibility for facilitating access to them under public records laws.

Your office's failure to provide either the records or adequate information about their whereabouts and how to access them is not only a disservice to the principles of transparency and accountability but may also constitute a legal failure to comply with the stipulations of the CCJRA and CORA.

Therefore, I demand the following:

1. Immediate clarification on whether ACSO has custody or control of the requested records. If you do not, you must provide detailed information on who does, including contact information and the procedure for requesting these records from them.

2. If ACSO requires approval from a third party such as Motorola to release these records, this should be clearly stated, along with instructions on how to obtain such approval.

The urgency and seriousness of this matter cannot be overstated. Every moment of delay exacerbates the harm caused by this lack of transparency. As a citizen seeking rightful access to public records, I expect a prompt, clear, and legally compliant response to these demands.

I await your immediate action in this regard. Eric Witt

On Sun, Nov 19, 2023 at 1:13 PM Records Request <recordsrequest@adcogov.org> wrote:

Mr. Witt-  We apologize for the delayed response to your November 5 email.  We were waiting for additional information from Motorola but still haven't received it.  We are addressing your emails from November 5, 15 and 16. To organize the response, your requests from the email of November 5th have been copied with our responses in red.

The Colorado Criminal Justice Records Act (CRS 24-72-301) governs the disclosure of criminal justice records. Even though many of your records requests are questions not requests for records, we have attempted to answer these matters throughout our responses to you.  Finally, the appropriate supervisory people are included on these emails to address your concern that they are aware of these matters.

## File Transfer & Storage:

**The Request**: Concerns about multiple "redaction project updated" activities during late-night hours and the involvement of three distinct users updating the project during non-standard working hours.

**Response from Adams County Sheriff:** Mentioned their hours of operation (0600 – 0000).

**Issue:** The response does not directly address the specific concern about the frequent updates during odd hours. It merely states the department's hours of operation without explaining the anomalies. Furthermore, the stated hours of operation from 6:00 AM to midnight are incorrect. The standard operation of the records department is to serve the public, and the public cannot access the department past 7:00 PM. Additionally, the log records provided by the Adams County Sheriff show hundreds of updates every minute for several odd hours , likely from an auto-saving feature in their program, indicating work was being done from 3:00 AM to 5:28 AM. This is outside your alleged new standard operating hours.

I demand answers as to why this work was conducted outside of normal business hours. The level of attention and suspicious activity surrounding a straightforward body cam request is concerning. I expect a thorough explanation for this irregularity.

The agency is required to provide records of official actions within its custody and control.  The Sheriff's Office does not have any responsive records to your demand.  However, here is our best explanation.

The standard procedure for redaction is:

1. Employee performs redaction, Motorola software saves the individual requests to process at the end of the redaction.
2. Employee completes redaction project; Motorola software processes the requests on a copy of the original asset (event file).
3. Employee initiates an export of the completed redaction project. Motorola software compiles the project behind the scenes and notifies requestor when complete.

Steps 2 and 3 are done through the software process and do not require an employee to be actively in front of their computer. The software is committing the changes the user requested to create the final, downloadable and shareable file.

This project was being worked on during a normal shift, from 0600-0000., the software completed the work requested by the employee during those non-working hours shown on the audit log.

## Video Alteration & Editing:

**The Request**: Specific inconsistencies in the footage, such as the transformation of scotch tape into a tab between frames.

**Response from Adams County Sheriff:** No direct response provided.

**Issue**: The lack of a direct response to a specific concern about potential video alterations raises questions about the video's authenticity and potential tampering.

We provided you the responsive videos to your records request on August 18th, 2023.  We do not have any further records responsive to this new request.

## MP4 Atom Structure & Specifications:

4/2/24, 2:34 PM                    Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

**The Request:** Concerns about recurring sequences of "Z" characters in the MDAT boxes and the presence of two mdat atoms in the video files.

**Response from Adams County Sheriff**: Mentioned that this is embedded in the code of the provided official record and that they had submitted the request for clarification to Motorola.

