# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.	23-cv-01550-KLM

Eric Witt_____, Plaintiff
v.
1)	Adams County,
2)	Adams County Sheriff's Office,
3)	Antonio Maez, Adams County Sheriff's Deputy,
4)	Janeway Law Firm, PC,
5)	Town of Bennett,
6)	Judge Shawn Day,
7)	Prosecutor Joseph Lico,
8)	Kristofer Runge, Adams County Sheriff's Deputy,
9)	John Doe #1, Adams County Sheriff's Deputy,
10)	John Doe #2, Adams County Sheriff's Deputy,
11)	Sonya Zimmerman, Town of Bennett Community Service Officer,
12)	Keith Buono, Town of Bennett Lead Community Service Officer,
13)	Kendra Hawes, Administrative Assistant,
14)	Caleb J. Conner, Battalion Chief - Fire Marshal,
15)	John/Jane Doe of Town of Bennett(utilities) , Case No. 1:23-cv-01550-SBP

## PLAINTIFF'S EMERGENCY MOTION FOR COURT-APPOINTED FORENSIC EXAMINATION OF WRIT OF RESTITUTION FILE(S)

Plaintiff Eric Witt, by and through his pro se representation, respectfully moves this Court to appoint an independent forensic expert, or utilize its own approved forensic analysts, to conduct a comprehensive forensic examination of the digital file(s) containing the Writ of Restitution issued in case number 2023C033567 and used to evict Mr. Witt from his residence at 170 Coolidge Court, Bennett, Colorado on June 5, 2023. In support of this motion, and in accordance with the Federal Rules of Civil Procedure and this Court's inherent authority to regulate the conduct of litigation, Mr. Witt states as follows:

1. As set forth in Mr. Witt's Emergency Motion to Preserve Evidence (ECF No. 24) and supporting Exhibits 1, 2, 3, and 4, as well as Exhibits IV, XVII, XVIII, XIX, XX, XXI, XXIII and XXIV to his Complaint (ECF No.

21), his independent forensic analysis reveals significant irregularities regarding the authenticity and validity of the Writ of Restitution file(s) produced by defendants in this case.

2. These forensic findings documented in Mr. Witt's exhibits include abnormalities such as metadata inconsistencies, the absence of proper digital signatures and certifications required for electronic court orders, and credible evidence that the physical signature image on the writ may have been digitally edited, manipulated or overlaid onto the document as a separate image file. See Exhibits IV, XVII, XVIII (ECF No. 21) and Exhibit 4 (ECF No. 24).

3. These findings contradict the defendants' stance that the writ was validly issued, executed with the required original wet ink signature, and transmitted in full compliance with Colorado statutory requirements and rules governing eviction proceedings. See Fed. R. Evid. 901 (requirement of authentication for admissibility of evidence).

4. If proven to be inauthentic or lacking the original wet ink signature required by the combined effect of C.R.S. § 13-40-115(1)(d), Colorado Rule of Civil Procedure 58(a), and C.R.S. § 24-71.3-103(3)(B)(II), the writ of restitution would lack legal force. Its use to deprive Mr. Witt of his constitutional property rights through eviction would be unlawful, striking at the heart of due process and the integrity of these proceedings.

5. The forensic analysis and visual assessment of the digital writ file have identified the absence of a "wet ink" signature on all document copies. Under C.R.S. § 13-40-115(1)(d), a writ of restitution must be issued by the court. Colorado Rule of Civil Procedure 58(a) further mandates that the court sign and enter a judgment upon its decision, accompanied by the court's seal. Moreover, C.R.S. § 24-71.3-103(3)(B)(II) explicitly prohibits the use of digital signatures for eviction-related documents. The

confluence of these legal requirements categorically invalidates the digital writ of restitution as recorded, given its lack of a physical, wet ink signature.

6. To conclusively determine the writ's authenticity, compliance with statutory requirements for original signatures, and validity as an enforceable court order, this Court should appoint an independent, court-approved forensic expert to conduct an exhaustive forensic examination of the writ file(s).

7. Alternatively, if preferred by the Court, the forensic examination may be conducted by the Court's own approved forensic analysts with appropriate expertise in digital forensics of electronic documents and records.

8. For this forensic examination, regardless of whether an independent expert or Court analysts are appointed, Mr. Witt respectfully requests that the Court order:

    a. The defendants and/or the clerk of the Adams County District Court to produce to the Court:

    (1) The original, unaltered Writ of Restitution file named "104186731.pdf" from case no. 2023C033567, with all metadata and file properties intact; and (*see exhibit A for reference*)

    (2) The Writ of Restitution file Mr. Witt received from the Adams County Court clerk *(see exhibit A, a copy of the email communication where Ms Kandt sent the court records in question)* and submitted as Exhibit XX to his Complaint (ECF No. 21), which is the digitally created file in question;

    b. The appointed forensic expert/analysts to comprehensively examine both files for:

    (1) Authenticity as original, unaltered files;

    (2) Validity as legally enforceable electronic court orders, including but not limited to:

(a) Verifying any purported digital signatures, certifications or other electronic markings comply with Colorado UETA requirements;

