# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.                     23-cv-01550-KLM

Eric Witt, Plaintiff

v.

1) Adams County,
2) Adams County Sheriff's Office,
3) Antonio Maez, Adams County Sheriff's Deputy,
4) Janeway Law Firm, PC,
5) Town of Bennett,
6) Judge Shawn Day,
7) Prosecutor Joseph Lico,
8) Kristofer Runge, Adams County Sheriff's Deputy,
9) John Doe #1, Adams County Sheriff's Deputy,
10) John Doe #2, Adams County Sheriff's Deputy,
11) Sonya Zimmerman, Town of Bennett Community Service Officer,
12) Keith Buono, Town of Bennett Lead Community Service Officer,
13) Kendra Hawes, Administrative Assistant,
14) Caleb J. Conner, Battalion Chief - Fire Marshal,  15) John/Jane Doe of Town of Bennett(utilities) ,

## PLAINTIFF'S MOTION TO EXPEDITE PROCEEDINGS AND FOR STATUS CONFERENCE

## I. INTRODUCTION

Plaintiff Eric Witt, proceeding pro se, respectfully moves this Court to expedite proceedings in the above-captioned matter and to immediately effect service of process on all defendants. This motion addresses the prolonged inaction in this case, which has caused undue delay in the

adjudication of Plaintiff's civil rights claims and the failure to serve defendants as required by law for in forma pauperis plaintiffs.

The delay in this case has extended beyond reasonable bounds, potentially jeopardizing Plaintiff's constitutional rights and the integrity of the judicial process. As of the date of this filing, 389 days have elapsed since the initial complaint was filed on June 16, 2023 (ECF No. 1), and 103 days have passed since the last court action on March 28, 2024 (ECF No. 23). This protracted timeline not only potentially prejudices Plaintiff but also raises concerns regarding the public interest in the prompt resolution of civil rights matters.

Most critically, despite Plaintiff's in forma pauperis status being granted on June 29, 2023 (ECF No. 6), the Court has not yet fulfilled its statutory duty to serve the defendants. This omission has effectively stalled the case, preventing it from progressing to even the most preliminary stages of litigation.

Through this motion, Plaintiff seeks to bring these issues to the Court's attention and respectfully requests action to address these procedural matters and move this case forward. Plaintiff also wishes to highlight the potential risk to crucial evidence, as detailed in Plaintiff's Emergency Motion for Court-Appointed Forensic Examination of Writ of Restitution File(s) (ECF No. 25), filed on April 24, 2024.

## II. PROCEDURAL HISTORY

The timeline of key events in this case underscores the procedural history:

- June 16, 2023: Plaintiff files the initial complaint alleging constitutional violations by various government entities and officials. (ECF No. 1)

- June 29, 2023: The Court grants Plaintiff's motion to proceed in forma pauperis. (ECF No. 6)
- July 17, 2023: Plaintiff files an amended complaint in response to the Court's order to cure deficiencies. (ECF No. 13)
- July 31, 2023: The case is reassigned from retiring Magistrate Judge Kristen L. Mix to Magistrate Judge Susan B. Prose. (ECF No. 14)
- January 16, 2024: The Court issues an order directing Plaintiff to file an amended complaint. (ECF No. 15)
- March 22, 2024: Plaintiff files a second amended complaint in an effort to comply with the Court's orders. (ECF No. 21)
- March 28, 2024: The Court issues an order accepting the second amended complaint for review. (ECF No. 23)
- April 22, 2024: Plaintiff files an emergency motion to preserve evidence, compel disclosure, and grant emergency monetary relief. (ECF No. 24)
- April 24, 2024: Plaintiff files an Emergency Motion for Court-Appointed Forensic Examination of Writ of Restitution File(s). (ECF No. 25)
- July 10, 2024: Current date - 104 days have elapsed since the last court action.

Notably absent from this timeline is any indication that the defendants have been served with process. Despite the clear statutory mandate under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) requiring the Court to effect service for in forma pauperis plaintiffs, no such action has been taken in the 376 days since Plaintiff's in forma pauperis status was granted.

This case has now been pending for a total of 390 days without progressing beyond the initial pleading stage. Such an extended period without substantial progress is particularly concerning in a civil rights action, where the allegations involve potential ongoing constitutional violations and the possibility of continuing harm to the Plaintiff.

