# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01550-RTG

ERIC WITT,

Plaintiff,

v.

ADAMS COUNTY, et al.,

Defendants.

**PLAINTIFF'S MOTION FOR DISTRICT JUDGE REVIEW OF MAGISTRATE JUDGE'S ORDER AND OBJECTION TO LACK OF CONSENT FOR MAGISTRATE JUDGE JURISDICTION**

I. INTRODUCTION

Plaintiff Eric Witt, proceeding pro se, respectfully moves this Court for district judge review of the Magistrate Judge's Order (ECF No. 28) dated July 30, 2024, and objects to the exercise of magistrate judge jurisdiction without consent in this civil rights action. This case involves serious allegations of constitutional violations, including unlawful eviction, deprivation of property without due process, and potential evidence tampering by government officials. Despite the gravity of these claims and the urgent need for judicial intervention to preserve evidence and vindicate constitutional rights, this case has languished in initial review for over 13 months without substantial progress.

Plaintiff has never consented to magistrate judge jurisdiction for this case. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the exercise of dispositive authority by a magistrate judge in a civil case requires the consent of all parties. No such consent has been given.

Moreover, the Magistrate Judge's recent order denying Plaintiff's emergency motions without consideration of their merits effectively disposes of critical aspects of this litigation, exceeding the limited authority granted to magistrate judges absent consent in civil cases. See Colorado Bldg. & Const. Trades Council v. B.B. Andersen Const. Co., 879 F.2d 809, 811 (10th Cir. 1989).

Plaintiff's Second Amended Complaint (ECF No. 21) alleges violations of his Fourth Amendment rights against unreasonable search and seizure, his Fourteenth Amendment rights to due process and equal protection, and his First Amendment rights against retaliation. Specifically, Plaintiff alleges:

Unlawful eviction based on a potentially fraudulent writ of restitution, violating his Fourth Amendment rights (ECF No. 21, ¶¶ 68-90)

Deprivation of property without due process, in violation of the Fourteenth Amendment (ECF No. 21, ¶¶ 38-51)

Retaliation for exercising his First Amendment right to petition the government for redress of grievances (ECF No. 21, ¶¶ 52-58)

These alleged ongoing constitutional violations underscore the urgency of this Court's intervention and the potential harm caused by further delay.

Given the constitutional implications of this case, the risk of ongoing harm to Plaintiff, and the potential for irreparable loss of evidence, Plaintiff respectfully requests immediate district judge review of the Magistrate Judge's order and reassignment of this case to a district judge for all further proceedings.

II. FACTUAL BACKGROUND

This civil rights action was initiated on June 16, 2023, alleging various constitutional violations stemming from Plaintiff's unlawful eviction and the seizure of his property (ECF No. 1). The case was initially assigned to Magistrate Judge Kristen L. Mix, who granted Plaintiff's application to proceed in forma pauperis on June 29, 2023 (ECF No. 6). Despite this grant of IFP status, which triggered the Court's duty to effect service under 28 U.S.C. § 1915(d), no defendants have been served to date.

The procedural history of this case underscores the delays and potential prejudice to Plaintiff:

June 16, 2023: Initial complaint filed (ECF No. 1)

June 29, 2023: IFP status granted (ECF No. 6)

July 17, 2023: First amended complaint filed (ECF No. 13)

January 16, 2024: Court order to file second amended complaint (ECF No. 15)

March 22, 2024: Second amended complaint filed (ECF No. 21)

April 22, 2024: Emergency motion to preserve evidence filed (ECF No. 24)

April 24, 2024: Emergency motion for forensic examination filed (ECF No. 25)

July 10, 2024: Motion to expedite proceedings filed (ECF No. 26)

July 30, 2024: Magistrate Judge's order denying motions (ECF No. 28)

This timeline demonstrates the extended period this case has remained in initial review, with critical motions left unaddressed for months.

After multiple amendments to comply with Court orders, Plaintiff filed his Second Amended Complaint on March 22, 2024 (ECF No. 21). This complaint details a pattern of alleged misconduct by various government entities and officials, including the use of a potentially fraudulent writ of restitution to effectuate Plaintiff's eviction.

