**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01550-LTB-RTG

ERIC WITT,

      Plaintiff,

v.

ADAMS COUNTY, TOWN OF BENNETT, COLORADO,
ADAMS COUNTY SHERIFF'S OFFICE,
ANTONIO MAEZ, Adams County Sheriff's Deputy,
JANEWAY LAW FIRM, PC,
TOWN OF BENNETT,
JUDGE SHAWN DAY,
JOSEPH LICO, Prosecutor,
KRISTOFER RUNGE, Adams County Sheriff's Deputy,
JOHN DOE #1, Adams County Sheriff's Deputy,
JOHN DOES #2, Adams County Sheriff's Deputy,
SONYA ZIMMERMAN, Town of Bennett Community Service Officer,
KEITH BUONO, Town of Bennett Lead Community Service Officer,
KENDRA HAWES, Administrative Assistant,
CALEB J. CONNER, Battalion Chief – Fire Marshal, and
JOHN/JANE DOE, Town of Bennett (Utilities),

      Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter comes before the Court on the Second Amended Complaint (ECF No. 21) filed *pro se* by Plaintiff Eric Witt on March 22, 2024. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 32).

1

The Court must construe the Second Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, it is RECOMMENDED that the Second Amended Complaint be dismissed in part and the remaining claim be drawn to a presiding judge.

### Second Amended Complaint and Procedural History

Plaintiff initiated this action on June 16, 2023, by filing *pro se* a Complaint. (ECF No. 1). Following orders from the Court, Plaintiff filed an Amended Complaint (ECF No. 13) on July 17, 2023. On January 16, 2024, after reviewing the Amended Complaint, Magistrate Judge Susan Prose ordered Plaintiff to file a Second Amended Complaint. (ECF No.15). Specifically, Plaintiff was directed to file an amended pleading that complied with Rule 8 of the Federal Rules of Civil Procedure, that adequately alleged personal participation by the Defendants, that did not assert claims barred by *Younger* and/or *Heck*, that adequately asserted municipal liability, that did not assert claims barred by judicial or prosecutorial immunity, and that adequately alleged the specific required elements for his claims. (*Id.*). Mr. Witt was informed that "[t]he primary deficiencies of the Complaint [were] that it [was] too long, too verbose, too vague, and too repetitive." (*Id.* at 6). He was directed to "set forth each of his claims separately, identify the defendant(s) each claim is brought against, and state the facts supporting

2

each claim, including the dates of the relevant actions or inactions of the defendant(s) that support the claims." (*Id.*). Further, the Court ordered Plaintiff to "omit extraneous, repetitive factual allegations that unnecessarily complicate his claims and make them difficult to follow." (*Id.*).

Plaintiff filed his Second Amended Complaint on March 22, 2024, which is the operative pleading. (ECF No. 21).

Plaintiff's 63-page Second Amended Complaint is not a model of clarity. He brings the action pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 28 U.S.C. § 1367. (*Id.* at 4). He asserts the following seven claims and fourteen subclaims against fifteen defendants:

(1) Violation of Fourth Amendment Rights:

    (a.) Unlawful search and seizure;

    (b.) Unlawful arrest and detention;

    (c.) Unlawful Eviction and Fraudulent Writ of Restitution by Janeway Law Firm and Adams County Sheriff's Office;

    (d.) Town of Bennett Unreasonable Seizure; and

    (e.) Unlawful Eviction;

(2) Violation of Fourteenth Amendment Rights:

    (a.) Arbitrary and Unlawful Water Service Termination;

    (b.) Deprivation of property without due process;

    (c.) Deprivation of Liberty and Property without Due Process;

    (d.) Denial of procedural due process;

(3) Failure to Train or Supervise and Equal Protection Violation (Against Adams County and Adams County Sheriff's Office);

(4) First Amendment Retaliation:

    (a.) Retaliation for exercising the right to petition the government;

(5) Municipal Liability:

    (a.) Lack of Prompt Probable Cause Hearings;

(6) Abuse of Process and Malicious Prosecution:

    (a.) Improper use of legal process;

    (b.) Lack of probable cause; and

(7) Violation of the Colorado Open Records Act (CORA):

    (a.) Improper denial of access to public records Unconstitutional Ordinance (BMC 7-5-30).

(ECF No. 21). Plaintiff seeks money damages, declaratory relief, and injunctive relief. (*Id.* at 55-59).

