IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01550-LTB-RTG

---

**ERIC WITT,**

**Plaintiff,**

v.

**TOWN OF BENNETT, COLORADO; ADAMS COUNTY, COLORADO; ADAMS COUNTY SHERIFF'S OFFICE; CALEB J. CONNER, in his individual and official capacities; KENDRA HAWES, in her individual and official capacities; OFFICER KEITH BUONO, in his individual and official capacities; OFFICER SONYA ZIMMERMAN, in her individual and official capacities; DEPUTY ANTONIO MAEZ, in his individual and official capacities; DEPUTY JOHN DOE #1; DEPUTY JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JANWAY LAW FIRM P.C., in its individual and official capacities;**

**Defendants.**

---

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE GURLEY'S RECOMMENDATION AND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

**INTRODUCTION**

Plaintiff Eric Witt ("Plaintiff"), proceeding pro se, respectfully submits this Objection to Magistrate Judge Richard T. Gurley's Recommendation dated [Insert Date], pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). Plaintiff also moves for leave to file a Third Amended Complaint, attached hereto as Exhibit A, pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiff objects to the Recommendation on several grounds, including the misapplication of the doctrines of res judicata and Rooker-Feldman, the failure to consider new evidence and ongoing constitutional violations, and the improper dismissal of claims against municipal entities and individual defendants. Plaintiff requests that the Court conduct a de novo review of the portions of the Recommendation to which objection is made and grant leave to file the Third Amended Complaint to address any deficiencies.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), when a party files timely and specific objections to a magistrate judge's recommendation, the district court must conduct a de novo review of those portions of the recommendation to which objection is made. Fed. R. Civ. P. 72(b)(3); *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). As a pro se litigant, Plaintiff's pleadings are to be construed liberally and held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## OBJECTIONS

### I. Misapplication of Res Judicata

### A. New Evidence Not Previously Available

The Magistrate Judge recommended dismissal of certain claims based on res judicata, asserting that these claims were or could have been raised in the prior action, Case No. 1:22-cv-02242-CNS-NRN. However, significant new evidence has emerged after the dismissal of the prior case, including:

1. **Metadata Analysis of Writ of Restitution:** Plaintiff discovered that the writ of restitution used in the eviction was created through a series of unauthorized processes, involving unlicensed software and lacking proper judicial signatures.

2. **Alteration of Court Documents:** Plaintiff alleges that the original writ of restitution was swapped with a different version, raising serious concerns about the authenticity and legality of the document used to evict him.

This new evidence was not available at the time of the prior action and could not have been raised. Under Tenth Circuit precedent, res judicata does not bar claims based on facts that were not in existence at the time of the prior judgment. *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000).

### B. Second Amended Complaint Was Not Accepted in Prior Case

In the prior action, Plaintiff submitted a Second Amended Complaint, which was never accepted or ruled upon by the court. Therefore, the claims contained therein were not adjudicated on the merits and should not be barred by res judicata. For res judicata to apply, there must be a final judgment on the merits. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

### II. Failure to Consider Ongoing Violations and Continuing Conduct

The Magistrate Judge did not adequately consider that Defendants' actions constitute ongoing violations extending beyond the timeframe of the first case, including:

1. **Retaliatory Actions:** Plaintiff alleges that after filing his previous lawsuit, he experienced retaliatory harassment, including wrongful arrest and denial of access to his property.

2. **New Constitutional Violations:** The eviction carried out on June 5, 2023, involved alleged violations of due process and property rights, which occurred after the dismissal of the prior case.

Under the continuing violation doctrine, claims based on ongoing wrongful conduct are not barred by res judicata. *Burkley v. Corr. Healthcare Mgmt. of Okla., Inc.*, 141 F. App'x 714, 716 (10th Cir. 2005).

### III. Liberal Construction of Pro Se Pleadings

The Magistrate Judge recommended dismissal of most claims for failure to comply with Rule 8, citing the length and complexity of the complaint. However, pro se pleadings must be construed liberally, and dismissal is only appropriate where it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff's complaint, while detailed, provides sufficient notice of the claims and grounds upon which they rest. The level of detail should not be grounds for dismissal, especially given Plaintiff's pro se status.

### IV. Municipal Liability Claims Adequately Pleaded

The Magistrate Judge erred in recommending dismissal of municipal liability claims against the Town of Bennett and Adams County. Plaintiff has alleged specific policies, customs, and practices that led to constitutional violations, satisfying the requirements under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**Allegations Supporting Municipal Liability:**

1. **Failure to Train and Supervise:** Defendants failed to adequately train and supervise employees regarding proper procedures for evictions, arrests, and handling of court documents.

2. **Policy or Custom of Ignoring Due Process:** There was a pattern of ignoring due process requirements, including failure to properly serve summonses and reliance on invalid laws.

3. **Ratification of Unconstitutional Actions:** Municipal entities ratified the unconstitutional actions of their employees by failing to investigate or correct misconduct.

These allegations, when taken as true, are sufficient to state a claim for municipal liability.

## V. Judicial and Prosecutorial Immunity Applied Too Broadly

While recognizing the doctrines of judicial and prosecutorial immunity, the Magistrate Judge applied them too broadly. Plaintiff alleges actions by Judge Shawn Day and Prosecutor Joseph Lico that, if proven, fall outside their official capacities.

**Examples:**

1. **Judge Shawn Day:** Allegedly practiced law from the bench by entering pleas on Plaintiff's behalf against his will and failing to establish subject matter jurisdiction after it was challenged.

