IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01550-LTB-RTG

---

ERIC WITT,

Plaintiff,

v.

TOWN OF BENNETT, COLORADO; ADAMS COUNTY, COLORADO; ADAMS COUNTY SHERIFF'S OFFICE; CALEB J. CONNER, in his individual and official capacities; KENDRA HAWES, in her individual and official capacities; OFFICER KEITH BUONO, in his individual and official capacities; OFFICER SONYA ZIMMERMAN, in her individual and official capacities; DEPUTY ANTONIO MAEZ, in his individual and official capacities; DEPUTY JOHN DOE #1; DEPUTY JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JANWAY LAW FIRM P.C., in its individual and official capacities;

Defendants.

---

**THIRD AMENDED COMPLAINT**

---

**I. INTRODUCTION**

1. Plaintiff Eric Witt ("Plaintiff"), proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against the Defendants for violations of his rights under the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and for violations of state law.

2. Plaintiff alleges that Defendants engaged in unlawful searches and seizures, denied him due process, retaliated against him for exercising his constitutional rights, obstructed his access to public records, and engaged in misconduct and abuse of power.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims that they form part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391(b), as all Defendants reside in this district and the events giving rise to the claims occurred in this district.

## III. PARTIES

**Plaintiff**

6. Plaintiff Eric Witt is a resident of Adams County, Colorado, residing at 22204 E. Belleview Place, Aurora, CO 80015.

**Defendants**

7. Defendant Adams County is a political subdivision of the State of Colorado, with its principal place of business at 4430 S. Adams County Parkway, Brighton, CO 80601.

8. Defendant Adams County Sheriff's Office is a law enforcement agency operating under the authority of Adams County, located at 4430 S. Adams County Parkway, Suite W5400, Brighton, CO 80601.

9. Defendant Town of Bennett is a municipal corporation organized under the laws of the State of Colorado, with its principal place of business at 207 Muegge Way, Bennett, CO 80102.

10. Defendant Caleb J. Conner is the Battalion Chief - Fire Marshal with Bennett-Watkins Fire Rescue, a department of the Town of Bennett. He is sued in his individual and official capacities.

11. Defendant Kendra Hawes is an Administrative Assistant employed by Bennett-Watkins Fire Rescue. She is sued in her individual and official capacities.

12. Defendant Officer Keith Buono is the Lead Community Service Officer for the Town of Bennett. He is sued in his individual and official capacities.

13. Defendant Officer Sonya Zimmerman is a Community Service Officer for the Town of Bennett. She is sued in her individual and official capacities.

14. Defendant Deputy Antonio Maez is a Sheriff's Deputy with the Adams County Sheriff's Office. He is sued in his individual and official capacities.

15. Defendants Deputy John Doe #1 and Deputy John Doe #2 are Sheriff's Deputies with the Adams County Sheriff's Office involved in the June 5, 2023 eviction. They are sued in their individual and official capacities.

16. Defendant John Doe #3 is an unnamed fire inspector with Bennett-Watkins Fire Rescue involved in the May 9, 2022 incident. He is sued in his individual and official capacities.

17. Defendant John Doe #4 is an unnamed Adams County Deputy involved in the May 9, 2022 incident. He is sued in his individual and official capacities.

18. Defendant Janeway Law Firm P.C. ("JLF") is a private law firm engaged in eviction proceedings. It is sued in its individual and official capacities.

## IV. FACTUAL ALLEGATIONS

### A. May 9, 2022 Incident

19. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

20. On May 9, 2022, Bennett-Watkins Fire Rescue personnel, acting under the authority of the Town of Bennett, unlawfully entered Eric Witt's property at 170 Coolidge Court, Bennett, Colorado, 80102, without a warrant or legal justification. Alerted by

a neighbor's text, Witt discovered the unauthorized presence. Despite initial denials, documentation later revealed Battalion Chief - Fire Marshal Caleb J. Conner as the operation's initiator. This unwarranted intrusion, including dismantling Witt's fence for entry, breached his Fourth Amendment protections against unreasonable searches and seizures, as underscored in *Payton v. New York*, 445 U.S. 573, 586 (1980).

