IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01550-LTB-RTG

ERIC WITT,

    Plaintiff,

v.

ADAMS COUNTY, TOWN OF BENNETT, COLORADO,
ADAMS COUNTY SHERIFF'S OFFICE,
ANTONIO MAEZ, Adams County Sheriff's Deputy,
JANEWAY LAW FIRM, PC,
TOWN OF BENNETT,
JUDGE SHAWN DAY,
JOSEPH LICO, Prosecutor,
KRISTOFER RUNGE, Adams County Sheriff's Deputy,
JOHN DOE #1, Adams County Sheriff's Deputy,
JOHN DOES #2, Adams County Sheriff's Deputy,
SONYA ZIMMERMAN, Town of Bennett Community Service Officer,
KEITH BUONO, Town of Bennett Lead Community Service Officer,
KENDRA HAWES, Administrative Assistant,
CALEB J. CONNER, Battalion Chief – Fire Marshal, and
JOHN/JANE DOE, Town of Bennett (Utilities),

    Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on September 24, 2024. (ECF No. 34). Plaintiff has filed timely written objections to the Recommendation. (ECF No. 35). The Court has therefore reviewed the Recommendation *de novo* in light of the file and record in this case. On *de*

*novo* review and for the following reasons, the Court concludes that the Recommendation is correct.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff's objections are that: (1) res judicata should not apply to any of his claims; (2) the Court failed to consider "ongoing violations and continuing conduct;" (3) the Court misapplied judicial and prosecutorial immunity; and (4) the Court misapplied the *Rooker-Feldman* doctrine. (ECF No. 35). Plaintiff's objections do not specify exactly which objection applies to which of his claims. However, none of the objections have merit based on the record in this case. Further, in the Recommendation, Magistrate Judge Gurley recommends that Plaintiff's first claim against Defendants Conner and the Town of Bennett for unreasonable search and seizure relating to the May 9, 2022 warrantless entry of his property and seizure of his dog be drawn to a presiding judge and that all other claims in the Second Amended Complaint be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 8(a). In his objections, Plaintiff fails to argue that his pleading complies with Rule 8. Thus, his objections are overruled.

Plaintiff has also filed a proposed Third Amended Complaint, which he alleges cures the deficiencies noted in the September 24, 2024 Recommendation. (ECF No. 35-1). The Court has, therefore, reviewed the submitted Third Amended Complaint. After review, the Court has determined that (with the exception of the first claim that was recommended to be drawn), the proposed Third Amended Complaint is still deficient because it does not comply with Rule 8.

The proposed Third Amended Complaint is 17 pages and asserts the following six claims against ten named defendants:

> First Claim: Fourth Amendment unlawful search and seizure claim against Defendants Conner, John Doe #3, and John Doe #4 based on the warrantless entry to his property on May 9, 2022 and the seizure of his dog;
>
> Second Claim: Fourteenth Amendment due process claim against Defendants Buono, Maez, John Doe #1 and John Doe #2 because of: (1) an improperly served summons, which prevented Plaintiff from responding; and (2) an invalid writ of restitution, which resulted in an improper eviction;
>
> Third Claim: First Amendment retaliation claim against Defendant Zimmerman;
>
> Fourth Claim: Municipality liability claim against Defendants Adams County and Town of Bennett;
>
> Fifth Claim: Colorado Open Records Act ("CORA") violation claim against Defendants Hawes and Town of Bennett; and
>
> Sixth Claim: Fourth Amendment unlawful arrest and detention claim against Defendant Runge.

(ECF No. 35-1). Initially, the court notes that the Third Amended Complaint fails to assert any specific claims against Defendants Adams County Sheriff's Office, Judge Day, Prosecutor Lico, John Doe #1 (Utilities), and Janeway Law Firm. (*See id.*).

**Rule 8**

The proposed Third Amended Complaint still fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pursuant to Rule 8, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The proposed Third Amended Complaint is much simpler and more concise than the Second Amended Complaint, which was 63-pages and asserted seven claims and fourteen subclaims (*see* ECF No. 21). However, all of the asserted claims in the Third Amended Complaint (with the exception of the first Fourth Amendment unreasonable search and seizure claim relating to the May 9, 2022 incident) still fail to comply with Rule 8 because they do not show that Plaintiff is entitled to relief.

**Second claim: Due Process**

In his second claim, Plaintiff alleges that his due process rights were violated because: (1) he was improperly served a summons, which prevented him from responding; and (2) he was improperly evicted based on an invalid writ of restitution. (ECF No. 35-1 at 12).

**Improperly Served Summons**

In his claim involving improper service of summons, Plaintiff alleges that on May 17, 2022, Defendant Officer Buono issued a summons for a municipal code violation related to water usage in case CE22-0005. (*Id.* at 7). According to Plaintiff, the summons was sent via first class mail without court authorization for alternative service, which he alleges violated Colorado Rules of Civil Procedure. (*Id.*). The summons was returned to the Town of Bennett, with the envelope unopened, indicating that Plaintiff never received the summons. (*Id.*). As a result, Plaintiff states that he was unable to respond or go to court, which violated his due process rights. (*Id.*).

