IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.      1:23-CV-01550-CNS-NRN

ERIC WITT

    Plaintiff,

v.

TOWN OF BENNETT, and
CALEB J. CONNER

    Defendants.

---

## TOWN OF BENNETT'S MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6) FOR FAILURE TO STATE A CLAIM

---

Defendant, Town of Bennett, by and through its attorney Nicholas C. Poppe of Nathan Dumm & Mayer P. C., hereby submits its Motion to Dismiss under F.R.C.P. 12(b)(6) for Failure to State a Claim, and states as follows:

### INTRODUCTION

In his Second Amended Complaint, which is the operative pleading in this case, Mr. Witt alleges a single claim against Caleb Conner and the Town of Bennett with respect to the seizure of his dog on May 9, 2022. [ECF 21, p. 13, ¶ 19]. All other claims pled by Mr. Witt have been dismissed. [ECF 36].

With respect to the May 9, 2022 incident, Mr. Witt alleges that Bennett-Watkins Fire Rescue personnel were acting under the authority of the Town of Bennett, which appears to be the only factual allegation directed towards the Town's liability. [ECF 21, p. 13, ¶ 19]. Yet Bennett-Watkins Fire Rescue is not a subdivision of the Town of Bennett. Rather, Bennett-

Watkins Fire Rescue is a special district, organized under Title 32 of the Colorado Revised Statutes. Because it is a separate governmental entity, the Town has no authority over the actions of Bennett-Watkins Fire Rescue. And even if the Town could theoretically exercise control over employees of a separate governmental entity, Mr. Witt has not pled factual allegations establishing any form of *Monell* liability against the Town.

Thus, Mr. Witt's claim against the Town should be dismissed.

**INFORMATION SUBJECT TO JUDICIAL NOTICE**

The Court may take judicial notice of a government agency's website. *Buhendwa v. Reg. Transp. Dist.*, 82 F. Supp. 3d 1259, 1262 n.1 (D. Colo. 2015). As provided on its website, the Bennett Fire Protection District was created in 1986.[1] According to its most recent transparency notice, which is a statutorily-required annual posting for all special districts in Colorado, the District is managed by a five-member Board of Trustees. [Exhibit A, Transparency Notice, pp. 4-5 *available at* https://www.bennettfirerescue.org/financials (last visited February 4, 2025)].

**STANDARD OF REVIEW**

Pursuant to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), courts must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). Plaintiff's legal conclusions couched as factual allegations need not be considered. *Iqbal*,

---

[1] *See* https://www.bennettfirerescue.org/history (last visited February 4, 2025).

556 U.S. at 678–79. Plaintiff bears the burden to allege sufficient factual allegations indicating he or she is entitled to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In the context of municipal liability under 42 U.S.C. § 1983, "at the pleading stage, the existence of a *Monell* policy is a conclusion to be built up to, rather than a fact to be baldly asserted." *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1206 (D. Colo. 2020) (internal citations and quotations omitted). To the extent a plaintiff claims that municipal employees acted pursuant to official department policies or practices, they must either identify those policies or demonstrate a "systematic pattern" of behavior from which it can be inferred that officers acted upon when engaging with the public. *Id*. (citation omitted).

## LEGAL ARGUMENT

    *i.*    *There are no factual allegations establishing the Town's control over a separate governmental entity.*

While Mr. Witt alleges that employees of Bennett-Watkins Fire Rescue were acting under the "authority" of the Town of Bennett, that allegation is a conclusion that is not entitled to the assumption of truth. Because Bennett-Watkins Fire Rescue is in fact a separate governmental entity, it was incumbent upon Mr. Witt to establish how the Town could exercise authority or control over employees from a special district. Because the Second Amended Complaint is silent in this regard, he has failed to state a viable claim for relief against the Town.

    *ii.*    *Even if the Town could exercise authority of the District's personnel, Mr. Witt has failed to state a viable claim for relief under Monell.*

Assuming, *arguendo*, that Mr. Witt can seek to hold the Town liable for the conduct of employees from another governmental entity, Mr. Witt has nonetheless failed to assert a proper

claim against the Town under *Monell v. Dept. of Social Services of New York*, 436 U.S. 658 (1978).

While municipalities may be sued directly under section 1983, they cannot be sued under a theory of *respondeat superior* liability. *Id*. at 691. Thus, simply alleging employees of Bennett-Watkins Fire Recuse engaged in certain behavior, as Mr. Witt's Second Amended Complaint alleges, is insufficient to state a claim against the Town itself. [ECF 21, p. 13, ¶ 19].

Instead, under well-established post-*Monell* precedent, a municipality may be held liable for constitutional violations under one or more of five theories:

1. a formal regulation or policy statement,

2. an informal custom amounting to a widespread practice that, although not authorized by a written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law,

3. the decision of a municipal employee with final policymaking authority,

4. a policymaker's ratification of a subordinate employee's action, and

5. a failure to train or supervise employees.

*Murphy v. City of Tulsa*, 950 F.3d 641, 644 (10th Cir. 2019). Once one of these five theories has been selected, a plaintiff must then also establish two additional elements at the pleading stage, namely: (1) that the municipality's actions caused the constitutional deprivation, and (2) that the municipality acted with "deliberate indifference" *Schneider v. City of Grand Junction*, 717 F.3d 760, 770-71 (10th Cir. 2013). Finally, it is insufficient to merely allege in conclusory fashion that all of these elements have been met, as "at the pleading stage, the existence of a *Monell* policy is a conclusion to be built up to, rather than a fact to be baldly asserted." *Erickson v. City of*

4

*Lakewood*, 489 F. Supp. 3d 1192, 1206 (D. Colo. 2020) (internal citations and quotations omitted).

Mr. Witt offers no facts in his Second Amended Complaint that could support any of the elements of *Monell* liability. Mr. Witt does not articulate any of the five legal routes to *Monell* liability, nor does he allege, much less demonstrate factually, that the Town acted with deliberate indifference towards his rights. In the absence of establishing a legal connection between the actions of the District's employee and the Town, as *Monell* requires, Mr. Witt cannot maintain claims against the Town directly under 42 U.S.C. § 1983. *See Murphy*, 950 F.3d at 644 ("Municipalities can incur liability for their employees' constitutional torts only if those torts resulted from a municipal policy or custom.").

## CONCLUSION

For the reasons set forth herein, the Town of Bennett should be dismissed.

DATED this 6th day of February, 2025.

>*s/Nick Poppe*
>Nicholas C. Poppe
>NATHAN DUMM & MAYER P. C.
>7900 E. Union Avenue, Suite 600
>Denver, CO 80237-2776
>Telephone: (303) 691-3737
>Facsimile: (303) 757-5106
>ATTORNEY FOR TOWN OF BENNETT

**CERTIFICATE OF SERVICE**

      I hereby certify that on 6th day of February, 2025 I electronically mailed the foregoing **MOTION TO DISMISS** to the following:

Eric Witt
170 Coolidge Court
Bennett, CO 80102
(720) 496-9912
Ericwitt34@gmail.com

*Pro Se Plaintiff*


                                          *s/Nick Poppe*
                                          Nicholas C. Poppe
                                          Attorneys for Defendant
                                          NATHAN DUMM & MAYER P.C.
                                          7900 E. Union Avenue, Suite 600
                                          Denver, CO 80237-2776
                                          Telephone: (303) 691-3737
                                          Facsimile: (303) 757-5106
                                          NPoppe@ndm-law.com