**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-01550-CNS-NRN

ERIC WITT

Plaintiff,

v.

TOWN OF BENNETT and CALEB J. CONNOR

Defendant.

---

**DEFENDANT CALEB J. CONNOR'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT [ECF 21]**

---

Defendant Caleb J. Connor, by and through counsel, Hall & Evans, L.L.C., pursuant to Fed. R. Civ.P. 8, 12(b)(1) and 12(b)(6), submits his Motion to Dismiss Plaintiff's Complaint [ECF 21] ("Complaint") of Plaintiff Eric Witt and requests dismissal with prejudice of all claims against him as set forth in ECF 21, as follows:

**D.C.COLO.LCivR 7.1(a) / NRN Civ. Prac. Std. Sec. E.1:** Prior to filing this Motion, undersigned counsel conferred with Plaintiff via email and telephone. No response from Plaintiff was received; no amendments were able to be stipulated.

## I. INTRODUCTION

Per the Court's December 18, 2024 Order [ECF 36], the only remaining claim from Plaintiff's Second Amended Complaint [ECF21] is the Fourth Amendment Search and Seizure Claim against Battalion Chief-Fire Marshal Caleb J. Connor and the Town of Bennett stemming from alleged unlawful conduct which occurred on or about May 9, 2022. But the Complaint fails to state any cognizable claim against Battalion Chief

Connor on which relief could be granted because: there was no Fourth Amendment violation due to exigent circumstances; Plaintiff's claims against Battalion Chief Connor in his individual capacity are barred by qualified immunity; and to the extent Plaintiff brings claims for municipal liability against Battalion Chief Connor in his official capacity, as the Battalion Chief of Bennett Fire Protection District #7 DBA Bennett-Watkins Fire Rescue, such claims likewise fail as a matter of law. As such, the case against Defendand Connor should be dismissed with prejudice.

**SUMMARY OF RELEVANT ALLEGATIONS IN THE AMENDED COMPLAINT**[1]

In his Complaint, Plaintiff alleges that Defendant Caleb J. Conner (the correct spelling is Connor), the Battalion Chief-Fire Marshal of the Bennett-Watkins Fire Rescue, was the initiator of the illegal entry on May 9, 2022 in violation of his Fourth Amendment rights. [ECF 21]. Plaintiff argues that Battalion Chief Connor took apart his fence, entered his yard, and removed his dog from his residence. [*Id*.].

In response to Plaintiff's inquiry regarding the events of May 9, 2022, Battalion Chief Connor submitted a narrative report which Plaintiff submitted at ECF 1-1, referenced in ECF 21 at 13.[2] Battalion Chief Connor recounted that on May 9, 2022, he was flagged down by a "panicked" adult male who reported that two dogs were attacking another dog. [ECF 1-1]. The adult male further stated he feared the dogs would kill the

[1] For this motion only, Plaintiff's allegations are accepted as true. Battalion Chief Connor reserves the right to dispute each factual allegation in the Complaint in any future proceedings.

[2] This Court may take judicial notice of materials in its docket. ***U.S. v. Mendoza***, 698 F.3d 1303, 1307 (10th Cir. 2012) (explaining "dockets are generally public documents" of which courts may take judicial notice); ***St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.***, 605 F.2d 1169, 1172 (10th Cir. 1979) (court may, *sua sponte*, take judicial notice of its docket).

third dog. [*Id*.]. Battalion Chief Connor notified fire dispatch and requested law enforcement to respond. [*Id*.]. He continued to the location of the dog fight and found several groups of children in the area walking home from school who provided similar reports of dogs fighting in the Plaintiff's backyard. [*Id*.]. Battalion Chief Connor observed three dogs through the gaps in the fence slats, one of which was bleeding. Battalion Chief Connor went to the front door and windows to determine if anyone was inside the home, but no response was received. [*Id*.]. As noted in the attached, an Adams County law enforcement officer determined there to be exigent circumstances, so the officer attempted to find a way into the yard but without success. The decision was made to remove two fence slats nearest the injured animal, retrieve the injured dog, and replace the fence slats to ensure the other two dogs were contained. [*Id*.]. This is what was done: the Adams County officer and Battalion Chief Connor removed fence slats, the Adams County officer retrieved and saved Plaintiff's dog, and the Adams County officer and Battalion Connor re-secured the fence slats. [*Id.*] Battalion Chief Connor observed the dog's serious injuries and then passed the dog over to an animal control officer. [*Id*.].

