UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01550-CNS-NRN

ERIC WITT,
Plaintiff,

v.

TOWN OF BENNETT and CALEB J. CONNOR,
Defendants.

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

I, Eric Witt, pro se Plaintiff in the above-captioned matter, hereby respond to this Honorable Court's Order to Show Cause dated March 4, 2025 [ECF No. 50], and respectfully request that the Court allow this case to proceed despite my unintentional failure to appear at the March 4, 2025 Status Conference.

I. EXPLANATION FOR FAILURE TO APPEAR

I sincerely apologize for my absence at the March 4, 2025 Status Conference. My failure to appear was not willful or intentional, but rather the result of extraordinary circumstances beyond my control:

1. For the past several months, I have been providing essential care for 78-year-old Lucia Landon, who suffered a severe femur fracture. November 17th, 2024, while working as a carpenter at Ms. Landon's home, I heard her screams, discovered her injured outside her home, and immediately called 911 for emergency medical assistance.

2. Ms. Landon has no family in Colorado, having lost her husband to COVID-19 during the pandemic. With no other available support system, I undertook caregiving responsibilities while continuing limited carpentry work at her home, as she was physically unable to care for herself following this traumatic injury.

3. The demands of this unexpected caregiving role severely impacted my financial situation, preventing me from maintaining my PACER account payments. This directly resulted in my inability to receive electronic notifications about court proceedings.

4. Although the Court indicates that the Order setting the Status Conference was emailed to my address (ericwitt34@gmail.com), I regrettably did not see this email during this intensive period of caregiving.

5. The procedural history of this case has created extraordinary challenges for me as a pro se litigant. This matter has been transferred between six different judges over the course of this litigation: from Magistrate Judge Kristen L. Mix, to Magistrate Judge Susan B. Prose, to Magistrate Judge Richard Thomas Gurley, to Senior Judge Lewis T. Babcock, to District Judge Charlotte N. Sweeney, and finally to Your Honor. Each transfer has required adjustment to different judicial preferences and procedural requirements.

II. LEGAL STANDARD FOR EXCUSABLE NEGLECT

Courts have consistently recognized that dismissal is a harsh sanction that should be used only in extreme circumstances, particularly when dealing with pro se litigants facing genuine difficulties:

In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), the Supreme Court established that "excusable neglect" is an "elastic concept" that takes into account "all relevant circumstances," including:

* The danger of prejudice to the opposing party

* The length of the delay and its potential impact on judicial proceedings

* The reason for the delay, including whether it was within the reasonable control of the movant

* Whether the movant acted in good faith

The Tenth Circuit in Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), stated that "because dismissal is a severe sanction, it is appropriate only in cases of willful misconduct."

III. APPLICATION TO THIS CASE

Applying these legal principles to my situation:

1. My failure to attend was not willful but resulted from extraordinary caregiving responsibilities for an elderly woman with a broken femur who had no other support system, combined with financial constraints that prevented PACER access.

2. There is no evidence of bad faith on my part. I have actively participated in this litigation throughout its history and have demonstrated my continued commitment by filing responses to both pending motions to dismiss on March 18, 2025.

3. The defendants will not suffer prejudice if this case proceeds, as the delay has been minimal and I have now submitted substantive responses to their pending motions.

4. I have now made arrangements to ensure I can access court filings and notices, even during financially challenging times.

5. As a pro se litigant, I deserve the Court's leniency in accordance with Haines v. Kerner, 404 U.S. 519, 520 (1972), which established that pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers."

IV. COMMITMENT TO FUTURE COMPLIANCE

I take this Order to Show Cause very seriously and commit to the following actions to ensure full compliance with all future court orders:

1. I have paid my outstanding PACER fees to restore full access to electronic court filings.

2. I have implemented a system to more carefully monitor my email, including regularly checking spam folders.

3. I will maintain a physical calendar of all court deadlines and check the court's docket regularly through alternative means if PACER is temporarily inaccessible.

4. I will appear at the telephonic Show Cause Hearing/Motion Hearing scheduled for April 3, 2025, at 2:00 p.m.

5. I have already prepared and filed my responses to the pending motions to dismiss on March 18, 2025, demonstrating my commitment to moving this litigation forward efficiently.

V. CONCLUSION

Based on the foregoing, I respectfully request that this Honorable Court:

1. Find that my failure to appear at the March 4, 2025 Status Conference constitutes excusable neglect under the extraordinary circumstances described;

2. Allow this case to proceed on the merits rather than dismissing it for this single instance of non-compliance; and

3. Provide any additional guidance the Court deems necessary to ensure my full compliance moving forward.

I sincerely apologize to the Court for my absence at the Status Conference and thank the Court for its consideration of this response.

Respectfully submitted,

Eric Witt
s/Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Tel: (720) 791-9889
Email: ericwitt34@gmail.com
Pro Se Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2025, I electronically filed the foregoing PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Attorney for Town of Bennett

Peter C. Middleton
Jordan M. Brickman
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
Attorneys for Defendant Caleb J. Connor

Eric Witt
s/Eric Witt
Pro Se Plaintiff