IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    1:23-CV-01550-CNS-NRN

ERIC WITT

    Plaintiff,

v.

TOWN OF BENNETT,
KEITH BUONO, and
CALEB J. CONNOR

    Defendants.

## REPLY IN SUPPORT OF THE TOWN OF BENNETT'S MOTION TO DISMISS [ECF 43]

Defendant, the Town of Bennett, by and through its attorney Nicholas C. Poppe of Nathan Dumm & Mayer P. C., hereby submits its Reply brief in support of its Motion to Dismiss [ECF 43], and states as follows:

### LEGAL ARGUMENT

*i.   Mr. Witt's allegation about Bennett's "authority" over the District's employees is conclusory.*

Mr. Witt claims the Town cannot be dismissed from this lawsuit because he has adequately pled that Bennett-Watkins Fire Protection District personnel were "acting under the authority of the Town of Bennett." [ECF 51, p. 3]. Yet Mr. Witt's allegation regarding the Town's "authority" is conclusory. Indeed, the only allegation in the Second Amended Complaint *is* the single phrase that fire personnel were "acting under the authority of the Town of Bennett…" [ECF 21, p. 13, ¶ 19]. Mr. Bennett supplies no factual information to make that

allegation plausible, such as an intergovernmental agreement delegating authority over fire personnel to the Town (or some other memorandum of understanding between the governmental entities). He does not articulate any facts from this specific incident demonstrating that the Town directed or played any role in the response of District personnel.

Mr. Witt also alleges without adequate factual or legal support that the relationship between a municipality and a special district "is inherently a complex factual matter," and that any number of agreements, funding structures, protocols, and delegated authority may be at play. [ECF 51, p. 4]. Yet as already noted, he failed to *plead* that such a structure or agreement was in place between the Town and District, much less that such structure or agreement played a role in the response on May 9, 2022. While Mr. Witt makes a clear plea to allow for discovery, it is axiomatic that contemporary pleading standards do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Simply asserting that some agreement *may* exist, or opining that inter-governmental relationships are "complex," is insufficient to force the Town to endure the burdens of discovery absent well-pled allegations demonstrating the Town's involvement in the events at issue in the Second Amended Complaint.

The Town should thus be dismissed from Mr. Witt's lawsuit.

ii. *Mr. Witt lacks sufficient allegations to establish Monell liability at the pleading stage.*

Mr. Witt also alleges that he adequately pled *Monell* liability, asserting that he has pled "systematic constitutional violations" against multiple Town officials and departments. [ECF 51, p. 4]. Yet, as an initial matter, the majority of his Second Amended Complaint has been dismissed for failure to state a claim – with only his claim under the Fourth Amendment

surviving Rule 8.1 review. [*See* ECF 36]. And even if his other claims had not been dismissed, Mr. Witt makes no effort to establish a connection between any action of a Town official or department and the events that allegedly occurred on May 9, 2022. *Monell* liability requires a plaintiff to establish that the municipality was the "moving force" behind a constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (internal citations omitted). Without establishing a connection between any prior incidents and the events on May 9, 2022, Mr. Witt's theory of *Monell* liability remains impermissibly vague and lacks any causal connection to the injuries he allegedly suffered. Indeed, it was especially important for Mr. Witt to plead non-conclusory facts establishing the Town's liability under *Monell* since no Town representatives were present for the May 9 incident. Having failed to plead specific allegations establishing one of the five theories of *Monell* liability, he cannot ask the Court to keep the Town in his lawsuit through discovery.

As a final comment, Mr. Witt cites to *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), for the proposition that he need not plead "detailed factual allegations" of *Monell* liability. [ECF 51]. Yet *Leatherman* was decided prior to the Court's more recent pronouncements in *Twombly* and *Iqbal*, rendering the opinion in *Leatherman* of little use. And even *Leatherman* could be relied upon, Mr. Witt has not pled any of the elements of *Monell* liability with respect to the Town, including non-conclusory allegations that the Town acted with deliberate indifference. Thus, even under the most generous of pleading standards, Mr. Witt's claim against the Town still fails as a matter of law.

## CONCLUSION

For the reasons set forth in the Town's Motion to Dismiss and this Reply, the Town should be dismissed from Mr. Witt's lawsuit.

DATED this 26th day of March, 2025.

*s/Nick Poppe*
Nicholas C. Poppe
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
ATTORNEYS FOR TOWN OF BENNETT

4

## CERTIFICATE OF SERVICE

  I hereby certify that on 26th day of March, 2025 I electronically mailed the foregoing **REPLY BRIEF** to the following:

Eric Witt
22204 E Belleview Place
Aurora, CO 80015
(720) 791-9889
Ericwitt34@gmail.com
*Pro Se Plaintiff*

Peter C. Middleton
Jordan M. Brickman
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
T: (303) 628-3300
middletonp@hallevans.com
brickmanj@hallevans.com
*Attorneys for Defendant Connor*

            *s/Nick Poppe*
            Nicholas C. Poppe
            Attorneys for Defendant
            NATHAN DUMM & MAYER P.C.
            7900 E. Union Avenue, Suite 600
            Denver, CO 80237-2776
            Telephone: (303) 691-3737
            Facsimile: (303) 757-5106
            NPoppe@ndm-law.com