IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-01550-CNS-NRN

ERIC WITT

Plaintiff,

v.

TOWN OF BENNETT and CALEB J. CONNOR

Defendant.

---

**DEFENDANT CALEB J. CONNOR'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT [ECF 47]**

---

Defendant Caleb J. Connor, by and through counsel, Hall & Evans, L.L.C., pursuant to Fed. R. Civ.P. 8, 12(b)(1) and 12(b)(6), submits his Reply in Support of Motion to Dismiss Plaintiff's Complaint [ECF 47] and requests dismissal with prejudice of all claims against him as set forth in ECF 21, as follows:

**INTRODUCTION**

Plaintiff attempts to hold Battalion Chief Connor liable for his individual conduct but, in his Response [ECF 51], Plaintiff has yet failed to produce any legal authority showing law prohibiting an official from entering a property for the exclusive purpose to render emergency aid to an animal in distress is a violation of Plaintiff's Fourth Amendment rights or that the law was clearly established. Instead, Plaintiff's Response attempts to twist the circumstances observed by Battalion Chief Connor as some nefarious operation to seize Plaintiff's dog, when Plaintiff's own allegations clearly refute any such plot.

Therefore, Plaintiff's only claim against Battalion Chief Connor should be dismissed with prejudice.

## **ARGUMENT**

### A. Exigent circumstances abrogated the warrant requirement of the Fourth Amendment.

Here, the exigent circumstances exception to the warrant requirement justified the welfare check and alleged warrantless "search and seizure" on May 9, 2022. Even without the credible information provided to Battalion Chief Connor relating to Plaintiff's injured dog and the property, the allegations in Plaintiff's Complaint are clear that the dog did in fact sustain life-threatening injuries on May 9, 2022, and although, it was recommended the dog be euthanized, Plaintiff chose to finance $5,000 in veterinary treatment for the dog. [ECF 21, at 13]. Plaintiff's Response contends the circumstances observed by Battalion Chief Connor were not severe or significant, however, this is a revisionist version of events even contrary to the allegations in Plaintiff's Complaint.

Even taking Plaintiff's allegations in the Complaint as true, Plaintiff received notification his dog was attacked by other dogs in his backyard ([ECF 21, at 13]); the injured dog was taken to an Adams County Animal Control facility (*Id.*); the following day Plaintiff observed his dog had suffered life-threatening injuries (*Id.*); the Animal Control personnel who assessed the dog's injuries recommended euthanasia (*Id.*); upon refusing euthanasia, Plaintiff financed $5,000 in veterinary treatment for the injured dog (*Id.*). Any refutation by Plaintiff that the injured dog did not require emergency veterinary intervention falls flat. It is, therefore, undisputed that Battalion Chief Connor's conduct was prompted by exigent circumstances to render emergency aid to injured animal on Plaintiff's property.

**B. Plaintiff has not met his burden of bringing forward clearly established law.**

First, Plaintiff bears the burden of showing the constitutional right at issue was clearly established at the time of the alleged event. ***Doe v. Woodard***, 912 F.3d 1278, 1289 (10th Cir. 2019). Importantly, qualified immunity is not a "gotcha" exercise in legal research skills. Rather, government officials must make difficult choices in circumstances where the requirements of the Constitution are not always clear; qualified immunity provides government officials "breathing room" to make these decisions in often uncertain situations. ***Singh v. Cordle***, 936 F.3d 1022, 1033 (10th Cir. 2019).

Here, no published Tenth Circuit case law addressing whether a Battalion Chief (Fire Marshal) of a Fire Rescue District violates a property owner's Fourth Amendment rights by entering a backyard for the limited purpose to render emergency medical assistance to an animal. *Compare* ***Brigham City v. Stuart***, 547 U.S. 398 (2006) (providing that "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury"), *with* ***Siebert v. Severino***, 256 F.3d 648, 657 (7th Cir. 2001) (suggesting, without deciding, that "[e]xigent circumstances may justify warrantless seizure of animals"); ***DiCesare v. Stuart***, 12 F.3d 973, 977-78 (10th Cir. 1993) (same); ***People v. Rogers***, 184 Misc. 2d 419, 708 N.Y.S.2d 795 (2d Dep't 2000) (holding that a warrantless search of a closed pet store was justified by the need to rescue animals in need of medical attention). Given the changing nature of the law regarding exigent circumstances as applicable to animals, the contours of the law were not clearly established. As demonstrated by the various jurisdictions above and the various timeframes of those decisions, it is very possible that officials of reasonable competence could and would

3

disagree as to the law at that time. Because the law on exigent circumstances to protect the lives or health of animals was not clearly established, and because a reasonable person would not have known at the time whether this conduct violated clearly established statutory or constitutional rights, Battalion Chief Connor is entitled to qualified immunity.

### C. Plaintiff lacks sufficient allegations to establish *Monell* liability against Battalion Chief Connor in his official capacity.

Plaintiff's Complaint fails to identify any inadequate training, unconstitutional custom or policy promulgated on behalf of the Fire District. Plaintiff also fails to identify a causal link between the Fire District's purported policies and any alleged conduct or constitutional deprivation related to his claims. ***Monnell v. New York City Dep't of Social Services,*** 436 U.S. 658, 694 (1978). Plaintiff's *Monell* claims are devoid of the particularized factual basis necessary to plausibly set forth a viable claim. *Id.* Nor does Plaintiff adequately establish the "state of mind" and "causation" elements necessary to hurdle Rule 12 on a municipal liability theory. *E.g.*, ***Schneider v. Grand Junction Police Dep't.***, 717 F.3d 760, 769 (10th Cir. 2013). Plaintiff's Complaint fails to allege any facts sufficient to establish even one of the permissible theories of *Monell* liability, Plaintiff's claims against Battalion Chief Connor therefore fail as a matter of law.

### CONCLUSION

WHEREFORE, Defendant Caleb J. Connor respectfully requests the Court enter an Order: dismissing the Amended Complaint for the reasons set forth herein; and granting all other relief deemed necessary and proper.

4

Dated this 31st day of March 2025.

        Respectfully submitted,

        *s/ Jordan M. Brickman*
        Peter C. Middleton
        Jordan M. Brickman
        HALL & EVANS LLC
        1001 17th Street, Suite 300
        Denver, CO 80202
        Telephone: (303) 628-3300
        middletonp@hallevans.com
        brickmanj@hallevans.com
        ***Attorney for Defendant***
        ***Caleb J. Connor***

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2025 the foregoing **DEFENDANT CALEB J. CONNOR'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT [ECF 47]** was filed and served via CM/ECF to:

**Pro Se Plaintiff**
Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Email: ericwitt34@gmail.com

**Counsel for Town of Bennett**
Nicholas Christian Poppe
Nathan Dumm & Mayer PC
7900 East Union Avenue
Denver Corporate Center III
Suite 600
Denver, CO 80237-2776
Email: npoppe@ndm-law.com

        */s/ Monica Houston*