# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-01550-CNS-NRN

ERIC WITT,

Plaintiff,

v.

TOWN OF BENNETT,

KEITH BUONO, and

CALEB J. CONNOR,

Defendants.

PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR RECONSIDERATION UNDER RULE 54(B)

I, Eric Witt, pro se Plaintiff, respectfully submit this Reply in support of my Emergency Motion for Reconsideration under Federal Rule of Civil Procedure 54(b), addressing the arguments raised in Defendant Town of Bennett's Response [ECF 61].

I. INTRODUCTION

Defendant Town of Bennett's Response [ECF 61] not only fundamentally misapprehends the factual allegations in my Second Amended Complaint and the legal principles

governing the Rooker-Feldman doctrine, but it also exhibits a troubling pattern of defending actions it did not perform and knowledge it should not possess. Most strikingly, the Town has taken it upon itself to defend actions of the Adams County Sheriff's Office—actions the Town played no role in executing. This improper attempt to shield other defendants through jurisdictional arguments they lack standing to make reveals the very type of inter-agency coordination and conspiracy alleged in my complaint.

## II. THE TOWN'S RESPONSE ITSELF PROVIDES NEW EVIDENCE OF IMPROPER COORDINATION AND CONSPIRACY

The Town's Response contains startling evidence of the very inter-agency coordination and conspiracy I alleged throughout my Second Amended Complaint. This evidence, which only emerged after Judge Babcock's order, constitutes "new evidence previously unavailable" that supports reconsideration under the standard articulated in Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

### A. The Town Defends Actions It Did Not Perform

My Second Amended Complaint clearly alleges that the Adams County Sheriff's Office—not the Town of Bennett—executed the eviction on June 5, 2023 [ECF 21, ¶¶ 68-90]. Yet the Town inexplicably devotes the majority of its Response to defending the legality of this eviction and the validity of the writ used to justify it. For example, the Town argues that "Mr.

Witt's eviction proceedings in state court were in accordance with the law" [ECF 61, p. 1] and that I am merely attempting to "circumvent [my] eviction in a state court proceeding" [ECF 61, p. 1].

This is extraordinary and improper. The Town has no standing to defend actions in which it played no role. As the Supreme Court has held, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Kowalski v. Tesmer, 543 U.S. 125, 129 (2004).

B. The Town Displays Suspicious Knowledge of Documents It Did Not Create or Execute

The Town displays an unusually detailed knowledge of the writ of restitution—a document it did not create, sign, or execute. The Town states with unwarranted confidence that "All of [Witt's] allegations with respect to whether his eviction was invalid stem from questions of validity of signatures (or lack thereof) on an underlying state court document" [ECF 61, p. 3]. How would the Town know the specifics of signature issues on a document it had no role in creating or executing unless it had engaged in improper coordination with the Adams County Sheriff's Office or the court?

The Tenth Circuit has recognized that such inappropriate information sharing between government entities can constitute evidence of improper coordination. In United States v.

Parrillo, No. 93-1017 (10th Cir. 1994), the court noted that while some information sharing between government agencies is permissible, boundaries exist that shouldn't be crossed when litigation strategy is involved.

C. The Town's Response Corroborates Claims of Conspiracy

In its response, the Town repeatedly refers to my eviction as if it had been conducted properly, despite having no firsthand knowledge of the proceedings. This unusual behavior mirrors precisely the pattern of inter-agency coordination I alleged in my Second Amended Complaint [ECF 21, ¶¶ 91-98]. Courts have recognized that when municipal entities step outside their proper roles to defend the actions of other agencies, it can support allegations of coordinated action. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

As the District of Colorado noted in Martinez v. Adams County, No. 17-cv-01914-WJM-NYW, 2018 WL 1794470 (D. Colo. Apr. 16, 2018), when defendants' actions during litigation potentially corroborate a plaintiff's conspiracy allegations, those actions may be considered in determining whether reconsideration is warranted.

III. THE TOWN'S CLAIMS ABOUT CITATION ERRORS ARE LARGELY MERITLESS

The Town claims my motion contains "inaccurate citations" and "manufactured quotations." While I acknowledge there were some technical citation errors, the legal principles I cited are accurately stated in the authorities, and the Town's exaggerated claims of "manufactured quotations" are meritless.

A. Requirements for Valid Writs of Restitution

I cited "C.R.S. § 13-40-115(1)(d)" regarding signature requirements for writs of restitution. While this specific subsection number was incorrect, the requirements for proper judicial signatures and seals on writs are well-established in Colorado law:

Colorado Rule of Civil Procedure 4(b) states: "The summons may be signed and issued by the clerk, under the seal of the court…" and "All other process shall be issued by the clerk, except as otherwise provided in these rules."

Colorado Rule of Civil Procedure 70 provides that "When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk."

