IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01550-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

JANEWAY LAW FIR, PC,
TOWN OF BENNETT,
JUDGE SHAWN DAY,
JOSEPH LICO, Prosecutor,
KRISTOFER RUNGE, Adams County Sheriff's Deputy,
JOHN DOE #1, Adams County Sheriff's Deputy,
JOHN DOE #2, Adams County Sheriff's Deputy,
SONYA ZIMMERMAN, Town of Bennett Community Service Officer,
KEITH BUONO, Town of Bennett Lead Community Service Officer,
KENDRA KAWES, Administrative Assistant,
CALEB J. CONNER, Battalion Chief – Fire Marshal, and
JOHN/JANE DOE, Town of Bennett (Utilities),

    Defendants.

## ORDER

Before the Court is Plaintiff's Emergency Motion for Reconsideration Under Rule 54(b) Based on Clear Error and Manifest Injustice. ECF No. 60. The motion is DENIED.

### I.    SUMMARY

You have filed a motion for reconsideration of a prior order dismissing your claims. You argue that, among other things, Judge Babcock "committed clear error" because he

1

did not liberally construe your pleadings, and that the *Rooker-Feldman* doctrine was "misapplied." These are meritless arguments, so the Court denies your motion.

## II.     ANALYSIS

Construing Plaintiff's motion as a motion for reconsideration, he has failed to identify any basis upon which reconsideration is warranted. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (setting forth "grounds warranting a motion to reconsider").

First, Judge Babcock's order adopted United States Magistrate Judge Gurley's recommendation, which stated explicitly that Judge Gurley construed Plaintiff's Amended Complaint "liberally because Plaintiff is not represented by an attorney." ECF No. 34 at 2. Review of Judge Gurley's recommendation reveals no basis for concluding Judge Gurley did not afford Plaintiff such a "liberal construction" of his pleading. Simply because Judge Gurley determined Plaintiff's "lengthy and often repetitive narrative of facts" made it "difficult for the Court to effectively and efficiently assess his claims" does not mean Judge Gurley's analysis based on Plaintiff's *pro se* status is infirm. ECF No. 34 at 7. Indeed, Judge Gurley reiterated his liberal construction of Plaintiff's pleading in his analysis of Plaintiff's Amended Complaint. *Id.* at 9. "Liberal construction" of *pro se* filings does not mean that *pro se* plaintiffs are entitled to victory at any stage of litigation, or absolved of meeting basic procedural requirements under the governing rules. *See, e.g., Brown v. Shalala*, 161 F.3d 17 (10th Cir. 1998) ("Plaintiff's *pro se* status does not excuse his failure to follow the fundamental rules of civil and appellate procedure." (citation omitted); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Moreover, Judge Babcock was not required to state that he gave Plaintiff's pleadings a liberal construction in his order adopting Judge Gurley's recommendation and overruling Plaintiff's objections. *See* ECF No. 36 at 12. Judge Babcock's analysis of Judge Gurley's recommendation and Plaintiff's allegations is thorough and replete with specific references to Plaintiff's allegations. Simply because Plaintiff received an unfavorable ruling from two federal judges does not mean those judges erred in their analysis, or that in light of that Plaintiff has shown there is any basis for granting him relief as a matter of reconsideration, which is appropriate only in specific, narrow circumstances. *See Servants of Paraclete*, 204 F.3d at 1012.

Second, the order Plaintiff challenges correctly applied the *Rooker-Feldman* doctrine. Plaintiff's challenge amounts to umbrage with a state court matter he should resolve through the Colorado state court system. The Court agrees with Judge Babcock's determination that Plaintiff "is challenging the final judgment or final orders issued by a Colorado state court in eviction proceedings," and so his claims "cannot proceed on the *Rooker-Feldman* doctrine." ECF No. 36 at 6; *see also* ECF No. 61 at 4. Plaintiff has not shown any basis for reconsideration of this correct determination. *See Servants of Paraclete*, 204 F.3d at 1012.

Third, Plaintiff has not shown the doctrine of claim preclusion was "incorrectly applied" to some of his claims. ECF No. 60 at 8. Judge Babcock's analysis of this matter is well-reasoned and no intervening change in controlling law or new evidence disturbs it. *Servants of Paraclete*, 204 F.3d at 1012. Nor does his analysis—simply because it did not resolve in Plaintiff's favor—amount to a manifest injustice demanding reconsideration.

*See id.* The same can be said of Plaintiff's request to "reconsider" prior determinations regarding his retaliation, due process, and municipal liability claims—especially where Judge Babcock's analyses of these claims were thorough and not clearly erroneous. *See* ECF No. 9, 14.

Fundamentally, Plaintiff is dismayed at an unfavorable outcome. No amount of that dismay entitles him to his requested relief, given his failure to show any basis to reconsider the order and underlying recommendation he challenges.

Cursory review of this case's docket reveals an unassailable truth: Plaintiff files frequently. And he files a wide array of documents, ranging from the instant motion to preliminary injunction motions to motions to expedite. Plaintiff is encouraged to reflect on the purpose he has in making any future filings, given—as he is aware—repeated, frivolous filings are grounds for dismissal. *See, e.g., Witt v. Colorado*, No. 23-1183, 2023 WL 8643190, at *2 (10th Cir. Dec. 14, 2023) (unpublished).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Emergency Motion for Reconsideration Under Rule 54(b) Based on Clear Error and Manifest Injustice, ECF No. 60, is DENIED.

DATED this 5th day of May 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

4