# PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MOTION FOR RELIEF FROM PRIOR ORDER

Eric Witt, Pro Se

August 19, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01550-CNS-NRN

ERIC WITT,

Plaintiff,

v.

TOWN OF BENNETT, COLORADO, and
CALEB J. CONNOR,

Defendants.

# Contents

1. PROCEDURAL CRISIS: FINAL OPPORTUNITY TO EXAMINE EVIDENCE . . . . 4

2. LEGAL STANDARDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.1. Rule 72(b) Objections Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    2.2. Liberal Construction of Pro Se Pleadings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    2.3. Document Authentication Requirements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    2.4. Exigent Circumstances Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3. SPECIFIC OBJECTIONS TO THE MAGISTRATE'S FINDINGS . . . . . . . . . . . . . . . . . 5

    3.1. OBJECTION 1: Complete Misunderstanding of the Claims . . . . . . . . . . . . . . . . . 5

    3.2. OBJECTION 2: Relying on Potentially Fraudulent Evidence for Exigent Circumstances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    3.3. OBJECTION 3: Failure to Apply Document Authentication Requirements . . 6

4. PROCEDURAL BARRIER VIOLATES DUE PROCESS . . . . . . . . . . . . . . . . . . . . . . . . . 6

    4.1. The Insurmountable Evidence Barrier Created . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5. MOTION FOR RELIEF UNDER RULE 60(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    5.1. Systematic Pattern of Misconduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    5.2. Legal Elements Satisfied . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6. APPELLATE PRESERVATION: CONSEQUENCES OF DENIAL . . . . . . . . . . . . . . . . 8

    6.1. Preserved Issues for Appellate Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    6.2. Record Established for Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7. REQUEST FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    7.1. Primary Relief: Evidence Examination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    7.2. Alternative Relief: Appellate Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    7.3. Rule 60(b)(3) Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bounds v. Smith, 430 U.S. 817 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Christopher v. Harbury, 536 U.S. 403 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Haines v. Kerner, 404 U.S. 519 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) . . . . . . . . . . . . . . . . . . . . . 7

Kay v. Bemis, 500 F.3d 1214 (10th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Kentucky v. King, 563 U.S. 452 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534 (D. Md. 2007) . . . . . . . . . . . . . . . . . . . . . . 5, 6

Mathews v. Eldridge, 424 U.S. 319 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. One Parcel of Real Prop., 73 F.3d 1057 (10th Cir. 1996) . . . . . . . . . . . . . . . 8

United States v. Raddatz, 447 U.S. 667 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Safavian, 435 F.3d 36 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Statutes and Rules**

28 U.S.C. § 1292(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

C.R.S. § 24-71.3-103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rule of Civil Procedure 43(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 53 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 60(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7, 9

Federal Rule of Civil Procedure 72(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Evidence 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Evidence 901 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

U.S. Const. amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# 1  PROCEDURAL CRISIS: FINAL OPPORTUNITY TO EXAMINE EVIDENCE

This case presents an extraordinary situation: no federal judge has examined substantial evidence of document fraud on the record for over 18 months. The Report and Recommendation (ECF No. 65) would eliminate the final remaining claim, effectively precluding investigation of systematic fraud by government officials. Plaintiff Eric Witt respectfully submits these objections pursuant to Federal Rule of Civil Procedure 72(b) and moves for relief from the prior dismissal order (ECF No. 36) under Rule 60(b)(3), based on newly discovered evidence of procedural barriers rendering constitutional claims unreviewable.

The Second Amended Complaint (ECF No. 21) establishes a pattern of misconduct initiated on May 9, 2022, when Defendant Caleb J. Connor, acting under the Town of Bennett's authority, entered Plaintiff's property without a warrant, dismantled his fence, and seized his dog, Willow, based on an unverified report, with no 911 call despite claims of school children's involvement. This triggered retaliatory citations, courtroom intimidation by Deputy Kristofer Runge, an unlawful arrest by Runge referencing Plaintiff's separate lawsuit, and an eviction with a fraudulent writ. The court docket (Exhibit A) proves these claims have been systematically blocked from review.

