# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:23-cv-01550-CNS-NRN**

**ERIC WITT,**
Plaintiff,

v.

**TOWN OF BENNETT, COLORADO, and**
**CALEB J. CONNOR,**
Defendants.

## PLAINTIFF'S REPLY TO TOWN'S RESPONSE AND REINFORCEMENT OF EVIDENCE EXAMINATION REQUEST

### *I. THE TOWN'S SILENCE CONFIRMS INABILITY TO REFUTE FRAUD EVIDENCE*

The Town of Bennett's response (ECF No. 67) proves the central thesis of Plaintiff's objection: when confronted with substantial evidence of document fraud and systematic constitutional violations, defendants retreat to procedural technicalities rather than address the evidence on its merits.

The Town's complete avoidance of the substantial evidence of document fraud detailed in Plaintiff's objection and the Second Amended Complaint (ECF No. 21)—including:

- **Exhibit XXI:** Unsigned writs with inconsistent timestamps and procedural irregularities across multiple versions

- **Exhibit XXIV:** Metadata showing July 28, 2023 creation dates for April 20, 2023 documents, alleged unregistered iText software generation without scanning artifacts, signature manipulation, and apparent absence of required encryption under C.R.S. § 24-71.3-103(3)(B)(II)

- **ECF No. 24:** Denied forensic examination requests despite substantial evidence of tampering demonstrates these allegations cannot be refuted. The Town's focus on narrow Monell technicalities ignores the systematic pattern of misconduct initiated by the Town's May 9, 2022

authorization of Connor's warrantless entry.

## II. TOWN'S MONELL LIABILITY ESTABLISHED

The Town argues Plaintiff failed to plead municipal liability, but the Second Amended Complaint clearly establishes Connor was "acting under the Town of Bennett's authority" in the May 9, 2022 warrantless entry that initiated the pattern of retaliation. The Town's policy of authorizing warrantless entries without proper justification satisfies Monell liability when liberally construed as required for pro se pleadings.

## III. THE COURT FACES A BINARY CHOICE

The Town's procedural arguments cannot eliminate the Court's constitutional obligation to address credible evidence of fraud. No middle ground exists, the Court faces only two options:

**Option 1:** Order evidentiary hearing to examine the substantial evidence of document tampering, metadata manipulation, and authentication failures.

**Option 2:** Deny review and create clear reversible error by failing to address evidence tampering allegations requiring authentication under Fed. R. Evid. 901, liberal construction violations under *Haines v. Kerner*, and due process barriers preventing examination of constitutional violations. The Town offers no defense of the fraud evidence because none exists.

## CONCLUSION

After 18 months of systematic avoidance, the substantial evidence of fraud must finally be examined. The Town's silence on the core allegations confirms these claims cannot be refuted and require proper adjudication through evidentiary proceedings.

Respectfully submitted,

/s/ Eric Witt
Eric Witt, Pro Se
22204 E Belleview Pl
Aurora, CO 80015
(720) 791-9889
ericwitt34@gmail.com

**Dated:** August 28, 2025



### CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025, I served this document via CM/ECF on all counsel of record.

/s/ Eric Witt

Eric Witt, Pro Se
22204 E Belleview Pl
Aurora, CO 80015
(720) 791-9889
ericwitt34@gmail.com

**Dated:** August 28, 2025