IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01550-CNS-NRN

ERIC WITT,

    Plaintiff,

v.

TOWN OF BENNETT and
CALEB J. CONNOR,

    Defendants.

---

## ORDER

---

Before the Court is United States Magistrate Judge N. Reid Neureiter's Report and Recommendation on Defendants Town of Bennett and Caleb J. Connor's Motions to Dismiss (ECF Nos. 43 & 47) (Recommendation), in which Judge Neureiter recommended that Defendants' respective motions to dismiss be granted. ECF No. 65. On August 19, 2025, Plaintiff filed his objection to the Magistrate Judge's recommendation (Objection). ECF No. 66. Defendant Town of Bennett filed its response to Plaintiff's objection on August 19, 2025, ECF No. 67, and Defendant Caleb J. Connor filed his response on September 2, 2025, ECF No. 71. Plaintiff filed his motion for leave to file a reply on August 28, 2025, ECF No. 70, which the Court granted on September 8, 2025, ECF No. 72. For the following reasons, the Court affirms and adopts the Recommendation of the Magistrate Court and dismisses all counts against the Town of Bennett and Mr. Connor.

1

## I. SUMMARY FOR PRO SE PLAINTIFF

You filed an objection to the Magistrate Judge's Report and Recommendation on Defendants Town of Bennett and Caleb J. Connor's Motions to Dismiss. The Magistrate Judge recommended that all claims you filed against Defendants be dismissed. In your Objection, you raised many new allegations that you had not previously raised to either the Magistrate Judge or this Court, including allegations of fraudulent activity and misconduct. New allegations cannot be raised in an objection to a magistrate judge's recommendation, so the Court did not consider them. Even if the Court could consider your new allegations, they are not supported by evidence and would not change the Court's view that your claims should be dismissed. Therefore, the Court is denying your objection to the Magistrate Judge and is dismissing all of your claims against the Town of Bennett and Mr. Connor.

## II. BACKGROUND

The allegations in Plaintiff Eric Witt's Second Amended Complaint are summarized in the Magistrate Judge's Recommendation, which the Court incorporates into its order. *See* ECF No. 65 at 2–4. Relating to Defendant Connor's motion to dismiss, the Magistrate Judge considered (1) whether Plaintiff failed to state a claim against Mr. Connor in his individual capacity; (2) whether claims against Mr. Connor were barred by qualified immunity; and (3) whether Plaintiff's claims for municipal liability against the Bennett-Watkins Fire District fail as a matter of law. *See* ECF No. 47. For Defendant Town of Bennett, the Court considered (1) whether the Town of Bennett did not maintain control over a separate governmental entity, and (2) whether Plaintiff failed to state a viable claim for relief under *Monell*. *See* ECF No. 43.

The Magistrate Judge recommended granting both Defendant Connor's motion to dismiss the three claims brought against him, and Defendant Town of Bennett's motion to dismiss the claim against the town. ECF No. 65 at 1. On August 19, 2025, Plaintiff timely filed his objection to the Magistrate Judge's recommendation to grant dismissal of Plaintiff's claims. ECF No. 66. The Town of Bennett filed its response to Plaintiff's objection on August 22, 2025, ECF No. 67, while Mr. Connor filed his response on September 2, 2025, ECF No. 71. On August 28, 2025, Plaintiff subsequently filed a reply to Defendant Town of Bennett's response, ECF No. 68, which was struck by this Court on the same day for failure to move for leave to file a reply, ECF No. 69. On August 28, 2025, Plaintiff then filed a motion for leave to file a reply, ECF No. 70, which the Court granted on September 8, 2025, ECF No. 72. The Court has considered Plaintiff's reply reaching its determination in this order.

### III. STANDARD OF REVIEW AND LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St*., 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim of relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted). The court cannot allow a plaintiff to prove facts it has alleged outside of its complaint or that a defendant

has violated laws that a plaintiff did not contend were violated in its complaint. *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The court also cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## IV. ANALYSIS

The Court has reviewed the Second Amended Complaint, the Magistrate Judge's Recommendation, Plaintiff's Objections, Defendants' respective responses, and the relevant legal authority. While the Court notes that Plaintiff is afforded liberal construal of his pleadings and filings, it cannot overlook the serious deficiencies in his Objection. For the following reasons, the Court accepts the Magistrate Judge's recommendations and grants both defendants' motions to dismiss.