**Issue:** The response does not directly address the specific concerns raised about the atom structure. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise.

<span style="color:red">The Sheriff's Office does not have any additional information responsive to this request.  Despite the records not being in our custody, and beyond the scope of the CCJRA, we forwarded your request to Motorola and will provide you the information we receive from them.</span>

## Advanced Video Manipulation:

**The Request**: Inquired about the potential use of advanced video manipulation techniques on the provided video.

**Response from Adams County Sheriff:** Direct response was "No."

**Issue**: While the response is direct, it does not provide any evidence or basis for the claim, leaving room for doubt.

<span style="color:red">This request appears to relate to our October 31, 2023 response to your Request #17 in which you asked whether, to the best of our knowledge, there was advanced video manipulation technique done to the videos previously provided.  We answered your question which does not require any further response.</span>

## Data Request:

**The Request:** Requested various data, including logs or records related to the upload, storage, access, and modification of the video file(s).

**Response from Adams County Sheriff**: Did not provide the requested checksums or hashes for verification.

**Issue**: The response does not directly address the specific request for data, which is crucial for verifying the integrity and authenticity of the video files.

<span style="color:red">The responsive records within the custody of the Sheriff's Office were provided on October 14, 2023.  As indicated in that response, we do not have the checksums and hashes records.  We cannot and are not required to provide records not within our custody.</span>

## Digital Watermarks & Metadata:

**The Request**: Concerns about anomalies in the video's metadata, particularly an omission in the MOOV box and the implausible creation date of the video. Questions about the nature and purpose of digital watermarking and the lack there of metadata stored in the videos.

**Response from Adams County Sheriff:** The request for clarification had been submitted to Motorola, and they were waiting for a response.

**Issue: The** response does not directly address the specific concerns raised about the metadata discrepancies. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise or willingness to address the concern directly.

In summary, while some concerns were addressed, many were met with vague responses or no response at all. The discrepancies between the concerns raised and the answers provided highlight potential issues with transparency and the handling of bodycam footage by the Adams County Sheriff's Department.

<span style="color:red">As our initial response indicates, the Sheriff's Office does not have any responsive records.  Despite your request falling outside the parameters of our statutory obligations, we have forwarded it to Motorola for any information they may be able to provide.  We will send you information if we receive it.</span>

4/2/24, 2:34 PM                    Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

# Additional requests

Given the concerns raised regarding the "Redaction Project Updated" activities, I would like to seek further clarification on the following:

- The log files indicate that the file " MaezAntonio_051623_1128_Export.mp4" was accessed multiple times throughout the night, specifically from 9 PM up to midnight on August 17th, 2023, and then again from 3:00 AM until 5:28 AM when it was last updated. Can you provide a detailed explanation for the frequent access and updates to this file, especially during these odd hours?

  Please see our response to your File Transfer and Storage request above.

- There's a discrepancy in the metadata for the file "MaezAntonio_051623_1128_Export.mp4". The creation date on the thumb drive (official record provided by Adams County Sheriff Records) is recorded as 9:16 AM on August 18th, 2023, while the modified date is earlier at 8:51 AM. This inconsistency raises concerns, especially when the chain of custody logs indicates the action "exported redaction created" was completed at 5:28 AM on the same day, resulting in a 4-hour gap. Why does the metadata from the logs not align with the thumb drive's metadata? The creation date for the specific file in the provided logs should precisely match the creation date of the file on the thumb drive. Can you provide insights into this discrepancy and clarify the whereabouts and handling of the file during this 4-hour period? There should be a chain of custody record for every second the file is in your custody, where are the logs for the 4 hours gap? What devices was it transferred to during the lost chain of custody incident?

  The chain of custody records have been provided. We have no further responsive records.

  1.  **I Eric Witt, am officially requesting a forensic copy of the hard drive(s) in those device(s ) that held custody of these video records in question when the chain of custody was broken. I have a complaint filed with the department in this matter. Therefore you have a fiduciary duty to preserve this evedence. /s/Eric witt**

  We do not store these videos on our systems. All interactions with the files are done within Motorola's CommandCentral Evidence cloud.

$110 charge for a copy of the previously redacted video and total over  $700 for additional footage .

- According to the records and log files provided to me, no further alterations have been made to the video since its initial redaction. Specifically, I am requesting an exact duplicate of the video marked as "exported redaction created" at 5:28 PM on August 18th in the log file under the video "MaezAntonio_051623_1128_Export.mp4".  Given that I have already paid for the redaction, and I would likely pay the cost of a thumb drive anyway. I requested all 6 videos again and none should have a charge for processing because they are already processed. This should be a straightforward copy procedure, and it's unclear why there is a $110.00 charge for replicating an already processed file. I emphasize the need for this copy to match, in every detail, the version I initially received. Can you please provide a justification for this fee?
  Please keep in mind that charging an exorbitant fee of $700 for access to public records could be perceived as an attempt to hinder or obstruct my right to information. Such actions may border on obstruction of justice or a potential violation of transparency and accountability principles inherent in public record laws.

An exact duplicate of the edited recording previously provided to you will be available for pick up at the ACSO Substation 4201 E 72nd Ave, Suite C Commerce City, CO. 80022 by Monday, 11/20/23 at 8 a.m. We will also provide you a copy of the writ of restitution received by the Sheriff's Office and another copy of the $110 invoice for the edited recording.  The cost for this production is the USB material cost of $20.


The $710 estimate is for your request for all body camera footage regarding 170 Coolidge Court on June 5, 2023. There are 8 body worn cameras to be reviewed.  We will process this request consistent with your waiver of your privacy rights previously provided.  We estimate this will take 23 hours, however, you will only be charged for the actual time needed.


Request for Digital Forensic Copy of Writ of Restitution

- Requesting a digital forensic copy of the Writ of Restitution file on the server of the Adams County Sheriff's department. This pertaining to the property located at 170 Coolidge Court, 80102, Bennett, CO. It is essential that this digital copy includes all metadata intact, exactly as in the original file. The preservation of metadata is crucial for my purposes, and I emphasize the need for an accurate and unaltered representation of the original document.

We are providing copies of the papers received by the Sheriff's Office from the attorney Janeway Law Firm PC to execute.  The court holds the official Writ of Restitution records.


Thank you,


Digital Records Unit

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org


IconDescription automatically generated
LogoDescription automatically generated
IconDescription automatically generated
IconDescription automatically generated


KY

---

**From:** Eric Witt <ericwitt34@gmail.com>
**Sent:** Thursday, November 16, 2023 12:34 PM
**To:** Records Request <recordsrequest@adcogov.org>; Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>; Diane M. Boonstra <DBoonstra@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; dominick.moreno.senate@coleg.gov; Governorpolis@state.co.us; joann.ginal.senate@coleg.gov; denvermetroaudits@gmail.com
**Subject:** Re: ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

4/2/24, 2:34 PM                    Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

Please be cautious: This email was sent from outside Adams County

Where is the invoice and detailed breakdown of the $110.00 fee for the redacted footage
already in your possession? Each moment that elapses without the delivery of the requested
materials exacerbates the harm caused by this delay. This pertains to the video you have
redacted, as indicated by the numerous updates sent during the night. The records you
provided suggest all redactions were completed on the server. Therefore, what resides on your
server should be an exact replica of what has been previously provided to me, and I insist on
accessing it for verification purposes. Your neglect of my request raises serious concerns. I
urgently require a comprehensive invoice for the redacted body cam footage. It appears you
may have overlooked that your role is to serve the public. Furthermore, if there is no
wrongdoing on your part, then furnish the footage and disprove my suspicions.

Eric Witt

P.S. I wish to be informed about the identity of the individual sending these emails. It is
essential for me to know, so that appropriate action can be taken by your superior, or when a
change in leadership occurs, to ensure that those in charge are not contributing to the issue. It
is imperative that you identify yourself in our communications.

On Wed, Nov 15, 2023 at 4:46 PM Records Request <recordsrequest@adcogov.org> wrote:

Hello,

The Digital Records Unit received your request. We will contact you once we have additional information.

Thank you and have a good day.

**Digital Records**

Patrol Division

**Adams County Sheriff's Office**

4201 E 72nd Ave, Suite C

Commerce City, CO 80022

Office: 720.322.1370 | recordsrequest@adcogov.org

www.adamssheriff.org


IconDescription automatically generated
LogoDescription automatically generated

IconDescription
automatically
generated
IconDescription
automatically
generated

AJB

---

**From:** Eric Witt <eric witt34@gmail.com>
**Sent:** Wednesday, November 15, 2023 4:35 PM
**To:** Records Request <recordsrequest@adcogov.org>; Gene Claps <GClaps@adcogov.org>; Michael McKinney <MMcKinney@adcogov.org>; Ashley Portillo <APortillo@adcogov.org>; ACSO Internal Affairs <acsoia@adcogov.org>; Jana Colwell <JColwell@adcogov.org>; Diane M. Boonstra <DBoonstra@adcogov.org>; Kami Yancy <KYancy@adcogov.org>; dominick.moreno.senate@coleg.gov; Governorpolis@state.co.us; joann.ginal.senate@coleg.gov; denvermetroaudits@gmail.com
**Subject:** ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

---

Please be cautious: This email was sent from outside Adams County

---

**Subject:** ATTENTION GENE R. CLAPS: Urgent Legal Notice: Non-Compliance and Procedural Irregularities in Records Request

Attn All: I have reduced the audience and will be addressing my letters more directly for accountability purposes.

Dear Sheriff Gene R. Claps,

I, Eric Witt, am compelled to write to you through this e-mail and through the United States Postal Service concerning the handling of my public records request, filed on October 4th, 2023, with the Adams County Sheriff's Records Department. This request, which is governed by the stipulations of the Colorado Public Records Law (C.R.S. 24-72-203), required a response within three business days. Regrettably, the response from your department not only contravened this statutory requirement but has also been markedly insufficient, raising substantial concerns about the procedural integrity within your office.

**Severe Concerns Over Procedural Irregularities:**

The body cam footage provided in response to my request presents alarming signs of alteration. One of which, there exists a conspicuous 4-hour gap in the custody log of this footage. This unaccounted-for period raises significant suspicions of potential tampering or unauthorized modifications, which is not only ethically questionable but may also contravene the protocols outlined in the Colorado Rules of Evidence (Rule 901).

Further compounding these concerns is the presence of ANSI escape codes within the video's least significant bits. This discovery is highly indicative of the employment of sophisticated counter-forensic tactics, intended to obscure or delay the investigation of the footage.

Additionally, the footage exhibits several unexplained visual discrepancies. One such anomaly includes the transformation of a piece of scotch tape into a tab on a document, leading to suspicions of document swapping within the video. This, alongside other unexplained blurring, and visual distortions, seriously undermines the authenticity and

integrity of the footage.
furthermore, the creation date metadata has been erased from the video's MOOV atom
boxes. This type of alteration is proven altered by the camera's specific features. While you
can turn the metadata on or off on the camera. It does not offer a feature to turn on the
camera's visual overlay metadata while having the internally coded embedded metadata off.
In the record I was provided all pertinent metadata is missing including the creation date of
the footage. This date is recorded in 6 places throughout the MOOV atoms within the code
structure. This is true for all 6 videos, giving it a total of 36 creation dates missing. Oddly, in
all 6 videos, you can observe the visual timestamps that confirm the metadata was in fact
turned on. This number of missing creation dates in the provided files from your department
would more than likely exclude corruption during upload or transfer.

The sequence of events – redaction on the server followed by post-download alterations –
could potentially explain the 4-hour gap in the chain of custody. Such a process, if verified,
might constitute a violation of the Colorado Criminal Tampering statute (C.R.S. 18-8-610), as
well as more severe federal laws, which prohibit the alteration of physical evidence.

Considering these irregularities, I am compelled to request an exact duplicate of the record
initially received. This is not only a right afforded to me under the Colorado Public Records
Law (C.R.S. 24-72-201 et seq.) but also a necessary step to verify my concerns regarding the
integrity of the provided footage.

I trust that you will treat these concerns with the seriousness they warrant and respond
promptly and transparently to the issues I have outlined.

**Financial Concerns and Unjustified Charges:**

Furthermore, I must address the financial aspect of this matter, which is equally troubling.
The charge of $110 for a copy of the already redacted footage seems not only unreasonable
but also potentially indicative of deeper procedural issues within your department. This fee,
for a record that I believe and according to the logs I've been provided has already
undergone the redaction process, this stands in stark contrast to the principles of public
access and transparency enshrined in the Colorado Open Records Act (CORA), C.R.S. 24-72-
205(5)(a). This act stipulates that fees for providing copies of public records must be nominal
and reasonable. In this instance, the charge appears to be neither.

The imposition of such a charge, especially under the cloud of the aforementioned
irregularities, could be perceived as an attempt to dissuade or obstruct my pursuit of justice.
It may also be seen as an effort to cover up procedural irregularities and potential evidence
tampering, which is a matter of grave concern. These actions, if proven to be true, would not
only contravene state laws but also fundamentally undermine public confidence in the
integrity of our law enforcement agencies.

**Demands for Immediate Action:**

In light of the above, I hereby make the following demands:

**Comprehensive Response:** I require a comprehensive response to all my queries within 72
hours. This response should not only address the concerns raised but also provide clear and
transparent reasoning behind the actions and decisions of your department. Below are my
unanswered records requests.

## Video Alteration & Editing:

**The Request**: Specific inconsistencies in the footage, such as the transformation of scotch tape into a tab
between frames.

Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

take notice on the jagged edges of the sides of the tape above, the tape's transparent nature shown by its slight trapezoidal figure on the blue paper aligned with the overhanging tape, and lastly, the shadowing that clearly shows the tape edges and the darker areas on the paper itself.

Take notice of the jagged edges of the tape are now gone. Also, notice how there is no transparency and the shadowing is now blended with the tape making it appear as if it is a part of the paper itself. (This can happen when using a tracking program during alteration. The program tracks every object in the video. When the tape's long edge lined up with the paper edge. The tracking software may have lost the piece of tape and considered it to be the paper itself when both edges aligned.)

These anomalies, I'd assess are impossible on unaltered video. Artifacts caused by compression and other programs like redaction do not cause these types of visual defects. That said, any reasonable person could just simply look at these key frames above and determine it does not look right. To date, there have been significant advancements in artificial intelligence adversarial / Deep Fake technologies. Allegedly, this altered video is the product of an out-of-date artificial intelligence model or a very poorly executed one. I would like this to be explained to me as to why this is in the record you provided to me.

**<u>Response from Adams County Sheriff:</u>** No direct response was provided.

4/2/24, 2:34 PM                    Gmail - Reassertion of Records Request and Concerns Over Delayed and Inadequate Responses

**Issue**: The lack of a direct response to a specific concern about potential video alterations raises questions about the video's authenticity and potential tampering.

## MP4 Atom Structure & Specifications:

**The Request:** Concerns about recurring sequences of "Z" characters in the MDAT boxes and the presence of two mdat atoms in the video files.

**Response from Adams County Sheriff**: Mentioned that this is embedded in the code of the provided official record and that they had submitted the request for clarification to Motorola.

**Issue:** The response does not directly address the specific concerns raised about the atom structure. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise.
ADDED INPUT: the most concerning part is not necessarily the Z's themselves.  If the Z's represent some form of invisible digital watermark or signature (which is highly likely). The major concern is the lack of Z's patterns in specific areas as these areas with absent Z patterns seem to perfectly align with the frames of the video suspected of alteration (mainly areas where the document in question, is in the camera's view.) In other words, the Z patterns may be there as a form of tamper protection embedded in the video code, the absence of these patterns may indicate the frames that were tampered.

## Advanced Video Manipulation:

**The Request:** Inquired about the potential use of advanced video manipulation techniques on the provided video.

**Response from Adams County Sheriff:** The direct response was "No."

**Issue**: While the response is direct, it does not provide any evidence or basis for the claim, leaving room for doubt.

## Data Request:

**The Request:** Requested various data, including logs or records related to the upload, storage, access, and modification of the video file(s).

**Response from Adams County Sheriff**: Did not provide the requested checksums or hashes for verification.

**Issue**: The response does not directly address the specific request for data, which is crucial for verifying the integrity and authenticity of the video files.

## Digital Watermarks & Metadata:

**The Request**: Concerns about anomalies in the video's metadata, particularly an omission in the MOOV box (MOOV BOX CONTAIN THE CREATION DATES AND OTHER METADATA THAT ALLEGEDLY HAS BEEN ERASED) and the implausible creation date of the video. Questions about the nature and purpose of digital watermarking and the lack thereof metadata stored in the videos.

**Response from Adams County Sheriff:** The request for clarification had been submitted to Motorola, and they were waiting for a response.

**Issue: The** response does not directly address the specific concerns raised about the metadata discrepancies. Instead, it redirects the query to Motorola, indicating a potential lack of in-house expertise or willingness to address the concern directly.

In summary, while some concerns were addressed, many were met with vague responses or no response at all. The discrepancies between the concerns raised and the answers provided highlight potential issues with transparency and the handling of bodycam footage by the Adams County Sheriff's Department.

# Additional requests

Given the concerns raised regarding the "Redaction Project Updated" activities, I would like to seek further clarification on the following:

- The log files indicate that the file " MaezAntonio_051623_1128_Export.mp4" was accessed multiple times throughout the night, specifically from 9 PM up to midnight on August 17th, 2023, and then again from 3:00 AM until 5:28 AM when it was last updated. Can you provide a detailed explanation for the frequent access and updates to this file, especially during these odd hours?

    1. There's a discrepancy in the metadata for the file "MaezAntonio_051623_1128_Export.mp4". The creation date on the thumb drive (official record provided by Adams County Sheriff Records) is recorded as 9:16 AM on August 18th, 2023, while the modified date is earlier at 8:51 AM. (HOW CAN THE MODIFIED DATE BE BEFORE IT WAS CREATED?) This inconsistency raises concerns, especially when the chain of custody logs indicate the action "exported redaction created" was completed at 5:28 AM on the same day, resulting in a 4-hour gap. Why does the metadata from the logs not align with the thumb drive's metadata? The creation date for the specific file in the provided logs should precisely match the creation date of the file on the thumb drive. Can you provide insights into this discrepancy and clarify the whereabouts and handling of the file during this 4-hour period? There should be a chain of custody record for every second the file is in your custody, where are the logs for the 4 hours gap? What devices was it transferred to during the lost chain of custody incident? **I, Eric Witt, am officially requesting a forensic copy of the hard drive(s) in those device(s) that held custody of these video records in question when the chain of custody was broken. I have a complaint filed with the department in this matter. Therefore, you have a fiduciary duty to preserve this evidence. /s/Eric Witt**

$110 charge for a copy of the previously redacted video and a total of over $700 for additional footage.

- According to the records and log files provided to me, no further alterations have been made to the video since its initial redaction. Specifically, I am requesting an exact duplicate of the video marked as "exported redaction created" at 5:28 PM on August 18th in the log file under the video "MaezAntonio_051623_1128_Export.mp4". Given that I have already paid for the redaction, I would likely pay the cost of a thumb drive anyway. I requested all 6 videos again and none should have a charge for processing because they are already processed. This should be a straightforward copy procedure, and it's unclear why there is a $110.00 charge for replicating an already processed file. I emphasize the need for this copy to match, in every detail, the version I initially received. Can you please provide a justification for this fee? Please keep in mind that charging an exorbitant fee of $700 for access to public records could be perceived as an attempt to hinder or obstruct my right to information. Such actions may border on obstruction of justice or a potential violation of transparency and accountability principles inherent in public record laws.

Request for Digital Forensic Copy of Writ of Restitution

- Requesting a digital forensic copy of the Writ of Restitution file on the server of the Adams County Sheriff's Department. This pertains to the property located at 170 Coolidge Court, 80102, Bennett, CO. It is essential that this digital copy includes all metadata intact, exactly as in the original file. The preservation of metadata is crucial for my purposes, and I emphasize the need for an accurate and unaltered representation of the original document.

1. **Demand for Unaltered Body Cam Footage and Associated Records**: Pursuant to my rights under the Colorado Open Records Act (CORA), I hereby reiterate my demand for the immediate release of the unaltered body cam footage and any related records. This request aligns with the principles of CORA, which mandates public access to government records in their original, unmodified form. Furthermore, it is important to note that the documents in question were visibly handled in a public setting, thereby diminishing any reasonable expectation of privacy. This principle of diminished privacy in public spaces is universally applicable and does not solely pertain to the public; it equally applies to government entities. Therefore, the exposure of these documents in a public area negates any claim of privacy that might otherwise justify the withholding of unredacted records.

2. **Waiver of Fees:** In recognition of the undue delay and the hardship caused by these delays, I request a complete waiver of all fees associated with this records request. This act would not only be a gesture of good faith, remedying the distress caused by this prolonged process but also is in the best interest of the public.

It is my expectation that these demands will be met with the seriousness and urgency they warrant. The failure to adequately address these issues would not only exacerbate my personal distress but also reflect poorly on the commitment of your office to uphold the principles of transparency and accountability.

**Consequences of Continued Non-Compliance:**

This correspondence serves as a final, unequivocal demand for the immediate provision of the requested records or, at the very least, a detailed explanation and a definitive timeline for the delivery of more time-consuming records. This demand is made considering several unheeded requests submitted over the past few months, which have been met with an unacceptable lack of response and assistance from government officials.

I hereby stipulate a firm 72-hour deadline from the receipt of this letter for your compliance. This compliance can be in the form of either the complete provision of the requested records or a partial fulfillment accompanied by a clear, written explanation detailing the reasons for any delay and a precise timeline for the availability of the remaining records.

Failure to meet this demand within the specified timeframe will compel me to initiate a targeted escalation plan. This plan will begin with a direct appeal to individuals elected to oversee the Adams County Sheriff's Department, outlining the persistent non-compliance and the department's apparent disregard for legal obligations and public accountability.

Furthermore, I am prepared to publicize this issue, highlighting the specific names of each public official who has contributed to this ongoing miscarriage of justice. This action is not taken lightly but is a necessary step to protect fellow citizens from similar mistreatment and to uphold the principles of transparency and accountability.

Should my rights continue to be disregarded beyond this 72-hour period, I will not hesitate to escalate the matter to higher state authorities. Each step of this escalation will intensify the demands for accountability, culminating in a separate, highly publicized federal court case. In this legal action, each public official's role in this matter will be scrutinized, holding them civilly accountable both personally and in their official capacities within the bounds of the Constitution and federal law.

This letter is not just a request; it is a final warning. The time for obfuscation and delay is over. Immediate action is expected and required.

**Conclusion:**

Sheriff Gene R. Claps, I urge you to treat this matter with the urgency and seriousness it deserves. The issues at hand not only affect me personally but also have broader implications for the public's trust in the integrity and transparency of our governmental institutions. I expect the Adams County Sheriff's Records Department to adhere strictly to

legal standards and ethical conduct. The resolution of this matter will be a testament to the department's commitment to these principles.

In addition, I expect immediate and thorough action on this matter, as it is not only a legal obligation but a moral one, crucial for upholding the tenets of justice and transparency. Your prompt response is imperative. Should you require further clarification or wish to discuss this matter directly, I am available for contact. Be advised, I am open to settling this issue out of court, but only under a satisfactory agreement that fully addresses our concerns.

Sincerely, Eric Witt
720-496-9912
ericwitt34@gmail.com

*A copy of this letter has been mailed to:*

Sheriff Gene R. Claps
4430 S. Adams County Pkwy., 1st Floor, Suite W5400
Brighton, CO 80601