(b) Conclusively determining if the physical signature image depicts an authentic wet ink signature executed on the original document as required by the combined effect of C.R.S. § 13-40-115(1)(d), Colorado Rule of Civil Procedure 58(a), and C.R.S. § 24-71.3-103(3)(B)(II) for writs of restitution, or if it is merely a superimposed image overlay lacking original ink, as suggested by the forensic analysis in Exhibit IV (ECF No. 21) and Exhibit 4 (ECF No. 24);

(c) Examining metadata, file structure, and other technical components to identify potential alterations, fabrications, substitutions, or non-compliance with statutory and operational requirements for court orders;

(3) Any indicia or artifacts indicating digital manipulation, redaction, tampering or forgery of file contents, including signature images;

(4) Specifically analyzing the signature image's properties and relationship to the PDF file structure to determine if it is an overlaid separate image file, as detailed in Exhibit IV (ECF No. 21) and Exhibit 4 (ECF No. 24);

(5) Any discrepancies between the forensic findings of the two files that may suggest alteration or tampering before production to the Court;

c. Compare the expert's forensic findings between the two files to verify consistency and identify any discrepancies that may indicate alteration or fabrication;

d. Consider the expert's comprehensive forensic analysis and conclusions regarding the integrity, authenticity, compliance with statutory signature requirements, and overall enforceability of the

writ file(s) in adjudicating the Emergency Motion (ECF No. 24) regarding the propriety of Mr. Witt's eviction and any violations of his constitutional rights.

9. In addition to the forensic examination of the digital writ files, Mr. Witt respectfully requests that this Court order the Adams County Court to produce the original, physically signed copy of the writ of restitution issued in case number 2023C033567. The Court can use the email from the Adams County Court (Exhibit 3, ECF No. 24) where they provided the digital files as a reference to ensure they receive the same files. The production of this original document is essential for the following reasons:

    a. It will establish whether a writ of restitution bearing an authentic wet ink signature was ever issued by the court, as required by Colorado law.

    b. It will allow for a direct comparison between the original physical document and the digital files to determine if any alterations, fabrications, or inconsistencies exist.

    c. It will assist the forensic examiner in conclusively determining the authenticity and legal validity of the writ used to evict Mr. Witt.

    d. It is necessary to ensure a complete and thorough examination of all relevant evidence in this case.

10. An independent, court-appointed forensic examination focused on definitively resolving the documented irregularities is critical to safeguarding the due process rights at stake. See United States v. Agurs, 427 U.S. 97, 108 (1976) (recognizing the "fundamental premise of our justice system" that accused persons are entitled to fair proceedings). This examination is also an appropriate exercise of the Court's "inherent power to ensure the integrity of the judicial process," including authority to appoint independent experts. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991).

11. The Court's inherent power to appoint forensic experts to assist in uncovering the truth is well-established. See Fed. R. Evid. 706(a) (permitting court to appoint expert witnesses on its own motion). Exercising this authority here is essential to get to the bottom of potentially fraudulent evidence used to violate Mr. Witt's constitutional rights.

12. Relying on falsified court documents to deprive individuals of property rights erodes public trust in the legal system and undermines the very concept of due process. See United States v. Agurs, 427 U.S. at 104. A forensic examination can expose such wrongdoing and serve as a powerful deterrent against future abuses.

13. To accommodate any judicial preferences, Mr. Witt respectfully suggests that the Court may alternatively utilize its own internal forensic personnel to conduct the examination, maintaining direct control over the process. This flexibility underscores Mr. Witt's deference to the Court's discretion in managing these proceedings.

14. Ultimately, a forensic examination of the writ file(s) directly supports Mr. Witt's claims of unlawful eviction, fraud, and constitutional violations as detailed in his complaint. Establishing the inauthenticity or legal invalidity of the writ is crucial to obtaining a just resolution and holding the defendants accountable for their alleged misconduct.

15. The requested production of the original wet ink signed writ of restitution from the Adams County Court is not only relevant but also crucial to the resolution of the issues raised in Mr. Witt's complaint. This Court has the authority to order the production of such evidence pursuant to its inherent powers to manage proceedings and ensure the integrity of the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991).

WHEREFORE, based on the foregoing, Plaintiff Eric Witt respectfully requests that this Court:

A. Appoint an independent forensic expert, or designate the Court's forensic analysts, to conduct the forensic examination with the scope and objectives outlined herein, including evaluating the forensic evidence submitted as exhibits;

B. Order the production, examination and comparative analysis of the two specified writ files from separate sources;

C. Order the Adams County Court to produce the original, physically signed copy of the writ of restitution issued in case number 2023C033567 for examination and comparison;

D. Instruct the expert to conclusively determine the files' authenticity, existence of original wet ink signatures as mandated by Colorado law, compliance with statutory requirements for valid electronic court orders, and the legal enforceability of the writ(s);

E. Consider the expert's findings and conclusions regarding the integrity and enforceability of the writ file(s) in adjudicating the Emergency Motion (ECF No. 24); and

F. Grant any other relief the Court deems just, proper, and necessary to uphold due process, safeguard the integrity of these proceedings, and protect Mr. Witt's constitutional rights.

Dated this 24th day of April, 2024

Respectfully submitted,

/s/ Eric Witt  
Eric Witt, Pro Se Plaintiff  
22204 E Belleview Pl  
Aurora, CO 80015  
Tel: (720) 496-9912  
Email: [ericwitt34@gmail.com](mailto:ericwitt34@gmail.com)