The procedural history of this case reveals a pattern of protracted inaction that goes beyond typical judicial deliberation timeframes. It underscores the need for this Court's attention to ensure that Plaintiff's claims are adjudicated in a timely manner and that all parties are properly brought before the Court to address these allegations.

Furthermore, as detailed in Plaintiff's Emergency Motions (ECF Nos. 24 and 25), there are serious concerns regarding the authenticity and integrity of key evidence in this case, specifically the writ of restitution files, and the need for preservation of evidence. The delay in proceedings increases the risk that crucial evidence may be lost, altered, or degraded, potentially compromising Plaintiff's ability to prove his case.

Plaintiff respectfully submits that these circumstances warrant the Court's prompt attention to move this case forward and to address the pending motions, including the requests for evidence preservation and forensic examination of key evidence.

### III. LEGAL STANDARD

The timely administration of justice is a fundamental responsibility of the federal judiciary. As the Supreme Court noted in Bounds v. Smith, 430 U.S. 817, 821 (1977), "it is now established beyond doubt that prisoners have a constitutional right of access to the courts." This principle extends to all civil litigants, particularly in cases involving alleged constitutional violations.

In cases where the plaintiff is proceeding in forma pauperis, the court bears additional responsibilities. Specifically, 28 U.S.C. § 1915(d) mandates that "The officers of the court shall issue and serve all process, and perform all duties in such cases." This requirement is echoed in Federal Rule of Civil Procedure 4(c)(3), which states that the court "must" order service by a United States marshal or deputy marshal if the plaintiff is authorized to proceed in forma pauperis.

The Tenth Circuit has addressed the screening process for in forma pauperis complaints in several cases. In Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007), the court emphasized that district courts must "review and consider a plaintiff's complaint" to determine if it is frivolous, malicious, or fails to state a claim. However, this process should not unduly delay the progression of meritorious cases.

Regarding case management, the Tenth Circuit has consistently emphasized the importance of efficient processing. In United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998), the court affirmed that district courts have "substantial discretion in managing their dockets," but this discretion must be exercised in a manner that ensures timely resolution of cases.

## IV. ARGUMENT

A. Undue Delay in Case Progression

The 390-day pendency of this case without substantial progress represents a delay that warrants attention. While the Court's docket management discretion is broad, it is not unlimited. In United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006), the court noted that "delay is a significant factor in evaluating whether a defendant has been deprived of his rights." Although

this case dealt with criminal proceedings, the principle applies to civil rights cases where constitutional violations are alleged to be ongoing.

The reassignment of this case due to Judge Mix's retirement on July 31, 2023, may account for some delay. However, over eleven months have passed since the reassignment without substantial progress. As noted in United States v. Gonzales, 137 F.3d at 1435, "it is the responsibility of the court to ensure that cases do not stagnate on its docket."

B. Potential Prejudice to Plaintiff

The ongoing delay may have significant implications for Plaintiff:

1. Alleged Ongoing Deprivation of Constitutional Rights: The amended complaint alleges serious violations of Plaintiff's constitutional rights. Each day that passes without adjudication potentially extends these alleged violations.
2. Financial Hardship: The alleged unlawful eviction and property seizure continue to impose financial strain on Plaintiff, a burden that increases with time.
3. Risk of Evidence Loss: As detailed in Plaintiff's Emergency Motions (ECF Nos. 24 and 25), there are concerns about the integrity of key evidence, specifically the writ of restitution files. The delay increases the risk that crucial evidence may be lost, destroyed, or degraded.

The Tenth Circuit has recognized that delay can cause significant prejudice to plaintiffs. In Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993), the court noted that "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."

C. Failure to Serve Defendants

The Court's duty to serve the defendants for in forma pauperis plaintiffs is clearly established in both statute (28 U.S.C. § 1915(d)) and rule (Fed. R. Civ. P. 4(c)(3)). The Tenth Circuit has emphasized the importance of proper service in In re Kirkland, 86 F.3d 172, 175 (10th Cir. 1996), stating that "the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner."

The absence of service for over a year since granting in forma pauperis status is a departure from these requirements. This has effectively halted the case, preventing it from progressing to even the most preliminary stages of litigation.

D. Public Interest in Timely Resolution of Civil Rights Claims

The prompt resolution of civil rights claims serves a vital public interest. In Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990), the Tenth Circuit emphasized that "the public has an interest in having constitutional claims decided on their merits, and without undue delay." Furthermore, in Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005), the court noted that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances."

E. Court's Obligation to Screen Complaint

While the Court has a duty to screen complaints filed in forma pauperis, this obligation does not justify extensive delay. In Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the court noted that while pro se pleadings are to be construed liberally, "it is [not] the proper function of

the district court to assume the role of advocate for the pro se litigant." This suggests that the screening process should be conducted efficiently.

Plaintiff has made good-faith efforts to comply with the Court's orders, including filing two amended complaints. The ongoing absence of either a dismissal of the complaint or an order for service on the defendants suggests a need for attention to the Court's screening process.

## V. REQUESTED RELIEF

In light of the foregoing, Plaintiff respectfully requests that this Court:

1. Complete the screening of the second amended complaint filed on March 22, 2024 (ECF No. 21) within 14 days of this order. The Tenth Circuit has emphasized the importance of timely screening in Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).
2. If the complaint is found to state a claim upon which relief can be granted, order immediate service of process on all defendants by the U.S. Marshals Service, as required by 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) for in forma pauperis plaintiffs.
3. Set a scheduling conference within 30 days of service to establish case deadlines, including those for: a. Defendants' responsive pleadings b. Initial disclosures c. Discovery d. Dispositive motions
4. Provide a written explanation to the Plaintiff within 14 days, addressing: a. The reasons for the delay in screening and service b. Any issues identified with the amended complaint c. The expected timeline for case progression

5. Rule on Plaintiff's pending Emergency Motion for Court-Appointed Forensic Examination of Writ of Restitution File(s) (ECF No. 25) within 14 days of this order, given the potential risk to crucial evidence.

6. Rule on Plaintiff's Emergency Motion to Preserve Evidence, Compel Disclosure, and Grant Emergency Monetary Relief (ECF No. 24) within 14 days of this order, given the urgency of the issues raised.

7. Implement measures to ensure timely processing of in forma pauperis civil rights cases in the future, in accordance with the Tenth Circuit's emphasis on efficient case management in United States v. Gonzales, 137 F.3d 1431, 1435 (10th Cir. 1998).

8. Grant any other relief the Court deems just and proper to ensure the timely progression of this case and to safeguard Plaintiff's constitutional right of access to the courts, as recognized in Bounds v. Smith, 430 U.S. 817, 821 (1977) and reaffirmed by the Tenth Circuit in Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993).

## VI. CONCLUSION

The delay in this case has the potential to prejudice Plaintiff's rights, allow alleged constitutional violations to persist, and undermine the public's interest in the prompt resolution of civil rights claims. The failure to serve defendants despite Plaintiff's in forma pauperis status is inconsistent with statutory mandates and has stalled the case at its earliest stage.

As the Tenth Circuit emphasized in Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990), "the public has an interest in having constitutional claims decided on their merits, and without undue delay." This Court now has the opportunity to address the procedural matters that have affected

this case and to ensure that Plaintiff's allegations of constitutional violations receive timely consideration.

The gravity of the allegations in this case, including potential fraud in court documents and ongoing deprivation of constitutional rights, underscores the urgent need for judicial attention. The risk of evidence loss or degradation, as highlighted in Plaintiff's emergency motions, further emphasizes the need for prompt action.

Plaintiff has diligently pursued his claims and made good-faith efforts to comply with all Court orders. Plaintiff respectfully requests that the Court fulfill its obligations to manage this case efficiently, serve the defendants as required by law, and move these proceedings forward. The interests of justice, the preservation of crucial evidence, and the protection of constitutional rights all call for expeditious action in this matter.

Respectfully submitted this 10th day of July, 2024.

s/Eric Witt
Eric Witt
Without Prejudice U.C.C. 1-308
22204 E Belleview Pl,   Aurora, CO 80015
 ericwitt34@gmail.com
 Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2024, I filed the foregoing document with the Clerk of the Court using the CM/ECF system. As no defendants have yet been served due to the Court's delay, no further service is possible at this time.

s/Eric Witt
Eric Witt

Without Prejudice U.C.C. 1-308
22204 E Belleview Pl,   Aurora, CO 80015
 ericwitt34@gmail.com
 Plaintiff, Pro Se