Recognizing the urgent need to preserve evidence and expedite proceedings, Plaintiff filed three critical motions:

An Emergency Motion to Preserve Evidence, Compel Disclosure, and Grant Emergency Monetary Relief (ECF No. 24, filed April 22, 2024);

An Emergency Motion for Court-Appointed Forensic Examination of Writ of Restitution File(s) (ECF No. 25, filed April 24, 2024); and

A Motion to Expedite Proceedings and for Status Conference (ECF No. 26, filed July 10, 2024).

These motions highlighted the risk of evidence spoliation, particularly regarding the digital files of the contested writ of restitution, and sought to move the case forward after months of delay.

On July 30, 2024, Magistrate Judge Richard Thomas Gurley, to whom the case had been reassigned without Plaintiff's consent, summarily denied all three motions as "premature" in a minute order (ECF No. 28). This order provided no substantive analysis of the motions'

merits or the urgent concerns raised therein. It also denied Plaintiff's request for service on the defendants, despite the statutory mandate for such service in IFP cases.

This cursory denial of Plaintiff's emergency motions, without consideration of their substance or the potential for irreparable harm, effectively disposes of critical aspects of this litigation and threatens to prejudice Plaintiff's ability to prove his case. It is this order that Plaintiff now asks the district court to review and vacate.

III. LEGAL STANDARD

A. Requirement of Consent for Magistrate Judge Jurisdiction

The authority of magistrate judges is governed by 28 U.S.C. § 636. Critically, § 636(c)(1) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge...may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." The Tenth Circuit has consistently held that this consent is a fundamental jurisdictional requirement. As stated in Egan v. United States, 287 F.3d 82, 86 (10th Cir. 2002), "the magistrate judge's authority to enter judgment depends upon proper jurisdiction, which in turn depends upon proper consent by the parties."

B. Scope of Magistrate Judge's Authority Without Consent

Absent consent, a magistrate judge's authority in civil cases is limited to certain non-dispositive matters and the ability to issue recommendations on dispositive motions, which are subject to de novo review by the district court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. The Tenth Circuit has emphasized that "a magistrate judge's authority to enter

orders without consent is limited to 'pretrial matters.'" First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000).

C. Magistrate Judge Authority in Civil Rights Cases

The Tenth Circuit has been particularly vigilant in safeguarding the rights of civil rights plaintiffs with respect to magistrate judge authority. In Mitchell v. Maynard, 80 F.3d 1433, 1440 (10th Cir. 1996), the court held that a magistrate judge lacks authority to dismiss a prisoner's civil rights complaint, even where there is a failure to exhaust administrative remedies, without the consent of the parties. Similarly, in Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005), the court emphasized that '[a]bsent consent, the magistrate judge's recommendations on dispositive motions must be reviewed de novo by the district court.' These cases underscore the importance of district judge oversight in civil rights cases, particularly where, as here, the magistrate judge's actions could effectively dispose of critical aspects of the plaintiff's claims.

D. Standard for District Judge Review of Magistrate Judge Orders

When a party objects to a magistrate judge's order on a non-dispositive matter, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). However, where a magistrate judge's order effectively disposes of a claim or defense, the district court should treat it as a recommendation subject to de novo review. See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988).

IV. ARGUMENT

A. Lack of Consent to Magistrate Judge Jurisdiction

No Record of Plaintiff Providing Consent

At no point in these proceedings has Plaintiff consented to magistrate judge jurisdiction. The docket reflects no filing of a consent form as required by Fed. R. Civ. P. 73(b) and D.C.COLO.LCivR 72.2. The Tenth Circuit has made clear that such consent cannot be inferred but must be "clear and unambiguous." See Jaliwala v. United States, 945 F.2d 221, 223 (10th Cir. 1991).

Importance of Consent in Civil Rights Cases

The requirement for consent is particularly crucial in civil rights cases like this one, where fundamental constitutional rights are at stake. As noted in Gomez v. United States, 490 U.S. 858, 872 (1989), "the main object of the Federal Magistrate's Act is to relieve courts of unnecessary work," but it was "not intended to alter the fundamental role of Article III judges." When a plaintiff alleges serious constitutional violations by government officials, the case should be heard by an Article III judge unless all parties unambiguously consent otherwise.

B. Magistrate Judge's Order Exceeds Authority Without Consent

Analysis of ECF 28 as Effectively Dispositive

The Magistrate Judge's order (ECF 28), while styled as a minute order on "non-dispositive" motions, effectively disposes of critical aspects of this litigation. By denying Plaintiff's emergency motions without consideration of their merits, the order threatens Plaintiff's

ability to preserve crucial evidence and expedite the resolution of his claims. The Tenth Circuit has held that "even an order styled as non-dispositive may be subject to de novo review if it has a dispositive effect." See Ocelot Oil Corp., 847 F.2d at 1462.

Impact of Denied Motions on Case Progression and Evidence Preservation

The denied motions sought to preserve potentially dispositive evidence (the digital writ of restitution files), compel disclosure of body camera footage critical to Plaintiff's claims, and expedite proceedings in a case that has been pending for over a year without substantial progress. The summary denial of these motions, without any substantive analysis, effectively disposes of Plaintiff's attempts to safeguard his ability to prove his case.

Argument that These Denials Require Consent or District Judge Review

Given the potentially dispositive effect of denying these motions, especially in light of the risk of evidence spoliation, the Magistrate Judge's order exceeds the limited authority granted by § 636(b)(1)(A) absent consent. As the Tenth Circuit noted in First Union Mortg. Corp., 229 F.3d at 996, a magistrate judge's non-consensual authority is limited to "pretrial matters not dispositive of a claim or defense." The denial of motions critical to preserving evidence and moving the case forward goes beyond this limited authority and requires either consent or de novo review by a district judge.

C. Prejudice to Plaintiff's Case

Delay in Case Progression

This case has been pending for over 13 months, with the majority of that time spent in initial review. Such prolonged delay in a civil rights case is highly prejudicial to the plaintiff and contrary to the interests of justice. As the Tenth Circuit has noted, "the public has an interest in relatively speedy resolution of civil rights claims." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005). The Magistrate Judge's order further extends this delay by summarily denying Plaintiff's attempts to expedite proceedings.

Moreover, despite Plaintiff's in forma pauperis status being granted on June 29, 2023 (ECF No. 6), the Court has failed to effect service on the defendants as required by 28 U.S.C. § 1915(d). This failure has effectively stalled the case, preventing it from progressing beyond the initial pleading stage. The Tenth Circuit has emphasized that "the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989). The extended delay in serving defendants, combined with the denial of Plaintiff's motion to expedite, threatens to deprive Plaintiff of this right.

Risk of Evidence Spoliation

Plaintiff's emergency motions (ECF Nos. 24 and 25) raised serious concerns about the potential spoliation of critical evidence, particularly the digital files of the writ of restitution used to effectuate Plaintiff's eviction. The importance of preserving electronic evidence has been recognized by the Tenth Circuit, which has held that "a party's destruction of evidence qualifies as willful conduct which disrupts the judicial process if the party has notice that the evidence is relevant to litigation or should have known that the evidence

may be relevant to future litigation." Turner v. Public Service Co. of Colorado, 563 F.3d 1136, 1149 (10th Cir. 2009).

The Magistrate Judge's summary denial of these motions, without any consideration of the risk of spoliation, threatens Plaintiff's ability to prove his case. As each day passes without preservation orders or forensic examination, the risk increases that crucial metadata or file information could be altered or lost, potentially defeating Plaintiff's claims before they can even be fully adjudicated.

Potential Ongoing Constitutional Violations

Plaintiff's complaint alleges ongoing violations of his constitutional rights, including deprivation of property without due process. The Tenth Circuit has recognized that "the denial of a constitutional right, if denial is established, constitutes irreparable harm for purposes of equitable jurisdiction." Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001). By denying Plaintiff's motions to expedite proceedings and preserve evidence, the Magistrate Judge's order potentially prolongs these alleged constitutional violations, causing ongoing harm to Plaintiff.

D. Need for Expedited Review and Action

Urgency of Preserving Evidence

The need for immediate action to preserve potential evidence is paramount. As detailed in Plaintiff's emergency motions (ECF Nos. 24 and 25), there are serious concerns about the authenticity and integrity of the digital writ of restitution files. The Tenth Circuit has held

that "spoliation sanctions are proper when '(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" Turner, 563 F.3d at 1149. Given the pending litigation and the centrality of these files to Plaintiff's claims, the duty to preserve is clear, and any loss or alteration of this evidence would severely prejudice Plaintiff.

Importance of Timely Adjudication in Civil Rights Cases

The Tenth Circuit has consistently emphasized the importance of timely adjudication in civil rights cases. In Garrett v. Selby Connor Maddux & Janer, the court noted that "the public has an interest in relatively speedy resolution of civil rights claims." 425 F.3d at 841. The extended delay in this case, now exacerbated by the denial of Plaintiff's motion to expedite, runs counter to this public interest and potentially prejudices Plaintiff's ability to vindicate his constitutional rights.

Public Interest in Resolving Allegations of Government Misconduct

Plaintiff's allegations involve serious claims of misconduct by government officials, including the use of potentially fraudulent court documents to deprive a citizen of property rights. The Tenth Circuit has recognized that "the public interest is served when constitutional rights are protected." Awad v. Ziriax, 670 F.3d 1111, 1132 (10th Cir. 2012). The summary denial of Plaintiff's motions, without consideration of their merits, potentially shields this alleged misconduct from timely scrutiny, contrary to the public interest in governmental accountability.

V. RELIEF REQUESTED

In light of the foregoing, Plaintiff respectfully requests that this Court:

A. Review and vacate the Magistrate Judge's Order (ECF No. 28) as exceeding the authority granted to magistrate judges absent consent under 28 U.S.C. § 636(c);

B. Reassign this case to a district judge for all further proceedings, given the lack of consent to magistrate judge jurisdiction and the constitutional implications of the claims presented;

C. Conduct an expedited review of Plaintiff's emergency motions (ECF Nos. 24, 25, and 26) on their merits, given the urgent need to preserve evidence and expedite proceedings;

D. Order immediate service of process on all defendants by the U.S. Marshals Service, as required by 28 U.S.C. § 1915(d) for in forma pauperis plaintiffs, to prevent further delay in case progression;

E. Set a status conference within 30 days to establish case management deadlines, including those for:

Defendants' responsive pleadings

Initial disclosures

Discovery

Dispositive motions

F. Grant any other relief this Court deems just and proper to protect Plaintiff's constitutional rights and ensure the integrity of these proceedings.

VI. CONCLUSION

The Magistrate Judge's order denying Plaintiff's emergency motions without consent or consideration of their merits threatens to cause irreparable harm to Plaintiff's case and potentially prolong alleged constitutional violations. This Court's immediate intervention is necessary to safeguard Plaintiff's rights, preserve crucial evidence, and uphold the public interest in governmental accountability and the timely resolution of civil rights claims.

The Tenth Circuit has consistently held that the consent requirement for magistrate judge jurisdiction in civil cases is not a mere technicality, but a fundamental protection of litigants' rights. As stated in Egan v. United States, "the magistrate judge's authority to enter judgment depends upon proper jurisdiction, which in turn depends upon proper consent by the parties." 287 F.3d at 86. No such consent has been given in this case.

Moreover, the summary denial of Plaintiff's emergency motions effectively disposes of critical aspects of this litigation, exceeding the limited authority granted to magistrate judges absent consent. The potential for evidence spoliation and ongoing constitutional violations necessitates immediate district judge review and action.

As the Supreme Court noted in Bounds v. Smith, 430 U.S. 817, 821 (1977), "it is now established beyond doubt that prisoners have a constitutional right of access to the courts." This principle extends with even greater force to civil litigants alleging ongoing deprivations of constitutional rights by government officials. The extended delay in this

case, combined with the denial of Plaintiff's attempts to expedite proceedings and preserve evidence, threatens to render this right of access meaningless.

Therefore, Plaintiff respectfully urges this Court to vacate the Magistrate Judge's order, reassign this case to a district judge, and take immediate action to address the urgent concerns raised in Plaintiff's emergency motions. The interests of justice, the preservation of crucial evidence, and the protection of constitutional rights all call for expeditious action in this matter.

Respectfully submitted this 10th day of August, 2024.

s/ Eric Witt
Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Tel: (720) 496-9912
Email: ericwitt34@gmail.com
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2024, I filed the foregoing document with the Clerk of the Court using the CM/ECF system. As no defendants have yet been served due to the Court's delay, no further service is possible at this time.

s/ Eric Witt
Eric Witt