    According to Plaintiff, on the afternoon of May 9, 2022, the Bennett-Watkins Fire Rescue personnel unlawfully entered his property in Bennett, Colorado, without a warrant or legal justification. (*Id.* at 13). Plaintiff alleges that Defendant Caleb J. Conner, the Battalion Chief-Fire Marshal, was the initiator of the illegal entry. (*Id.*). Plaintiff states that the Bennett Fire Department took apart his fence, entered his yard, and removed his dog from his residence. (*Id.*). The following day, Plaintiff arrived at the Adams County animal shelter and found his dog was in distress. (*Id.*). Plaintiff refused the

shelter's offer of euthanasia and paid for medical services totaling over $5,000 for his dog. (*Id.*). Plaintiff states he attempted to get more information about the incident by requesting ADCOM radio transcripts but he has been obstructed from receiving the records by the Bennett Fire Department, specifically Defendant Administrative Assistant Kendra Hawes. According to Plaintiff, this obstruction violates the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 et. seq. (ECF No. 21 at 13).

Next, Plaintiff alleges that on May 17, 2022, a legal action (CE22-0005) was filed against him by the Town of Bennett for an alleged municipal code violation related to water usage. (*Id.* at 14). Defendant Keith Buona, Lead Community Service Officer, issued the summons, which Plaintiff alleges was improperly served, evidenced by a returned, unopened envelope. (*Id.*). Plaintiff alleges that the Bennett Municipal Code at issue violated his due process because it lacked clear definitions, which caused a risk of arbitrary enforcement and it also may conflict with state law. (*Id.*).

On December 21, 2022, Plaintiff arrived at the Bennett Municipal Court, where he had filed a lawsuit against Defendants Judge Shawn Day and Prosecutor Joseph Lico. (*Id.* at 15). He alleges that after arriving at the court, he was subjected to intimidation and harassment, including the presence of two armed Adams County Sheriff's Deputies, which was unusual. (*Id.*). A town employee, Defendant Sonya Zimmerman, instructed Plaintiff to wait in the hallway, where he was subjected to "intimidating behavior" from the deputies. (*Id.*). Inside the courtroom, Plaintiff alleges that Defendant Zimmerman made several "defamatory remarks" about Plaintiff in an attempt to

5

intimidate him, apparently because he had sent an email to a Town of Bennett (Utilities) employee with a warning to stop harassing him or face legal action. (*Id.* at 16). Plaintiff alleges that this court hearing was recorded, and he later requested the video footage, but it had been "either destroyed or withheld." (*Id.*). According to Plaintiff, the intimidation is part of an effort to retaliate against him for his legal actions.

Plaintiff transferred the municipal cases that were filed against him to federal court. However, the cases were summarily remanded back to state court. (*See* 23-cv-0232-LTB). According to Plaintiff, after the cases were remanded back to municipal court, he was unaware of the court dates for the cases, so he did not appear for his court date. (ECF No. 21 at 17). As a result, the court issued a warrant for his arrest, and he was arrested on May 16, 2023, by Defendant Deputy Kristofer Runge of the Admas County Sheriff's Department based on a warrant for municipal code violation case CE22-0009, concerning excessive weeds on Plaintiff's property. (*Id.* at 20-21). He alleges that the actions taken against him were in retaliation for his lawsuit against an Adams County Judge. (*Id.* at 21).

Plaintiff also alleges that the Town of Bennett and John/Jane Doe of its water utility department engaged in unlawful and retaliatory actions against him and violated state utility law by depriving him of service for 6 days after he paid his bill in full. (*Id.* at 18). He does not provide any dates regarding these allegations. He further alleges that the Town of Bennet committed "mail fraud and fictitious conveyance of language" by

sending him a utility bill on December 1, 2022, which contained an incorrect due date. (*Id.*).

Next, Plaintiff alleges he was subject to an unlawful eviction. According to Plaintiff, Defendant Janeway Law Firm set in motion the unlawful eviction by acting in concert with the Adams County Sheriff's Office by using an invalid writ of restitution that lacked the necessary signatures for a judge or court clerk. (*Id.* at 22). Plaintiff alleges that on June 5, 2023, Plaintiff was served with a writ of restitution that was not signed by a clerk of judge. (*Id.* at 23). Despite the invalid writ and Plaintiff's verbal notice to Defendant Deputy Maez about the invalid writ, Adams County Sheriff's Deputies Defendants Maez, Runge, John Doe #1, and John Doe #2 proceeded with the eviction. (*Id.*). Plaintiff alleges there was an active title dispute over the property, yet the eviction proceeded, which resulted in him losing various personal items. (*Id.* at 23-24). Following the eviction, Plaintiff alleges he discovered that court records had been "swapped." (*Id.* at 23).

## Analysis

Plaintiff's lengthy and often repetitive narrative of facts in his Second Amended Complaint makes it difficult for the Court to effectively and efficiently assess his claims. It will be recommended that his first claim against Defendant Conner and the Town of Bennett for unreasonable search and seizure relating to the May 9, 2022 warrantless entry of his property and seizure of his dog will be drawn to a presiding judge. However, that portion of his first claim is the only claim that complies with the pleading

7

requirements of Rule 8 of the Federal Rules of Civil Procedure. Thus, as for the other claims asserted in the Second Amended Complaint, it will be recommended that they be dismissed for failure to comply with Rule 8.

**Rule 8**

The remaining claims in Plaintiff's Second Amended Complaint fail to comply with Rule 8. Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In the January 16, 2024 Order directing Plaintiff to file a Second Amended Complaint, Plaintiff was advised that the primary deficiencies of his pleading were that it was too long, too verbose, too vague, and too repetitive. (*See* ECF No. 15 at 6). Despite the Court's instructions, Plaintiff's Second Amended Complaint is still too long, too verbose, too vague, and too repetitive. Further, he has not complied with the Court's instructions to "omit extraneous, repetitive factual allegations that unnecessarily complicate his claims and make them difficult to follow."

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Here, the allegations in Plaintiff's Second Amended Complaint (with the exception of the Fourth Amendment claim relating to the May 9, 2022 incident) are confusing, too long, too verbose, and do not show that he is entitled to relief. Thus, Plaintiff's Second Amended Complaint (with the exception of the Fourth Amendment claim relating to the May 9, 2022 incident) does not comply with Rule 8.

Therefore, it is recommended that Plaintiff's Fourth Amendment claim relating to the May 9, 2022 incident be drawn to a presiding judge and all of the other claims be dismissed for failure to comply with Rule 8.

**Other Deficiencies**

In addition to failing to comply with Rule 8, the Court notes that there are numerous other deficiencies with Plaintiff's claims in the Second Amended Complaint, including but not limited to: (1) asserting claims against Defendants Judge Day and Prosecutor Lico that are barred by judicial and prosecutorial immunity; (2) asserting claims against Defendants Zimmerman, Hawes, Maez, Runge, Buono, John Doe #1 and #2 (Adams County Sheriff's Deputies), and John/Jane Doe of Town of Bennett (Utilities) that are too vague to establish a constitutional violation; (3) asserting claims against Janeway Law Firm regarding Plaintiff's eviction that were dismissed with prejudice in a previous action in this Court, see *Witt v. Colorado*, 22-cv-02242-CNS-NRN; (4) asserting § 1983 claims against Janeway Law Firm without adequately alleging state action by the defendant; (5) asserting claims regarding his state eviction proceeding that are barred by the *Rooker-Feldman* doctrine; (6) asserting claims of unlawful water termination that are too vague and do not include any dates; (7) asserting a claim of retaliation without adequately alleging that Defendants' adverse actions were substantially motivated as a response to Plaintiff's protected activity; (8) asserting claims against Adams County and the Adams County Sheriff's office without adequately alleging municipal liability; and (9) asserting a claim based on violation of the Colorado Open Records Act when that Act does not provide a private cause of action.

In conclusion, although there are numerous easily identified deficiencies in Plaintiff's Second Amended Complaint, it is recommended that his first claim for a Fourth Amendment search and seizure violation against Defendants Conner and the Town of Bennett based on the May 9, 2022 incident be drawn to a presiding judge and the remainder of the claims be dismissed for failure to comply with Rule 8.

**RECOMMENDATION**

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Fourth Amendment search and seizure claim against Defendant Conner and the Town of Bennett regarding the May 9, 2022 incident in the Second Amended Complaint (ECF No. 21) be assigned to District Judge Charlotte N. Sweeney and Magistrate Judge N. Reid Neureiter. *See* D.C.COLO.LCivR 40.1(d)(1). It is

FURTHER RECOMMENDED that all other claims in the Second Amended Complaint (ECF No. 21) be dismissed without prejudice Fed. R. Civ. P. 41(b) for Plaintiff's failure to comply with Fed. R. Civ. P. 8(a).[1]  It is

---

[1]  Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

FURTHER RECOMMENDED that Defendants Adams County, Adams County Sheriff's Office, Maez, Janeway Law Firm, Day, Lico, Runge, John Doe #1, John Doe #2, Zimmerman, Buono, Hawes, and John/Jane Doe be dismissed as parties to this action. The only remaining Defendants are the Town of Bennett and Caleb Conner.

DATED September 24, 2024.

BY THE COURT:

_Richard T. Gurley_

_____

Richard T. Gurley
United States Magistrate Judge

_____

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).