2. **Prosecutor Joseph Lico:** Allegedly initiated prosecution without verifying proper service or the existence of an injured party, and continued prosecution using an invalid law.

Judicial immunity does not protect actions taken in the complete absence of jurisdiction or non-judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Similarly, prosecutorial immunity does not extend to administrative or investigatory actions unrelated to advocacy. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

## VI. Misapplication of the Rooker-Feldman Doctrine

The Magistrate Judge expressed concern about the Rooker-Feldman doctrine barring Plaintiff's claims. However, Plaintiff is not seeking to overturn state court judgments but is alleging independent constitutional violations, including fraud and due process violations occurring outside the scope of state court proceedings.

The Supreme Court has clarified that Rooker-Feldman is a narrow doctrine, confined to cases where a party seeks appellate review of a state court decision in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

---

**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

**Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires. The Tenth Circuit holds that amendments should be allowed absent a showing of undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**Justification for Amendment**

1. **Addressing Deficiencies:** The Third Amended Complaint addresses the deficiencies identified in the Recommendation, providing a clearer and more concise statement of the claims.

2. **Inclusion of New Evidence:** It incorporates new evidence discovered after the prior complaints, which is essential for a just adjudication of the claims.

3. **Clarification of Claims:** The amendment clarifies the basis for claims against individual defendants and municipal entities, specifying how each defendant's actions contributed to the alleged violations.

4. **No Prejudice to Defendants:** The case is still in the early stages, and Defendants will not be prejudiced by the amendment.

**Conclusion on Motion**

Granting leave to amend serves the interests of justice and judicial efficiency by allowing all related claims to be resolved in a single action.

---

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Sustain Plaintiff's Objections:** Overrule the Magistrate Judge's Recommendation to dismiss Plaintiff's claims based on res judicata, Rule 8 deficiencies, and other grounds.

2. **Grant Leave to Amend:** Permit Plaintiff to file the attached Third Amended Complaint (Exhibit A) to address any deficiencies and include new evidence.

3. **Proceed with Claims:** Allow the claims to proceed so that they may be adjudicated on their merits.

4. **Any Other Relief:** Grant any other relief the Court deems just and proper.

**Respectfully submitted,**

DATED: _____, 2024

s/ Eric Witt
Eric Witt
Pro Se Plaintiff
22204 E. Belleview Pl.
Aurora, CO 80015
Phone: (720) 496-9912
Email: ericwitt34@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared.

s/ Eric Witt
Eric Witt

**EXHIBITS**

- **Exhibit I:** FIRE DEPARTMENT PUBLIC RECORD VIOLATION (ECF No. 13-I)
- **Exhibit II:** COPY OF SUMMONS CE22-0005 (ECF No. 13-II)
- **Exhibit III:** CE22-0005 UNOPENED USPS RETURNED SUMMONS (ECF No. 13-III)
- **Exhibit IV:** CE22-0005 FIRST FULL DISCOVERY (ECF No. 13-IV)
- **Exhibit V:** WATER UTILITY VIOLATION FOR RESTORATION (ECF No. 13-V)
- **Exhibit VI:** DEFECTIVE AFFIDAVIT'CE22-0005 (ECF No. 13-VI)
- **Exhibit VII:** SECOND FULL DISCOVERY (EVIDENCE TAMPERING BY TOB) (ECF No. 13-VII)
- **Exhibit VIII:** JURISDICTIONAL CHALLENGE (CE22-0005 FILE STAMPED) (ECF No. 13-VIII)

- **Exhibit IX:** CE22-00005 COPY OF WARRANT (ECF No. 13-IX)

- **Exhibit X:** WATER UTILITY FRAUD & FICTITIOUS LANGUAGE (DISCONNECT EARLY) (ECF No. 13-X)

- **Exhibit XI:** WATER UTILITY NOTICE COPY (ECF No. 13-XI)

- **Exhibit XII:** EMAIL TO TOWN OF BENNETT MAYOR (ECF No. 13-XII)

- **Exhibit XIII:** EMAIL TOB RECORD (ALLEGED NO VIDEO IN COURT) (ECF No. 13-XIII)

- **Exhibit XIV:** TOWN OF BENNETT LAWYER EMAILS (ECF No. 13-XIV)

- **Exhibit XV:** CE22-0005 JUDGE SHAWN DAY & JOSEPH LICO ADDED FILE STAMPED COUNTERCLAIM (ECF No. 13-XV)

- **Exhibit XVI:** FULL DISCOVERY CE22-0009 (ECF No. 13-XVI)
  Exhibits XVII-XXIV ecf#21

- **Exhibit XVII:** ALANA PERCY EXTRACTED PNG FILE

- **Exhibit XVIII:** COURT SEAL EXTRACTED PNG FILE

- **Exhibit XIX:** PDF WRIT OF RESTITUTION (ELECTRONIC, JANWAY FILING STAGE)

- **Exhibit XX:** PDF WRIT OF RESTITUTION (ELECTRONIC, JUDGE SIGNING STAGE)

- **Exhibit XXI:** PDF WRIT OF RESTITUTION (PHOTOCOPY, SHERIFF'S OFFICE RECEIVED STAGE)

- **Exhibit XXII:** INITIAL ALLEGATIONS

- **Exhibit XXIII:** EMAIL FROM KENDRA KANDT, PROVIDING DIGITAL WRIT'S

- **Exhibit XXIV:** FORENSIC ANALYSIS

- **Exhibit A:** THIRD AMENDED COMPLAINT