21. According to Defendant Conner's statement in Exhibit XXII (ECF No. 13-XXII), he was approached by "several groups of school-aged children" who "stated that the dogs fighting were in the backyard of [Plaintiff's] house." The children reportedly told Conner that "the fighting was so severe that they feared the dog would be killed and they feared for their safety as the dogs might push through the fence."

22. Defendant Conner further stated in Exhibit XXII that "the dog needed to be removed from the situation to prevent further harm or death." This assertion demonstrates the lack of an immediate threat to human life that would justify a warrantless entry and seizure.

23. During the unauthorized entry, Bennett Fire Department personnel removed Witt's German Shepherd mix, Willow, citing an unverified attack by Witt's puppies. Denied immediate reunion, Witt found Willow in distress at Adams County Animal Shelter the next day, contrary to assurances of her well-being. Refusing euthanasia, Witt financed over $5,000 in medical treatments for Willow. This act constituted an

unlawful seizure under the Fourth Amendment, reaffirmed by *United States v. Place*, 462 U.S. 696, 701 (1983).

## B. Denial of Access to Public Records

24. On June 2, 2022, Plaintiff emailed Defendant Hawes requesting ADCOM radio transcripts and other records related to the May 9, 2022 incident (Exhibit XXII).

25. Defendant Hawes responded by providing a National Fire Incident Reporting System (NFIRS) report but did not provide the requested radio transcripts.

26. Plaintiff's follow-up email on June 11, 2022, expressed concern about the Bennett Fire Department's transparency, stating, "The lack of transparency and cooperation from the Bennett Fire Department leads the plaintiff to believe that crucial information is being withheld" (Exhibit XXII).

27. Plaintiff contends that Defendants obstructed his access to public records necessary to pursue legal remedies, in violation of the Colorado Open Records Act (CORA), C.R.S. § 24-72-201 et seq.

28. The denial of access to these records impeded Plaintiff's ability to gather evidence for his legal claims.

## C. Improper Service of Summonses

29. The plaintiff hereby realleges and incorporates by reference all previous paragraphs of this complaint as if fully restated herein.

30. On May 17, 2022, Defendant Officer Keith Buono issued a summons to Plaintiff for municipal code violations in Case No. CE22-0005 related to water usage (Exhibit II).

31. The summons was sent via first-class mail without court authorization for alternative service, contrary to Colorado Rule of Civil Procedure 4(e)(1).

32. The envelope containing the summons was returned unopened to the Town of Bennett (Exhibit III), indicating that Plaintiff did not receive it.

33. Due to improper service, Plaintiff was unaware of the charges and unable to respond or appear in court, violating his due process rights under the Fourteenth Amendment, as established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

### D. December 21, 2022 Court Hearing

34. On December 21, 2022, Plaintiff Eric Witt attended a court hearing at the Bennett Municipal Court.

35. Exhibit XXII (ECF No. 13-XXII) details the specific remarks made by Defendant Zimmerman during the hearing, including her statement, "He's such a tweaker," directed at Plaintiff. The exhibit also describes the intimidating behavior of the armed sheriff's deputies present in the courtroom.

36. Notably, Defendant Zimmerman's actions occurred shortly after Plaintiff had sent an email warning Town of Bennett employees to cease harassment or face legal

action (Exhibit XXII). This timing suggests that Zimmerman's conduct was retaliatory in nature.

37. Upon arriving at the courthouse, Witt noticed the presence of two armed Adams County Sheriff's Deputies, which was unusual based on his previous court experiences (Exhibit XII). This heightened security presence appeared to be an attempt to intimidate Witt and discourage him from pursuing his legal claims.

38. A town employee, identified as Sonya Zimmerman, instructed Witt to wait in the hallway, where he was subjected to intimidating behavior from the deputies (Exhibit XII). This action appeared to be a deliberate attempt to make Witt feel threatened and discourage him from stating his claims against the judge and prosecutor at the hearing.

39. Inside the courtroom, town employee Sonya Zimmerman made several defamatory remarks about Witt in an apparent attempt to intimidate him (Exhibit XII). These remarks were made shortly after Witt had sent an email warning Town of Bennett (Utilities) employees to cease their harassment or face legal action, suggesting that Zimmerman's comments and actions were retaliatory in nature.

40. The incident on December 21, 2022, was captured on an audio recording, which Witt later discovered had been tampered with by an unknown person when he requested a copy from the town (Exhibit XIII). Certain portions of the recording that contained evidence of the harassment and intimidation had been removed or altered. This is evidenced by a separate audio recording made on Plaintiff's

cellphone. This tampering constitutes a serious violation of Witt's rights and a potential obstruction of justice.

41. The courtroom intimidation and harassment experienced by Plaintiff on December 21, 2022, is believed to be part of a coordinated effort between the Town of Bennett and Adams County officials to retaliate against and intimidate Plaintiff for his legal actions. The following day, Plaintiff emailed the Mayor of the Town of Bennett and other town administrators, detailing the egregious misconduct that occurred in the courtroom and demanding an investigation. However, Plaintiff never received a substantive response from the Mayor, who merely provided a phone number for the Town of Bennett's lawyer (Exhibits VII, VIII, IX, and XII).

42. Given the small-town dynamics, it is reasonable to infer that the mayor and town administrators communicated the details of Plaintiff's complaint to Defendants Sonya Zimmerman and Kristofer Runge, both employees of the respective municipalities. Notably, Defendant Runge, an Adams County Sheriff's Deputy, later arrested Plaintiff on dubious grounds, captured on body camera Defendant Runge admitting during transport that he was aware of Plaintiff's ongoing federal lawsuit against Adams County Judge Teri Vasquez. This sequence of events strongly suggests a concerted effort by officials from the Town of Bennett and Adams County to harass, intimidate, and retaliate against Plaintiff for exercising his legal rights and challenging the authority of various government officials.

**E. June 5, 2023 Eviction**

43. On June 5, 2023, Defendants Deputy Maez, Deputy John Doe #1, and Deputy John Doe #2 executed an eviction at Plaintiff's property located at 170 Coolidge Court.

44. The eviction was based on a writ of restitution that Plaintiff alleges was fraudulent and lacked necessary judicial signatures, rendering it invalid (Exhibits XVII, XVIII, XIX, XX, XXI, XXIII, and XXIV).

45. Plaintiff verbally informed Deputy Maez of the writ's deficiencies and had posted a notice on his door regarding an active title dispute over the property in federal court (Exhibits XVII, XVIII, XIX, XX, XXI, XXIII, and XXIV).

46. Despite the invalidity of the writ and Witt's verbal notice, Defendants proceeded with the eviction, seizing Plaintiff's property without lawful authority.

47. The writ of restitution showed signs of digital manipulation and did not comply with statutory requirements for validity, as supported by forensic analysis in Exhibits XXI and XXIV.

48. During the eviction, the plaintiff's court documents were stolen, preventing him from proving the invalidity of the original writ and exposing the unlawful nature of the eviction (Exhibits XVII, XVIII, XIX, XX, XXI, XXIII, and XXIV).

49. Following the eviction, the plaintiff discovered that the court records had been swapped with another document, which he has also proven to be invalid, suggesting a deliberate attempt by JLF and the Adams County Sheriff's Office to conceal the unlawful nature of the eviction and their involvement in the misconduct.

50. The execution of the eviction, despite clear indications that the writ of restitution was invalid and that the property was the subject of an ongoing federal lawsuit, represents a gross violation of Witt's constitutional rights under the Fourth and Fourteenth Amendments, as well as various Colorado statutes (Exhibits XVII, XVIII, XIX, XX, XXI, XXIII, and XXIV).

51. The manner in which the eviction was carried out, with Witt being given insufficient time to gather his belongings and facing threats of arrest if he attempted to retrieve them after the initial 48-hour period, exacerbated the violation of his rights. The actions of the Adams County Sheriff's Department demonstrate a callous disregard for Witt's property rights and his right to be free from unreasonable seizures.

---

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**Violation of Fourth Amendment Rights—Unlawful Search and Seizure**

*(Against Defendants Conner, John Doe #3, and John Doe #4)*

52. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

53. Defendants acted under color of state law when they entered Plaintiff's property without a warrant, consent, or valid exigent circumstances.

54. The warrantless entry and seizure of Plaintiff's dog constituted an unreasonable search and seizure under the Fourth Amendment.

55. Plaintiff suffered harm as a direct result of Defendants' actions, including the loss of his dog and the violation of his constitutional rights.

**SECOND CLAIM FOR RELIEF**

**Violation of Fourteenth Amendment Due Process Rights**

*(Against Defendants Buono, Maez, John Doe #1, and John Doe #2)*

56. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

57. Defendants deprived Plaintiff of his property without due process of law by:

a. Improperly serving a summons, preventing Plaintiff from responding to charges.

b. Executing an eviction based on an invalid writ of restitution.

58. Defendants acted under color of state law and failed to provide Plaintiff with notice and an opportunity to be heard.

59. Plaintiff suffered harm as a direct result of Defendants' actions, including loss of property and violation of his constitutional rights.

**THIRD CLAIM FOR RELIEF**

**First Amendment Retaliation**

*(Against Defendant Zimmerman)*

60. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

61. Plaintiff engaged in protected activity by warning Town of Bennett employees of potential legal action.

62. Defendant Zimmerman took adverse action by making defamatory and intimidating remarks during a court hearing.

63. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

64. Defendant's actions would deter a person of ordinary firmness from exercising their First Amendment rights.

65. Plaintiff suffered harm as a direct result of Defendant's retaliatory conduct.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability under Monell**

*(Against Defendants Adams County and Town of Bennett)*

66. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

67. Defendants Adams County and Town of Bennett are responsible for the policies, customs, and practices of their respective agencies.

68. Defendants maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, including:

a. Failing to properly train and supervise employees regarding lawful search and seizure procedures.

b. Allowing the use of invalid or fraudulent documents in legal proceedings.

c. Inadequate procedures for proper service of legal documents.

69. These policies or customs were the moving force behind the constitutional violations suffered by Plaintiff.

70. Plaintiff suffered harm as a direct result of these policies or customs.

**FIFTH CLAIM FOR RELIEF**

**Violation of Colorado Open Records Act**

*(Against Defendants Hawes and Town of Bennett)*

71. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

72. Plaintiff made a proper request for public records under CORA on June 2, 2022.

73. Defendants unlawfully denied or obstructed access to the requested records without valid justification.

74. The denial impeded Plaintiff's ability to gather evidence necessary for his legal claims.

75. Plaintiff suffered harm as a direct result of Defendants' actions.

**ADDITIONAL CLAIMS FOR RELIEF**

**VI. VIOLATION OF FOURTH AMENDMENT RIGHTS—UNLAWFUL ARREST AND DETENTION**

*(Against Deputy Runge)*

76. Plaintiff realleges and incorporates by reference all preceding paragraphs of this complaint as if fully restated herein.

77. On May 16, 2023, Eric Witt was apprehended by Deputy Kristofer Runge of the Adams County Sheriff's Department, acting under the authority of Adams County and the Adams County Sheriff's Office, predicated on an alleged warrant tied to municipal code violation case CE22-0009, concerning excessive weeds on Witt's property.

78. Witt contests that he was not duly served with a summons nor notified of the court date, which resulted in the warrant's issuance.

79. The arrest and detention lacked probable cause, as Plaintiff had not been properly served with a summons or notified of the court date that led to the issuance of the warrant.

80. Defendants' actions in arresting and detaining Plaintiff without a valid warrant violated his Fourth Amendment rights against unreasonable seizures.

81. Plaintiff suffered harm as a direct result of Defendants' unconstitutional conduct.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' actions violated Plaintiff's rights under the United States Constitution and the laws of the State of Colorado.

B. Enter an injunction ordering Defendants to cease all ongoing constitutional violations and to implement appropriate policies and training to prevent future violations.

C. Award compensatory damages to Plaintiff in an amount to be determined at trial for the injuries suffered.

D. Award punitive damages against the individual Defendants for willful and malicious conduct.

E. Award Plaintiff costs and any other relief the Court deems just and proper.

F. Order the immediate release of ADCOM radio communication transcripts and relevant records, consideration of sanctions against Bennett-Watkins Fire Rescue for their non-compliance with CORA, and any other appropriate relief related to the Fire Department's public records violations.

G. Mandate a full investigation into the events of December 21, 2022, and the subsequent tampering with evidence, and impose appropriate sanctions on those responsible for these violations of Plaintiff's rights.

H. Find the actions of Sheriff Antonio Maez, Kristofer Runge, John Doe #1, and John Doe #2 in executing the unlawful eviction to be a violation of Witt's Fourth and Fourteenth Amendment rights, and award compensatory and punitive damages accordingly.

I. Hold Prosecutor Joseph Lico accountable for his misconduct and take appropriate disciplinary action to ensure that such abuses of prosecutorial authority are not allowed to continue.

**VIII. JURY DEMAND**

82. Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

DATED: _____, 2024

s/ Eric Witt

Eric Witt

Pro Se Plaintiff

22204 E. Belleview Place

Aurora, CO 80015

Phone: (720) 496-9912

Email: ericwitt34@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2024, I filed the foregoing Third Amended Complaint with the Clerk of Court, and served copies to all Defendants pursuant to the Federal Rules of Civil Procedure.

s/ Eric Witt

Eric Witt

---

**EXHIBITS**

- **Exhibit I:** FIRE DEPARTMENT PUBLIC RECORD VIOLATION (ECF No. 13-I)
- **Exhibit II:** COPY OF SUMMONS CE22-0005 (ECF No. 13-II)
- **Exhibit III:** CE22-0005 UNOPENED USPS RETURNED SUMMONS (ECF No. 13-III)
- **Exhibit IV:** CE22-0005 FIRST FULL DISCOVERY (ECF No. 13-IV)
- **Exhibit V:** WATER UTILITY VIOLATION FOR RESTORATION (ECF No. 13-V)
- **Exhibit VI:** DEFECTIVE AFFIDAVIT'CE22-0005 (ECF No. 13-VI)
- **Exhibit VII:** SECOND FULL DISCOVERY (EVIDENCE TAMPERING BY TOB) (ECF No. 13-VII)
- **Exhibit VIII:** JURISDICTIONAL CHALLENGE (CE22-0005 FILE STAMPED) (ECF No. 13-VIII)
- **Exhibit IX:** CE22-00005 COPY OF WARRANT (ECF No. 13-IX)
- **Exhibit X:** WATER UTILITY FRAUD & FICTITIOUS LANGUAGE (DISCONNECT EARLY) (ECF No. 13-X)
- **Exhibit XI:** WATER UTILITY NOTICE COPY (ECF No. 13-XI)
- **Exhibit XII:** EMAIL TO TOWN OF BENNETT MAYOR (ECF No. 13-XII)
- **Exhibit XIII:** EMAIL TOB RECORD (ALLEGED NO VIDEO IN COURT) (ECF No. 13-XIII)
- **Exhibit XIV:** TOWN OF BENNETT LAWYER EMAILS (ECF No. 13-XIV)

- **Exhibit XV:** CE22-0005 JUDGE SHAWN DAY & JOSEPH LICO ADDED FILE STAMPED COUNTERCLAIM (ECF No. 13-XV)
- **Exhibit XVI:** FULL DISCOVERY CE22-0009 (ECF No. 13-XVI)
  Exhibits XVII-XXIV ecf#21

- **Exhibit XVII:** ALANA PERCY EXTRACTED PNG FILE
- **Exhibit XVIII:** COURT SEAL EXTRACTED PNG FILE
- **Exhibit XIX:** PDF WRIT OF RESTITUTION (ELECTRONIC, JANWAY FILING STAGE)
- **Exhibit XX:** PDF WRIT OF RESTITUTION (ELECTRONIC, JUDGE SIGNING STAGE)
- **Exhibit XXI:** PDF WRIT OF RESTITUTION (PHOTOCOPY, SHERIFF'S OFFICE RECEIVED STAGE)
- **Exhibit XXII:** INITIAL ALLEGATIONS
- **Exhibit XXIII:** EMAIL FROM KENDRA KANDT, PROVIDING DIGITAL WRIT'S
- **Exhibit XXIV:** FORENSIC ANALYSIS