Plaintiff's allegations fail to show that he is entitled to relief on this due process claim regarding an improperly served summons. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Here, Plaintiff alleges that he was unable to respond to the summons or go to court, but he provides no allegations that he was deprived of property or a liberty interest as a result of the alleged improperly served summons. Thus, his vague allegations fail to show that he is entitled to relief on his due process claim. Accordingly, the claim fails to comply with Rule 8.

**Improper Eviction**

Next, as to his due process claim based on being improperly evicted, Plaintiff alleges that on June 5, 2023, Defendants Deputy Maez, Deputy John Doe #1, and Deputy John Doe #2 executed an eviction at his property. (ECF No. 35-1 at 10). According to Plaintiff, the "eviction was based on a writ of restitution that . . . was fraudulent and lacked necessary judicial signatures, rendering it invalid." (*Id.*).

Because Plaintiff is challenging the final judgment or final orders issued by a Colorado state court in eviction proceedings, the claim cannot proceed based on the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights). Review of the state-court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Thus, Plaintiff's due process claim based on his eviction is barred by the *Rooker-Feldman* doctrine.

**Third claim: Retaliation**

In his third claim, Plaintiff asserts a First Amendment retaliation claim against Defendant Zimmerman. (ECF No. 35-1 at 12). According to Plaintiff, on December 21, 2022, he attended a court hearing at the Bennett Municipal Court. (*Id.* at 7). During the hearing, Defendant Zimmerman made several defamatory remarks regarding Plaintiff, such as, "He's such a tweaker." (*Id.* at 7-9). Further, Plaintiff maintains that there were two armed deputies in Court (which was unusual), and that the deputies displayed intimidating behavior towards him. (*Id.*). These actions occurred shortly after Plaintiff had sent an email warning Town of Bennett employees to stop harassing him or face

legal consequences. (*Id.*). Additionally, at the time, Plaintiff had an ongoing federal lawsuit against an Adams County Judge. (*Id.*). Based on this timing, Plaintiff feels the actions by Defendant Zimmerman were retaliatory in nature.

To state a retaliation claim, Plaintiff must allege facts to demonstrate: (1) he was engaged in constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007). "Mere allegations of constitutional retaliation will not suffice; plaintiff[] must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citation omitted).

In this case, Plaintiff was engaged in constitutionally protected activity of pursuing or potentially pursuing legal claims; however, his allegations fail to demonstrate that Defendant Zimmerman's action caused him an injury that would chill a person of ordinary firmness from continuing to engage in that activity. This Court has described the injury requirement of a retaliation claim as follows:

> Whether defendants' conduct caused plaintiff an injury that would chill a person of ordinary firmness from continuing to engage in protected First Amendment activity is an objective standard. *See Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004). This standard "permits a plaintiff who perseveres despite governmental interference to bring suit," but precludes claims based on "a trivial or de minimis injury." *Id.* at 954-55 (internal quotation marks omitted).

*Weise v. Colorado Springs, Colorado*, 421 F. Supp. 3d 1019, 1042 (D. Colo. 2019) (holding that Plaintiff's allegations that defamatory statements by city officials harmed

his reputation were not enough to satisfy the objective injury requirement for a constitutional retaliation claim). Here, allegations that Defendant Zimmerman called Plaintiff "a tweaker" and made other unspecified defamatory remarks during a court hearing are not sufficient to support a retaliation claim. Plaintiff fails to allege an "injury" from this alleged conduct (besides having his feeling hurt), and such conduct would not chill a person of ordinary firmness from continuing to engage in his protected activity. Thus, his allegations fail to show he is entitled to relief. As such, the retaliation claim fails to comply with Rule 8.

**Fourth claim: Municipality Liability**

For his fourth claim, Plaintiff alleges that Adams County and the Town of Bennett are liable for the alleged constitutional violations of their employees because they maintained policies or customs exhibiting deliberate indifference by:

a. Failing to properly train and supervise employees regarding lawful search and seizure procedures;

b. Allowing the use of invalid or fraudulent documents in legal proceedings; [and]

c. Inadequate procedures for proper service of legal documents.

(ECF No. 35-1 at 14). Plaintiff makes a vague and conclusory allegation of a lack of proper training, but "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). In order to hold a municipality liable under a failure to train theory, a plaintiff must ordinarily show that municipal policymakers had "actual or constructive notice that a particular omission in their training program caused [municipal] employees to violate citizens' constitutional rights" and nonetheless chose "to retain [the deficient training]

program." *Id.* Conclusory allegations that municipal employees are not trained satisfactorily "will not alone suffice to fasten liability on the city." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Plaintiff's allegations of policies and customs are too vague and conclusory to establish municipal liability. Thus, his claim titled, "municipality liability" fails to comply with Rule 8.

**Fifth claim: violation of CORA**

Plaintiff's fifth claim is based on an alleged violation of the Colorado Open Records Act against Defendant Hawes and the Town of Bennett. (ECF No. 35-1). However, as Plaintiff was informed previously (*see* ECF No.34 at 10), the Colorado Open Records Act does not provide a private cause of action. *See McDonald v. Wise*, 769 F.2d 1202, 1217 (10th Cir. 2014). Instead, a person who is denied the right to inspect a public record "may apply to the district court of the district wherein the record is found for an order directing the custodian of such record to show cause why the custodian should not permit the inspection of such record." C.R.S. § 24-72-204 (5); *see*, *e.g.*, *Land Owners United, LLC v. Waters,* 293 P.3d 86 (Colo. App. 2011). Mr. Witt's remedy, if any, is in the state court. Thus, his claim based on a violation of CORA is legally frivolous.

**Sixth claim: Fourth Amendment Unlawful Arrest and Detention**

Finally, Plaintiff's sixth claim is a Fourth Amendment unlawful arrest and detention claim against Defendant Runge. In support of this claim, Plaintiff alleges the following:

> On May 16, 2023, Eric Witt was apprehended by Deputy Kristofer Runge of the Adams County Sheriff's Department, acting under the authority of Adams County and the Adams County Sheriff's Office, predicated on an

9

> alleged warrant tied to municipal code violation case CE22-0009, concerning excessive weeds on Witt's property.
>
> Witt contests that he was not duly served with a summons nor notified of the court date, which resulted in the warrant's issuance.
>
> The arrest and detention lacked probable cause, as Plaintiff had not been properly served with a summons or notified of the court date that led to the issuance of the warrant.
>
> Defendants' actions in arresting and detaining Plaintiff without a valid warrant violated his Fourth Amendment rights against unreasonable seizures.
>
> Plaintiff suffered harm as a direct result of Defendants' unconstitutional conduct.

(ECF No. 35-1 at 15). These allegations fail to show that Plaintiff is entitled to relief. First, Deputy Runge is entitled to absolute immunity for executing an arrest warrant that is valid on its face. "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty of executing a facially valid court order enjoy[ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp*, 559 F.3d 1155, 1163 (10th Cir. 2009) (alterations in original) (quoting *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990)). And "[f]acially valid does not mean lawful. An erroneous order can be valid." *Turney*, 898 F.2d at 1473 (internal quotation marks omitted) (citations omitted)).

Second, Plaintiff has not adequately alleged an unlawful or malicious prosecution claim. "A plaintiff who claims that the government has unconstitutionally imprisoned him has at least two potential constitutional claims." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). If the plaintiff has been imprisoned

10

"without legal process," a claim for false arrest or false imprisonment may arise under the Fourth Amendment. *Id*. If imprisoned "with legal but wrongful process," the plaintiff may have a claim for malicious prosecution under the Fourth Amendment. *Id*.; *see also Sanchez v. Hartley*, 810 F.3d 750, 755 (10th Cir. 2016) (plaintiff may assert § 1983 malicious prosecution claim under the Fourth Amendment); *Heck v. Humphrey*, 512 U.S. 477, 484, (1994) (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy"). Here, as Plaintiff was detained based on a warrant, his claim is a malicious prosecution claim.

A § 1983 claim for malicious prosecution includes five elements:

(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). To satisfy the favorable termination element, Plaintiff must allege facts to "show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). Here, Plaintiff has not alleged the favorable termination element. Thus, his allegations fail to show he is entitled to relief. The sixth claim fails to comply with Rule 8.

As a result, the asserted claims in the submitted Third Amended Complaint suffer from similar deficiencies as the previous complaint. Therefore, Plaintiff's motion for leave to file a Third Amended Complaint is denied. Magistrate Judge Gurley's Recommendation (ECF No. 34) is accepted and adopted.

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's Objection to Magistrate Judge Gurley's Recommendation (ECF No. 35) is overruled and his Motion for Leave to File Third Amended Complaint (*id.*) is denied. The Second Amended Complaint (ECF No. 21) remains as the operative pleading. It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 34) is accepted and adopted. It is

FURTHER ORDERED that the Fourth Amendment search and seizure claim against Defendant Conner and the Town of Bennett regarding the May 9, 2022 incident in the Second Amended Complaint (ECF No. 21) shall be assigned to District Judge Charlotte N. Sweeney and Magistrate Judge N. Reid Neureiter. *See* D.C.COLO.LCivR 40.1(d)(1). It is

FURTHER ORDERED that all other claims in the Second Amended Complaint (ECF No. 21) are dismissed without prejudice for Plaintiff's failure to comply with Fed. R. Civ. P. 8. It is

FURTHER ORDERED that Defendants Adams County, Adams County Sheriff's Office, Maez, Janeway Law Firm, Day, Lico, Runge, John Doe #1, John Doe #2, Zimmerman, Buono, Hawes, and John/Jane Doe are dismissed as parties to this action.

DATED at Denver, Colorado, this  18th  day of    December   , 2024.

BY THE COURT:

    s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court