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." A plaintiff must give more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007). Factual allegations must be enough to raise a right to relief above speculation, on the assumption all such allegations are true (even if doubtful in fact). ***Id.*** Federal pleading demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement.'" ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S.

at 557). Plaintiffs must assert enough facts to suggest entitlement to relief. ***Robbins v. Oklahoma***, 519 F.3d 1242, 1247 (10th Cir. 2008). Mere metaphysical possibility *some* plaintiff could prove *some* set of facts in support of the claims is insufficient; the complaint must give reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims. ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007). All well-pleaded *fact* allegations are viewed favorably to Plaintiff. ***Brown v. Montoya***, 662 F.3d 1152, 1162 (10th Cir. 2011). All conclusions of law are set aside. ***Kan. Penn Gaming, LLC v. Collins***, 656 F.3d 1210, 1214 (10th Cir. 2011).

Finally, although Plaintiff's pleadings are construed liberally because they are *pro se*, Plaintiff still must follow the Federal Rules of Civil Procedure. ***Ogden v. San Juan Cnty***., 32 F.3d 452, 455 (10th Cir. 1994). Plaintiff's *pro se* status does not lessen his duty to comply with either various rules governing litigants and counsel or substantive law. ***McNeil v. United States***, 508 U.S. 106, 113 (1993); ***Ogden***, 32 F.3d at 455.

## ARGUMENT

### A. Plaintiff Fails to Establish any Violation of the Fourth Amendment.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

This "search" was proper under the exigent circumstance exception to the warrant requirement. In reviewing this exception, a court evaluates the circumstances as they would have appeared to a prudent, cautious, and trained officer. ***U.S. v. Creighton***, 639 F.3d 1281, 1288 (10th Cir. 2011) (citing ***Armijo ex rel. Armijo Sanchez v. Peterson***,

601 F.3d 1065, 1071 (10th Cir. 2010)). The propriety of a defendant's actions is assessed "based upon what the officers reasonably believed at that time. It does not matter that, in retrospect, information provided to the officers was wrong." ***Id.*** (citations omitted). Exigent circumstances arise when: (1) officers have reasonable grounds to believe there is an immediate need to protect the lives or property of others; (2) search is not motivated by an intent to seize evidence; and (3) there is some reasonable basis, approaching probable cause, to believe an emergency situation exists. ***U.S. v. Anderson***, 981F.2d1560, 1567 (10th Cir. 1992).

In ***DiCesare v. Stuart***, the Tenth Circuit determined exigent circumstances may be applicable in an animal cruelty case. 12 F.3d 473 (10th Cir. 1993). Although the Court ultimately found no exigent circumstances in that case, in another case involving the same plaintiff, the Tenth Circuit found exigent circumstances for a warrantless search did exist:

> The exigent standard test applies to situations involving mistreatment of animals. Cruelty to animals is a statutory offense. It is therefore state policy to render aid to relatively vulnerable and helpless animals when faced with people willing or even anxious to mistreat them. Public interest in preservation of life in general and in prevention of cruelty to animals in particular requires some flexibility in application of general rule that valid warrant is prerequisite for search.

***DiCesare v. Stout*** 1993 U.S. App. LEXIS 9796 at *12-13 (internal citations omitted).

Here, similar to the exigent circumstances found in ***Stout***, prior to "seizing" Plaintiff's injured dog, the Battalion Chief Connor received a report from an individual which were compounded by reports of a dangerous dog fight occurring in Plaintiff's backyard, upon investigation, there were three dogs in Plaintiff's backyard, with two of the three actively aggressing against the third dog which was observed through the fence

gaps to be injured on the ground and unresponsive to commands. ***Id.*** at *4. In holding no Fourth Amendment Violation occurred, the court reasoned: (1) the officers acted as promptly and properly as was reasonable to provide for the horses' safety and well-being; (2) the officers' failure to obtain a warrant did not reflect an absence of concern for protecting Fourth Amendment values; and (3) the scope of the entry was limited to that necessary to provide assistance to the suffering animals. ***Id.***

Similarly, in ***Pennington v. Penner***, the United States District Court for the District of Kansas found animal control officers, and others, were entitled to qualified immunity regarding the warrantless search and seizure of horses. 297 F. Supp. 2d 1225. The court held:

> As alleged in the complaint, Penner and a veterinarian inspected the stallion on July 28th and immediately took the stallion to the veterinarian's clinic for care and treatment. The reasonable inference to be drawn is that the veterinarian was of the opinion the stallion needed additional immediate care that he could not provide at the site. Given these circumstances, a reasonable officer in Penner's position would have believed, mistakenly or not, that exigent circumstances existed to justify the warrantless seizure.

***Id***. at 1241.

Numerous other courts have reached similar conclusions. ***People v. Burns***, 593 P.2d 351 (Colo. 1979) (exigent circumstances justified a warrantless search of the premises to locate a missing calf because the young calf ran the risk of dying from lack of nourishment due to separation from its mother); ***Manhke v. Garrigan***, 2010 WL 2643618 at *10-11 (W.D. Wis. 2010) (animal control officer entitled to qualified immunity under similar facts); ***Jackson v. Silicon Valley Animal Control Auth.***, 2008 U.S. Dist. LEXIS 76837 *22-25 (N.D. Cal. 2008) (same); ***Anderson v. Smith***, 2009 U.S. Dist. LEXIS 58804 *40-48 (E.D. Cal. 2009) (same); ***Scott v. Jackson Cnty.***, 403 F.Supp.2d 999,

1006-09 (D. Ore. 1999) ("emergency exception" justified search where officers believed 400 rabbits required immediate care).

Here, the exigent circumstances exception to the warrant requirement justified the welfare check and alleged warrantless "search and seizure" on May 9, 2022. Battalion Chief Connor was provided with credible information that there was a dog with life-threatening injuries on Plaintiff's property. [ECF 1-1 (incorporated by ECF 21 at 13]. As such, Battalion Chief Connor's conclusion that there were exigent circumstances was objectively reasonable. Furthermore, the only cognizable intent of Battalion Chief Connor's actions on May 9, 2022 was to secure the safety of the dog in responding to reports from concerned neighbors.

**B. Individual Capacity Claims Against Battalion Chief Connor are Barred by Qualified Immunity.**

Qualified immunity is immunity from suit as well as a defense to liability. ***Mitchell v. Forsyth***, 472 U.S. 511, 526 (1985). The doctrine permits the resolution of claims against government officials before subjecting them "'either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." ***Id.*** (quoting ***Harlow v. Fitzgerald***, 457 U.S. 800, 817-18 (1982)).

A "heavy" two-part burden applies when a defendant asserts qualified immunity. ***Mick v. Brewer***, 76 F.3d 1127, 1134 (10th Cir. 1996). Once qualified immunity is raised, the burden shifts to the Plaintiff to show that (1) a constitutional violation occurred and (2) that the constitutional right was clearly established at the time of the alleged violation. ***Doe v. Woodard***, 912 F.3d 1278, 1289 (10th Cir. 2019). "A court evaluating qualified immunity is free to "exercise [its] sound discretion in deciding which of the two prongs of

the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" ***Id.*** (quoting ***Pearson v. Callahan***, 555 U.S. 223, 236 (2009)). If the Plaintiff fails to satisfy either prong, the court must grant qualified immunity. ***Grissom v. Roberts***, 902 F.3d 1162, 1167 (10th Cir. 2018).

For the law to be "clearly established" in the Tenth Circuit, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. ***Medina v. City & Cnty. of Denver***, 960 F.2d 1493, 1498 (10th Cir. 1992). It is important to define the constitutional right at issue "at the appropriate level of specificity." ***Wilson v. Layne***, 526 U.S. 603, 615 (1999). The Supreme Court has "repeatedly told courts…not to define clearly established law at a high level of generality. The dispositive question is whether the violative nature of *particular* conduct is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." ***Mullenix v. Luna***, 577 U.S. 7, 12 (2015) (per curiam) (emphasis in original) (citations and internal quotation marks omitted).

And for the law to be clearly established at the time of the conduct, the law must be "sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate. This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." ***Dist. of Columbia v. Wesby***, 583 U.S. 48, 63 (2018) (citations and internal quotation marks omitted).

It is not correct that qualified immunity applies only to "split-second decision-making" or that it only applies when public safety is at issue. The Supreme Court has

applied qualified immunity to cases in which high level government officials create broad, department-wide policies that are anything but "split-second" decisions. *E.g.,* ***Ashcroft v. Iqbal***, 556 U.S. 662 (2009) (applying qualified immunity to high-level policy-making decisions of United States Attorney General). Battalion Chief Connor is entitled to qualified immunity here.

**1. The law was not clearly established that entering a property for the exclusive purpose to render emergency aid to an animal in distress violated Plaintiff's Fourth Amendment rights.**

The Court should analyze whether the law was "sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate." ***Wesby***, 583 U.S. at 63 (2018).

Here, no published Tenth Circuit case law addressing whether a Battalion Chief (Fire Marshal) of a Fire Rescue District violates a property owner's Fourth Amendment rights by entering a backyard for the limited purpose to render emergency medical assistance to an animal. *Compare* ***Brigham City v. Stuart***, 547 U.S. 398 (2006) (providing that "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury"), *with* ***Siebert v. Severino***, 256 F.3d 648, 657 (7th Cir. 2001) (suggesting, without deciding, that "[e]xigent circumstances may justify warrantless seizure of animals"); ***DiCesare v. Stuart***, 12 F.3d 973, 977-78 (10th Cir. 1993) (same); ***People v. Rogers***, 184 Misc. 2d 419, 708 N.Y.S.2d 795 (2d Dep't 2000) (holding that a warrantless search of a closed pet store was justified by the need to rescue animals in need of medical attention). This level of specificity is required by the clearly established law analysis.

Without any case law on point, simply pointing to cases explaining "broad general proposition[s]" of constitutional law would do little to give government officials like Battalion Chief Connor guidance on how the Tenth Circuit would apply those broad rules to the "*particular* conduct" at issue. ***Mullenix***, 577 U.S. at 12.

Rather, Battalion Chief Connor was entitled to use his "breathing room" as a government official to make a decision in the absence of clear, binding guidance on the contours of this complex constitutional issue. ***Singh v. Cordle***, 936 F.3d 1022, 1033 (10th Cir. 2019). This is especially true considering the clear public concern expressed by Plaintiff's neighbor and several groups of children who were walking home from school when Battalion Chief Connor responded to the report. [ECF 1-1 (incorporated by ECF 21 at 13)]. Battalion Chief Connor is entitled to qualified immunity because the law was not clearly established in the Tenth Circuit that rendering aid to an injured animal in a backyard violated Plaintiff's Fourth Amendment rights against unlawful search and seizure.

Several courts have recognized that the need to protect life, to render medical aid, and to give assistance to those who are seriously injured or threatened with injury extends to the life and health of animals. ***Shapiro v. City of Glen Cove***, 236 Fed. Appx. 645, 646 (2nd Cir. 2007) (where officers believed dogs were kept in partially renovated and uninhabited house lacking electricity and heat, such circumstances suggested the dogs were in urgent need of assistance, and a warrantless search was permissible); ***Leathem v. United States***, 1997 U.S. App. LEXIS 23305, 1997 WL 547958 (9th Cir. 1997) (the exigent circumstances exception permitted immediate action to save the animals from severe illness and death as a result of lack of care and nutrition); ***Mills v.***

***Rodabaugh***, No. 08-14291, 2009 U.S. Dist. LEXIS 119424, 2009 WL 5171846, at *6 (E.D. Mich. Dec. 22, 2009) ("the officers could have lawfully seized the dogs even without a warrant pursuant to the exigent circumstances exception to the Fourth Amendment's warrant requirement.").

As demonstrated by the various jurisdictions above and the various timeframes of those decisions, it is very possible that government officials of reasonable competence could and would disagree as to the law at that time. Because the law on exigent circumstances to protect the lives or health of animals was not clearly established, and because a reasonable person would not have known at the time whether this conduct violated clearly established statutory or constitutional rights, Battalion Chief Connor is entitled to qualified immunity.

**C. Plaintiff's Municipal Liability Claims Against the Bennett-Watkins Fire District, to the Extent Pled, Fail as a Matter of Law**.

Plaintiff does not state a plausible claim for municipal liability under § 1983. Local governments may not be sued under § 1983 for an injury inflicted solely by their employees or agents. ***Monell v. Dep't of Soc. Servs.***, 436 U.S. 658, 691 (1978). ***Monell*** explicitly rejected the notion of entity liability based on theories of either *respondeat superior* or vicarious liability. ***Id.*** at 694. Thus, absent a municipal custom, policy, practice, or inadequate training, Plaintiff's claims against the Fire District must fail. Under municipal liability principles, governmental entities cannot be held liable simply because they employed individuals who allegedly violated someone's constitutional rights based on respondeat superior or vicarious liability principles. ***Monnell v. New York City Dep't of Social Services,*** 436 U.S. 658, 694 (1978). Instead, "[t]o establish municipal liability, a Plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct and

causal link between the custom or policy and the violation alleged." ***Jenkins v. Wood,*** 81 F.3d 988, 993 (10th Cir. 1996).

Here, Plaintiff fails to identify any inadequate training, unconstitutional custom or policy promulgated on behalf of the Fire District. Plaintiff also fails to identify a causal link between the Fire District's purported policies and any alleged conduct or constitutional deprivation related to their claims. Plaintiff's ***Monell*** claims are devoid of the particularized factual basis necessary to plausibly set forth a viable claim. Nor does Plaintiff adequately establish the "state of mind" and "causation" elements necessary to hurdle Rule 12 on a municipal liability theory. *E.g.*, ***Schneider***, 717 F.3d at 769.

Furthermore, "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers." ***Graves v. Thomas***, 450 F.3d 1215, 1218 (10th Cir. 2006) (citing ***City of L.A. v. Heller***, 475 US. 796, 799 (1986)). Because the Complaint lacks facts sufficing to show the named Battalion Chief Connor allegedly violated Plaintiff's constitutional rights, Plaintiff's ***Monell*** claim must be dismissed.

**CONCLUSION**

WHEREFORE, Defendant Caleb J. Connor respectfully requests the Court enter an Order: dismissing the Amended Complaint for the reasons set forth herein; and granting all other relief deemed necessary and proper.

Dated this 27th day of February 2025.

Respectfully submitted,

*s/ Peter C. Middleton*
Peter C. Middleton
Jordan M. Brickman
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3300

middletonp@hallevans.com
brickmanj@hallevans.com
***Attorney for Defendant***
***Caleb J. Connor***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February 2025 the foregoing **DEFENDANT CALEB J. CONNOR'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT [ECF 21]** was filed and served via CM/ECF to:

***Pro Se Plaintiff***
Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Email: ericwitt34@gmail.com

***Counsel for Town of Bennett***
Nicholas Christaan Poppe
Nathan Dumm & Mayer PC
7900 East Union Avenue
Denver Corporate Center III
Suite 600
Denver, CO 80237-2776
Email: npoppe@ndm-law.com

*/s/ Monica Houston*