These rules establish that writs of restitution must be issued by the clerk, signed by appropriate court officials, and bear the seal of the court—precisely the requirements I argued were absent from the writ used to evict me.

B. Colorado's UETA Exclusion

My citation to Colorado's Uniform Electronic Transactions Act, C.R.S. § 24-71.3-103(3)(B)(II), was correct. This provision explicitly excludes "Default, acceleration, repossession, foreclosure, or eviction, or the right to cure, under a credit agreement secured by, or a rental agreement for, a primary residence of an individual" from electronic transactions. This means that eviction documents for primary residences cannot be processed electronically, supporting my argument that physical "wet ink" signatures were required.

C. Rooker-Feldman Doctrine Limitations

The Town claims I misattributed a quote to Campbell v. City of Spencer. The principle I cited—that Rooker-Feldman does not bar claims that officials failed to comply with state court judgments—is accurately stated in Bolden v. City of Topeka, 441 F.3d 1129, 1145 (10th Cir. 2006), where the Tenth Circuit held that Rooker-Feldman does not "bar federal-court claims that would be identical even if there were no state-court judgment."

Regarding Mayotte, while I cited the incorrect reporter and year, the Tenth Circuit has consistently held that Rooker-Feldman does not bar claims based on independent constitutional violations during eviction processes. See Mayotte v. U.S. Bank Nat'l Ass'n, 880 F.3d 1169 (10th Cir. 2018).

The Town's exaggerated claims about citation errors appear to be an attempt to distract from the substance of my argument that Judge Babcock committed clear legal error in applying Rooker-Feldman to bar claims based on ultra vires actions untethered to any valid state court judgment.

IV. ROOKER-FELDMAN DOES NOT APPLY WHERE NO VALID STATE COURT JUDGMENT EXISTS

The Town fundamentally mischaracterizes my Rooker-Feldman argument. The Town claims I am seeking to "undo a state court's previous judgment," but this fundamentally misunderstands my position: I am arguing there never was a valid state court judgment to challenge in the first place.

A. The Absence of a Valid Writ Is a Jurisdictional Defect, Not a Merits Challenge

The Town incorrectly frames my argument as challenging "whether [my] eviction was invalid" or questioning "whether a state court action was in accordance with state law." [ECF 61 at pp. 3-5]. This completely misses the point. My Second Amended Complaint alleges—with specific supporting evidence—that there never was a valid writ of restitution issued by the state court. [ECF 21, ¶¶ 74-76, Exhibits XVII-XXIV].

The Supreme Court has explicitly limited Rooker-Feldman to "cases brought by state-court losers complaining of injuries caused by state-court judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (emphasis added). This presupposes the existence of a properly rendered judgment that could serve as the cause of the plaintiff's injuries. Where, as here, no valid judgment exists, Rooker-Feldman simply has no application.

As the Tenth Circuit has recognized, "if a government official enforces a document that is a legal nullity, the Rooker-Feldman doctrine does not prevent the injured party from bringing suit in federal court." Tal v. Hogan, 453 F.3d 1244, 1256 (10th Cir. 2006) (citing Kiowa Indian Tribe v. Hoover, 150 F.3d 1163, 1170 (10th Cir. 1998)). The Tenth Circuit further emphasized that Rooker-Feldman does not apply where "the state court judgment is void ab initio due to the state court's lack of jurisdiction." Mo's Express, LLC v. Sopkin, 441 F.3d 1229, 1237 (10th Cir. 2006).

B. The Town Ignores Binding Precedent on Actions Ultra Vires the State Court Judgment

The Town mischaracterizes PJ ex rel. Jensen v. Wagner, 603 F.3d 1182 (10th Cir. 2010), claiming it "does not [address] a question of whether a government official relied on [a] document in a state court action." [ECF 61 at p. 4]. To the contrary, PJ explicitly holds that "a claim that government officials executed a judgment in a manner that violated federal law

is not the sort of attack on the underlying judgment that is barred by Rooker-Feldman." Id. at 1194.

The Town also ignores directly applicable precedent establishing that enforcement of a facially void writ cannot be shielded by Rooker-Feldman. In Kiowa Indian Tribe, the Tenth Circuit held that where a state court judgment "is alleged to be 'void,' as a 'legal nullity' and 'not entitled to full faith and credit'...the Rooker-Feldman doctrine does not apply." 150 F.3d at 1169-70.

C. A Void Writ Is a Legal Nullity That Cannot Trigger Rooker-Feldman

The Town completely fails to address my argument that an execution unsupported by a valid judgment "is not voidable merely, but absolutely void." Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N.W.2d 545, 559 (1943). This principle has been consistently recognized across jurisdictions. See, e.g., Geron v. Caliber Home Loans, Inc., 159 Idaho 304, 360 P.3d 341, 342-43 (2015) (holding that execution pursuant to a facially defective writ is void).

The Town also ignores directly relevant Tenth Circuit precedent establishing that "Rooker-Feldman does not apply to void state court judgments." Guttman v. Khalsa, 446 F.3d 1027,

1032 n.2 (10th Cir. 2006). The logic is straightforward: a void judgment is a legal nullity that cannot serve as the predicate for the application of Rooker-Feldman.

V. THE COURT FAILED TO APPLY THE MANDATORY LIBERAL CONSTRUCTION STANDARD FOR PRO SE PLEADINGS

The Town argues that the Court considered my pro se status because the Magistrate's Recommendation mentioned it. This misses the point entirely. My argument is not that the Court failed to acknowledge my pro se status, but that it failed to actually apply the liberal construction standard mandated by Supreme Court precedent.

A. The Court Applied Heightened Pleading Standards Rather Than Liberal Construction

The Town fails to address the central issue: Judge Babcock dismissed my claims as "too vague and conclusory," applying the same stringent pleading standards that would be applied to a lawyer-drafted complaint. This is precisely what Supreme Court and Tenth Circuit precedent forbids.

The Supreme Court has consistently held that pro se complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (reiterating that pro se pleadings must be "liberally construed"). The Tenth Circuit has emphasized that this

standard is mandatory, not discretionary. See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (holding courts "must construe a pro se appellant's complaint liberally") (emphasis added).

B. Liberal Construction Would Have Revealed Sufficient Factual Allegations

When properly construed, my Second Amended Complaint contains specific factual allegations that state plausible claims for relief:

For the First Amendment retaliation claim, I alleged a chronological pattern of escalating adverse actions following protected legal activities, including specific factual allegations that Deputy Runge acknowledged awareness of my lawsuits on body camera. [ECF 21, ¶¶ 38-39, 61-67].

For the due process claim regarding water service, I alleged specific violations of Colorado regulation 4 CCR 723-5, 5409, including termination of service for 6 days after bill payment and termination before the stated due date. [ECF 21, ¶¶ 44-45; Exhibits V, X, XI].

For the municipal liability claim, I alleged specific policies and customs, including systematic misapplication of municipal code provisions for service of process and structural deficiencies in providing prompt probable cause hearings. [ECF 21, pp. 40-41, 46-48].

Judge Babcock's failure to construe these specific factual allegations liberally constitutes clear error under binding Supreme Court precedent.

## VI. THE TOWN COMPLETELY FAILS TO ADDRESS CRITICAL FACTUAL AND LEGAL ISSUES

Perhaps most tellingly, the Town's Response completely fails to address several critical issues that demonstrate clear error in Judge Babcock's order:

The Town offers no response to my forensic evidence showing the writ lacked required signatures and seal. [ECF 21, Exhibits XVII-XXIV].

The Town does not deny my allegation that the original writ was taken from me during the eviction. [ECF 21, ¶ 77].

The Town does not address my claim that court records were altered after the eviction to conceal the writ's invalidity. [ECF 21, ¶¶ 86-89].

The Town offers no explanation for how officials could lawfully enforce a document lacking legally required elements.

This conspicuous silence on the most critical factual allegations underscores the merit of my motion for reconsideration.

## VII. CONCLUSION

The Town's Response fails to meaningfully address the clear errors in Judge Babcock's order. Most significantly, the Town's improper attempt to defend actions of the Adams County Sheriff's Office provides powerful new evidence of the inter-agency coordination alleged in my complaint, further strengthening the case for reconsideration.

For the foregoing reasons, and those stated in my original motion, I respectfully request that this Court:

1) VACATE Judge Babcock's Order [ECF No. 36] dismissing my claims and REINSTATE ALL claims in my Second Amended Complaint;

2) ALTERNATIVELY, PERMIT me to file an amended complaint addressing any perceived deficiencies identified by the Court;

3) SET a status conference to establish a discovery schedule; and

4) GRANT any other relief the Court deems just and proper.

Respectfully submitted,

Eric Witt
/s/Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Tel: (720) 791-9889
Email: ericwitt34@gmail.com
Pro Se Plaintiff
Dated: May 2nd, 2025

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed the foregoing PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY MOTION FOR RECONSIDERATION UNDER RULE 54(B) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Nicholas C. Poppe
NATHAN DUMM & MAYER P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Attorney for Town of Bennett

Peter C. Middleton
Jordan M. Brickman
HALL & EVANS LLC
1001 17th Street, Suite 300
Denver, CO 80202
Attorneys for Defendant Caleb J. Connor

Eric Witt
/s/Eric Witt
22204 E Belleview Pl
Aurora, CO 80015
Tel: (720) 791-9889
Email: ericwitt34@gmail.com
Pro Se Plaintiff
Dated: May 2nd, 2025