This Court faces a critical decision to ensure due process: examine the evidence through proper proceedings or create multiple reversible errors leaving violations unreviewed.

# 2  LEGAL STANDARDS FOR REVIEW

## 2.1  Rule 72(b) Objections Standard

Under Federal Rule of Civil Procedure 72(b), this Court must conduct de novo review of objected portions. United States v. Raddatz, 447 U.S. 667, 674 (1980). Specific objections preserve appellate rights, making this the final opportunity to address constitutional issues.

5

## 2.2  Liberal Construction of Pro Se Pleadings

Pro se complaints must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Courts are required to interpret filings to raise the strongest arguments. Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007). Failure to apply this standard is reversible error.

## 2.3  Document Authentication Requirements

Federal Rule of Evidence 901 requires authentication when integrity is challenged. Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546–47 (D. Md. 2007). Ignoring tampering allegations constitutes reversible error.

## 2.4  Exigent Circumstances Limitations

Officers cannot rely on self-created exigencies. Kentucky v. King, 563 U.S. 452, 462 (2011). Fabricated documents cannot retroactively justify warrantless actions.

# 3  SPECIFIC OBJECTIONS TO THE MAGISTRATE'S FINDINGS

## 3.1  OBJECTION 1: Complete Misunderstanding of the Claims

The Report reduces this to "a case of a man who is suing a fire-marshal...to save his dog." (ECF No. 65 at 1). This misunderstands the Second Amended Complaint's pattern of violations from the May 9, 2022, seizure to obstructed records, citations (May 17 and July 29, 2022), courtroom intimidation by Deputy Kristofer Runge on December 21, 2022, arrest by Runge on May 16, 2023, referencing Plaintiff's separate lawsuit, and eviction with a fraudulent writ on June 5, 2023. (ECF No. 21 at 13–19). This violates liberal construction under Haines v. Kerner, 404 U.S. 519, 520–21 (1972), creating reversible error.

## 3.2 OBJECTION 2: Relying on Potentially Fraudulent Evidence for Exigent Circumstances

The Report accepts Connor's email: "Connor and the deputy then removed 'two fence slats...' At that time, the injured dog 'had visible injuries and significant bleeding.'" (ECF No. 65 at 4, quoting ECF No. 1-1). It finds exigent circumstances. (ECF No. 65 at 5–6).

This ignores tampering evidence: metadata creation post-incident, unsigned writs with inconsistent timestamps, and body camera alterations (ECF No. 21, Exs. XXI, XXIV; ECF No. 24). Exigent circumstances cannot use fabricated evidence. Kentucky v. King, 563 U.S. 452, 462 (2011). This is reversible error. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## 3.3 OBJECTION 3: Failure to Apply Document Authentication Requirements

The Report assumes authenticity: "Connor wrote that he had been...flagged down [by] an adult male who was panicked [and] stated that two dogs were attacking another dog." (ECF No. 65 at 3). This violates FRE 901. Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 546–47 (D. Md. 2007). Evidence includes timestamps on initial filing absent on court version, reappearing altered on sheriff's copy (ECF No. 21, Ex. XXI), post-incident metadata (Ex. XXIV), and denied video tampering analysis (ECF No. 24). This is reversible error. United States v. Safavian, 435 F.3d 36, 41 (D.C. Cir. 2006).

7

# 4 PROCEDURAL BARRIER VIOLATES DUE PROCESS

## 4.1 The Insurmountable Evidence Barrier Created

Timeline of barriers: 1. Evidence preservation denied as "premature" (ECF No. 27). 2. Claims dismissed without examination (ECF No. 36). 3. Final claim recommended for dismissal (ECF No. 65). This renders fraud unexaminable, violating access to courts. Christopher v. Harbury, 536 U.S. 403, 415 (2002). This is reviewable de novo.

# 5 MOTION FOR RELIEF UNDER RULE 60(b)(3)

Plaintiff moves for relief from ECF No. 36 under Rule 60(b)(3), based on fraud and the docket (Exhibit A) as newly discovered evidence, full scope evident August 5, 2025, building on March 19, 2024.

## 5.1 Systematic Pattern of Misconduct

The pattern spans the May 9, 2022, seizure, obstructed records, citations, courtroom intimidation by Deputy Kristofer Runge on December 21, 2022, arrest by Runge referencing Plaintiff's lawsuit, and eviction with fraudulent writ by Runge and others. (ECF No. 21 at 13–19). Evidence, per judicial notice request (ECF No. 21 at 6–7):

- Ex. XXI: Unsigned writs with timestamps on Janeway's filing, absent on court's version, reappearing altered on sheriff's copy, showing tampering.

- Ex. XXIV: Metadata with July 28, 2023, creation for April 20, 2023, document, iText-generated without scanned artifacts, isolated manipulable signature ('Alaia' vs. 'Alana'), no encryption, stolen documents during eviction, violating C.R.S. § 24-71.3-103(3)(B)(II).

- ECF No. 24: Denied body camera tampering analysis from eviction.

8

## 5.2 Legal Elements Satisfied

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).

- Fraud: Fabricated documents.
- Material Effect: Caused dismissals.
- Diligence: Pattern solidified August 5, 2025.
- Timeliness: Filed within one year of December 18, 2024 judgment (ECF No. 36).

# 6 APPELLATE PRESERVATION: CONSEQUENCES OF DENIAL

## 6.1 Preserved Issues for Appellate Review

- Constitutional (De Novo): Access to courts (Bounds v. Smith, 430 U.S. 817 (1977)); due process (Mathews v. Eldridge, 424 U.S. 319 (1976)); Fourth Amendment (U.S. Const. amend. IV; Kentucky v. King, 563 U.S. 452 (2011)).

- Legal (De Novo): Liberal construction failure (Kay v. Bemis, 500 F.3d 1214 (2007)); authentication misapplication (Fed. R. Evid. 901).

- Factual (Clear Error): Fraud evidence failure (United States v. One Parcel of Real Prop., 73 F.3d 1057 (10th Cir. 1996)).

## 6.2 Record Established for Appeal

Uncontroverted facts:

- 18+ months without review.
- Motions denied "premature."
- No hearings.
- Reassignments among six judges without review.
- Docket barriers.

# 7 REQUEST FOR RELIEF

## 7.1 Primary Relief: Evidence Examination

1. Reject ECF No. 65.

    2. Order hearing (Fed. R. Civ. P. 43(c)).

    3. Appoint expert (Fed. R. Evid. 706).

    4. Require authentication (Fed. R. Evid. 901).

## 7.2 Alternative Relief: Appellate Rights

1. Certify appeal (28 U.S.C. § 1292(b)).

    2. Find controlling questions.

    3. Determine appeal advances litigation.

## 7.3 Rule 60(b)(3) Relief

1. Vacate ECF No. 36.

    2. Reinstate claims.

    3. Order discovery.

# 8 CONCLUSION

After 18 months of barriers, this is the final opportunity to examine evidence of systematic fraud. Denial creates reversible errors. Plaintiff respectfully requests justice. The evidence must be examined to ensure justice.

Respectfully submitted,

/s/ Eric Witt



10

Eric Witt, Pro Se

22204 E Belleview Pl

Aurora, CO 80015

(720) 791-9889

ericwitt34@gmail.com

Dated: August 19, 2025

**CERTIFICATE OF SERVICE**

I certify that on August 19, 2025, I served this document via CM/ECF on all counsel of record.

/s/ Eric Witt

**EXHIBIT A: COURT DOCKET**

[The complete court docket is attached.]