### A. New Allegations Raised by Plaintiff

Mr. Witt raises numerous new arguments in his objections to the Magistrate Judge's recommendation to dismiss all claims against the Town of Bennett and Mr. Connor. To summarize, Plaintiff raises the following new allegations that were never mentioned in his Second Amended Complaint: (1) that the facts establishing exigent circumstances were fraudulent or tampered with; (2) that the evidence establishing exigent circumstances was not properly authenticated; and (3) that unspecified actors engaged in a systematic pattern of misconduct. ECF No. 66 at 6–8. Plaintiff also asserts without explanation that the Magistrate Judge had a "complete misunderstanding of the Claims," and his decision to recommend dismissal would "render[] fraud unexaminable." *Id.* He introduces additional new allegations in his reply, claiming that metadata was

5

inconsistent on electronic evidence and the town denied forensic examination requests. ECF No. 70-1 at 1.

The Court cannot accept Mr. Witt's new allegations through his objections to the Magistrate Judge's recommendation. First, objections are not the vehicle through which Plaintiff may raise additional allegations against Defendants. Objections to a magistrate judge's recommendation "must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025). Plaintiff's amended complaint, spanning 63 pages, makes no mention of any of the above arguments until his Objection.[1]

Even if the Court were to consider his additional allegations when considering the Defendants' motions to dismiss, Plaintiff would still not succeed in overcoming Defendants' motions. He asserts that Defendants have engaged in misconduct, yet offers only bare allegations. *See* ECF No. 66 at 6–7. His new allegations do not target the ultimate issues of the case, which boil down to (1) whether Mr. Connor lawfully entered Plaintiff's yard to respond to a call of animal abuse, and (2) whether the Town of Bennett could be held liable for an unlawful entry to Plaintiff's yard. Plaintiff's bare assertions of misconduct do not adequately address to the Magistrate Judge's determination that Mr. Connor's entry onto the property was lawful. Introduction of these allegations, at any stage of litigation but especially at this late stage, amounts to introduction of a conspiracy-laden sideshow that this Court has no appetite to entertain.

---

[1] Furthermore, Plaintiff has repeatedly disregarded court rules, having been asked by the Magistrate Judge to conform his improperly-filed complaint to the Local Rules three times. See ECF Nos. 7, 12, 15. Despite these frequent warnings, Plaintiff continued to neglect the Magistrate Judge's guidance and continuously refiled his complaint without concern for those rules. See ECF Nos. 8, 13, 21. Given this history, he especially cannot be rewarded with consideration of his new allegations.

### B. Defendants' Motions to Dismiss

The Magistrate Judge determined that Plaintiff failed to state a viable claim of any kind and recommended that each of Plaintiff's claims against Defendants be dismissed. ECF No. 65 at 2. The Court finds that the Magistrate Judge was thorough in his analysis in dismissing each claim, and adopts the Recommendation's legal reasoning in full. While Plaintiff largely does not address the Magistrate Judge's reasoning in its Objection, he does make some reference to an argument that exigent circumstances did not exist when Mr. Connor entered his property.

The Magistrate Judge determined that exigent circumstances existed when Mr. Connor entered Plaintiff's yard to rescue his dog, which was being brutally attacked by two other dogs. ECF No. 65 at 7. Because exigent circumstances existed, there was no violation of his Fourth Amendment rights. Without a violation of his rights, none of his claims can withstand Defendants' motions to dismiss. Plaintiff responds to the Magistrate Judge's determination by claiming that Defendant Connor "entered Plaintiff's property without a warrant, dismantled his fence, and seized his dog." ECF No. 66 at 5. Even construing Plaintiff's pleading liberally as a *pro se* party, his arguments do not sway this Court from deviating from the Recommendation. Because the Court agrees with the Magistrate Judge that exigent circumstances existed, there was no violation of Plaintiff's rights and the Court adopts his recommendation and dismisses all claims against Defendants.

### C. Objections Not Raised and Conceded Claims

Plaintiff did not object to the Recommendation's dismissal of his claim that qualified immunity applied to bar his 42 U.S.C. § 1983 claims against Defendant Connor in his

7

official capacity or against the Town of Bennett. A party's failure to file such written objections may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). After reviewing all the relevant pleadings, the Court concludes that the Magistrate Judge's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error.

## V. CONCLUSION

Consistent with the above analysis, Plaintiff's Objection is OVERRULED, and Magistrate Judge Neureiter's Recommendation is AFFIRMED and ADOPTED as an Order of this Court. Defendants' motions to dismiss, ECF No. 43 and 47, are GRANTED.

It is FURTHER ORDERED that the Clerk of the Court is directed to close this case.

DATED this 9th day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge